ORIGINAL

Approved: _____
JACOB H. GUTWILLIG
Assistant United States Attorney

Before: THE HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

19MAG 5858

- - - - - - - - - - - - - - - - -X
                                  :   SEALED COMPLAINT
UNITED STATES OF AMERICA          :
                                  :   Violations of
     - v. -                       :   18 U.S.C. §§
                                  :   1344, 1 and 2
ARI TEMAN,                        :
                                  :   COUNTY OF OFFENSE:
               Defendant.         :   NEW YORK
                                  :
- - - - - - - - - - - - - - - - -X

SOUTHERN DISTRICT OF NEW YORK, ss.:

   DANIEL ALESSANDRINO, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE
(Bank Fraud)

   1. From at least in or about April 2019 up to and including at least in or about June 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, knowingly and willfully would and did execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution insured by the Federal Deposit Insurance Corporation (the "FDIC"), by means of false and fraudulent pretenses, representations, and promises, to wit, TEMAN deposited counterfeit checks into a bank account held at a particular financial institution.

   (Title 18, United States Code, Sections 1344, 1 and 2.)

**Overview**

2.  I am a Detective with the NYPD. I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in.substance and in part, except where otherwise indicated.

3.  As set forth in greater detail below, I, and other law enforcement officers, have been investigating a fraud that has been undertaken in Manhattan, New York, and elsewhere, between in or about April 2019 and in or about June 2019 (the "Fraud"). Based on my involvement in this investigation, my review of law enforcement reports, and my review of surveillance videos and photographs, among other sources, I have learned that the Fraud was perpetrated by ARI TEMAN, the defendant. In perpetrating this fraud, TEMAN deposited counterfeit checks into an account held at a particular financial institution ("Financial Institution-1") in the name of a third party, "GateGuard, Inc." (the "GateGuard Account"). GateGuard, Inc. is a home security business operated by TEMAN that offers, among other services, facial recognition software and remote access to unlock doors to residences. GateGuard is based in New York, New York.

4.  From my review of publicly available materials, as well as my training and experience and involvement with this investigation, I know that Financial Institution-1 is insured by the FDIC.

5.  In or about April 2019, TEMAN deposited approximately 27 fraudulent checks (the "Counterfeit Checks") into the GateGuard Account, defrauding Financial Institution-1 with a total loss amount of approximately $260,000.

**THE FRAUD**

6.  Based on my participation in this investigation, my conversations with other law enforcement officers and other individuals (including personnel employed at Financial

2

Institution-1), and my review of documents (including bank records), I have learned the following, among other things:

      a.  On or about April 19, 2019, at approximately 2:37 p.m., ARI TEMAN, the defendant, entered a branch of Financial Institution-1 located at the Lincoln Road Mall in Miami Beach, Florida, and deposited a legitimate check, payable to GateGuard Inc., valued at approximately $4,096.  TEMAN deposited this check via Automated Teller Machine ("ATM").  A contemporaneous surveillance photograph, depicting TEMAN standing at the ATM, shows TEMAN holding numerous additional checks that were not deposited at that time.

      b.  On or about April 19, 2019, at approximately 6:05 p.m., TEMAN reentered the same branch of Financial Institution-1 and, at a bank teller window, deposited the Counterfeit Checks into the GateGuard Account, totaling approximately $297,000.

      c.  The Counterfeit checks were fraudulently made to appear that they had been issued by three entities: "Entity-1" and "Entity-2," two entities operated by the same company; and "Entity-3".  Each of these is a legitimate company that previously has engaged in business transactions with GateGuard Inc.  Of the approximately 27 Counterfeit Checks:

          i.  Approximately 18 were fraudulently made to appear to have been issued by Entity-1, totaling approximately $198,000.

          ii.  Approximately 6 were fraudulently made to appear to have been issued by Entity-2, totaling approximately $66,000.

          iii.  Approximately 3 were fraudulently made to appear to have been issued by Entity-3, totaling approximately $33,000.

      d.  Each of the Counterfeit Checks included, on the bottom right corner of the check, the following text:  "DRAW PER CONTRACT, NO SIGNATURE REQUIRED NOTE TO BANK: This is a valid check.  You are required by law to honor it.  Contract at gateguard.xyz/legal/terms.php accepted by above client.  Contact us at 212-203-3714 with questions."  Based on my review of publicly-available GateGuard records as well as other publicly-available records, and my involvement in the investigation, I

have learned that the 212-203-3714 phone number is used by TEMAN and GateGuard Inc.

    e. Based on my conversations with Entity-1, Entity-2, and Entity-3, and from my review of the Counterfeit Checks with them, I have learned that none of Entity-1, Entity-2, or Entity-3 issued any of the Counterfeit checks. Additionally, though my conversations with each of Entity-1, Entity-2, and Entity-3, I have learned that an authorized check must be signed by an official from the respective company, which was not completed for any of the Counterfeit Checks; rather, the Counterfeit checks included the text referenced in ¶ 6(d), *supra*, which each of Entity-1, Entity-2, and Entity-3 has confirmed does not appear on authorized checks issued by each, respectively.

    f. Based on my review of wire transfer records for the GateGuard Account and from speaking with personnel employed at Financial Institution-1, I have learned that, subsequently, certain wire transfers were made from the GateGuard Account to another account held by TEMAN at Financial Institution-1 ("Account-2").

    g. On or about April 26, 2019, approximately $225,000 was transferred from the GateGuard Account to Account-2.

    h. On or about May 8, 2019, at approximately 3:04 p.m., TEMAN entered a branch of Financial Institution-1 located in Manhattan, New York and, at a bank teller window, withdrew approximately $4,000 from Bank Account-2.

WHEREFORE, the deponent respectfully requests that a warrant be issued for the arrest of ARI TEMAN, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

_____
DANIEL ALESSANDRINO
Detective
New York City Police Department

Sworn to before me this
20th day of June, 2019

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK