UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X
                               :
UNITED STATES OF AMERICA       :   UNSEALED
                               :   SUPERSEDING
            - v. -             :   INDICTMENT
                               :
ARI TEMAN,                     :   S1 19 Cr. 696 (PAE)
                               :
            Defendant.         :
                               :
- - - - - - - - - - - - - - - X

**COUNT ONE**

**(Bank Fraud)**

The Grand Jury charges:

1.   From at least in or about April 2019 up to and including at least in or about June 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises,

to wit, TEMAN deposited counterfeit checks into an account held at a particular financial institution in the name of three third parties (respectively, "Victim-1," "Victim-2," and "Victim-3").

(Title 18, United States Code, Section 1344.)

## COUNT TWO

### (Bank Fraud)

The Grand Jury further charges:

2.  In or about March 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TEMAN deposited counterfeit checks into an account held at a particular financial institution in the name of Victim-3 and another third party ("Victim-4").

(Title 18, United States Code, Section 1344.)

## COUNT THREE

### (Aggravated Identity Theft)

The Grand Jury further charges:

3.  In or about March 2019, in the Southern District of

New York and elsewhere, ARI TEMAN, the defendant, did knowingly transfer, possess, and use, without lawful authority a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, during and in relation to the bank fraud charged in Count Two of this Indictment, TEMAN deposited a check using the personal identifying information of Victim-3.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT FOUR

### (Aggravated Identity Theft)

The Grand Jury further charges:

4. In or about March 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, did knowingly transfer, possess, and use, without lawful authority a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, during and in relation to the bank fraud charged in Count Two of this Indictment, TEMAN deposited a check using the personal identifying information of Victim-4.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

**FORFEITURE ALLEGATION**

5.   As a result of committing the offenses alleged in Counts One and Two of this Indictment, ARI TEMAN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

**Substitute Asset Provision**

6.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States

4

Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

>(Title 18, United States Code, Section 982;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

5

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**ARI TEMAN,**

Defendant.

---

**SUPERSEDING
INDICTMENT**

S1 19 Cr. 696 (PAE)

(18 U.S.C. §§ 1344, 1028A and 2.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
Foreperson

---

11/12/2019
(CA)

Superseding Indictment Filed

KH Parker
USAO