UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                               :

UNITED STATES OF AMERICA,             :

         -v-                                  :                   19 Cr. 696 (PAE)

ARI TEMAN,                                 :                      ORDER

                     Defendant.             :

------------------------------------------------------------------------X

PAUL A. ENGELMAYER, United States District Judge:

       The Court today has issued a decision granting defendant Ari Teman's motion to dismiss Count One of Indictment S1 Cr. 696 (PAE) based on a violation of the Speedy Trial Act, 18 U.S.C. § 3161. The Court, however, has not dismissed the Indictment's other three counts, and the dismissal of Count One is without prejudice to the Government's ability to bring the same charge against Teman in a new or superseding indictment. This Order addresses, and denies, the other two pretrial motions Teman has made.

       1.       Teman first moves to dismiss the Indictment based on improper venue. Dkt. 32. The Court denies that motion as premature. On the face of the Indictment, each charged count alleges that the offense in question occurred in this District (and elsewhere). As to venue, the Indictment is therefore facially valid. An indictment need contain only "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Except where the Government has given a full proffer of the evidence it intends to present at trial, there is no basis for a court to look beyond a facial charge so as to dismiss an indictment, whether for insufficient evidence or improper venue. *See, e.g.*, *United States v. Perez*, 575 F.3d 164, 166–67 (2d Cir. 2009); *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir.

1998). The Government has not done so here.[1] This ruling is, of course, without prejudice to Teman's right, at the close of the Government's case, to challenge the sufficiency of the Government's evidence under Federal Rule of Criminal Procedure 29, or to challenge venue.

2. Teman separately moves to suppress the evidence seized from him incident to his arrest in Florida, on the grounds that the arrest warrant was executed by an New York Police Department detective, Daniel Alessandrino, who, Teman asserts, lacked authority under Florida law to participate in the arrest. Dkt. 34. The Court denies that motion as frivolous. As the Government represented in its memorandum of law, Dkt. 39 at 17, 19, and substantiated in a sworn affidavit by Alessandrino, Dkt. 43 ("Alessandrino Aff.") ¶¶ 3–5, the arrest was carried out by a team of law enforcement officers which included, *inter alia*, federal law enforcement officers from the United States Marshals Service. Consistent with this, Teman's arrest record lists Deputy United States Marshal Ronald Filo as the arresting officer. *Id.* ¶ 5 & Ex. A. Alessandrino attests that the actual arrest was completed by officers from the Miami Beach Police Department, who had been deputized as federal Task Force Officers with the United States Marshals Service. *Id.* ¶¶ 3, 5. Therefore, even assuming *arguendo* that Alessandrino lacked authority to carry out the arrest, the arrest was validly carried out by authorized federal law enforcement officers whose authority to carry out an arrest on federal charges such as those here is undisputed.

In any event, even assuming that the participation in the arrest of Detective Alessandrino was unlawful under Florida law—and the Court does not so find—there would be no basis to suppress evidence under the Fourth Amendment. That is so for multiple independent reasons.

---

[1] The Government has, further, indicated an intention to supersede the Indictment following the resolution of Teman's challenge based on the Speedy Trial Act.

First, such a violation of Florida law is not tantamount to a violation of the Fourth Amendment. And Teman has not cited any authority so holding or, for that matter, treating such a state-law violation as breaching any other provision of the federal Constitution. Second, the inevitable discovery exception to the Fourth Amendment's exclusionary rule would firmly apply here to the evidence seized incident to Teman's arrest, given that federal officers clearly would have lawfully obtained such evidence without Alessandrino—they had obtained a valid federal warrant and were present to effectuate Teman's arrest pursuant to that warrant. *See United States v. Heath*, 455 F.3d 52, 55 (2d Cir. 2006) (inevitable discovery applies where law enforcement (1) could have made a valid arrest, and (2) would have made such arrest). Third, Teman has not alleged facts making Detective Alessandrino's participation in the arrest alongside federal law enforcement officers, if a violation at all of Florida law, anything other than a good faith violation. Absent a factual basis to find otherwise, the good-faith exception to the exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 913 (1984), would apply here.

    The Clerk of Court is respectfully directed to terminate the motions pending at dockets 32 and 34.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 20, 2019
       New York, New York