**MARGULIS GELFAND**
Attorneys at Law

December 23, 2019

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    United States v. Ari Teman
              S1 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

    Ari Teman ("Teman"), by and through undersigned counsel, writes to oppose the Government's request that this Court modify Teman's terms of bail to prohibit Teman from having any direct or indirect contact with any potential trial witness. (Doc. 47). The Government's request should be denied because the modification the Government seeks would violate Teman's First Amendment right to comment on public media reports and would violate his Due Process right to investigate and defend himself against the pending charges. Contrary to the Government's assertion, Teman's statements on social media platforms did not constitute an effort to influence potential Government witnesses.

    The Government contends that Teman's publication of an image on two social media platforms of a publicly available news article—published by the elected New York City Public Advocate—with commentary on the article "is an effort to influence potential witnesses." (Doc. 47). The Government's claim should be summarily rejected by this Court.

    *First*, despite being charged with a crime, Teman retains the constitutional right to free speech. Nothing in this Court's Bail Disposition seeks to infringe upon this right. (*See* Doc. 7). Indeed, Teman's re-publication of an already publicly available news article—originally published by an elected official—with his own commentary falls squarely within the rights afforded to him under the First Amendment.

    In the posts, Teman made no threats, used no fighting words, and merely explained, in his words, how the news article made him feel, personally. He did not ask anyone who viewed his posts to take any action, nor did he make any effort to communicate directly with any potential witness. This speech, in no way, signifies any effort to influence a witness. The United States Supreme Court has explained, "[t]he public interest in having free and unhindered debate on matters of public importance" is "the core value of the Free Speech Clause of the First Amendment[.]" *Pickering v. Bd. of Ed. of Twp. High Sch. Dist. 205, Will Cty., Illinois*, 391 U.S. 563, 573 (1968). Commenting on a government publication that identifies New York City

8000 Maryland Avenue
Suite 420
St. Louis, MO 63105

p. 314.390.0234
f. 314.485.2264
margulisgelfand.com

landlords with housing violations unambiguously constitutes "debate on matters of public importance" and, as such, should remain "unhindered." *See id.*

*Second*, the relief the Government seeks is markedly overbroad. To "prohibit Teman from having any contact, direct or indirect, with any potential trial witness" would unconstitutionally infringe on his Fifth Amendment right to Due Process of law. (*See* Doc. 47). Presumably, the "indirect" contact with any potential witness the Government seeks to prevent would preclude even Teman's legal counsel from fully investigating this case and pursuing any and all legally available defenses.

To prevent a criminal defendant from interviewing witnesses (or at least attempting to) would constitute an egregious violation of Teman's right to prepare for trial—yet that is what the Government asks this Court to do. As the Second Circuit has succinctly explained:

> A trial is a search for the truth. This is no less true in a criminal matter than in a civil matter…. A lawyer may properly interview any witness or prospective witness for the opposing side in any civil or criminal case without the consent of opposing counsel…. The right to effective counsel embraces more than just the right to retain counsel.

*Int'l Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 44 (2d Cir. 1975) (quoting *Coppolino v. Helpern*, 266 F. Supp. 930, 935-36 (S.D.N.Y. 1967)). *See also United States v. Morrison*, 518 F. Supp. 917, 919 (S.D.N.Y. 1981) (dismissing indictment where "the defendant has been deprived of the opportunity to interview witnesses who very possibly have exculpatory testimony to offer. An accused has a fundamental right to present his own witnesses to establish a defense"); *United States v. Linder*, No. 12 CR 22, 2013 WL 812382, at *1 (N.D. Ill. Mar. 5, 2013) (Defendant argued the Government violated his "Fifth Amendment right to due process of law through its 'intentional interference with [his] right to conduct a defense investigation and interview prospective witnesses.'" Following evidentiary hearing, the district court concluded, because "the prosecution team substantially interfered with Defendant's access to victims, exercised an overly aggressive approach to witnesses by threatening them with prosecution, and violated the Defendant's constitutional rights, the Court dismisses the Indictment").

Because the speech about which the Government complains is protected by the First Amendment and because Teman and his legal team should retain the ability to fully investigate this case by, among other things, attempting to interview potential witnesses, this Court should deny the Government's request to modify Teman's bail.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
justin@margulisgelfand.com
*Counsel for Defendant*

Cc:   Jacob H. Gutwillig
      Kedar S. Bhatia
      Edward A. Imperatore
      Joseph A. DiRuzzo