

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2020

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    United States v. Ari Teman,
                S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

The Government respectfully writes in opposition to defendant Ari Teman's motion to preclude the Government from calling Karen Finocchio, a witness from Bank of America based on an alleged non-compliance with *Giglio* obligations. Because the Government has complied with its *Giglio* obligation and the defendant seeks records that do not constitute impeachment material for Ms. Finocchio, the defendant's motion should be denied.

The Government intends to call Ms. Finocchio as its first witness. Ms. Finocchio is employed by Bank of America as a senior investigator. Ms. Finocchio will testify about Bank of America records, the process by which Bank of America reimbursed the customers against whose accounts the checks at issue were drawn, and the loss sustained by Bank of America. The Government conducted a full Giglio inquiry of Ms. Finocchio and produced Jencks Act material for Ms. Finocchio.

The defense now moves to preclude Ms. Finocchio's testimony on the ground that the Government failed to produce *Giglio* material for Ms. Finocchio. Teman argues that he "put the Government on notice of the following cases and governmental announcements" and lists approximately seven different lawsuits. Teman does not explain what the lawsuits are about or how they relate to Bank of America, Ms. Finocchio, or this case. It does not appear from the case names that this Office was a party to any of the lawsuits. (Mot. at 1-2). Instead, Teman argues that "this is not a case where Bank of America is simply a witness because it has records in its possession, custody, or control. In this case, Bank of America is the alleged victim of the bank fraud charged in Counts 1 and 2 . . . . Given the extensive governmental investigations and litigation against Bank of America, Teman reasonably believes that the Government has failed to comply with its constitutional duty under *Giglio*." (Mot. at 2). He further argues that that given the extensive litigation of Bank of America against the Federal and State governments, Teman reasonably believes that Bank of America has received a benefit, including but not limited to

Hon. Paul A. Engelmayer  Page 2
December 6, 2019

dropped or reduced charges . . . . and leniency for known but uncharged criminal conduct." (Mot. 2-3).

As an initial matter, Teman fails to explain how the existence of civil lawsuits involving Bank of America could possibly constitute *Giglio* material for Ms. Finocchio. The Government has learned from Ms. Finocchio that she did not have any involvement in any of the lawsuits Teman lists or the facts underlying those lawsuits. Teman offers no facts to the contrary. Accordingly, there is no basis to conclude that the lawsuits or any material related to them could constitute Giglio material for Ms. Finocchio.  *Cf. United States* v. *McGowan*, 58 F.3d 8, 15-16 (2d Cir. 1995) (affirming district court's refusal to permit impeachment of credibility of individual the Government did not call as trial witness).

Second, even if the Government's *Giglio* obligation for Ms. Finocchio extended to the conduct of her employer, Bank of America (and it does not), there is no basis to conclude that the lawsuits Teman identifies constitutes impeachment material, and indeed they do not. There is simply no connection between the lawsuits Teman identifies and this case, in which Teman's negotiation of fake checks caused a loss to Bank of America of approximately $260,000. Accordingly, Teman is flatly incorrect in assuming that Bank of America—the victim of Teman's fraud, or Ms. Finocchio, who is testifying pursuant to a trial subpoena—somehow received a "benefit" from the Government. His suggestion to the contrary is nonsensical.

Finally, Teman's argument fails because the Government's *Giglio* obligation extends only to material within the possession of the prosecution team. *See, e.g.*, *United States v. Stein*, 424 F. Supp. 2d 720 (S.D.N.Y. Apr. 7, 2006) (holding that defense was not entitled to material in possession of Internal Revenue Service). Here, the prosecution team is not in possession of material related to the lawsuits Teman identifies, which do not appear to involve the U.S. Attorney's Office for the Southern District of New York, and have nothing to do with this case. Accordingly, even if some *Giglio* obligation attached to the lawsuits (and it does not), there would be no material to disclose.

Accordingly, for these reasons, Teman's motion to preclude the Government from calling Ms. Finocchio should be denied.

> Respectfully submitted,
>
> GEOFFREY S. BERMAN
> United States Attorney for the
> Southern District of New York
>
> By:   /s/
> Kedar S. Bhatia
> Assistant United States Attorney
> (212) 637-2465

cc: Justin Gelfand, Esq.
 Joseph DiRuzzo, Esq.