

Joseph A. DiRuzzo, III, Esq., CPA
954.615.1676
jd@diruzzolaw.com

Jan. 26, 2020

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Teman,* case no. 1:19-cr-696

Dear Judge Engelmayer:

Pursuant to your "individual rules of practice in criminal cases," this letter serves as the Defendant Ari Teman's objection to charging the jury in a way that permits it to convict Teman without finding that he deposited "counterfeit checks."

Each count of the Second Superseding Indictment (the "Indictment") expressly alleges that Teman "deposited counterfeit checks." (Doc. 55). The Indictment does not allege that Teman deposited unauthorized remotely created checks. (*See id.*). A remotely created check—even if unauthorized (which Teman adamantly denies)—is not the same as a counterfeit check.

The Fifth Amendment provides, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury[.]"  The "right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away with or without court amendment." *Stirone v. United States*, 361 U.S. 212, 218-19 (1960).  "[A] constructive amendment occurs either where (1) an additional element sufficient for conviction is added, or (2) an element essential to the crime charged is altered."  *United States v. Dove*, 884 F.3d 138, 146 (2d Cir. 2018) (cleaned up).

"After an indictment has been returned and criminal proceedings are underway, the indictment's charges may not be broadened by amendment, either literal or constructive, except by the grand jury itself." *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) (citing *Stirone*, 361 U.S. at 215-16) (emphasis added). As the Eighth Circuit has explained, "[a] constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner—often through the evidence presented at trial or the jury instructions—that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged

in the indictment." *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007) (internal citations omitted). A "constructive amendment of an indictment is reversible error per se." *Id.*

"An amendment of form and not of substance occurs when the defendant is not misled in any sense, is not subjected to any added burdens, and is not otherwise prejudiced." *United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir. 1984). A "court may amend an indictment in any way that does not strike any portion of the charging paragraph and thus does not change the charged offense." *Id.* "As further protection for the defendant, the amendment must be sufficiently definite and certain; it is not to take the defendant by surprise; and any evidence the defendant had before the amendment should be equally available after the amendment." *Id.*

Page | 2

Teman has a "substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and dismissed as harmless error." *Stirone*, 361 U.S. at 217.

In determining whether an unconstitutional constructive amendment of an indictment has occurred, the focal point is "whether the change involves an expansion or a narrowing of the charges." *United States v. Hall*, 536 F.2d 313, 319 (10th Cir. 1976). "[T]he trial court is precluded from amending an indictment so as to…broaden the possible bases for conviction[.]" *United States v. Brooks*, 438 F.3d 1231, 1237 (10th Cir. 2006). As the Tenth Circuit explained, "to decide that question, we therefore compare the indictment with the district court proceedings to discern if those proceedings broadened the possible bases for conviction beyond those found in the operative charging document." *United States v. Farr*, 536 F.3d 1174, 1180 (10th Cir. 2008) (reversing tax evasion conviction for constructive amendment of indictment).

In *Howard v. Daggett*, the Ninth Circuit grappled with similar circumstances. 526 F.2d 1388 (9th Cir. 1975). The defendant was charged with inducing two particular women, specifically named in the indictment, to engage in prostitution. *Id.* at 1389. However, the Government's evidence at trial dealt with more than two women. *Id.* A jury instruction permitted conviction based on evidence regarding women other than the two named in the indictment. *Id.* at 1390. Reversing, the court explained,

> The grand jury might have indicted appellant in a general allegation, without specifying the women to whom his alleged illegal acts or purposes related. But it did not do so. To allow the jury to consider the evidence respecting the other alleged prostitutes was to allow the jury to convict of a charge not brought by the grand jury. The supplemental instruction constituted an impermissible amendment of the indictment that 'destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury.'

*Id.*

The Ninth Circuit is not alone. In *Farr*, a tax evasion case, "the district court essentially allowed the jury to consider two possible bases for conviction—the flawed one outlined in the indictment and

another more accurate one added at trial." 536 F.3d at 1181. That court noted, "the government opted to include in its indictment particulars" and "the language employed by the government in its indictments becomes an essential and delimiting part of the charge itself, such that if an indictment charges particulars, the jury instructions and evidence introduced at trial must comport with those particulars." *Id.* Farr was charged with evading the quarterly employment tax for ATHA-Genesis Chapter and his attorney waited until opening statement to argue that an individual cannot owe employment taxes of the corporation. *Id.* Reversing the conviction for a jury instruction that did not hold the Government to what the indictment alleged, that court explained that the Government may have been "in a 'ditch' but it was a ditch created by the government's own charging document." *Id.* The "charging document"—not the discovery or the evidence—was determinative. *Id.*

"Any 'broadening [of] the possible bases for conviction from that which appeared in the indictment is fatal. *It is reversible per se.*" *United States v. Leichtnam*, 948 F.2d 370, 377 (7th Cir. 1991) (emphasis added) (internal citations omitted); *Whirlwind Soldier*, 499 F.3d at 870 (Eighth Circuit explaining that "a constructive amendment of an indictment is reversible error per se).

In this case, the Government cannot possibly ask the jury to convict Teman for doing anything other than what is charged in the indictment, *i.e.*, depositing counterfeit checks (which the RCCs are absolutely not). By charging particulars the Government cannot now prove, the Government may be "in a 'ditch' but it was a ditch created by the government's own charging document." *Farr*, 536 F.3d at 1181.

Proceeding in any way but using "counterfeit checks" in the jury instructions would broaden the bases for possible conviction. *Brooks*, 438 F.3d at 1237 ("[T]he trial court is precluded from amending an indictment so as to…broaden the possible bases for conviction"). Even more, a "court may amend an indictment in any way that does not strike any portion of the charging paragraph and thus does not change the charged offense." *Cook*, 745 F.2d at 1316. Because the entirety of the operative indictment centers around counterfeit checks, the Government cannot now argue to the jury, and this Court cannot instruct the jury, that the RCCs at issue now were merely "unauthorized" as a legal basis to convict Teman.

The Circuit has noted that "an indictment drawn in more general terms may support a conviction on alternate bases, even though an indictment with specific charging terms will not." *United States v. Zingaro*, 858 F.2d 94, 99 (2d Cir. 1988). The operative indictment in this case could not be any more specific, i.e. that Teman "deposited counterfeit checks" as the manner and means on which both the bank fraud and wire fraud counts as based. *See also United States v. Wozniak*, 126 F.3d 105, 109 (2d Cir. 1997) (conspiracy to possess with intent to distribute controlled substances; where indictment alleged cocaine and methamphetamine, instruction to permit conviction on basis of marijuana transaction was a constructive amendment because defendant "was not given notice of the core criminality to be proven at trial").

The bottom line is this: an RCC—even if unauthorized—is not necessarily a counterfeit check. The grand jury did not charge Teman with committing bank fraud or wire fraud by depositing

unauthorized checks or RCC's; it charged Teman with committing those crimes by depositing counterfeit checks. Thus, the jury should have to find that Teman deposited counterfeit checks to sustain a conviction on any count.

Kind Regards,

/s/

Joseph A. DiRuzzo, III

JAD/

cc: AUSA K. Bhatia, via ECF
AUSA E. Imperato, via ECF
J. Gelfand, via ECF

Page | 4

401 East Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
FAX/ 954.827.0340 WEB/ WWW.DIRUZZOLAW.COM