UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                :

UNITED STATES OF AMERICA,           :
                                                                 :

          -v-                        :              19-CR-696 (PAE)
                                                                    :

ARI TEMAN,                             :                <u>ORDER</u>
                                                          :

                            Defendant.        :
                                                                    :
-------------------------------------------------------------------- X


PAUL A. ENGELMAYER, District Judge:

       Attached to this Order are the following Court Exhibits:

- Exhibit 1: The draft jury charge dated January 27, 2020.

- Exhibit 2: The final jury charge dated January 27, 2020.

- Exhibit 3: The witness list.

- Exhibit 4: The exhibit list.

- Exhibit 5: The trial indictment.

- Exhibit 6: The verdict form.

- Exhibit 7: The Government's powerpoint presentation used during their closing argument.


       SO ORDERED.

Dated: January 29, 2020
      New York, New York

                                             PAUL A. ENGELMAYER
                                       United States District Judge

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
    UNITED STATES OF AMERICA       :
:
               -v-               :           19 Cr. 696 (PAE)
:
    ARI TEMAN,                  :
:
                  Defendant.    :
:
------------------------------------------------------------------------X

**J**URY **C**HARGE

J**ANUARY** 27, 2020
**[D**RAFT FOR COUNSEL**'S REVIEW]**

# CONTENTS

**I. General Instructions** .................................................................................. **4**

   A.    Introductory Remarks ............................................................................ 4

   B.    Role of the Court ................................................................................... 4

   C.    Role of the Jury .................................................................................... 5

   D.    Role of Counsel ..................................................................................... 5

   E.    Sympathy or Bias .................................................................................. 6

   F.    All Persons Equal Before the Law ......................................................... 7

   G.    Presumption of Innocence; Burden of Proof; Reasonable Doubt ........... 7

   H.    What Is and Is Not Evidence ................................................................. 9

   I.    Direct and Circumstantial Evidence ..................................................... 10

   J.    Witness Credibility ............................................................................. 11

   K.    Bias of Witnesses ............................................................................... 12

   L.    Prior Inconsistent or Consistent Statements ....................................... 13

   M.    Preparation of Witnesses .................................................................... 14

   N.    Stipulations of Fact ............................................................................ 14

   O.    Bank Records and Electronic Communications ................................... 14

   P.    Particular Investigative Techniques Not Required ................................ 15

   Q.    Uncalled Witness—Equally Available ................................................ 15

   R.    Defendant's Testimony [if applicable] ................................................ 16

   S.    Defendant's Right Not to Testify [if applicable] .................................. 16

**II. Substantive Instructions** ........................................................................ **17**

   A.    The Indictment ................................................................................... 17

   B.    Summary of the Indictment ................................................................ 17

   C.    Counts One and Two: Bank Fraud ...................................................... 18

      1.    Element One: Existence of Scheme ................................................ 19

      2.    Element Two: Knowing and Willful Participation in the Scheme ...... 23

      3.    Element Three: Federally Insured Financial Institution ................. 25

      4.    Attempt ........................................................................................ 25

   D.    Counts Three and Four: Wire Fraud .................................................... 26

      1.    Element One: A Scheme to Defraud ............................................... 28

      2.    Element Two: Knowing and Willful Participation in the Scheme ...... 28

      3.    Element Three: Use of Interstate Wires ......................................... 29

   E.    Unanimity .......................................................................................... 30

F.   Good Faith ....................................................................................... 31

G.   Advice of Counsel............................................................................ 32

H.   Conscious Avoidance....................................................................... 33

I.   Variance in Dates and Amounts ...................................................... 34

J.   False Exculpatory Statements .......................................................... 35

K.   Venue ............................................................................................... 35

**III. Deliberations of the Jury**............................................................... **36**

A.   Right to See Exhibits and Hear Testimony...................................... 36

B.   Communication with the Court......................................................... 37

C.   Notes ................................................................................................ 37

D.   Duty to Deliberate; Unanimous Verdict .......................................... 37

E.   Verdict Form .................................................................................... 38

F.   Duties of Foreperson ....................................................................... 38

G.   Return of Verdict ............................................................................. 39

**IV.  Conclusion** ....................................................................................... **39**

# I. GENERAL INSTRUCTIONS

## A. Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions. First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. These instructions really would apply to just about any trial. Second, I'll give you some specific instructions about the legal rules applicable to this particular case. Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy. It is important, however, that you listen carefully and concentrate. I ask you for patient cooperation and attention. You'll notice that I'm reading these instructions from a prepared text. It would be more lively, no doubt, if I just improvised. But it's important that I not do that. The law is made up of words, and those words are very carefully chosen. So when I tell you the law, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two. But for now, listen carefully and try to concentrate on what I'm saying.

## B. Role of the Court

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You must not substitute your own notions or opinions of what the law is or ought to be.

### C. Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts. Any opinion I might have regarding the facts is of absolutely no consequence.

### D. Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. It is my job to rule on those objections. Therefore, why an objection was made or why I ruled on it the way I did is not your business. You should draw no inference from the fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

**E.** **Sympathy or Bias**

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is: has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged. You must decide solely on the basis of the evidence presented, subject to the law as I explain it to you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal for the defendant. But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty for the defendant.

The question of possible punishment of the defendant is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which

may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### F. All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendant stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, sex, or age. All persons are entitled to the same presumption of innocence, and the Government has the same burden of proof with respect to all persons. Your verdict must be based solely on the evidence or the lack of evidence.

### G. Presumption of Innocence; Burden of Proof; Reasonable Doubt

Now, I will instruct you on the presumption of innocence—the Government's burden of proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in the Indictment. Thus, the Government has the burden of proving the charges against him beyond a reasonable doubt. A defendant does not have to prove his innocence. On the contrary, he is presumed to be innocent of the charges contained in the Indictment. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout

the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

It is removed if and only if you, as members of the jury, are satisfied that the Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally comes up is—what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence. It is doubt that a reasonable person has after carefully weighing all the evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. Reasonable doubt does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact which by its nature is not susceptible to mathematical certainty. In consequence, the law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of the defendant, if you do not have an abiding conviction of the defendant's guilt—in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your duty to acquit the defendant.

On the other hand, if after a fair and impartial consideration of all the evidence you do have an abiding belief of the defendant's guilt—such a belief as you would be willing to act upon without hesitation in important matters in the personal affairs of your own life—then you have no reasonable doubt, and under such circumstances it is your duty to convict the defendant.

The Government is not required to prove the essential elements of an offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what he has told you.

**H.      What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.

However, testimony that I have stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers that are evidence, not the lawyers' questions.

Finally, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## I.       Direct and Circumstantial Evidence

Generally, as I mentioned at the start of the case, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To use the same example I gave you at the start of trial, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably

draw from other facts that have been proven.  Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from the evidence.  The Government asks you to draw one set of inferences.  The defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

### J.    Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection when viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  You should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial is truthful in whole or in part.

**K.      Bias of Witnesses**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying

your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

## L.    Prior Inconsistent or Consistent Statements

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the guilt or innocence of the defendant, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

You have also heard evidence that certain witnesses made earlier statements that were consistent with their trial testimony. Such statements were admitted into evidence not as

independent evidence of guilt or innocence, but solely for whatever light they may shed on the witness's credibility. If you find that a witness had a motive to testify as he did, but also that he told the same story before he had that motive, you may take that into account in deciding whether the witness's interest or motive colored his testimony.

**M.  Preparation of Witnesses**

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court. Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. In fact, it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**N.  Stipulations of Fact**

In this case, you have heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. However, it is for you to determine the effect to be given to those facts.

**O.  Bank Records and Electronic Communications**

Various bank records and other electronic communications, such as emails, have been admitted into evidence. I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and a party's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions you may have regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt. What significance you attach to this evidence is entirely your decision.

### P.   Particular Investigative Techniques Not Required

During the trial, you have heard testimony of witnesses and argument by counsel that the Government did not utilize specific investigative techniques. You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the Government use any of these specific investigative techniques to prove its case.

Whether you approve or disapprove of various law enforcement techniques, or whether you might have chosen to use or not use any particular technique, is not the question. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

### Q.   Uncalled Witness—Equally Available

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both. On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence. You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### R.     Defendant's Testimony [if applicable]

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant's guilt beyond a reasonable doubt. A defendant is never required to prove that he is not guilty.

The defendant, Ari Teman, did testify in this case, and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any other interested witness.

### S.     Defendant's Right Not to Testify [if applicable]

The defendant, Ari Teman, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Mr. Teman did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against him in any way in your deliberations.

## II.    SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions to you relating to the charges brought against the defendant in this case.

### A.    The Indictment

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is merely a charge or accusation.  It is not evidence, and it does not prove or even indicate guilt.  As a result, you are to give it no weight in deciding the defendant's guilt or lack of guilt.  What matters is the evidence you heard at this trial.  Indeed, as I have previously noted, the defendant is presumed innocent, and it is the prosecution's burden to prove the defendant's guilt beyond a reasonable doubt.

### B.    Summary of the Indictment

The Indictment contains four counts.  Each count is a separate offense or crime.  Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Counts One and Two of the Indictment charge the defendant with committing the offense of bank fraud.  Count One charges him with a bank fraud scheme committed between in or about April 2019 up to and including in or about June 2019.  Count Two charges him with a bank fraud scheme committed in or about March 2019.

Similarly, Counts Three and Four charge the defendant with two separate instances of wire fraud.  Count Three charges him with a wire fraud scheme committed between in or about April 2019 up to and including in or about June 2019.  Count Four charges him with committing a wire fraud scheme in or about March 2019.

I will now instruct you on the applicable law for each of the four counts.

### C. Counts One and Two: Bank Fraud

As I said, Counts One and Two both charge the defendant with bank fraud, in violation of Title 18, United States Code, Section 1344. In other words, each count charges that the defendant devised a scheme to defraud a federally insured bank.

Count One charges the defendant with committing a bank fraud scheme in connection with the deposit in April 2019 of 27 checks, allegedly by creating, and then making the false pretense and representation to the bank that he had the account holders' authority to deposit, those checks. Count One of the Indictment reads:

> From at least in or about April 2019 up to and including at least in or about June 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TEMAN deposited counterfeit checks in the name of the three third parties (respectively, "Entity-1," "Entity-2," and "Entity-3") into an account held at a particular financial institution ("Financial Institution-1"), and subsequently attempted to and did use those funds for his personal benefit.

Count Two charges the defendant with committing a bank fraud scheme in connection with the deposit in March 2019 of two checks, again allegedly by creating, and then making the false pretense and representation to the bank that he had the account holders' authority to deposit, those checks. Count Two of the Indictment reads:

> In or about March 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TEMAN deposited counterfeit checks in the name of Entity-3 and another third party ("Entity-4") into an account held at Financial Institution-1, and subsequently attempted to and did use those funds for his personal benefit.

[18]

I instruct you that in connection with the Indictment, "Entity-1" refers to ABJ Milano LLC, operated by ABJ Properties; "Entity-2" refers to ABJ Lenox LLC, operated by ABJ Properties; "Entity-3" refers to 518 West 205 LLC, operated by Coney Realty; "Entity-4" refers to 18 Mercer Equity Inc., operated by Crystal Real Estate Management; and "Financial Institution-1" refers to Bank of America.

To find the defendant guilty of the crimes charged in Counts One and Two of the Indictment, the Government must establish each of the following elements beyond a reasonable doubt:

**First**, that there was a scheme or artifice to defraud a bank, as alleged in the Indictment; OR that there was a scheme or artifice to obtain money or other property owned by a financial institution by means of materially false or fraudulent pretenses, representations, or promises, as alleged in the Indictment;

**Second**, that the defendant knowingly and willfully executed or attempted to execute the scheme or artifice—that is, that the defendant acted with knowledge of the fraudulent nature of the scheme and with the specific intent to defraud the bank or to obtain, by deceiving the bank, money or other property owned or controlled by that bank; and

**Third**, that the deposits of the bank involved were, at the time of the scheme, insured by the Federal Deposit Insurance Corporation.

Now I will explain each of three elements of bank fraud in more detail.

1. **Element One: Existence of Scheme**

The first element that the Government must prove beyond a reasonable doubt is that, on or about the dates set forth in the Indictment, (1) there was a scheme or artifice to defraud a bank; OR (2) there was a scheme or artifice to obtain money or other property owned by or under the

custody or control of such a bank, by means of false or fraudulent pretenses, representations, or promises that were material to the scheme.

The Government must prove the existence of only one of these schemes. These two concepts are not necessarily mutually exclusive. If you find that either one type of scheme or artifice or both existed, then the first element of bank fraud is satisfied. However, you must be unanimous in your view as to the type of scheme or artifice that existed. If half of you think (1), but not (2), and the other half think (2), but not (1), then you <u>must</u> vote to acquit the defendant.

### a. Scheme to Defraud a Bank

I will now explain what these terms mean and will begin with the key terms from (1), which requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud a bank.

A "scheme or artifice" is a plan, device, or course of conduct to accomplish an objective.

"Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestions, false pretenses, or concealment of the truth. The unfair advantage sought can involve can involve money, property, or anything of value.

Thus, a "scheme to defraud" a bank is a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing money or property, with the intent to cause the bank to suffer an actual or potential loss. This term—"scheme to defraud"— thus embraces all dishonest means, however ingenious, clever, or crafty, by which a person seeks to trick another out of their property. For example, a scheme to defraud may be accomplished through trickery, deceit, deception, or swindle.

The Government does not need to show that the defendant's conduct actually caused the bank to release money or property, but rather only needs to show that the defendant's conduct was designed to deceive the bank into releasing money or property.

This defines a scheme or artifice to defraud a bank, the first type of scheme prohibited by the federal bank fraud statute. You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment, which I read to you a few moments ago.

### b. *Scheme to Obtain Money or Other Property Using False Pretenses*

The second type of scheme charged, described at the beginning of this section as (2), is a scheme to obtain money or other property owned by, or under the custody and control of, a bank by means of false or fraudulent pretenses, representations, or promises. As to this type of scheme, the Government must show that false and fraudulent pretenses, representations, or promises were employed, and that they were directed at the bank with the intention of deceiving it.

This brings me to false and fraudulent pretenses, representations, or promises. A representation is fraudulent if it was made falsely with the intent to deceive. The deceptive means that are prohibited are not limited to active misrepresentations or lies told to the bank. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representation need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The arrangement of the words, or the circumstances in which they are used, may convey a false and deceptive appearance. Accordingly, the misrepresentation may be written, oral, or arise from a course of conduct intended to communicate

false facts to the bank. If there is intentional deception, the manner in which it is accomplished does not matter.

These false representations must be "material," which is a term that I will define momentarily. In short, it does not matter whether any decision makers at the bank actually relied upon the misrepresentation. It is sufficient if the misrepresentation is one that is capable of influencing the bank's decision and is intended by the defendant to do so.

### c. Concepts Applying to Both Schemes

Let me repeat again that there are two ways the Government may satisfy this first element beyond a reasonable doubt: first, by proving that there was a scheme to defraud a bank; or second, by proving that there was a scheme to obtain money or other property owned by, or under the custody or control of, the bank by false or fraudulent pretenses, representations, or promises.

I have referred, in the context of both ways the Government may satisfy this first element, to a "materiality" requirement. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which would reasonably be expected to be of concern to a reasonable and prudent person relying on the representation or statement in making a decision. This means that if you find a particular statement of fact made by the defendant to have been false, you must then determine whether that statement of fact was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

The Government need not prove an actual loss of funds by the bank. Nor is it necessary for the Government to establish that the defendant actually realized any gain from the scheme. The success of a scheme to defraud is irrelevant. What matters is whether there existed a scheme

to defraud.  The bank fraud statute prohibits successfully defrauding a financial institution as well as attempts to do so.  You must concentrate on whether there was such a scheme.

It does not matter whether the bank involved might have discovered the fraud had it probed further, or been more careful.  If you find that a scheme or artifice existed, it is irrelevant whether you believe that the bank was careless, gullible, or even negligent.

Finally, in order to establish the existence of a scheme, the Government is not required to establish that the defendant himself started the scheme to defraud.  It is sufficient if you find that a scheme to defraud existed, even if initiated by another.

If you find that the Government has sustained its burden of proof that a scheme to defraud a bank or to obtain money by false pretenses did exist, as charged, you next should consider the second element.

## 2.　　Element Two: Knowing and Willful Participation in the Scheme

The second element that the Government must establish beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme knowingly, willfully, _and_ with the intent to defraud the bank, or to obtain money or other property owned by the bank or under the bank's custody or control.

A person acts "knowingly" when he acts voluntarily and deliberately, rather than mistakenly or inadvertently.

A person acts "willfully" when he acts knowingly and purposefully, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or disregard the law. It is not necessary that the defendant knew he was violating a particular law.  It is enough if you find that he was aware that what he was doing was, in general, unlawful.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other question of fact. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

Accordingly, the ultimate facts of knowledge and criminal intent may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, all the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from the evidence. Use your common sense. But regardless of whether you look to direct evidence, circumstantial evidence, or a combination thereof, the government must establish the essential elements of the crime charged beyond a reasonable doubt—including the requisite mental states.

The Government must prove beyond a reasonable doubt that the defendant participated in the alleged scheme with an understanding of its fraudulent or deceptive character and with the intent to help it succeed. There are certain things the Government need not prove in order to meet that burden. It need not prove that the defendant participated in, or even knew about, all the operations of the scheme. It need not prove that the defendant originated the scheme, or participated in it from its inception, since a person who participates in a scheme after it begins is just as guilty as those who participated from the beginning, as long as he becomes aware of the scheme's general purpose and operation and acts intentionally to further its unlawful goal or goals. It need not prove that the defendant participated in the scheme to the same degree as other

participants.  Finally, the Government need not prove actual or potential loss to the bank, so long as there is evidence that the defendant intended to expose the bank to such loss.

### 3.    Element Three: Federally Insured Financial Institution

The third and final element that the Government must prove beyond a reasonable doubt is that the bank that was the subject of the defendant's scheme or artifice was a federally insured financial institution.  This simply means that the bank's deposits had to be insured by the Federal Deposit Insurance Corporation.

The Government need not show that the defendant <u>knew</u> that the bank in question was federally insured to satisfy this third element.  It must prove, however, that the defendant intended to defraud a financial institution.

### 4.    Attempt

The bank fraud statute prohibits not only successful defrauding of a financial institution, but also attempting, which means trying to do so.  Thus, the Government is required to prove only that the defendant attempted, or tried, to execute the alleged scheme or artifice; there is no need for the Government to prove that the defendant was successful in this endeavor.

In order to prove that the defendant attempted bank fraud or wire fraud, the evidence must show beyond a reasonable doubt that (1) the defendant intended to commit the bank fraud, and (2) the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt both that he intended to commit the crime of bank fraud, and that he took some action that was a substantial step towards the commission of that crime.

Merely preparing to commit a crime is not the same thing as taking a substantial step toward the commission of the crime. The defendant must go beyond simply preparing and perform an act that confirms his intention to execute the scheme. The Government does not have to prove that the defendant did everything except take the last step necessary to complete the scheme. Any substantial step beyond mere preparation is enough.

**D.    Counts Three and Four: Wire Fraud**

That concludes my review of the elements of bank fraud. I will now turn to Counts Three and Four, both of which charge the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.

Count Three charges the defendant with a wire fraud scheme in connection with the deposit in April 2019 of the 27 checks which are the subject of Count One, allegedly by creating, and then making the false pretense and representation to the bank that the defendant had the account holders' authorization to deposit, those checks. Count Three charges—and again I am reading from the Indictment—that:

> From at least in or about April 2019 up to and including at least in or about June 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willingly and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TEMAN deposited counterfeit checks drawing on funds from accounts belonging to "Entity-1," "Entity-2," and "Entity-3" and subsequently attempted to and did use those funds for his personal benefit, and in furtherance of such a scheme caused a wire communication to be sent.

Count Four charges the defendant with a wire fraud scheme in connection with the deposit in March 2019 of the two checks which are the subject of Count Two, allegedly by creating, and then making the false pretense and representation to the bank that the defendant had the account

holders' authorization to deposit, those checks. Count Four charges—again reading from the Indictment—that:

> In or about March 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TEMAN deposited counterfeit checks drawing funds from accounts belonging to Entity-3 and Entity-4 and subsequently attempted to and did use those funds for his personal benefit, and in furtherance of such a scheme caused a wire communication to be sent.

Earlier, I instructed you about who the terms "Entity-1," "Entity-2," "Entity-3," and "Entity-4," as used in Counts One and Two, refer to. Those instructions apply equally to Counts Three and Four.

I will now turn to the elements of wire fraud. In order to prove the defendant guilty of wire fraud in both Counts Three and Four, the Government must establish each of the following three elements beyond a reasonable doubt:

**First**, that there was a scheme or artifice to defraud, <u>OR</u> to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

**Second**, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of the fraudulent nature of the scheme and with the specific intent to defraud; and

**Third**, in execution of that scheme, the defendant used or caused others to use interstate or foreign wires as specified in the Indictment.

My instructions as to Counts One and Two, the bank fraud counts, cover a number of the concepts relevant to Counts Three and Four. And so, my instructions as to Counts Three and Four will be brief.

### 1. Element One: A Scheme to Defraud

The first element that the Government must prove, beyond a reasonable doubt, is that there was a scheme to defraud or to obtain money or property. I have already instructed you in connection with Counts One and Two what it means to employ a scheme or artifice to defraud. Those instructions apply here as well.

The scheme that the Government alleges in Count Three is the same scheme involving the defendant's depositing of 27 checks in April 2019, which is the subject of Count One. To find the first element as to Count Three, you must therefore find that the scheme had as an object the use of the funds from these checks for the defendant's personal benefit.

Similarly, the scheme the Government alleges in Count Four is the same scheme involving the defendant's depositing of 2 checks in March 2019, which is the subject of Count Two. To find the first element as to Count Four, you must therefore find that the scheme had as an object the use of the funds from these checks for the defendant's personal benefit.

### 2. Element Two: Knowing and Willful Participation in the Scheme

The second element that the Government must prove, beyond a reasonable doubt, is that the defendant devised or participated in the scheme knowingly, willfully, and with a specific intent to defraud. I have already defined knowingly, willfully, and with a specific intent to defraud, and my earlier instructions apply here as well. I will quickly define a few additional terms as to this element.

To "devise" a scheme to defraud is to concoct or plan it.

To "participate" in a scheme to defraud means to associate oneself with it, with the intent of making it succeed.

### 3. Element Three: Use of Interstate Wires

The third and final element of the wire fraud charge is that the Government must establish beyond a reasonable doubt that interstate or foreign wires were used in furtherance of the scheme to defraud.

"Wires" includes telephone calls, faxes, email, Internet, radio, or television communication. The use of the wires must be between states or between the United States and another country. The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London. The Government is not required, however, to prove that a defendant knew or could foresee the interstate or international nature of the wire communication.

The use of the wires need not itself be fraudulent. Stated another way, the communication need not contain any fraudulent representation. To be in furtherance of the scheme, the wire communication must be incident to an essential part of the scheme to defraud and must have been caused by the defendant. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud or the scheme to obtain money by means of false representations.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must have specifically authorized others to execute a wire communication. Rather, when one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the

wires can reasonably be foreseen, even if not actually intended, then he causes the wires to be used.

The Government must prove beyond a reasonable doubt the particular use of the wires on which the Indictment is based. Here, the wire fraud counts are based on wire communications related to the defendant's depositing of alleged counterfeit checks. To convict the defendant on Counts Three and Four, you must unanimously agree on a particular one of these wires and that it was in furtherance of the charged wire-fraud scheme.

However, the Government does not have to prove that the wire was used on the exact date charged. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date reasonably near the date alleged.

### E. Unanimity

This concludes my review of the elements of wire fraud. I have a few final substantive instructions that are not particular to a specific count.

The first relates to the requirement that the jury verdict be unanimous.

Each of the four counts in the Indictment charges the defendant with an offense—either bank fraud or wire fraud—involving multiple checks drawn on the accounts of multiple entities. Thus, Counts One and Three allege these respective offenses in connection with the defendant's alleged deposit of 27 checks, each drawn on the account of one of three entities: ABJ Milano LLC; ABJ Lenox LLC; and 518 West 205 LLC. And Counts Two and Four allege these respective offenses in connection with the defendant's alleged deposit of two checks, one drawn on the account of 518 West 205 LLC; and the other drawn on the account of 18 Mercer Equity Inc.

As to each count, I instruct you that the Government need not prove, and you need not find, that the elements of the offense in question have been met with respect to each of the checks or

each of the entities to which that count relates. However, to convict the defendant of a particular count, you must unanimously agree that the elements of the offense in question have been established, beyond a reasonable doubt, with respect to at least one entity to which that count relates. So, for example, on Count Two, you may not return a verdict of guilty unless you unanimously agree that the elements of bank fraud have been established with respect to one of the two entities, 518 West 205 LLC or 18 Mercer Equity Inc., to which that count relates. If half of the jury found that the elements of bank fraud had been established with respect to the check drawn on the account of 518 West 205 LLC, and the other half of the jury found that the elements of bank fraud had been established with respect to 18 Mercer Equity Inc., but the jury was not in unanimous agreement as to either entity, you could not return a verdict of guilty.

### F.    Good Faith

An essential element of the crimes of bank fraud and wire fraud as charged in Counts One through Four of the Indictment is intent to defraud. It follows that good faith on the part of the defendant is an absolute defense to a charge of fraud. The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

Under the bank fraud and wire fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there is no crime.

A venture commenced in good faith may become fraudulent if it is continued after a fraudulent intent has been formed. Therefore, good faith is no defense when the defendant first made representations in good faith but later, during the time charged in the Indictment, the defendant realized that the representations were false and nevertheless deliberately continued to make them. You must review and put together all the circumstances in deciding whether or not it has been established beyond a reasonable doubt that the defendant devised or participated in a scheme to defraud knowingly, willfully, and with the intent to defraud, or whether he acted in good faith.

There is a final consideration to bear in mind in deciding whether or not the defendant acted in good faith. You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such a belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. If the defendant participated in the scheme for the purpose of causing financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme will cause ultimately make a profit or cause no harm will excuse fraudulent actions or false representations by him.

### G.    Advice of Counsel

You have heard evidence that the defendant received advice from a lawyer, Ariel Reinitz. You may consider that evidence in deciding whether the defendant acted knowingly, willfully, and with a specific intent to defraud.

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense to the charges of bank fraud and wire fraud. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a

competent lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short, you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts shall be lawful. If he did so, it is the law that a defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

## H.    Conscious Avoidance

I told you earlier that the defendant must have acted knowingly, as I have defined that term, in order to be convicted. That is true with respect to all four counts charged in the Indictment. In determining whether the defendant acted knowingly, you may consider whether the defendant closed his eyes to what would have otherwise been obvious to him. That is what the phrase "conscious avoidance" refers to.

As I have told you before, acts done knowingly must be a product of a person's conscious intention. They cannot be the result of carelessness, negligence, or foolishness. But a person may not intentionally remain ignorant of a fact that is material and important to his conduct in order to escape the consequences of the criminal law.

Here, the Government argues that the defendant consciously avoided material information insofar as he did not invoice or otherwise notify his customers, in advance of his drawing and

depositing checks on their accounts in March and April 2019, of his claim that they owed his business money in the amounts reflected on those checks. The Government alleges that the defendant was thereby closing his eyes to the fact that the customers did not approve and would not have approved these charges. The defendant disputes that he consciously avoided learning such information. He argues that he believed in good faith that the customers had given him advance approval for these charges, and also advance approval to remotely create checks on their accounts as a means of paying the debts that they owed him.

As to this point, I instruct you as follows. An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew. Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact. However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact. You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

## I.    Variance in Dates and Amounts

The Indictment refers to a range of dates and monetary amounts. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date, but the

testimony indicates that in fact it was a different date.  Likewise, it does not matter if a transaction is alleged to have involved a certain amount of money, but the testimony indicates that in fact it was a different amount of money.  The law requires only a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the evidence.

## J.     False Exculpatory Statements

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer, but you are not required to infer, that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to the defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

## K.     Venue

In addition to the elements I have described for you, in order to convict on each charged offense, you must decide whether the crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, Westchester County, as well as other areas.  In this regard, the Government need not prove that the crime was committed in its entirety in this District or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District.  The act itself may not be a criminal act.  It could include, for example, executing a financial transaction within this District.

And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

I should note that on this issue—and this issue alone—the Government need not offer proof beyond a reasonable doubt. Venue need be proven only by a preponderance of the evidence. The Government has satisfied its venue obligations, therefore, if you conclude that it is more likely than not that the crime occurred within this District.

If you find that the Government has failed to prove this venue requirement, you must acquit the defendant of these charges.

## III. DELIBERATIONS OF THE JURY

### A. Right to See Exhibits and Hear Testimony

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. And please be patient—with respect to requests for testimony, it can sometimes take counsel and the Court some time to identify the portions that are responsive to your request. If you want any further explanation of the law as I have explained it to you, you may also request that.

To assist you in your deliberations, I am providing you with a list of witnesses, in the order in which they testified; a list of exhibits; a verdict form, which I will discuss in a moment; and a copy of these instructions. There is one of each of these for each juror. I am also providing you with a copy of the Indictment. I remind you that the Indictment is not evidence.

**B.     Communication with the Court**

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**C.     Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony to have been, you can ask to have the transcript read back.

**D.     Duty to Deliberate; Unanimous Verdict**

You will now retire to decide the case.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the defendant with respect to the count charged in the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions

dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

When you are deliberating, all 12 jurors must be present in the jury room. If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands. If you reach a verdict do not report what it is until you are asked in open court.

## E. Verdict Form

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision. Please use that form to report your verdict.

## F. Duties of Foreperson

Finally, I referred a moment ago to a foreperson. The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### G.    Return of Verdict

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

## IV.    CONCLUSION

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

* * * * *

Before you retire into the jury room I must excuse our two alternates with the thanks of the Court. You have been very attentive and very patient. I'm sorry that you will miss the experience of deliberating with the jury, but the law provides for a jury of 12 persons in this case. So before

the rest of the jury retires into the jury room, if you have any clothing or objects there, you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone, or research the case, over the next few days. It is possible, and I have had this occur in a trial, that unexpected developments such as a juror's serious illness, may require the substitution of a deliberating juror by an alternate. And so it's vital that you not speak to anyone about the case or research the case until you have been notified that the jury's deliberations are over and the jury has been excused. And if you would like to be advised of the outcome of the trial, please make sure that Mr. Smallman has a phone number at which you can be reached.

(Alternates excused)

Members of the jury, you may now retire. The marshal will be sworn before we retire.

(Marshal sworn)

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                                         :

UNITED STATES OF AMERICA                    :

                                                             :

                 -v-                         :                  S2 19 Cr. 696 (PAE)

                                                             :

ARI TEMAN,                                    :

                                                             :

                                       Defendant.      :

                                                             :

----------------------------------------------------------------------X

**J**URY **C**HARGE

J**ANUARY 27, 2020**
**[F**INAL**]**

CONTENTS

I.   **General Instructions** ................................................................................................ **4**

   A.   Introductory Remarks ....................................................................................... 4

   B.   Role of the Court............................................................................................... 4

   C.   Role of the Jury ................................................................................................ 5

   D.   Role of Counsel................................................................................................ 5

   E.   Sympathy or Bias ............................................................................................ 6

   F.   All Persons Equal Before the Law ................................................................... 7

   G.   Presumption of Innocence; Burden of Proof; Reasonable Doubt ..................... 7

   H.   What Is and Is Not Evidence ........................................................................... 9

   I.   Direct and Circumstantial Evidence .............................................................. 10

   J.   Witness Credibility ....................................................................................... 11

   K.   Bias of Witnesses .......................................................................................... 12

   L.   Prior Inconsistent or Consistent Statements ................................................. 13

   M.   Preparation of Witnesses................................................................................ 14

   N.   Stipulations of Fact ....................................................................................... 14

   O.   Bank Records and Electronic Communications ............................................. 14

   P.   Particular Investigative Techniques Not Required .......................................... 15

   Q.   Uncalled Witness—Equally Available .......................................................... 15

   R.   Defendant's Right Not to Testify ................................................................... 16

II.   **Substantive Instructions** ..................................................................................... **16**

   A.   The Indictment .............................................................................................. 16

   B.   Summary of the Indictment ........................................................................... 17

   C.   Counts One and Two: Bank Fraud................................................................. 17

      1.   Element One: Existence of Scheme .......................................................... 19

      2.   Element Two: Knowing and Willful Participation in the Scheme ............... 23

      3.   Element Three: Federally Insured Financial Institution ............................. 24

      4.   Attempt ................................................................................................... 25

   D.   Counts Three and Four: Wire Fraud .............................................................. 26

      1.   Element One: A Scheme to Defraud.......................................................... 27

      2.   Element Two: Knowing and Willful Participation in the Scheme ............... 28

      3.   Element Three: Use of Interstate Wires...................................................... 28

   E.   Unanimity ..................................................................................................... 30

   F.   Good Faith .................................................................................................... 31

G.    Advice of Counsel....................................................................................32

H.    Conscious Avoidance.............................................................................33

I.    Variance in Dates and Amounts ..........................................................34

J.    False Exculpatory Statements ..............................................................35

K.    Venue ....................................................................................................35

**III. Deliberations of the Jury...........................................................................36**

A.    Right to See Exhibits and Hear Testimony..........................................36

B.    Communication with the Court.............................................................37

C.    Notes .....................................................................................................37

D.    Duty to Deliberate; Unanimous Verdict ..............................................37

E.    Verdict Form ........................................................................................38

F.    Duties of Foreperson ...........................................................................38

G.    Return of Verdict .................................................................................39

**IV.  Conclusion ...........................................................................................39**

# I.  GENERAL INSTRUCTIONS

## A.  Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So when I tell you the law, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.

## B.  Role of the Court

I have instructed you during the trial as to various matters, and you should of course continue to follow those instructions.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and to apply them to the facts as you determine them. With respect to legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that

you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

### C.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

It is your sworn duty, and you have taken the oath as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

### D.   Role of Counsel

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  It is my job to rule on those objections.  Therefore, why an objection was made or why I ruled on it the way I did is not your business.  You should draw no inference from the fact that an attorney objects to any evidence.  Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

The personalities and the conduct of counsel in the courtroom are not in any way at issue.  If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

From time to time, the lawyers and I had conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

**E.      Sympathy or Bias**

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is: has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged. You must decide solely on the basis of the evidence presented, subject to the law as I explain it to you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal for the defendant. But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty for the defendant.

The question of possible punishment of the defendant is of no concern to the jury and should not enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which

may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### F. All Persons Equal Before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendant stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, national origin, sex, or age. All persons are entitled to the same presumption of innocence, and the Government has the same burden of proof with respect to all persons. Your verdict must be based solely on the evidence or the lack of evidence.

### G. Presumption of Innocence; Burden of Proof; Reasonable Doubt

Now, I will instruct you on the presumption of innocence—the Government's burden of proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in the Indictment. Thus, the Government has the burden of proving the charges against him beyond a reasonable doubt. A defendant does not have to prove his innocence. On the contrary, he is presumed to be innocent of the charges contained in the Indictment. This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout

the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

It is removed if and only if you, as members of the jury, are satisfied that the Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally comes up is—what is a reasonable doubt? The words almost define themselves. It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence. It is doubt that a reasonable person has after carefully weighing all the evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. Reasonable doubt does not mean beyond all possible doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact which by its nature is not susceptible to mathematical certainty. In consequence, the law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of the defendant, if you do not have an abiding conviction of the defendant's guilt—in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your duty to acquit the defendant.

On the other hand, if after a fair and impartial consideration of all the evidence you do have an abiding belief of the defendant's guilt—such a belief as you would be willing to act upon without hesitation in important matters in the personal affairs of your own life—then you have no reasonable doubt, and under such circumstances it is your duty to convict the defendant.

The Government is not required to prove the essential elements of an offense by any particular number of witnesses. The testimony of a single witness may be sufficient to convince you beyond a reasonable doubt of the existence of the essential elements of the offense you are considering if you believe that the witness has truthfully and accurately related what he has told you.

**H.    What Is and Is Not Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.

However, testimony that I have stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

As I told you at the start of this case, statements and arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers that are evidence, not the lawyers' questions.

Finally, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## I.        Direct and Circumstantial Evidence

Generally, as I mentioned at the start of the case, there are two types of evidence that you may consider in reaching your verdict. One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

Circumstantial evidence is evidence from which you may infer the existence of certain facts. To use the same example I gave you at the start of trial, assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later another person entered with a wet raincoat. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably

draw from other facts that have been proven.  Many material facts—such as what a person was thinking or intending—can rarely be proved by direct evidence.

Circumstantial evidence is as valuable as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt, based on all the evidence in the case, circumstantial and direct.

There are times when different inferences may be drawn from the evidence.  The Government asks you to draw one set of inferences.  The defendant asks you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

## J.        Witness Credibility

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection when viewed in the light of all other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case.  You should use your common sense, your good judgment, and your everyday experiences in life to make your credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety. On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case. A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial is truthful in whole or in part.

**K.     Bias of Witnesses**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying

your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

### L. Prior Inconsistent or Consistent Statements

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the guilt or innocence of the defendant, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness's testimony.

You have also heard evidence that certain witnesses made earlier statements that were consistent with their trial testimony. Such statements were admitted into evidence not as

independent evidence of guilt or innocence, but solely for whatever light they may shed on the witness's credibility.  If you find that a witness had a motive to testify as he did, but also that he told the same story before he had that motive, you may take that into account in deciding whether the witness's interest or motive colored his testimony.

### M.     Preparation of Witnesses

You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

### N.     Stipulations of Fact

In this case, you have heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.  However, it is for you to determine the effect to be given to those facts.

### O.     Bank Records and Electronic Communications

Various bank records and other electronic communications, such as emails, have been admitted into evidence.  I instruct you that this evidence was obtained in a lawful manner and that no one's rights were violated, and a party's use of this evidence is entirely lawful.

Therefore, regardless of any personal opinions you may have regarding the obtaining of such evidence, you must give this evidence full consideration along with all the other evidence in this case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.  What significance you attach to this evidence is entirely your decision.

### P.        Particular Investigative Techniques Not Required

During the trial, you have heard testimony of witnesses bearing on the investigative techniques used in this case.  You may consider these facts in deciding whether the Government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.  However, you also are instructed that there is no legal requirement that the Government use any of these specific investigative techniques to prove its case.

Whether you approve or disapprove of various law enforcement techniques, or whether you might have chosen to use or not use any particular technique, is not the question.  Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

### Q.        Uncalled Witness—Equally Available

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.  On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence. You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### R. Defendant's Right Not to Testify

The defendant, Ari Teman, did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that Mr. Teman did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against him in any way in your deliberations.

## II. SUBSTANTIVE INSTRUCTIONS

I will turn now to my instructions to you relating to the charges brought against the defendant in this case.

### A. The Indictment

The defendant is formally charged in an Indictment. As I instructed you at the outset of this case, the Indictment is merely a charge or accusation. It is not evidence, and it does not prove or even indicate guilt. As a result, you are to give it no weight in deciding the defendant's guilt or lack of guilt. What matters is the evidence you heard at this trial. Indeed, as I have previously

noted, the defendant is presumed innocent, and it is the prosecution's burden to prove the defendant's guilt beyond a reasonable doubt.

**B.      Summary of the Indictment**

The Indictment contains four counts.  Each count is a separate offense or crime.  Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Counts One and Two of the Indictment charge the defendant with committing the offense of bank fraud.  Count One charges him with a bank fraud scheme committed between in or about April 2019 up to and including in or about June 2019.  Count Two charges him with a bank fraud scheme committed in or about March 2019.

Similarly, Counts Three and Four charge the defendant with two separate instances of wire fraud.  Count Three charges him with a wire fraud scheme committed between in or about April 2019 up to and including in or about June 2019.  Count Four charges him with committing a wire fraud scheme in or about March 2019.

I will now instruct you on the applicable law for each of the four counts.

**C.      Counts One and Two: Bank Fraud**

As I said, Counts One and Two both charge the defendant with bank fraud, in violation of Title 18, United States Code, Section 1344.  In other words, each count charges that the defendant devised a scheme to defraud a federally insured bank.

Count One charges the defendant with committing a bank fraud scheme in connection with the deposit in April 2019 of 27 checks, allegedly by creating, and then making the false pretense and representation to the bank that he had the account holders' authority to deposit, those checks. Count One of the Indictment reads:

From at least in or about April 2019 up to and including at least in or about June 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TEMAN deposited counterfeit checks in the name of three third parties (respectively, "Entity-1," "Entity-2," and "Entity-3") into an account held at a particular financial institution ("Financial Institution-1"), and subsequently attempted to and did use those funds for his personal benefit.

Count Two charges the defendant with committing a bank fraud scheme in connection with the deposit in March 2019 of two checks, again allegedly by creating, and then making the false pretense and representation to the bank that he had the account holders' authority to deposit, those checks. Count Two of the Indictment reads:

In or about March 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, TEMAN deposited counterfeit checks in the name of Entity-3 and another third party ("Entity-4") into an account held at Financial Institution-1, and subsequently attempted to and did use those funds for his personal benefit.

I instruct you that in connection with the Indictment, "Entity-1" refers to ABJ Milano LLC, operated by ABJ Properties; "Entity-2" refers to ABJ Lenox LLC, operated by ABJ Properties; "Entity-3" refers to 518 West 204 LLC, operated by Coney Realty; "Entity-4" refers to 18 Mercer Equity Inc., operated by Crystal Real Estate Management; and "Financial Institution-1" refers to Bank of America.

To find the defendant guilty of the crimes charged in Counts One and Two of the Indictment, the Government must establish each of the following elements beyond a reasonable doubt:

**First**, that there was a scheme or artifice to defraud a bank, as alleged in the Indictment; OR that there was a scheme or artifice to obtain money or other property owned by a financial institution by means of materially false or fraudulent pretenses, representations, or promises, as alleged in the Indictment;

**Second**, that the defendant knowingly and willfully executed or attempted to execute the scheme or artifice—that is, that the defendant acted with knowledge of the fraudulent nature of the scheme and with the specific intent to defraud the bank or to obtain, by deceiving the bank, money or other property owned or controlled by that bank; and

**Third**, that the deposits of the bank involved were, at the time of the scheme, insured by the Federal Deposit Insurance Corporation.

Now I will explain each of three elements of bank fraud in more detail.

### 1.      Element One: Existence of Scheme

The first element that the Government must prove beyond a reasonable doubt is that, on or about the dates set forth in the Indictment, (1) there was a scheme or artifice to defraud a bank; OR (2) there was a scheme or artifice to obtain money or other property owned by or under the custody or control of such a bank, by means of false or fraudulent pretenses, representations, or promises that were material to the scheme.

The Government must prove the existence of only one of these schemes. These two concepts are not necessarily mutually exclusive. If you find that either one type of scheme or artifice or both existed, then the first element of bank fraud is satisfied. However, you must be unanimous in your view as to at least one type of scheme or artifice that existed. If half of you think (1), but not (2), and the other half think (2), but not (1), then you **must** vote to acquit the defendant.

### a. Scheme to Defraud a Bank

I will now explain what these terms mean and will begin with the key terms from (1), which requires the Government to prove beyond a reasonable doubt that there was a scheme or artifice to defraud a bank.

A "scheme or artifice" is a plan, device, or course of conduct to accomplish an objective.

"Fraud" is a general term. It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestions, false pretenses, or concealment of the truth. The unfair advantage sought can involve can involve money, property, or anything of value.

Thus, a "scheme to defraud" a bank is a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing money or property, with the intent to cause the bank to suffer an actual or potential loss. This term—"scheme to defraud"—thus embraces all dishonest means, however ingenious, clever, or crafty, by which a person seeks to trick another out of their property. For example, a scheme to defraud may be accomplished through trickery, deceit, deception, or swindle.

The Government does not need to show that the defendant's conduct actually caused the bank to release money or property, but rather only needs to show that the defendant's conduct was designed to deceive the bank into releasing money or property.

This defines a scheme or artifice to defraud a bank, the first type of scheme prohibited by the federal bank fraud statute. You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment, which I read to you a few moments ago.

### b. *Scheme to Obtain Money or Other Property Using False Pretenses*

The second type of scheme charged, described at the beginning of this section as (2), is a scheme to obtain money or other property owned by, or under the custody and control of, a bank by means of false or fraudulent pretenses, representations, or promises. As to this type of scheme, the Government must show that false and fraudulent pretenses, representations, or promises were employed, and that they were directed at the bank with the intention of deceiving it.

This brings me to false and fraudulent pretenses, representations, or promises. A representation is fraudulent if it was made falsely with the intent to deceive. The deceptive means that are prohibited are not limited to active misrepresentations or lies told to the bank. Just as affirmatively stating facts as true when the facts are not true may constitute a false representation, the law recognizes that false representation need not be based on spoken words alone. The deception may arise from the intentional omission or concealment of facts that make what was written, said, or done deliberately misleading. The arrangement of the words, or the circumstances in which they are used, may convey a false and deceptive appearance. Accordingly, the misrepresentation may be written, oral, or arise from a course of conduct intended to communicate false facts to the bank. If there is intentional deception, the manner in which it is accomplished does not matter.

These false representations must be "material," which is a term that I will define momentarily. In short, it does not matter whether any decision makers at the bank actually relied upon the misrepresentation. It is sufficient if the misrepresentation is one that is capable of influencing the bank's decision and is intended by the defendant to do so.

### c. Concepts Applying to Both Schemes

Let me repeat again that there are two ways the Government may satisfy this first element beyond a reasonable doubt: first, by proving that there was a scheme to defraud a bank; or second, by proving that there was a scheme to obtain money or other property owned by, or under the custody or control of, the bank by false or fraudulent pretenses, representations, or promises.

I have referred, in the context of both ways the Government may satisfy this first element, to a "materiality" requirement. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. A "material" fact is one which would reasonably be expected to be of concern to a reasonable and prudent person relying on the representation or statement in making a decision. This means that if you find a particular statement of fact made by the defendant to have been false, you must then determine whether that statement of fact was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts.

The Government need not prove an actual loss of funds by the bank. Nor is it necessary for the Government to establish that the defendant actually realized any gain from the scheme. The success of a scheme to defraud is irrelevant. What matters is whether there existed a scheme to defraud. The bank fraud statute prohibits successfully defrauding a financial institution as well as attempts to do so. You must concentrate on whether there was such a scheme.

It does not matter whether the bank involved might have discovered the fraud had it probed further, or been more careful. If you find that a scheme or artifice existed, it is irrelevant whether you believe that the bank was careless, gullible, or even negligent.

Finally, in order to establish the existence of a scheme, the Government is not required to establish that the defendant himself started the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if initiated by another.

If you find that the Government has sustained its burden of proof that a scheme to defraud a bank or to obtain money by false pretenses did exist, as charged, you next should consider the second element.

### 2. Element Two: Knowing and Willful Participation in the Scheme

The second element that the Government must establish beyond a reasonable doubt is that the defendant executed or attempted to execute the scheme knowingly, willfully, <u>and</u> with the intent to defraud the bank, or to obtain money or other property owned by the bank or under the bank's custody or control.

A person acts "knowingly" when he acts voluntarily and deliberately, rather than mistakenly or inadvertently.

A person acts "willfully" when he acts knowingly and purposefully, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or disregard the law. It is not necessary that the defendant knew he was violating a particular law. It is enough if you find that he was aware that what he was doing was, in general, unlawful.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other question of fact. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown

that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

Accordingly, the ultimate facts of knowledge and criminal intent may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, all the surrounding circumstances disclosed by the evidence, and the rational or logical inferences that may be drawn from the evidence. Use your common sense. But regardless of whether you look to direct evidence, circumstantial evidence, or a combination thereof, the government must establish the essential elements of the crime charged beyond a reasonable doubt—including the requisite mental states.

The Government must prove beyond a reasonable doubt that the defendant participated in the alleged scheme with an understanding of its fraudulent or deceptive character and with the intent to help it succeed. There are certain things the Government need not prove in order to meet that burden. It need not prove that the defendant participated in, or even knew about, all the operations of the scheme. It need not prove that the defendant originated the scheme, or participated in it from its inception, since a person who participates in a scheme after it begins is just as guilty as those who participated from the beginning, as long as he becomes aware of the scheme's general purpose and operation and acts intentionally to further its unlawful goal or goals. It need not prove that the defendant participated in the scheme to the same degree as other participants. Finally, the Government need not prove actual or potential loss to the bank, so long as there is evidence that the defendant intended to expose the bank to such loss.

### 3. Element Three: Federally Insured Financial Institution

The third and final element that the Government must prove beyond a reasonable doubt is that the bank that was the subject of the defendant's scheme or artifice was a federally insured

financial institution.  This simply means that the bank's deposits had to be insured by the Federal Deposit Insurance Corporation.

The Government need not show that the defendant <u>knew</u> that the bank in question was federally insured to satisfy this third element.  It must prove, however, that the defendant intended to defraud a financial institution.

### 4.    Attempt

The bank fraud statute prohibits not only successful defrauding of a financial institution, but also attempting, which means trying to do so.  Thus, the Government is required to prove only that the defendant attempted, or tried, to execute the alleged scheme or artifice; there is no need for the Government to prove that the defendant was successful in this endeavor.

In order to prove that the defendant attempted bank fraud, the evidence must show beyond a reasonable doubt that (1) the defendant intended to commit the bank fraud, and (2) the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt both that he intended to commit the crime of bank fraud, and that he took some action that was a substantial step towards the commission of that crime.

Merely preparing to commit a crime is not the same thing as taking a substantial step toward the commission of the crime.  The defendant must go beyond simply preparing and perform an act that confirms his intention to execute the scheme.  The Government does not have to prove that the defendant did everything except take the last step necessary to complete the scheme.  Any substantial step beyond mere preparation is enough.

### D. Counts Three and Four: Wire Fraud

That concludes my review of the elements of bank fraud. I will now turn to Counts Three and Four, both of which charge the defendant with wire fraud, in violation of Title 18, United States Code, Section 1343.

Count Three charges the defendant with a wire fraud scheme in connection with the deposit in April 2019 of the 27 checks which are the subject of Count One, allegedly by creating, and then making the false pretense and representation to the bank that the defendant had the account holders' authorization to deposit, those checks. Count Three charges—and again I am reading from the Indictment—that:

> From at least in or about April 2019 up to and including at least in or about June 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willingly and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TEMAN deposited counterfeit checks drawing funds from accounts belonging to "Entity-1," "Entity-2," and "Entity-3" and subsequently attempted to and did use those funds for his personal benefit, and in furtherance of such a scheme caused a wire communication to be sent.

Count Four charges the defendant with a wire fraud scheme in connection with the deposit in March 2019 of the two checks which are the subject of Count Two, allegedly by creating, and then making the false pretense and representation to the bank that the defendant had the account holders' authorization to deposit, those checks. Count Four charges—again reading from the Indictment—that:

> In or about March 2019, in the Southern District of New York and elsewhere, ARI TEMAN, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire, radio, and television communication

in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TEMAN deposited counterfeit checks drawing funds from accounts belonging to Entity-3 and Entity-4 and subsequently attempted to and did use those funds for his personal benefit, and in furtherance of such a scheme caused a wire communication to be sent.

Earlier, I instructed you about who the terms "Entity-1," "Entity-2," "Entity-3," and "Entity-4," as used in Counts One and Two, refer to. Those instructions apply equally to Counts Three and Four.

I will now turn to the elements of wire fraud. In order to prove the defendant guilty of wire fraud in both Counts Three and Four, the Government must establish each of the following three elements beyond a reasonable doubt:

**First**, that there was a scheme or artifice to defraud, <u>OR</u> to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

**Second**, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of the fraudulent nature of the scheme and with the specific intent to defraud; and

**Third**, in execution of that scheme, the defendant used or caused others to use interstate or foreign wires as specified in the Indictment.

My instructions as to Counts One and Two, the bank fraud counts, cover a number of the concepts relevant to Counts Three and Four. And so, my instructions as to Counts Three and Four will be brief.

### 1. Element One: A Scheme to Defraud

The first element that the Government must prove, beyond a reasonable doubt, is that there was a scheme to defraud or to obtain money or property. I have already instructed you in

connection with Counts One and Two what it means to employ a scheme or artifice to defraud. Those instructions apply here as well.

The scheme that the Government alleges in Count Three is the same scheme involving the defendant's depositing of 27 checks in April 2019, which is the subject of Count One. To find the first element as to Count Three, you must therefore find that the scheme had as an object the use of the funds from these checks for the defendant's personal benefit.

Similarly, the scheme the Government alleges in Count Four is the same scheme involving the defendant's depositing of 2 checks in March 2019, which is the subject of Count Two. To find the first element as to Count Four, you must therefore find that the scheme had as an object the use of the funds from these checks for the defendant's personal benefit.

### 2. Element Two: Knowing and Willful Participation in the Scheme

The second element that the Government must prove, beyond a reasonable doubt, is that the defendant devised or participated in the scheme knowingly, willfully, and with a specific intent to defraud. I have already defined knowingly, willfully, and with a specific intent to defraud, and my earlier instructions apply here as well. I will quickly define a few additional terms as to this element.

To "devise" a scheme to defraud is to concoct or plan it.

To "participate" in a scheme to defraud means to associate oneself with it, with the intent of making it succeed.

### 3. Element Three: Use of Interstate Wires

The third and final element of the wire fraud charge is that the Government must establish beyond a reasonable doubt that interstate or foreign wires were used in furtherance of the scheme to defraud.

"Wires" includes telephone calls, faxes, email, Internet, radio, or television communication. The use of the wires must be between states or between the United States and another country. The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London. The Government is not required, however, to prove that a defendant knew or could foresee the interstate or international nature of the wire communication.

The use of the wires need not itself be fraudulent. Stated another way, the communication need not contain any fraudulent representation. To be in furtherance of the scheme, the wire communication must be incident to an essential part of the scheme to defraud and must have been caused by the defendant. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud or the scheme to obtain money by means of false representations.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must have specifically authorized others to execute a wire communication. Rather, when one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even if not actually intended, then he causes the wires to be used.

The Government must prove beyond a reasonable doubt the particular use of the wires on which the Indictment is based. Here, the wire fraud counts are based on wire communications

related to the defendant's depositing of alleged counterfeit checks. To convict the defendant on Counts Three and Four, you must unanimously agree on a particular one of these wires and that it was in furtherance of the charged wire-fraud scheme.

However, the Government does not have to prove that the wire was used on the exact date charged. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date reasonably near the date alleged.

## E.     Unanimity

This concludes my review of the elements of wire fraud. I have a few final substantive instructions that are not particular to a specific count.

The first relates to the requirement that the jury verdict be unanimous.

Each of the four counts in the Indictment charges the defendant with an offense—either bank fraud or wire fraud—involving multiple checks drawn on the accounts of multiple entities. Thus, Counts One and Three allege these respective offenses in connection with the defendant's alleged deposit of 27 checks, each drawn on the account of one of three entities: ABJ Milano LLC; ABJ Lenox LLC; and 518 West 204 LLC. And Counts Two and Four allege these respective offenses in connection with the defendant's alleged deposit of two checks, one drawn on the account of 518 West 204 LLC; and the other drawn on the account of 18 Mercer Equity Inc.

As to each count, I instruct you that the Government need not prove, and you need not find, that the elements of the offense in question have been met with respect to each of the checks or each of the entities to which that count relates. However, to convict the defendant of a particular count, you must unanimously agree that the elements of the offense in question have been established, beyond a reasonable doubt, with respect to at least one entity to which that count relates. So, for example, on Count Two, you may not return a verdict of guilty unless you

unanimously agree that the elements of bank fraud have been established with respect to one of the two entities, 518 West 204 LLC or 18 Mercer Equity Inc., to which that count relates. If half of the jury found that the elements of bank fraud had been established with respect to the check drawn on the account of 518 West 204 LLC, and the other half of the jury found that the elements of bank fraud had been established with respect to 18 Mercer Equity Inc., but the jury was not in unanimous agreement as to one entity, you could not return a verdict of guilty.

### F. Good Faith

An essential element of the crimes of bank fraud and wire fraud as charged in Counts One through Four of the Indictment is intent to defraud. It follows that good faith on the part of the defendant is an absolute defense to a charge of fraud. The burden of establishing lack of good faith and criminal intent rests upon the prosecution. A defendant is under no burden to prove his good faith; rather, the prosecution must prove bad faith or knowledge of falsity beyond a reasonable doubt.

Under the bank fraud and wire fraud statutes, even false representations or statements or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there is no crime.

A venture commenced in good faith may become fraudulent if it is continued after a fraudulent intent has been formed. Therefore, good faith is no defense when the defendant first made representations in good faith but later, during the time charged in the Indictment, the defendant realized that the representations were false and nevertheless deliberately continued to make them. You must review and put together all the circumstances in deciding whether or not it

has been established beyond a reasonable doubt that the defendant devised or participated in a scheme to defraud knowingly, willfully, and with the intent to defraud, or whether he acted in good faith.

There is a final consideration to bear in mind in deciding whether or not the defendant acted in good faith. You are instructed that if the defendant participated in the scheme to defraud, then a belief by the defendant, if such a belief existed, that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. If the defendant participated in the scheme for the purpose of causing financial or property loss to another, then no amount of honest belief on the part of the defendant that the scheme will cause ultimately make a profit or cause no harm will excuse fraudulent actions or false representations by him.

### G.      Advice of Counsel

You have heard evidence that the defendant consulted with a lawyer, Ariel Reinitz. You may consider that evidence in deciding whether the defendant acted knowingly, willfully, and with a specific intent to defraud.

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense to the charges of bank fraud and wire fraud. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a competent lawyer as to what he may lawfully do; whether he fully and honestly laid all the facts before his lawyer; and whether in good faith he honestly followed such advice, relying on it and believing it to be correct. In short, you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that his acts shall be lawful. If he did so, it is the law that a

defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.

On the other hand, no man can willfully and knowingly violate the law and excuse himself from the consequences of his conduct by pleading that he followed the advice of his lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether he made a full and complete report to his lawyer, and whether he acted substantially in accordance with the advice received, are questions for you to determine.

## H.     Conscious Avoidance

I told you earlier that the defendant must have acted knowingly, as I have defined that term, in order to be convicted.  That is true with respect to all four counts charged in the Indictment.  In determining whether the defendant acted knowingly, you may consider whether the defendant closed his eyes to what would have otherwise been obvious to him.  That is what the phrase "conscious avoidance" refers to.

As I have told you before, acts done knowingly must be a product of a person's conscious intention.  They cannot be the result of carelessness, negligence, or foolishness.  But a person may not intentionally remain ignorant of a fact that is material and important to his conduct in order to escape the consequences of the criminal law.

Here, the Government argues that the defendant consciously avoided material information insofar as he did not invoice or otherwise notify his customers, in advance of his drawing and depositing checks on their accounts in March and April 2019, of his claim that they owed his business money in the amounts reflected on those checks.  The Government alleges that the defendant was thereby closing his eyes to the fact that the customers did not approve and would not have approved these charges.  The defendant disputes that he consciously avoided learning

such information.  He argues that he believed in good faith, based on his communications with his customers and his understanding of communications he believed his attorney had had with his customers, that the customers had given him advance approval for these charges, and also advance approval to remotely create checks on their accounts as a means of paying the debts that they owed him.

As to this point, I instruct you as follows.  An argument by the Government of conscious avoidance is not a substitute for proof of knowledge; it is simply another factor that you, the jury, may consider in deciding what the defendant knew.  Thus, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that a fact was so, but that the defendant deliberately avoided confirming this fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.

In sum, if you find that the defendant believed there was a high probability that a fact was so and that the defendant deliberately and consciously avoided learning the truth of that fact, you may find that the defendant acted knowingly with respect to that fact.  However, if you find that the defendant actually believed the fact was not so, then you may not find that he acted knowingly with respect to that fact.  You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

## I.    Variance in Dates and Amounts

The Indictment refers to a range of dates and monetary amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date, but the testimony indicates that in fact it was a different date.  Likewise, it does not matter if a transaction is alleged to have involved a certain amount of money, but the testimony indicates that in fact it

was a different amount of money. The law requires only a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the evidence.

## J.    False Exculpatory Statements

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt. The Government claims that these statements in which the defendant exculpated himself are false. The defendant disputes this.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer, but you are not required to infer, that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to the defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

## K.    Venue

In addition to the elements I have described for you, in order to convict on each charged offense, you must decide whether the crime occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, Westchester County, as well as other areas. In this regard, the Government need not prove that the crime was committed in its entirety in this District or that the defendant himself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred in this District. The act itself may not be a criminal act. It could include, for example, executing a financial transaction within this District. And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.

I should note that on this issue—and this issue alone—the Government need not offer proof beyond a reasonable doubt. Venue need be proven only by a preponderance of the evidence. The Government has satisfied its venue obligations, therefore, if you conclude that it is more likely than not that the crime occurred within this District.

If you find that the Government has failed to prove this venue requirement, you must acquit the defendant of these charges.

III.   **DELIBERATIONS OF THE JURY**

A.   **Right to See Exhibits and Hear Testimony**

Ladies and gentlemen of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. And please be patient—with respect to requests for testimony, it can sometimes take counsel and the Court some time to identify the portions that are responsive to your request. If you want any further explanation of the law as I have explained it to you, you may also request that.

To assist you in your deliberations, I am providing you with a list of witnesses, in the order in which they testified; a list of exhibits; a verdict form, which I will discuss in a moment; and a copy of these instructions. There is one of each of these for each juror. I am also providing you with a copy of the Indictment. I remind you that the Indictment is not evidence.

**B.      Communication with the Court**

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**C.      Notes**

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors' recollections are equal.  If you can't agree on what you remember the testimony to have been, you can ask to have the transcript read back.

**D.      Duty to Deliberate; Unanimous Verdict**

You will now retire to decide the case.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the defendant with respect to the count charged in the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions

dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

When you are deliberating, all 12 jurors must be present in the jury room. If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands. If you reach a verdict do not report what it is until you are asked in open court.

### E.   Verdict Form

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision. Please use that form to report your verdict.

### F.   Duties of Foreperson

Finally, I referred a moment ago to a foreperson. The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### G.    Return of Verdict

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you. All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

## IV.    CONCLUSION

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

* * * * *

Before you retire into the jury room, I must excuse our two alternates with the thanks of the Court. You have been very attentive and very patient. I'm sorry that you will miss the experience of deliberating with the jury, but the law provides for a jury of 12 persons in this case.

So before the rest of the jury retires into the jury room, if you have any clothing or objects there, you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone, or research the case, over the next few days. It is possible, and I have had this occur in a trial, that unexpected developments such as a juror's serious illness, may require the substitution of a deliberating juror by an alternate. And so it's vital that you not speak to anyone about the case or research the case until you have been notified that the jury's deliberations are over and the jury has been excused. And if you would like to be advised of the outcome of the trial, please make sure that Mr. Smallman has a phone number at which you can be reached.

(Alternates excused)

Members of the jury, you may now retire. The marshal will be sworn before we retire.

(Marshal sworn)

**EXHIBIT 3**

| Witnesses |
|---|
| Karin Finocchiaro |
| Elie Gabay |
| Bonnie Soon-Osberger |
| Gina Hom |
| Joseph Soleimani |
| Joseph Motto |
| Ariel Reinitz |

**EXHIBIT 4**

| Government Exhibits | | | |
|---|---|---|---|
| # | Description | Witness | Received |
| **100 Series - Bank Records - Bank of America** | | | |
| 101 | GateGuard Account Opening Documents | **Finocchiaro** | **1/22** |
| 102 | GateGuard Bank Statements | **Finocchiaro** | **1/22** |
| 103 | Friend or Fraud Account Opening Documents | **Finocchiaro** | **1/22** |
| 104 | Friend or Fraud Bank Statements | **Finocchiaro** | **1/22** |
| 105 | Touchless Labs Account Opening Documents | **Finocchiaro** | **1/22** |
| 106 | Touchless Labs Bank Statements | **Finocchiaro** | **1/22** |
| 107 | Ari Teman Account Opening Document | **Finocchiaro** | **1/22** |
| 108 | Ari Teman Bank Statements | **Finocchiaro** | **1/22** |
| 110 | April 19, 2019 2_37 PM Surveillance Photographs | **Finocchiaro** | **1/22** |
| 111 | April 19, 2019 6_00 PM Surveillance Photographs | **Finocchiaro** | **1/22** |
| 112 | May 8, 2019 3_04 PM Surveillance Photographs | **Finocchiaro** | **1/22** |
| 113 | Bank Records Spreadsheet | **Finocchiaro** | **1/22** |
| 114 | Returned Check Records | **Finocchiaro** | **1/22** |
| **120 Series - Bank Records - JP Morgan Chase** | | | |
| 121 | ABJ Lenox Account Opening Document | **Soleimani** | **1/23** |
| 122 | ABJ Lenox Bank Statements | **Soleimani** | **1/23** |
| 123 | ABJ Milano Account Opening Documents | **Soleimani** | **1/23** |
| 124 | ABJ Milano Bank Statements | **Soleimani** | **1/23** |
| 127 | May 2, 2019 Letter - ABJ Lenox | **Soleimani** | **1/23** |
| 129 | May 2, 2019 Letter - ABJ Milano | **Soleimani** | **1/23** |
| 130 | ABJ Lenox Checks | **Soleimani** | **1/23** |
| 131 | ABJ Milano Checks | **Soleimani** | **1/23** |
| **140 Series - Bank Records - Signature Bank** | | | |
| 141 | 18 Mercer Account Opening Documents | **Gabay** | **1/23** |
| 142 | 18 Mercer Bank Statements | **Gabay** | **1/23** |
| 143 | April 4, 2018 Check from 18 Mercer Equity to GateGuard | **Gabay** | **1/23** |
| 144 | 518 W 204 Account Opening Documents | **Gabay** | **1/23** |
| 145 | 518 W 204 Bank Statements | **Gabay** | **1/23** |
| 146 | January 31, 2018 Check from 518 W 204 to GateGuard | **Gabay** | **1/23** |
| 147 | March 28, 2019 Check from 518 West 205 to GateGuard | **Motto** | **1/24** |
| 150 (D-29) | Affidavit | **Gabay** | **1/23** |
| **200 Series - Checks** | | | |
| 201 | March 28, 2019 Check from Coney Realty to GateGuard | **Finocchiaro** | **1/22** |
| 202 | March 28, 2019 Check from 18 Mercer Equity to GateGuard | **Finocchiaro** | **1/22** |
| 203 | April 19, 2019 Check from 518 West 205 to GateGuard | **Finocchiaro** | **1/22** |
| 204 | April 19, 2019 Check from ABJ Milano to GateGuard | **Finocchiaro** | **1/22** |
| 205 | April 19, 2019 Check from ABJ Lennox to GateGuard | **Finocchiaro** | **1/22** |

| Government Exhibits | | | |
|---|---|---|---|
| **#** | **Description** | **Witness** | **Received** |
| 206 | April 19, 2019 GateGuard Counter Deposit | **Finocchiaro** | **1/22** |
| **400 Series - Correspondence - ABJ Properties** | | | |
| 401 | September 9, 2017 Email - 'We're Live' | **Soleimani** | **1/23** |
| 402 | November 6, 2017 Email - 'Current Issues' | **Soleimani** | **1/23** |
| 403 | March 9, 2018 Email - 'Ending GateGuard' | **Soleimani** | **1/23** |
| 404 | May 7, 2018 Email - 'All Communication in Writing' | **Soleimani** | **1/23** |
| 405 | May 22, 2018 Email - 'GateGuard' | **Soleimani** | **1/23** |
| 406 | August 26, 2018 Email - 'Dispute on Charge...' | **Soleimani** | **1/23** |
| 407 | September 18, 2018 Email - 'Sublet Spy Hits...' | **Soleimani** | **1/23** |
| 408 | December 14, 2018 Email - 'Notice of Intent' | **Soleimani** | **1/23** |
| 409 | June 14, 2019 GateGuard Invoice | **Soleimani** | **1/23** |
| 409A | Invoices (1) | **Soleimani** | **1/23** |
| 409B | Invoices (2) | **Soleimani** | **1/23** |
| 409C | Conversation between Teman and Soleimani | **Soleimani** | **1/23** |
| **410 Series - Correspondence - Coney Realty** | | | |
| 412 | January 1, 2018 Email - 'Tenant Ana Esterg' | **Gabay** | **1/23** |
| 413 | January 19, 2018 Email - 'Invoice Sent' | **Gabay** | **1/23** |
| 414 | January 24, 2018 Email - 'Form for the 10 Buildings' | **Gabay** | **1/23** |
| 415 | March 25, 2018 Email - 'Invoice for 20 Buildings' | **Gabay** | **1/23** |
| 416 | March 26, 2018 Email - 'Invoice for 20 Buildings' (1) | **Gabay** | **1/23** |
| 417 | March 26, 2018 Email - 'Invoice for 20 Buildings' (2) | **Gabay** | **1/23** |
| 418 | March 27, 2018 Email - 'Proof it's Your...' | **Gabay** | **1/23** |
| **430 Series - Correspondence - Crystal** | | | |
| 431 | April 4, 2018 Email - 'Invoice' | **Osberger** | **1/23** |
| **440 Series - Correspondence - 18 Mercer** | | | |
| 441 | GateGuard Terms and Conditions | **Osberger** | **1/23** |
| 442 | April 2, 2018 Email - 'References' | **Osberger** | **1/23** |
| 443 | January 7, 2019 Email - 'Contract' | **Osberger** | **1/23** |
| **500 Series – Stipulations** | | | |
| 501 | Bank Records Stipulation | **Finocchiaro** | **1/22** |
| **700 Series** | | | |
| 702 | January 2, 2019 WhatsApp Messages | **Reinitz** | **1/24** |
| 704 | April 2, 2019 WhatsApp Messages | **Reinitz** | **1/24** |
| 727 | April 2, 2019 Whatsapp Messages (2) | **Reinitz** | **1/27** |
| 728 | April 3, 2019 Whatsapp Messages | **Reinitz** | **1/27** |
| 729 | April 10, 2019 WhatsApp Messages | **Reinitz** | **1/27** |

| Defense Exhibits | | | |
|---|---|---|---|
| **#** | **Description** | **Witness** | **Received** |
| D-2 | Payment Terms (1/27/2019) | **Reinitz** | **1/24** |
| D-14 | October 11, 2018 Email – 'ABJ Properties' | **Soleimani** | **1/24** |
| D-15 | October 22, 2018 Email - 'SubletSpy hits' | **Soleimani** | **1/24** |
| D-16 | 'Notice of Hold' | **Finocchiaro** | **1/23** |
| D-29 | Affidavit | **Gabay** | **1/23** |
| D-36 | March 28, 2018 Email – 'Invoice for 20 Buildings' | **Gabay** | **1/23** |
| D-49 | Declaration | **Soleimani** | **1/24** |
| D-51 | Chase Information Request | **Soleimani** | **1/24** |
| D-52 | 'RCC BREACH' ABJ Lennox Checks | **Finocchiaro** | **1/23** |
| D-62 | | **Soleimani** | **1/24** |
| D-70 | GateGuard Logs | **Soleimani** | **1/24** |
| D-71 | May 22, 2018 Email – 'Re: Gateguard' | **Reinitz** | **1/27** |

**EXHIBIT 5**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -      X
                                   :
UNITED STATES OF AMERICA           :      <u>INDICTMENT</u>
                                   :
           - v. -                  :      S2 19 Cr. 696 (PAE)
                                   :
ARI TEMAN,                         :
                                   :
           Defendant.              :
                                   :
- - - - - - - - - - - - - - -      X

## COUNT ONE
### (Bank Fraud)

The Grand Jury charges:

1. From at least in or about April 2019 up to and
including at least in or about June 2019, in the Southern
District of New York and elsewhere, ARI TEMAN, the defendant,
willfully and knowingly, did execute and attempt to execute a
scheme and artifice to defraud a financial institution, the
deposits of which were then insured by the Federal Deposit
Insurance Corporation, and to obtain moneys, funds, credits,
assets, securities, and other property owned by, and under the
custody and control of, such financial institution, by means of
false and fraudulent pretenses, representations, and promises,
to wit, TEMAN deposited counterfeit checks in the name of three
third parties (respectively, "Entity-1," "Entity-2," and
"Entity-3") into an account held at a particular financial

institution ("Financial Institution-1"), and subsequently

attempted to and did use those funds for his personal benefit.

(Title 18, United States Code, Section 1344.)

## COUNT TWO
### (Bank Fraud)

The Grand Jury further charges:

2.     In or about March 2019, in the Southern District of

New York and elsewhere, ARI TEMAN, the defendant, willfully and

knowingly, did execute and attempt to execute a scheme and

artifice to defraud a financial institution, the deposits of

which were then insured by the Federal Deposit Insurance

Corporation, and to obtain moneys, funds, credits, assets,

securities, and other property owned by, and under the custody

and control of, such financial institution, by means of false

and fraudulent pretenses, representations, and promises, to wit,

TEMAN deposited counterfeit checks in the name of Entity-3 and

another third party ("Entity-4") into an account held at

Financial Institution-1, and subsequently attempted to and did

use those funds for his personal benefit.

(Title 18, United States Code, Section 1344.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

3.     From at least in or about April 2019 up to and

including at least in or about June 2019, in the Southern

District of New York and elsewhere, ARI TEMAN, the defendant,
willfully and knowingly, having devised and intending to devise
a scheme and artifice to defraud, and for obtaining money and
property by means of false and fraudulent pretenses,
representations, and promises, did transmit and cause to be
transmitted by means of wire, radio, and television
communication in interstate and foreign commerce, writings,
signs, signals, pictures, and sounds, for the purpose of
executing such scheme and artifice, to wit, TEMAN deposited
counterfeit checks drawing funds from accounts belonging to
"Entity-1," "Entity-2," and "Entity-3" and subsequently
attempted to and did use those funds for his personal benefit,
and in furtherance of such a scheme caused a wire communication
to be sent.

(Title 18, United States Code, Section 1343.)

## COUNT FOUR
### (Wire Fraud)

The Grand Jury further charges:

4.    In or about March 2019, in the Southern District of
New York and elsewhere, ARI TEMAN, the defendant, willfully and
knowingly, having devised and intending to devise a scheme and
artifice to defraud, and for obtaining money and property by
means of false and fraudulent pretenses, representations, and
promises, did transmit and cause to be transmitted by means of

wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, TEMAN deposited counterfeit checks drawing funds from accounts belonging to Entity-3 and Entity-4 and subsequently attempted to and did use those funds for his personal benefit, and in furtherance of such a scheme caused a wire communication to be sent.

(Title 18, United States Code, Section 1343.)


_____          _____
FOREPERSON                           GEOFFREY S. BERMAN
                                     United States Attorney

4

**EXHIBIT 6**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                         :

UNITED STATES OF AMERICA,          :        Verdict Sheet

             -v-           :        S2 19 Cr. 696 (PAE)

                         :

ARI TEMAN,                        :

                    Defendant.     :

---------------------------------------------------------------------X

*All verdicts must be unanimous.  Please indicate your verdict with a check mark ( ✔).*

### COUNT ONE:
### Bank Fraud (April 2019 Checks)


GUILTY_____        NOT GUILTY_____


### COUNT TWO:
### Bank Fraud (March 2019 Checks)


GUILTY_____        NOT GUILTY_____


### COUNT THREE:
### Wire Fraud (April 2019 Checks)


GUILTY_____        NOT GUILTY_____


### COUNT FOUR:
### Wire Fraud (March 2019 Checks)


GUILTY_____        NOT GUILTY_____

After completing the form, each juror must sign below, reflecting his or her agreement with the forgoing verdict.

_____      _____
Foreperson


_____      _____


_____      _____


_____      _____


_____      _____


_____      _____


Dated:      _____

**EXHIBIT 7**



*United States* v. *Ari Teman*

19 Cr. 696 (PAE)

**518 WEST 205 LLC**
% CONEY REALTY
1499 CONEY ISLAND AVE
BROOKLYN, NY 11230

**SIGNATURE BANK**
485 Madison Ave, 11th Floor
New York, NY    10022

Eighteen Thousand and 00 dollars.

| DATE | CHECK NO | AMOUNT |
|------|----------|--------|
| 4-19-19 | 19001 | $18,000.00 |

Pay to          **GateGuard INC**
order of        106 West 32nd Street #2
                New York, NY 10001

MEMO: DEVICE REMOVAL FEE

<u>DRAW PER CONTRACT. NO SIGNATURE REQUIRED</u>
NOTE TO BANK: This is a valid check. You are required by law to honor it.
Contract at gateguard.xyz/legal/terms.php accepted by above client.
Contact us 212-203-3714 with questions.
SECURITY FEATURES INCLUDED. DETAILS ON BACK

⑈ 14190 ⑈          ⑈026013576⑈          ⑈503226525⑈

# Criminal Intent

**1. Customers Never Gave Permission**

# Testimony of Elie Gabay

Q. At any point did Mr. Teman ever ask permission to pay himself by issuing checks from Coney's bank accounts?

A. No.

Q. And if he had asked your permission to do that, to write checks from your accounts to himself, what would you have said?

A. I would have said no.

(Tr. 355:21 – 356:5)

# Testimony of Joseph Soleimani

Q. And what did he ever tell you during those conversations about his authority to draw checks on behalf of those entities?

A. He never mentioned anything.

Q. If he had mentioned them, would that have stuck out to you?

A. Yes.

Q. And what would your reaction have been if you had heard about them?

A. I would have denied it.

Q. What do you mean, denied it?

A. Denied his authority to draw any checks out of my account.

(Tr. 568:14–23)

# Testimony of Bonnie Soon-Osberger

Q. [Y]ou testified previously that you never saw a provision about -- you did not see a provision about allowing him to draw checks from your account.

A. That's true.

Q. If you had seen that, would that have been something you would have included in this message?

A. Absolutely. I just don't have authority to allow people to write checks; I don't have authority for that, so, yes.

. . .

Q. Did you authorize Mr. Teman to deposit this check?

A. Absolutely not.

Tr. 430:4–11, 441:10-11

# Testimony of Gina Hom

Q. Did you ask the board first whether this was authorized?

A. No.

Q. Why Not?

A. Because the only people that were authorized to issue any payments on this would have been myself or Jackeline. And neither one of us had done it.

(Tr. 475:22 – 476:2)

# Criminal Intent

1. Customers Never Gave Permission

# Testimony of Elie Gabay

Q. If he had asked you for a form authorizing withdrawals from your bank account, how would you have reacted?

A. He did ask and we said no.

Q. Why did you say no?

A. Because it's not the way we operate. We only do things by invoice where we issue the check. He had requested that we entered an order using [ACH], and we asked him for invoices only.

(Tr. 365:19-25)

# Criminal Intent

**1. Customers Never Gave Permission**

# Criminal Intent

1. Customers Never Gave Permission

2. Defendant Tried and Failed, then Tried Again

# Criminal Intent

1. Customers Never Gave Permission

2. Defendant Tried and Failed, then Tried Again

3. Defendant Never Invoiced Customers



**Gateguard**

3 messages

Joseph Soleimani <joe@abjny.com>
To: Ari Teman <ari@teman.com>

Ari,

Can you please send me the invoices which you are claiming we owe you?

Not sure why we owe you money but I'm glad to look into it.

| Item | Description | Unit Cost | Quantity | Line Total |
|------|-------------|-----------|----------|------------|
| GateGuard V1 Panel | | $14,999.00 | 1 | $14,999.00 |
| Paid | | $-3,600.00 | | $0.00 |
| Installation (Wired, basement, v1) | Included | $1,499.00 | 1 | $1,499.00 |
| Monthly Service | 1st Year Upfront | $149.00 | 12 | $1,788.00 |

Client failed to keep their end of the deal ordering 10 devices (then increased to 20). That pre-sale period is now over. Therefore, full price for GateGuard v1 and installation is as stated here and payment is due immediately. Any further discussion will only be had after full payment for our product and services is made. Device is disabled until payment is made. (Note: Payment will be due plus penalty for removal if removed.) - Ari

| | |
|---|---|
| Subtotal | $18,286.00 |
| Paid To Date | $0.00 |
| Balance Due | $18,286.00 |

GX 417, pp. 9

# <u>Criminal Intent</u>

**1. Customers Never Gave Permission**

**2. Defendant Tried and Failed, then Tried Again**

**3. Defendant Never Invoiced Customers**

# Criminal Intent

1. Customers Never Gave Permission

2. Defendant Tried and Failed, then Tried Again

3. Defendant Never Invoiced Customers

4. Fees Disproportionate to Invoiced Charges

## INVOICE

| | | | |
|---|---|---|---|
| Invoice Number | 0027 | 18 Mercer Equities | |
| Invoice Date | 03/26/2018 | bsoonosberger@gmail.com | |
| Due Date | 03/26/2018 | | |
| Balance Due | $3,947.88 | | |

| Item | Description | Unit Cost | Quantity | Line Total |
|---|---|---|---|---|
| GateGuard 2.0 Panel (Cooperator Show Price) | | $2,499.00 | 1 | $2,499.00 |
| GateGuard.xyz Panel Installation : Surface | Surface Installation | $849.00 | 1 | $849.00 |
| Gold Plan Monitoring | GGxyz Monitoring : Gold Plan (1st year Paid Upfront) | $49.99 | 12 | $599.88 |

Delivery in 120-150 days from invoice. We can install Version 1 of the device temporarily until then if there delay is two long (2nd installation fee may apply).

| | |
|---|---|
| Subtotal | $3,947.88 |
| Paid To Date | $0.00 |
| Balance Due | $3,947.88 |

**Bill To:** ABJ Properties
100 W. 138th ( ABJ LENOX,LLC )
Joseph Soleimani
joe@ABJny.com

| QUANTITY | DESCRIPTION | UNIT PRICE | AMOUNT |
|:---:|:---|---:|---:|
| 1 | GateGuard.xyz Panel | 499,00 | $499,00 |
| 1 | Installation | 650,00 | $650,00 |
| 6 | Monthly Service (6 months upfront) | 99,00 | $594,00 |

| | |
|:---|---:|
| SUBTOTAL | $1.743,00 |
| TAX RATE | EXEMPT |
| SALES TAX | |
| SHIPPING & HANDLING | |
| **TOTAL** | **$1.743,00** |

# Criminal Intent

1. Customers Never Gave Permission

2. Defendant Tried and Failed, then Tried Again

3. Defendant Never Invoiced Customers

4. Fees Disproportionate to Invoiced Charges

5. Defendant Knew How to Lawfully Recover Money

CONTAINS A COLORED BACKGROUND AND MICROPRINTING IN THE BORDER

**518 WEST 205 LLC**
% CONEY REALTY
1499 CONEY ISLAND AVE
BROOKLYN, NY 11230

**SIGNATURE BANK**
485 Madison Ave, 11th Floor
New York, NY    10022

|  | DATE | CHECK NO | AMOUNT |
|---|---|---|---|
| Eighteen Thousand and 00 dollars. | 3-28-19 | 001 | $18,000.00 |

Pay to       **GateGuard INC**
order of     106 West 32nd Street #2
             New York, NY 10001

MEMO: DEVICE REMOVAL FEE                    DRAW PER CONTRACT, NO SIGNATURE REQUIRED

SECURITY FEATURES INCLUDED  DETAILS ON BACK

⑆00000 1⑆        ⑆026013576⑆        1503226525⑈

GX 201, pp. 1

**518 WEST 205 LLC**
% CONEY REALTY
1499 CONEY ISLAND AVE
BROOKLYN, NY 11230

**SIGNATURE BANK**
485 Madison Ave, 11th Floor
New York, NY    10022

Eighteen Thousand and 00 dollars.

| DATE | CHECK NO | AMOUNT |
|------|----------|--------|
| 4-19-19 | 19001 | $18,000.00 |

Pay to
order of

**GateGuard INC**
106 West 32nd Street #2
New York, NY 10001

MEMO: DEVICE REMOVAL FEE

DRAW PER CONTRACT. NO SIGNATURE REQUIRED
NOTE TO BANK: This is a valid check. You are required by law to honor it.
Contract at gateguard.xyz/legal/terms.php accepted by above client.
Contact us 212-203-3714 with questions.
SECURITY FEATURES INCLUDED. DETAILS ON BACK

⑁"14190⑁"     ⑁:026013576⑁:        ⑁503226525⑁"

# Criminal Intent

1. Customers Never Gave Permission

2. Defendant Tried and Failed, then Tried Again

3. Defendant Never Invoiced Customers

4. Fees Disproportionate to Invoiced Charges

5. Defendant Knew How to Lawfully Recover Money

6. The Checks Themselves

# Criminal Intent

1. Customers Never Gave Permission

2. Defendant Tried and Failed, then Tried Again

3. Defendant Never Invoiced Customers

4. Fees Disproportionate to Invoiced Charges

5. Defendant Knew How to Lawfully Recover Money

6. The Checks Themselves

7. Defendant Cashed April 2019 Checks Right Before Passover

# Deposits and other credits

| 03/28/19 | BKOFAMERICA MOBILE 03/29 3616189776 DEPOSIT | *MOBILE | NY | 18,000.00 |
| 03/28/19 | BKOFAMERICA MOBILE 03/29 3616186424 DEPOSIT | *MOBILE | NY | 18,000.00 |

# Withdrawals and other debits

| 03/29/19 | Online Banking transfer to CHK 0351 Confirmation# 5386785014 | -35,000.00 |

| CSTMR_NM | Method_of | PST_AM | LDGR_BL_AM | PST_DT | EV_TRAN_DE |
|----------|-----------|--------|------------|--------|------------|
| GATEGUARD, INC. | Withdraw | $ 3,600.00 | $ 10,167.12 | 2019-04-26 | Online Banking transfer to CHK 5580 |
| GATEGUARD, INC. | Withdraw | $ 225,000.00 | 10,167.12 | 2019-04-26 | Online Banking transfer to CHK 0351 |
| GATEGUARD, INC. | Withdraw | $ 33,000.00 | 238,767.12 | 2019-04-24 | RETURN ITEM CHARGEBACK |
| GATEGUARD, INC. | Withdraw | $ 36.00 | 238,767.12 | 2019-04-24 | RETURNED ITEM CHARGEBACK FEE |
| GATEGUARD, INC. | Deposit | $ 4,096.00 | 271,803.12 | 2019-04-19 | BKOFAMERICA ATM 04/19 #000005703 DEPOSIT |
| GATEGUARD, INC. | Deposit | $ 297,000.00 | 271,803.12 | 2019-04-19 | Counter Credit |
| GATEGUARD, INC. | Deposit | $ 76.20 | (29,292.88) | 2019-04-15 | CHECKCARD 0412 AMZN MKTP US AMZN.COM/B |

# Criminal Intent

1. Customers Never Gave Permission

2. Defendant Tried and Failed, then Tried Again

3. Defendant Never Invoiced Customers

4. Fees Disproportionate to Invoiced Charges

5. Defendant Knew How to Lawfully Recover Money

6. The Checks Themselves

7. Defendant Cashed April 2019 Checks Right Before Passover

8. Follow the Money

I have ABJ checks (photos). Our contract allows me to draw their account. I should just deposit checks from them (totally legal i think) 2:22 PM

No 3:12 PM ✓✓

? 3:12 PM

Bad idea 3:12 PM ✓✓



Why? They entered into a contract allowing us to draw from their accounts

3:14 PM

so we're not breaking any law

3:14 PM

What can they say? "We owed this guy money, he took it, and he had permission to do so, but we want it back so... ?"

3:19 PM

there's nothing to say

3:19 PM

Because they are likely to call police. And you will be arrested. And have a criminal case to deal with. And then you can start explaining about your contract and 'not breaking any laws'

3:52 PM

GX 702

My opinion is that you are >50% likely to be arrested for the activities you propose. How you choose to proceed is up to you

4:00 PM

You asked my opinion. I gave it. Maybe you're right. Maybe they'll just throw up their hands and say "oh well, we tried to stiff him but Teman outsmarted us. Too bad. Have fun ari, don't spend it all in one place!"

3:58 PM

GX 702

Not sure I follow but this sounds bad                          6:42 PM ✔✔

Our contract states explicitly if you remove devices there's an $18K fee, and we can draw your account, again outright saying we can print a check and draw your account (a bank draw -- very common in real estate). Bank of America put a hold on 2 checks. It's legal, sketchy but legal, but I'm more concerned about getting the cash since we need to operate                    6:44 PM

Understood. I don't know all the ins and outs of this but sounds like a bad idea. I suggest you provide them with advanced, explicit notification of the charge, amout, and specific basis in the agreement for doing so.                    7:01 PM ✔✔

If you are hitting their accounts out of the blue, I expect this will become a criminal matter sooner or later                    7:03 PM ✔✔

I've already told you I think it's a bad idea. You've been back and forth with abj several times now. Your 'threats' carry little weight at this point and they have indicated they don't believe they owe you $. If you hit their accounts I think 50/50 they call cops. If I was advising them that's probably what I would tell them to do

7:17 AM

GX 728

Honestly, I don't know anything about this stuff. But there are serious state and fed. regulations on this. You claim that your contract allows you to debit their accounts even after they explicitly protest. I'm just not sure it's that simple

7:09 AM ✔✔

And it also may be (again... speaking out of ignorance...) a clear violation of some federal banking regulation. In which case your 'simple, can't miss idea' is now a federal crime

7:11 AM ✔✔

| Count | Charge | Deposit Date | Customers |
|:-----:|:------:|:------------:|:---------:|
| 1 | Bank Fraud | April 2019 | Gabay, Soleimani |
| 2 | Bank Fraud | March 2019 | Gabay, Soon-Osberger |
| 3 | Wire Fraud | April 2019 | Gabay, Soleimani |
| 4 | Wire Fraud | March 2019 | Gabay, Soon-Osberger |