

Joseph A. DiRuzzo, III, Esq., CPA
954.615.1676
jd@diruzzolaw.com

April 1, 2020

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Teman,* case no. 1:19-cr-696

Dear Judge Engelmayer:

Pursuant to your "individual rules of practice in criminal cases," this letter serves as the Defendant Ari Teman's request for leave to file a reply to the Government's opposition (Doc. # 112) to Teman's motion for a judgment of acquittal and/or motion for a new trial (Doc. # 111).

Teman desires to file a reply to provide additional context for Teman's arguments and to address the Government's arguments in opposition and factual contentions with which the defense does not agree. Teman believes that a reply will focus the issues for the Court's analysis. Additionally, given the COVID-19 outbreak, Teman submits that a written filing (in lieu of oral argument) is more that reasonable under these unique circumstances.

In particular, the reply will address the following (this list is not intended to be exhaustive):

**1.** The indictment was constructively amended, and the Government did not prove what was alleged in the indictment, *viz.* that Teman deposited "counterfeit checks." The parties have a profound disagreement as to what the grand jury indicted Teman on, and by necessary extension, what the Government had to prove in its case in chief. *See Stirone v. United States*, 361 U.S. 212, 217 (1960) (criminal defendants have a substantial right to be tried only on charges presented in an indictment returned by a grand jury). However, the Court made the following observation:

> Look, let me offer this thought: If what you're suggesting is that there might have been a mischaracterization of what was put before the grand jury, in the event of a conviction in this case, I expect there will be post-trial motions. You're at liberty to seek the Court's -- to invite the Court to review the grand jury transcript to test that proposition.

401 East Las Olas Blvd., Suite 1400, Ft. Lauderdale, FL 33301
FAX/ 954.827.0340 WEB/ WWW.DIRUZZOLAW.COM

Tr. 888-889.

Teman seeks a reply to take the Court up on its suggestion and formally request that it review the grand jury transcript(s) to ascertain what exactly was proffered to the grand jury and what exactly the grand jury indicted Teman on. This will allow for the development of a factual record, which will in turn allow the Court to apply *Stirone* in the first instance.

Page | 2

Further, the Government's opposition fails to address, in any meaningful way, Teman's argument that "unauthorized" is not a synonym for "counterfeit" (*see* Doc. # 111 at p. 6-7). Instead, the Government, while recognizing that the checks were RCCs, then disavows any applicability of the applicable *federal* regulatory regime governing RCCs (*see, e.g.,* 12 C.F.R. § 229.2(fff)). Given that RCCs are a creature of federal regulatory origin, Teman desires to flesh these issues out for the Court.

Additionally, the Government fails to address the fact that the undisputed record evidence established that there were contracts with GateGuard, and that the statement on the face of the RCCs, *i.e.* "draw per contract" was not a misrepresentation, let alone a materially false or fraudulent statement.[1]

2.    As to venue, the Court acknowledged that "it obviously presents a harder analytic question." Tr. 723. The Government fails to meaningfully address Teman's argument that scheme to defraud is complete when the proceeds have been received. *See United States v. Vilar*, 729 F.3d 62, 95 (2d Cir. 2013); *Pereira v. United States*, 347 U.S. 1, 7-9 (1954).

Teman would like to address that there were no "substantial contacts" with this District and, to the extent that Teman needs to establish "additional hardship" under Second Circuit law, Teman requests that he be provided the opportunity to do so.

As to the Government's argument that because Teman withdrew $4,000 from a Bank of America branch in Manhattan, venue is established in the Southern District of New York, Teman's reply will address two issues for the Court's consideration: (a) fungibility of money, and (b) tracing. Given that the Government failed to introduce record evidence tracing the funds to Teman, and given that money is fungible, the mere fact that Teman withdrew cash in Manhattan cannot support venue in this District. At a minimum, this issue deserves thoughtful discussion given that fungibility of money and tracing present harder analytic questions than a typical case.

3.    As to the violation of the Rule of Sequestration, the Government argues that the rule prohibits contact between witnesses, not between attorneys or a case agent and a witness. Teman desires to address that this distinction runs counter to *Perry v. Leeke*, 488 U.S. 272, 281-82 (1989),

---

[1] In their response the Government acknowledges the contracts and admits the sole basis for conviction rests on the notion that certain terms were "buried...deep on [GateGuard's] website." (Doc. # 112 at p. 19).

where the Supreme Court stated that it is common for a witness to be told to refrain from discussing his testimony *with anyone* until after the end of trial.

Further, the parties dispute who has the burden of establishing prejudice. *Compare* Doc. # 112 at p. 29 (citing to *United States v. Engelmann*, 985 F. Supp. 2d 1042, 1049 (S.D. Iowa 2013) *with* Doc. # 111 at p. 29 (citing to *United States v. Jackson*, 60 F.3d 128, 136 (2d Cir. 1995). Teman desires to address this issue and develop it given the split between the circuits.

Page | 3

\*\*\*

Given the foregoing, Teman submits that providing him leave to file a reply brief is more than appropriate under these unique circumstances.

Kind Regards,

/s/ Joseph A. DiRuzzo, III  
Digitally signed by /s/ Joseph A. DiRuzzo, III  
Date: 2020.04.01 19:34:00 -04'00'

Joseph A. DiRuzzo, III

JAD/

cc: AUSA K. Bhatia, via ECF; AUSA E. Imperatore, via ECF; J. Gelfand, via ECF

The Court grants Teman leave to file a reply. The reply is due April 9, 2020.

SO ORDERED.

_____  
PAUL A. ENGELMAYER  
United States District Judge

April 2, 20202