ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1   Q   It was after you signed the check?
2   A   Yes.
3   Q   But there was no discussion beforehand?
4   A   No, there was no discussion with anyone before I
5   signed that check.
6            MR. EHRLICH:  I have no further questions.
7            THE COURT:  Any redirect?
8            MS. BRAUDY:  No, Your Honor.
9            THE COURT:  Okay.  You can have a seat with
10   your attorneys.  Um, would you like to call your next
11   witness?
12            MS. BRAUDY:  Yes.  I would like to call—
13            MR. SOLEIMANI:  Can we have just a minute?
14   Can we just talk outside?
15            MS. BRAUDY:  Yeah.
16            THE COURT:  Sure.  Um, I-I have a thing I
17   got to do.
18  [BREAK]
19            THE COURT:  Recalling ABJ against Howell.
20   Did you want to call another witness?
21            MS. BRAUDY:  Yes.  I would like to call, um,
22   Mr. Soleimani.
23            THE COURT:  The gentleman who's here?
24            MS. BRAUDY:  Yes.  I believe that's his name.
25

Case 1:19-cr-00696-PAE   Document 118-1   Filed 04/09/20   Page 2 of 14

51

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1        THE COURT:  Alright.  Sir, you're being
2   called as a- . . . no, no, no, Mr. Howell, you're-
3   you're back with your attorneys.  Uh, Sir, I'm going
4   to ask you to come up here to the witness stand, and
5   before you sit down I'm going to ask you to please
6   raise your right hand.  Do you swear or affirm that
7   the testimony you give shall be the truth under
8   penalty of perjury?
9        MR. SOLEIMANI:  Yes.
10       THE COURT:  Please have a seat.  Can you
11  spell your name for me, please?
12       MR. SOLEIMANI:  Sure.  First name, J-o-s-e-p-
13  h.  Last name, S-o-l-e-i-m-a-n-i.
14       THE COURT:  And, uh, can you give me a
15  business address, please?
16       MR. SOLEIMANI:  1652 Park Avenue, Suite LL,
17  New York, New York, 10035.
18       THE COURT:  Ms. Braudy, please feel free to
19  inquire.
20       MS. BRAUDY:  Okay.
21  DIRECT-EXAMINATION BY MS. BRAUDY:
22  Q    So, you're the managing agent for the petitioner?
23  A    Yes.
24  Q    And how long have you worked with them?
25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1   A   Um, since 2016.
2   Q   2016?
3   A   I believe, 15 or 16.
4   Q   Okay. Were you the managing agent in December of
5   2016?
6   A   Yes.
7   Q   And what type of, um . . . what's your highest
8   level of education?
9   A   Bachelor's Degree.
10          THE COURT: I'm sorry?
11  A   Bachelor's.
12  Q   In what area?
13  A   Uh, economics.
14  Q   So, would you say you have business training?
15  A   Somewhat.
16  Q   Experience in business?
17  A   Okay.
18  Q   I was asking.
19  A   Yes.
20  Q   Have you negotiated buy-outs before?
21  A   Yes.
22  Q   How many?
23  A   Not sure.
24  Q   More than five?
25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1    A    Yes.

2    Q    More than 10?

3    A    I don't recall. I'm not sure.

4    Q    But you're sure of more than five.

5    A    I'm sorry?

6    Q    You're sure of more than five?

7    A    Yes.

8    Q    So, your client bought this building just two
9  years ago, right?  In 2016?

10   A    Yes.

11   Q    And do you know how many buildings the petitioner
12 owns altogether in the city?

13   A    Six.

14   Q    Six?

15        MR. HOWELL:  We're talking about sixty.

16        MS. BRAUDY:  All right, Mr. Howell.

17        MR. HOWELL:  Mm-hmm.

18   Q    So, are you aware that Mr. Howell is a senior
19 citizen?

20   A    Yes.

21   Q    Does it surprise you to know that his, um, source
22 of income is Social Security Disability?

23   A    No.

24

25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1   Q   Did you know Mr. Howell is a-is a recipient of
2 Section 8?
3   A   Yes.
4   Q   Uh, Mr. Howell has a lease in this apartment,
5 right?
6   A   Yes.
7   Q   And the lease, which was introduced before . . .
8 do you know how much the apartment rent is total?
9   A   No.
10  Q   Do you wanna take a look at the lease?
11      THE COURT: Sure.
12  Q   It's, uh, Exhibit 1.
13      THE COURT: Sure, I'm showing Exhibit 1 to
14  the witness.
15  A   Uh, $659.79.
16  Q   And is this a rent stabilized apartment?
17  A   Yes.
18  Q   And the renewal lease, do you know when this term
19 started?
20  A   Uh, October 15th of 16.
21  Q   So, when the December 2016 agreement was signed,
22 was Mr. Howell still within his lease term?
23  A   Yes.
24
25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1    Q   And when the March 2017 time elapsed that he was
2 supposed to vacate, was he still within his lease term?
3    A   Yes.
4    Q   And so around May 2017 in this case, you served—
5        THE COURT:  Does he-does he still need that?
6        MS. BRAUDY:  Oh, no.  I'm sorry.  That's it.
7    Q   And in this case around May 2017 you directed your
8 attorney to serve notice to quit?
9    A   Yes.
10    Q   Is that the only notice that you served?
11    A   I believe so.
12    Q   Did you ever direct your attorney to serve a
13 notice of termination?
14    A   I don't recall.
15    Q   Did you direct your attorney to then, after that,
16 sen-serve a petition on Mr. Howell?  A petition and notice
17 of petition, commencing this case?
18    A   If they had required it, yes.
19    Q   And that petition incorporated the notice to quit,
20 made reference to it?
21    A   I don't recall.
22        MR. EHRLICH:  Your Honor, the documents
23    speak-speak to itself.
24
25

Case 1:19-cr-00696-PAE   Document 118-1   Filed 04/09/20   Page 7 of 14

56

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1       THE COURT: Yeah, I'm going to ask what
2 additional probative value is there to this gentleman
3 testifying anything I can just take judicial notice
4 of?
5       MS. BRAUDY: Alright, and so, I wanted to
6 show this, uh, witness the-the exhibit number 2, the
7 surrender agreement.
8       THE COURT: Sure, I'll show 2 in evidence to
9 the witness.
10   Q  So, under Mr. Howell's signature on the second
11 page, he's listed as a tenant, right?
12   A  Yes.
13   Q  And then the first line of the agreement it says
14 it's an agreement between the landlord and the tenant?
15   A  Correct.
16   Q  And every single paragraph lists Mr. Howell as a
17 tenant, right?
18   A  Correct.
19   Q  And then paragraph four, it states that if he
20 doesn't vacate by a time certain in March, the consequences
21 that the tenant shall be subject to eviction proceedings?
22   A  Yes.
23   Q  Okay. Thank you. No further questions for that
24 document. Who drafted-who drafted the buy-out agreement?
25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1    A    Uh, it's an agreement we've used and just changed
2  the name around and (inaudible).
3    Q    So, who originally drafted it?
4    A    It was drafted by an attorney.
5            THE COURT:  I'm sorry?
6            MR. SOLEIMANI:  An attorney.
7            THE COURT:  An attorney?
8            MR. SOLEIMANI:  Yes.
9            MS. BRAUDY:  So, what's that?  Yeah . . . can
10     I, um, I'm sorry.  I would like to show this witness
11     number 2, exhibit number 2 one more time.
12            THE COURT:  No problem.
13    Q    On the second page, um, can you tell me who signed
14  on the second page?
15    A    Um, Mr. Howell signed, um, I signed, as a notary,
16  and it was signed by Benjamin Soleimani on behalf of the
17  landlord.
18            MR. HOWELL:  (Inaudible).
19    Q    Okay, so—
20            MR. EHRLICH:  Your Honor?
21            THE COURT:  Yeah, sir, what you're saying
22     right now is not evidence.
23            MR. HOWELL:  All right.
24            THE COURT:  So, we'll just leave it at
25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1    that.

2    Q    Do you know when, um, Benjamin Soleimani signed?

3    A    December 23rd.

4    Q    And were-where were you when you signed this

5    document?

6    A    I was in Mr. Howell's apartment.

7    Q    Did you see him sign this document?

8    A    Yes, I did.

9    Q    You did?

10   A    Yes.

11        MS. BRAUDY:  Okay.  So, um, actually he's

12   gonna need that for the next part.  I'm sorry.

13   Q    So, in the provision in-in paragraph 10, part of

14   it states that if-if Mr. Howell defaults to a certain

15   provision, that the Petitioner is able to, uh, seek legal

16   fees, right?

17   A    Yes.

18   Q    Does anywhere in this agreement, um, have a

19   provision where Mr. Howell can seek attorney's fees upon

20   the default?

21   A    I don't see anything.

22   Q    And in paragraph three it states that the

23   agreement terms are irrevocable and unconditional, right?

24   A    Correct.

25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1  Q   So, there's no provision made in here should Mr.
2  Howell need a little bit more time if he needed a few more
3  weeks to move?
4  A   No.
5  Q   And in paragraph four, Mr. Howell gives up his
6  security deposit?
7  A   Correct.
8  Q   And in paragraph eight he withdraws any claim,
9  complaint with prejudice that he might've had against the
10 agencies?
11         MR. EHRLICH:  Your Honor, the document speaks
12    for itself.
13         THE COURT:  I really don't understand why
14    this witness has to testify what's in the document
15    that's already in evidence.
16         MS. BRAUDY:  Okay, that's fair.
17         THE COURT:  I mean, maybe different courts
18    have different procedures.  The record's made.
19         MS. BRAUDY:  The record's made, okay.
20         THE COURT:  There's no additional probative
21    value to having somebody read what I can already read.
22         MS. BRAUDY:  Okay.  So, then I will be done
23    with that.
24
25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1   Q   Alright, let me ask you one more question, um,
2   should Mr. Howell move out of this apartment, what do you
3   anticipate doing with the apartment?
4       A   Renovating the apartment.
5       Q   And the market rate for a renovated apartment on
6   Mr. Howell's side, what do you think you can get for this
7   apartment?
8       A   Probably around $1,900, $2,000.
9       Q   Thank you.  No further questions.
10              THE COURT:  Alright.  You can hand that back
11      to me.  Any cross?
12              MR. EHRICH:  Yes.
13  CROSS-EXAMINATION BY MR. EHRLICH:
14      Q   Um, Mr. Soleimani, so, um, you were there.  You
15  were in the apartment.  Correct?
16      A   Yes.
17      Q   Okay, and you had heard Mr. Howell testify that no
18  one else was there, but you were there.  Correct?
19      A   Correct.
20      Q   Okay, and, um, did you . . . there was money that
21  was tendered to Mr. Howell?
22      A   Yes.
23      Q   And that money was cash?
24      A   It was a check.
25

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

```
1     Q    It was a check.  Check was cashed?
2     A    Yes.
3     Q    Okay, and did you attempt to find, uh, other
4  housing for Mr. Howell?
5     A    Yes.
6     Q    And where was that building?
7     A    It was on Park Avenue and 117th Street.
8     Q    And where is the specific premise that we're
9  talking about?
10    A    122nd and 7th.
11    Q    Okay.  And the building that you showed him, was
12 there an elevator in it?
13    A    Yes.
14    Q    And is there laundry facilities?
15    A    Yes.
16    Q    And how old is that building?
17    A    About 12 or 13 years.
18    Q    Okay, and what type of building is that?
19    A    It's, um, low income housing.
20         MS. BRAUDY:  Your Honor, objection.  This is
21    outside the scope of our direct.
22         MS. EHRLICH:  They opened-they opened the can
23    of worms, Judge, when they asked about the rent of the
24
25
```

Case 1:19-cr-00696-PAE   Document 118-1   Filed 04/09/20   Page 13 of 14

62

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1   unit.  They're trying to make my client out to be the
2   bad guy, they opened up the can of worms.
3           MS. BRAUDY:  But we did not speak to this at
4   all.
5           THE COURT:  You'll have a chance to redirect,
6   and I think the concept of scope is . . . cause I
7   understand the purpose for which you wanted to have,
8   uh, this witness testify, and it seems to me that for
9   that purpose this testimony is within the scope of
10  that, and you'll have a chance to redirect in a
11  moment.  So, overruled.
12  Q   Um, Mr. Soleimani, was Mr. Howell . . . during the
13  context of the negotiations and the execution of the
14  agreement, was Mr. Howell advised to speak to counsel?
15  A   Yes.
16  Q   Okay.  Did you advise him to speak to counsel?
17  A   Yes.
18  Q   And did you advise him when you were in the
19  apartment that day to speak to counsel?
20  A   Yes.
21          MR. EHRLICH:  Okay.  Um, I have nothing else.
22          THE COURT:  Alright, uh, redirect?
23  RE-DIRECT BY MS. BRAUDY:
24
25

Case 1:19-cr-00696-PAE   Document 118-1   Filed 04/09/20   Page 14 of 14

63

ABJ MILANO LLC, vs. STANLEY HOWELL (08/08/2018)

1    Q    Do you know how long the conversations around this
2    agreement took place before December 23rd?  How long the
3    weeks-how many weeks went by?
4    A    I'm not sure how much time.
5    Q    At any time prior to December 23rd, did you tell
6    Mr. Howell that he should speak to an attorney?
7    A    Yes.
8    Q    Prior to December 23rd?
9    A    Yes.
10              MS. BRAUDY:  Okay.  Um, no further questions,
11       Your Honor.
12              THE COURT:  Alright, you can have a seat.  Do
13       you have any other witnesses?
14   [TESTIMONY CONCLUDES]