

Joseph A. DiRuzzo, III, Esq., CPA
954.615.1676
jd@diruzzolaw.com

May 8, 2020

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Teman,* case no. 1:19-cr-696

Dear Judge Engelmayer:

Defendant Ari Teman ("Teman") appreciates the Court's Order requiring disclosure of the grand jury transcripts for in camera review (Dkt. 131). By this letter, Teman respectfully requests partial reconsideration of the Order, inasmuch as the Order precludes Teman from independently assessing the Government's representations regarding the charges it presented to the Grand Jury.

As this Court knows, Teman's pending post-trial motion (Dkt. 126) raises deep concerns regarding the Government's candor. Specifically, Teman has identified several instances in which the Government suppressed critical evidence, made significant misrepresentations to the Court and the defense, and presented misleading evidence to the jury. Teman submits these unique circumstances constitute a "particularized need" warranting disclosure of the Grand Jury materials to Teman as a matter of due process. *See Anilao v. Spota*, 918 F. Supp. 2d 157 (E.D.N.Y. 2013) (finding disclosure of Grand Jury materials necessary to avoid injustice under circumstances of Government misconduct).

As Teman is mindful of the importance of Grand Jury secrecy, Teman further limits his request to portions of the Grand Jury materials pertinent to the indictment's allegations that Teman deposited "counterfeit" checks. Teman submits this narrowly-tailored request is "structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979). Teman would also be willing for the Court to enter an "attorney's eyes only" limitation on the Grand Jury transcripts to alleviate any concerns the Court may have regarding dissemination of Grand Jury material to third parties.

Finally, in an abundance of caution, and to minimize appellate issues, in all events Teman would request that the Grand Jury materials be made part of the record in this case (i.e. by filing the grand

jury transcripts under seal) so that the transcripts will be part of the record on appeal under Fed. R. App. P. 10(a).

Kind Regards,

/s/ Joseph A. DiRuzzo, III  
Digitally signed by /s/ Joseph A. DiRuzzo, III  
Date: 2020.05.08 17:24:20 -04'00'

Joseph A. DiRuzzo, III

JAD/

cc: AUSA K. Bhatia, via ECF; AUSA E. Imperatore, via ECF; J. Gelfand, via ECF

Page | 2