# EXHIBIT B

**SHER TREMONTE LLP**

October 23, 2020

**BY EMAIL**

Kedar Bhatia
Edward A. Imperatore
Assistant United States Attorneys
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007

    Re:    *United States v. Ari Teman*
              Case No. 19 Crim. 696 (PAE)

Dear Mr. Bhatia and Mr. Imperatore:

      I write to follow up on my October 15, 2020 conversation with Mr. Bhatia. As I advised him at the time, my firm has been retained to represent Mr. Teman in connection with post-trial proceedings. In reviewing the record, we are concerned that the Government's disclosures pursuant to *Brady*, *Giglio*, and 18 U.S.C. § 3500 may not have been complete, as no disclosures were made relating to any conversations you or your agents (including Detective Alessandrino) had with Joseph Soleimani following the Court's January 21, 2020 colloquy concerning Mr. Soleimani's role in *ABJ Milano LLC v. Stanley Howell*, 61 Misc.3d 1037, Index. No. 65131/2017 (N.Y. Civ. Ct. 2018) (hereinafter "the housing court matter").

      In denying Mr. Teman's motion for a new trial, the Court relied on the government's "attest[ation]" that "Soleimani indicated that he had dealt with the tenant, but that he *did not indicate* that *he* had made representations to the tenant about whether ABJ would renew his lease," Order at 102 (emphasis added; citing Government's April 24, 2020 Memorandum of Law ("Gov. Mem.") at 6). Yet, although the Court on January 21, 2020 directed the Government to inquire of Mr. Soleimani and to "promptly report back" the results of that inquiry (Trial Transcript ("Trial Tr.") at 29), none of the notes relating to the Government's January 21, January 22, and January 23 meetings with Mr. Soleimani reflects any statements concerning the housing court matter. *See* U.S. Attorney's Manual § 9-5.002 ("Although not required by law, generally speaking, witness interviews should be memorialized by the agent. . . . Material variances in a witness's statements should be memorialized[.]"). This is so even though the Government acknowledged that it questioned Mr. Soleimani at trial on this issue "based on Soleimani's *representations* suggesting that '*he* was among the ABJ personnel who *dealt* with [the tenant].'" Gov. Mem. at 6 (emphasis added). To the extent there

AUSA Kedar Bhatia
AUSA Edward A. Imperatore
October 22, 2020
Page 2 of 2

was a failure to take notes, such failure of course does not relieve the government of its "obligation to inform the accused of information that materially impeaches its witness." *United States v. Rodriguez*, 496 F.3d 221, 225 (2d Cir. 2007).

In light of our concerns, and given that Mr. Bhatia has not to date responded to our inquiry, we ask that the Government disclose and/or produce any statements, whether recorded or not, that Mr. Soleimani made concerning the housing court matter, or the facts underlying that proceeding, to any agent, employee or representative of the Government *at any time*.

Because we have additional concerns relating to Mr. Soleimani, we further ask that the Government produce any documents or information reflecting or relating to communications or transactions between Mr. Soleimani or any other ABJ representative and Samuel Taub, or any other representative of Gateguard's competitor, MVI Systems (MVI), including, but not limited to, any information relating to business relationship(s) between Mr. Soleimani or ABJ and MVI.[1]

We appreciate your consideration and are available to discuss at your convenience.

Very truly yours,

/s/

Justine A. Harris
Noam Biale

---

[1] We note that any responsive documents and information are also potentially relevant to Mr. Teman's sentencing. Given that there is no information as to which of the entities the jury's verdict relates, *any* information undermining Mr. Soleimani's trial testimony could also undermine the government's ability to establish that portion of the loss amount attributable to the RCCs relating to ABJ, and should therefore be produced now.  *See* U.S. Attorney's Manual, § 9-5.001(D)(3) ("Exculpatory and impeachment information that casts doubt upon proof of an aggravating factor at sentencing, but that does not relate to proof of guilt, must be disclosed no later than the court's initial presentence investigation").  *See also Brady v. Maryland*, 373 U.S. 83, 87 (1963) (exculpatory evidence includes information that tends to mitigate punishment as well as guilt).