UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19-CR-696 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On June 5, 2020, the Court issued a lengthy decision resolving defendant Ari Teman's post-trial motions (Dkt. No. 138 (("Dec'n")). Among the issues resolved were Teman's claims that the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 154 (1972), and the Jencks Act, 18 U.S.C. § 3500. *See* Dec'n at 87–107. The Court found these claims, and Teman's other challenges to his convictions, meritless. *Id*.

Five months later, with his sentencing date approaching, Teman, through new counsel, now seeks to litigate anew his *Brady* claims (Dkt. No. 156). Teman does not cite any new evidence as a basis to reopen these issues. His stated basis is instead the Court's issuance of an order, on October 30, 2020, pursuant to newly enacted Federal Rule of Criminal Procedure 5(f). *Id*. at 1. That order (Dkt. No. 153) reminded the Government of its *Brady* obligations, as Rule 5(f) requires the Court to do at the first scheduled conference in a criminal case; the Court's practice, since the adoption of Rule 5(f) pursuant to the recent Due Process Protections Act, has been to issue a written such order in all pending cases, even longstanding ones such as this. But Rule 5(f) does not work any substantive change in the Government's disclosure obligations.

Notwithstanding the lack of any basis for Teman to belatedly pursue reconsideration of the denial of his *Brady* claims, the Court, in the interests of completeness, is reviewing Teman's letter on the merits. To assist the Court in its review, the Court directs Government counsel to submit a sworn declaration answering the following two questions:

1. Has the Government produced to the defense all writings in its possession reflecting statements by Joseph Soleimani regarding the Housing Court Case or the Housing Court Order, including but not limited to notes taken by Government personnel reflecting statements made by Soleimani during interviews?

2. Is the Government aware of any oral statements made by Soleimani that contradict any aspect of his trial testimony, including any oral statements made by Soleimani after the Court, on January 21, 2020, directed the Government to speak to Soleimani about the Housing Court matter?

The Government's letter in response to Teman's letter (Dkt. No. 158) indicates that the answer to each of these questions is no. *Id*. at 2–3. The Court nevertheless would benefit from receipt of a declaration from counsel explicitly responding to these questions. Counsel's declaration need not answer the other queries Teman poses in his reply letter (Dkt. No. 159). If, however, the answer to either of the above questions is other than no, the Court expects that counsel's declaration will elaborate.

The Government's declaration is due Wednesday, November 18, 2020. The Court does not invite any additional submissions from counsel as to the issues addressed herein.

SO ORDERED.

                                                      *Paul A. Engelmayer*
                                                      PAUL A. ENGELMAYER
                                                      United States District Judge

Dated: November 16, 2020
       New York, New York