**SHER TREMONTE** LLP

November 24, 2020

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Ari Teman*,
              Case No. 19-cr-696 (PAE)

Dear Judge Engelmayer:

      We write on behalf our client, Ari Teman, in response to the Court's order dated November 23, 2020, Dkt. # 163.  We attach to this letter as Exhibit A a letter from Mr. Teman's parents providing additional detail in support of our request for remote sentencing.  We respectfully request that the letter also be considered by Your Honor in connection with sentencing, along with the supporting materials filed with Mr. Teman's sentencing submission detailing his significant adverse physical and mental health conditions, *see* Dkt. # 149 & Exhibits, in support of a downward variance from the Sentencing Guidelines.

      With respect to our request for remote sentencing, Mr. Teman's personal circumstances, both historically and currently, weigh in favor of holding sentencing remotely without further delay.  Courts have ordered that sentencing be held remotely – over the government's objection when requested by the defendant – under similar circumstances.  For example, in *United States v. Cohen*, Judge Pauley ordered remote sentencing on the grounds that the defendant had been on home confinement for seven months (several months less than Mr. Teman) and he "does not know what his sentence will be or even when this Court can conduct an in-person sentencing."  No. 19-cr-451-WHP (S.D.N.Y. May 19, 2020), ECF No. 41, at 4.  "[T]his uncertainty," Judge Pauley, held, "can impair the interests of justice," in part because defendants do not receive any credit from the BOP for time served on home confinement.  *Id.*  Judge Pauley cited a similar decision in the Northern District of Texas, in which the court held, "The Court will not allow this defendant to await sentencing indefinitely and to undergo the added stress that further delay would cause.  She deserves a date-certain for sentencing and to complete this portion of the criminal process." *United States v. Kelly*, 3:09-cr-00051 (N.D. Tex. Apr. 2, 2020), ECF No. 63.  In *United States v. Phillips*, Judge Pauley similarly ordered remote sentencing where the defendant would have been required to travel from Georgia to New York City, the defendant had increased risk of COVID

The Honorable Paul Engelmayer
November 24, 2020
Page 2 of 2

infection, and where the lengthy pendency of the case was causing the defendant uncertainty and emotional distress. No. 19-CR-809 (WHP) (S.D.N.Y. Sept. 14, 2020), ECF No. 49.

      Here, further delay causes actual and harmful prejudice to Mr. Teman, as it continues to exacerbate his precarious situation. The government, by contrast, will suffer no prejudice whatever from proceeding with a remote sentencing on the current date. Proceeding as scheduled also promotes judicial economy, since the Court may make its sentencing determination based on the materials before it – including the letter filed in connection with this request – and will not need to continue to consider additional facts and circumstances as they develop over an indefinite period of time until sentencing can be held in person.

      Accordingly, for the reasons stated in our prior request and those set forth here, we respectfully request that the Court proceed with sentencing remotely on December 1. If the Court is inclined to deny the request for remote sentencing, Mr. Teman would like to proceed in person at the earliest date possible. He has taken a COVID test in Florida in accordance with the November 20, 2020 SDNY Standing Order and is prepared to take a second test in New York either Sunday, November 29 or Monday, November 30, if necessary. Despite the risks of traveling at the present time (risks that are significantly higher for Mr. Teman given the particular risks identified by his medical providers), Mr. Teman would nevertheless like to obtain closure and end the psychological toll of the pendency of the case.

      We appreciate the Court's consideration.

                                        Respectfully submitted,

                                        /s/
                                        Justine Harris
                                        Noam Biale

cc:      All Counsel of Record