

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 24, 2020

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

      The Government writes in response to defendant Ari Teman's letter dated November 20, 2020, requesting that the Court conduct a remote sentencing proceeding on December 1, 2020. *See* Dkt. No. 167. Sentencing is currently scheduled for December 1, 2020, at 10:30 a.m.

      On January 29, 2020, the defendant was convicted after trial on two counts of bank fraud and two counts of wire fraud. The Court ruled that the defendant should remain at liberty on bail conditions, which were amended to include home detention with location monitoring. Sentencing was initially scheduled for June 4, 2020, and has been continued until December 1, 2020. *See* Dkt. No. 136, 144, 152.

      On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was enacted into law, which provides that, subject to certain requirements, video teleconferencing and telephone conferencing may be used in enumerated criminal proceedings in certain circumstances during the COVID-19 pandemic. With respect to felony pleas and sentencing hearings, § 15002(b) of the CARES Act allows for the proceedings to be held via video teleconferencing and telephone conferencing when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See also* 20 Misc. 176 (CM), SDNY Standing Order No. M10-468 (authorizing the use of video or telephone conferencing for felony pleas under Rule 11 and felony sentencings under Rule 32 only upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.") (Mar. 30, 2020).

      The Government submits that, on the record currently before the Court, there are not "specific reasons that . . . sentencing in [this] case cannot be further delayed without serious harm to the interests of justice" sufficient to make the required finding under CARES Act § 15002(b)(2)(A). Although Teman cites a history of mental health concerns and the parties have an interest in the timely resolution of the sentencing proceeding, the Government does not believe that additional delay would cause "serious harm to the interests of justice." To the contrary, the

interests of justice would be best served in this case if all parties and the Court are able to interact and engage in-person, and now that Teman has local counsel, an in-person proceeding is even more practicable. The Government therefore submits that the Court and the parties should not proceed with sentencing via video conference on December 1, 2020.

The Government is prepared to proceed with an in-person sentencing on December 1, 2020. If the defendant would prefer an adjournment, the Government has no objection to a 45- or 60-day adjournment of sentencing. Moreover, notwithstanding the Government's position described above, to the extent that the Court is prepared to make the requisite findings under the CARES Act, the Government is also available to proceed via remote sentencing on December 1, 2020.

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney

By:   /s/
        Kedar S. Bhatia
        Assistant United States Attorney
        (212) 637-2465