

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 30, 2020

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

     Re:    *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

     The Government writes in response to the defendant's letter – filed on the eve of sentencing – contesting the imposition of forfeiture in this case. *See* Dkt. No. 176. As set forth below, the Government is entitled to seek forfeiture in this matter and was not required to put the question of forfeiture before the jury.

     At the charge conference in this case, the Court recognized that neither party had submitted jury instructions regarding forfeiture. Trial Tr. 873. Teman requested that the question of forfeiture go to the jury. *See* Trial Tr. 877. The Government argued that under Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure, only the issue of forfeiture of specific property is appropriate for the jury and, here, the Government was not seeking forfeiture of specific property. Trial Tr. 939-40. Defense counsel agreed that there was no right to a jury determination of forfeiture except where the Government seeks to forfeit specific property. Trial Tr. 941-42 ("MR. BHATIA: [W]e're not seeking specific property here. . . . THE COURT: Defense, given that, is there a basis for a jury determination here as to forfeiture? MR. DiRUZZO: I don't think so, Judge."). Based in part on the Government's position that there was no right to jury determination of a general forfeiture allegation, the Court did not submit the question to the jury. Trial Tr. 942.

     The law clearly supports the Court's determination at trial.  Rule 32.2(b)(5)(A) provides that "[i]n any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Courts have made clear that "Rule 32.2(b)(5)(A) applies only when the Government pursues forfeiture of specific property, not when it seeks a money judgment." *See United States v. Reese*, 36 F. Supp. 2d 354, 365-66 (S.D.N.Y. 2014); *see Christie v. United States*, Nos. 08 Cr. 1244, 13 Cv. 7780 (RWS), 2014 WL 2158432, at *9 (S.D.N.Y. May 23, 2014) ("Under Rule 32.2 of the Federal Rules of Criminal Procedure, if the Government seeks to forfeit specific property after trial, the defendant and the Government each have the option of requesting that the jury determine whether the specific property is subject to forfeiture. If the Government seeks a

money judgment, however, the Court alone determines the forfeiture amount at sentencing.") (internal citation omitted). "[I]f the government does not seek specific property, but rather a personal money judgment, the court itself determines the amount of money that the defendant will be ordered to pay. The defendant is not entitled to have the jury decide the amount of the forfeiture." *United States v. Roberts*, 631 F. Supp. 2d 223, 225 (E.D.N.Y. 2009) (internal quotation marks and citations omitted).[1]

The Government provided both Rule 16 discovery material and § 3500 material relating to the loss suffered by Bank of America in connection with the offenses of conviction. The Government provided records to the Probation Office substantiating the need for restitution and forfeiture in the amount of $259,988.17. Today, the Government learned that Bank of America was able to offset certain losses it suffered, and the Government promptly notified the Court and the defense that it was seeking a lower amount of forfeiture and restitution – more favorable to the defendant – based on updated information from the victim of Teman's fraud scheme. *See* Dkt. No. 174.

For the reasons set forth herein, the Government intends to seek forfeiture and restitution in the amount of $245,862.95.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:   /s/
Kedar S. Bhatia
Assistant United States Attorney
(212) 637-2465

---

[1] Title 18, United States Code, Section 982(a)(2) provides that the Court shall, in imposing sentence for a conviction for wire fraud, order that a defendant "forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation." Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation" of the bank fraud statute.