UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 19-CR-696 (PAE) |
| ARI TEMAN, | ORDER |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

The sentencing hearing for defendant Ari Teman was scheduled for December 1, 2020, but was terminated shortly after it began after the Court identified the need for a *Curcio* hearing in order to permit Sher Tremonte LLP, which had recently appeared on Mr. Teman's behalf, to represent him alongside trial counsel. The Court has since granted a series of adjournments to enable Mr. Teman to secure alternative post-trial counsel. Yesterday, notices of appearance for Mr. Teman were filed by Susan G. Kellman, Esq., and Andrew J. Frisch, Esq. *See* Dkts. 199, 200. The Court welcomes new counsel, for whom the Court has great esteem.

Although the sentencing record otherwise appears complete, the Court, before setting a new sentencing date, would benefit from receiving letter submissions from counsel addressing the following discrete points:

1. *Bail pending appeal*: The Court wishes to reach a determination, before imposing sentence, on whether it will grant bail pending appeal. That is because the Court regards it as relevant to the reasonable and proper sentence under 18 U.S.C. § 3553(a) whether Mr. Teman is likely to be incarcerated at a time when the restrictive and difficult conditions attendant to the COVID-19 pandemic remain in place. In numerous cases involving defendants who either have been in custody since March 2020 and/or who have been about to enter custody, the Court has

imposed a shorter sentence than it otherwise would have, in recognition of the heightened rigors of custody during the pandemic.[1] That factor would be present were Mr. Teman to commence serving his sentence not long after the upcoming sentencing, but would not clearly be so were the Court to grant bail pending appeal. The Court therefore solicits counsels' views on whether Mr. Teman qualifies for bail pending appeal. *See* 18 U.S.C. § 3143(b); *United States v. Randell*, 761 F.2d 122 (1985).

    2.    *Restitution and forfeiture*: On the eve of the December 1, 2020 sentencing, the Government submitted evidentiary materials in support of a proposed forfeiture order that, had Mr. Teman's representation issue not arisen, independently would have required an adjournment. The Court wishes to resolve, in an orderly fashion, what the appropriate restitution order is, and whether—and if so, on what terms—a forfeiture order is also warranted, as the Government has urged. The Court therefore solicits counsels' views as to whether and on what terms restitution and/or forfeiture orders are merited.

    The Court accordingly sets the following schedule:

---

[1] The pre-pandemic case law, although arising in the context of pre-sentence conditions of custody, is in accord. *See, e.g.*, *United States v. Carty*, 264 F.3d 191, 196–97 (2d Cir. 2001) (holding that that "pre-sentence confinement conditions may in appropriate cases be a permissible basis for downward departures"); *United States v. Torres*, No. 01 Cr. 1078 (LMM), 2005 WL 2087818, at *2 (S.D.N.Y. Aug. 30, 2005) ("depart[ing] downward, by 1 level, because of the harsh conditions of defendant's pretrial detention"). For the same reason, the Court has recognized a defendant's prolonged custody during COVID-19 as a factor favoring early release pursuant to the compassionate release statute. *See, e.g.*, *United States v. Carter*, 18 Cr. 390-10 (PAE), Dkt. 528 at 2 (S.D.N.Y. Jan. 25, 2021) ("unexpected hardship presented by the COVID-19 pandemic . . . would make a sentence below the one imposed compatible with the § 3553(a) factors"); *United States v. Mcrae*, No. 17 Cr. 643 (PAE), 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021) (remaining time in prison "significantly offset by the unexpected rigors that Mcrae has experienced during the more than 10 months he has spent in prison during COVID-19" because "incarceration in such circumstances is, unavoidably, experienced as more punishing").

By Friday, February 12, 2021, the defense is to submit a memorandum setting out its views on bail pending appeal, and the Government is to submit a memorandum setting out its views on restitution and forfeiture, attaching proposed such orders and evidentiary material supporting the monetary calculations in those orders.

By Friday, February 26, 2021, the Government is to respond to the defense's memorandum as to bail pending appeal, and the defense is to respond to the Government's memorandum as to forfeiture and restitution.

The Court does not invite replies to these submissions.

SO ORDERED.

                                                                      PAUL A. ENGELMAYER
                                                                      United States District Judge

Dated: January 28, 2021
        New York, New York