Andrew J. Frisch
Partner

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400  Fax: 212 344-7677
schlamstone.com

April 23, 2021

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *United States v. Ari Teman*, Criminal Docket No. 19-696 (PAE)

Dear Judge Engelmayer:

On behalf of Ari Teman, Ms. Kellman and I submit this letter as a request that the Court further adjourn the deadline for Mr. Teman's submissions in the above-referenced case until May 14, 2021.  The government has advised us that it takes no position on this application.

On April 2, 2021, Ms. Kellman and I emailed a single-spaced twelve-page letter to the government summarizing an issue, not previously on the Court's radar, which Ms. Kellman and I believe requires dismissal of this case.  We did so mindful of best practice to vet new issues with the government before seeking judicial redress; so that the assigned prosecutor could readily review the issue with his Office; and out of professional courtesy as the record appears to raise serious questions about the government's conduct of this case.  We advised the government that we intended to supplement our letter with a written report from an expert, who had not then been formally retained, whom we did not then identify, and who had not then reviewed relevant portions of the record.  The expert is Richard M. Fraher, who teaches the law of payment systems at Emory University School of Law and previously served as Vice President and Counsel to the Retail Payments Office of the Federal Reserve Bank of Atlanta.  His *curriculum vitae* is submitted herewith.

Yesterday, Ms. Kellman and I advised the government via email that that we expected the expert's report to be complete next week.  We proposed that the parties work together to advise the Court that Ms. Kellman and I are vetting an issue with the government before raising it with the Court.  We proposed to the government that we do so in a way so as not to suggest that the government has yet formalized any opinion on the issue and is acting responsibly in permitting Ms. Kellman and me to be fully heard.  The government rejected our request and instead submitted a letter late this afternoon which seeks to front the issue raised in our letter to the government of April 2, 2021, and put a positive spin on some of the relevant underlying facts.  The government's rush to be first to the Courthouse door to try to preempt the issue rather than continue an informal vetting is unfortunate as a matter of protocol and also substance:  the government did so without waiting for the expert's report which it knew was imminent.

Ms. Kellman and I anticipate that this letter may pique some measure of judicial curiosity about the subject matter of our letter of April 2, 2021, especially in the context of the government's submission of this afternoon. We nonetheless ask that the Court accommodate a request for a further extension of time for at least the following three reasons. *First*, we cannot effectively present the issue to the Court without the expert's report. While we expected the report to be complete early next week, we now need to provide him with the government's submission of this afternoon for his review. *Second*, apart from establishing why the case should be dismissed, we believe that the expert's opinion may establish that the Bank of America is not entitled to any restitution at all, one of the issues on which the Court has requested briefing. *Third*, even if this case is not dismissed, this new issue will significantly add to the quantum of issues warranting bail pending appeal, another issue on which the Court has requested briefing. If this case is not dismissed, we believe that the Court of Appeals will want to hear Mr. Teman's appeal before requiring him to surrender to serve any imprisonment that may be imposed.

Before trial, the Court criticized Mr. Teman's trial counsel for not fronting a prospective defense with the government. Transcript of Jan. 21, 2020 at 87. Ms. Kellman and I agree that best practice is to vet an issue with the government before submitting it for judicial review and would do so again if presented with a similar situation. While the government did not see fit to reciprocate our professional courtesies, Ms. Kellman and I ask the Court to indulge a further three-week extension of time so that we can provide Professor Fraher with the government's most recent submission and obtain his final report. We are mindful of the Court's accommodations to date, but believe that the Court is best served by permitting us additional time so that we may address the government's submission and present the bases for dismissal comprehensively and completely.

Respectfully submitted,

*/s/ Andrew J. Frisch*
Andrew J. Frisch

*/s/ Susan G. Kellman*
Susan G. Kellman


cc: AUSA Kedar Bhatia

Enclosure