Andrew J. Frisch
Partner

212-344-5400
afrisch@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

June 14, 2021

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
New York, New York 10007

*Re: United States v. Ari Teman, 19-CR-696 (PAE)*

Dear Judge Engelmayer:

On June 10, 2021, upon reviewing the government's response to Mr. Teman's motion to vacate his conviction and dismiss this case, defense counsel and an associate began working on a motion for the Court's recusal, subject to the associate's supporting work.  We now make that motion.  If the Court does not grant recusal or dismiss this case, we urge your Honor to reconsider its denial of our application to submit a reply in further support of Mr. Teman's motion if only to permit us to preserve all of his arguments should appellate review be necessary.

Cases involving a Judge's indirect financial interest typically trigger the reasoning of *United States v. Ravich*, 421 F.2d 1196 (2d Cir. 1970), the case cited by the Court in its Order of May 5, 2021.  *See* Docket No. 220.  The government's response to Mr. Teman's motion shows that this case is not typical.

Defense counsel have tread carefully in raising issues underlying Mr. Teman's pending motion.  As previously explained, we submitted a comprehensive letter to the government in the first instance so that the assigned prosecutor and his supervisors could vet the issue internally before we filed anything alleging misconduct on the public docket.  While the inference of misconduct seemed warranted, we were reluctant to act precipitously.  Likewise, the Court's indirect financial interest in the Bank of America ("BOA") did not warrant the motion made here absent more.

The issue in this case is no longer just a Judge with an indirect financial interest in a bank which may or may not be entitled to restitution.  Based on the government's submission [Docket No. 225], the following facts are now undisputed:

> -The government knew at trial that BOA had already decided to retain funds in Mr. Teman's BOA personal account, but did not disclose that fact to Mr. Teman while simultaneously pressing the inference that Mr. Teman's transfer of deposited funds was intended to defraud BOA and leave it holding the bag;

-It appears that BOA chose to send a representative to testify at Mr. Teman's trial who had not been told that BOA had already retained funds in Mr. Teman's BOA personal account [*see* Docket No. 215-5];

-In responding to Mr. Teman's argument that the government, both during and after trial, deliberately hid the ball about its knowledge of the state of Mr. Teman's BOA personal account at the time of trial, it did not provide an affidavit from BOA (1) explaining why its chosen representative was not apprised of all the relevant facts before she testified at trial; (2) why it has equivocated about whether to return or retain at least some of Mr. Teman's funds; or (3) refuting Professor Fraher's declaration that BOA had a right to retain Mr. Teman's funds all along not to mention after the jury found Mr. Teman guilty; and

-Any argument that BOA ultimately elected to defer to an order of restitution (1) is not supported by any affidavit from BOA explaining why it is relying on the Court rather than its own available remedies; and (2) is otherwise undermined by BOA's equivocation about whether and to what extent to retain or return Mr. Teman's funds.

For these reasons, the record raises issues that distinguish *Ravich*. The question in this case is whether BOA has been or remains a passive or active participant in what at best is a lack of the type of transparency required in a federal criminal case or, at worst, a violation of the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), or a fraud on the Court. We do not raise these issues lightly; here, as before, we tread carefully. But the record warrants an inference of either deliberate deception or nonchalance in directly addressing the key underlying facts.

The record as it stands does not permit an innocent interpretation or even a finding of some variety of harmlessness; at most, the record is silent. BOA did not itself bring this case, an important distinction noted in *Ravich*. But nor is BOA a mere bystander where "[t]he result could make no difference to the bank or its shareholders." *Ravich*, 421 F.2d at 1205. It could make a significant difference if BOA in fact has been or continues to be complicit in hiding the truth in a federal criminal case which alleges that BOA is a victim.

BOA is at the heart of atypical issues teed up by Mr. Teman's motion, as is now indisputably demonstrated by the absence of answers from BOA in the government's response. This context puts the reasoning of *Ravich* in a different light. *Ravich* "was decided under the more subjective standard which prevailed before the 1974 amendments [to 28 U.S.C. § 455];" the Third Circuit has questioned and disagreed with *Ravich*'s holding that a judge's financial interest in the victim of a crime does not require disqualification. *United States v. Nobel*, 696 F.2d 231, 235 (3d Cir. 1982). The Second Circuit has declined to adopt a "per se rule requiring recusal in every instance where a judge has an interest in the victim of a crime," finding that recusal is required (in a typical case) only where the judge's interest in the victim or the amount of restitution that the victim may recover is substantial. *United States v. Lauersen*, 348 F.3d 329, 336 (2d Cir. 2003), *vacated on other grounds* 543 U.S. 1097. But this case is not typical because BOA's conduct and state of mind are at the heart of questions raised in Mr. Teman's motion. BOA's status here is more akin to that of a party than the

typical corporate victim potentially entitled to restitution.   *See* 28 USC 455(b)(4) (when a party is concerned, any interest—substantial or not—requires recusal).

We do not want to run afoul of or be seen as attempting an end-run around the Court's order denying our application to reply.  *See* Docket No. 229.  We have more to say if only to assure that we leave no doubt that our arguments are preserved for appellate review.  For now, we respectfully move for reassignment of this case in light of the government's response to Mr. Teman's motion and otherwise for reconsideration of the Court's denial of a reply.

Respectfully submitted,

/s/ Andrew J. Frisch
/s/ Jolene LaVigne-Albert
Schlam Stone & Dolan LLP

/s/ Susan G. Kellman
25 Eighth Avenue
Brooklyn, New York 11217

*Counsel to Ari Teman*

cc:  U.S. Attorney's Office