UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

UNITED STATES OF AMERICA

            - v -                                  19-CR-696 (PAE)

ARI TEMAN,                                      [PROPOSED] **O R D E R**

            Defendant.

------------------------------------------------------- x

PAUL A. ENGELMAYER, District Judge:

        In anticipation of sentencing, counsel for defendant Ari Teman advised the Court by letter dated July 28, 2021 [Docket No. 251] that Mr. Teman had amassed a total of $260,000 to satisfy the restitution in this case of $259,340.32.  Defense counsel advised the Court that a total of $120,000 had been deposited in his attorney escrow account by three separate depositors; an additional $75,000 had been deposited in attorney Maimon Kirschenbaum's escrow account on behalf of a client of his; and an additional $65,000 had been deposited in attorney Mendy Lieberman's escrow account on behalf of a client of his.

        Mr. Teman's counsel advised the Court that he, Mr. Kirschenbaum, and Mr. Lieberman had each agreed that the entirety of the funds in their respective attorney escrow accounts would be released only as follows:  upon affirmance of Mr. Teman's conviction in this case by the Second Circuit on his direct appeal (or if Mr. Teman defaults in pursuing his appeal), the entirety of the funds will be released within 72 hours of the affirmance (or appellate default) to the government for payment of restitution to the Bank of America;[1] upon vacatur of Mr.

---

[1] Defense counsel's letter also provided for the possibility that Mr. Teman might not timely file a notice of appeal, but he has since done so.

Teman's conviction by the Second Circuit (or dismissal of the charges of bank fraud), the entirety of the funds will be returned to the respective depositors. The difference of $659.68 between the deposited $260,000 and the anticipated order of $259,340.32 would be returned proportionally to the depositors.

At sentencing, before imposing an order of restitution of $259,340.32, the Court proposed that the entirety of the above-described deposited funds be held by the Clerk of the Court rather than in attorney escrow accounts. While Mr. Teman's counsel said that he believed it appropriate for the depositors to be consulted about the Court's proposal, he responded to the Court's inquiry by expressing his view that there was no apparent reason why the deposited funds could not be held by the Clerk of the Court subject to the same above-described conditions set forth in his letter.

Defense counsel reports that he has now advised each of the five depositors or his counsel of the Court's proposal that the funds be deposited with the Clerk of the Court. Three of the depositors consent to transfer of their respective funds to the Clerk of the Court pursuant to the conditions set forth in counsel's letter of July 28, 2021. The other two have not yet responded. I order that the three above-described attorneys cause the above-described funds to be transferred to the Clerk of the Court, who shall hold the funds subject to the same above-described conditions as set forth in counsel's letter of July 28, 2021. The three attorneys may agree among themselves to deduct a total of $659.68 (the difference between the deposited $260,000 and the restitution of $259,340.32) before transferring the funds so that a minimum of

$259,340.32 is transferred to the Clerk of the Court.  Each of the three above-described attorneys must transfer the funds in his escrow account to the Clerk of the Court on or before August 19, 2021.

Dated: August ___, 2021

_____
PAUL A. ENGELMAYER
United States District Judge