

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 13, 2021

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

      The Government writes to (1) respond to defendant Ari Teman's letter and proposed order regarding restitution, dated August 11, 2021 (Dkt. No. 260) ("Teman Letter" and "Teman Proposed Order," respectively); and (2) submit a new proposed restitution order ("Government Proposed Order") (Exh. A).

      **A.**    **Background**

      During sentencing on July 28, 2021, the Court ordered restitution in the amount of $259,340.32. *See* Sent'g Tr. 95-96. Although Teman had previously stated that he would pay restitution in full at the time of sentencing, immediately prior to sentencing Teman noted that other, unnamed individuals would be making these restitution payments on his behalf, and that they sought to retain custody of their payments until Teman's appeal had concluded. *See, e.g.*, Dkt. No. 251 (the "July 28 Letter"). Specifically, on July 28, 2021, defense counsel submitted a letter stating that the unnamed benefactors had transferred money to three attorneys, including Mr. Frisch, who collected and held in escrow approximately $260,00. *Id*. The funds were held subject to the following conditions: "upon affirmance of Mr. Teman's conviction by the Second Circuit on his direct appeal (or if Mr. Teman does not timely notice an appeal or otherwise defaults in pursuing his appeal), the entirety of the funds will be released within 72 hours of the affirmance (failure of timely notice of appeal or appellate default) to the government for payment of restitution to the Bank of America; upon vacatur of Mr. Teman's conviction by the Second Circuit (or dismissal of the charges of bank fraud), the entirety of the funds will be returned to the respective depositors." *Id.*

      At sentencing, the Government opposed this proposal because, among other things, it could leave the Court to enforce restitution payments against the benefactors and attorneys described above. Instead, the Government proposed that Teman or his benefactors make payments directly to the Clerk of Court upon Teman's sentencing but that the Court instruct the Clerk of Court not to make disbursements to the victim in this matter until further order of the Court, *i.e.*, once Mr. Teman's appeal has concluded. The Court noted its agreement with this proposal; defense

counsel indicated that he saw no reason it would not be acceptable to the benefactors, although he could not guarantee their acceptance; and the Court noted that Teman would be "getting credit" as if the restitution payments would be paid to the Clerk of Court soon after sentencing. *See* Sent'g Tr. 95-96. The Court instructed the Government to confer with defense counsel and submit a restitution order implementing this proposal. *Id.* at 96.

On August 11, 2021, Teman submitted a letter saying that two out of five benefactors, who control approximately $85,000 in funds, had not responded regarding whether they would pay restitution to the Clerk of Court in accordance with the Court's stated intention on July 28, 2021. Teman Letter at 1. Although Teman notes in his letter that the remaining three benefactors have agreed to the "Court's proposal," Teman later notes that these three benefactors consent to the transfer of their funds only subject to the conditions outlined in Teman's July 28 Letter. *Id.* In the Teman Proposed Order, Teman asks the Court to "order that the three above-described attorneys cause the above-described funds to be transferred to the Clerk of the Court, who shall hold the funds subject to the same above-described conditions as set forth in counsel's letter of July 28, 2021."

On August 13, 2021, Teman submitted a letter saying that a fourth benefactor consents to transferring funds to the Clerk of Court "provided that the money will be held subject to the outcome of Mr. Teman's appeal." Dkt. No. 261 at 1. Teman notes that the attorney holding funds for the fifth benefactor has not responded regarding Teman's proposal, and Teman is silent on whether the fifth benefactor himself or herself has consented to transferring funds to the Clerk of Court. *Id.*

**B.     Discussion**

The Government opposes the Teman Proposed Order. First, Teman's proposal calls for the Court to *order* the transfer of funds held in escrow by three non-party attorneys on behalf of five unnamed benefactors. Teman has provided no legal authority for the Court to compel fund transfers in this manner. Nor has Teman provided any reason why the Court should compel attorneys to transfer funds where the benefactors purportedly agree to the transfer. Although there is no reason to believe Mr. Frish is not accurately reflecting his communications with others, compelling transfer of client funds held in escrow by non-party attorneys on behalf of yet other unnamed third parties is a significant step and not one appropriate at this stage of the criminal matter.[1]

Second, Teman's restitution payments should not be held by the Clerk of Court subject to the conditions dictated by unnamed benefactors' apparent escrow agreements with non-party attorneys. Teman asks the Court to order transfer of the funds to the Clerk of Court, who "shall hold the funds subject to the same above-described conditions as set forth in counsel's letter of

---

[1] Teman notes that the unnamed benefactor who deposited $75,000 in escrow with Maimon Kirschenbaum, Esq., has agreed to transfer funds to the Clerk of Court. *See* Teman Proposed Order at 2 ("Three of the depositors consent to transfer of their respective funds to the Clerk of the Court pursuant to the conditions set forth in counsel's letter of July 28, 2021."). However, Teman is silent on whether Mr. Kirschenbaum – the attorney holding client escrow funds and who Teman seeks to compel – himself consents to the transfer.

July 28, 2021." Namely, Teman seeks to require that the Clerk of Court only disburse restitution funds to the victim "upon affirmance of Mr. Teman's conviction by the Second Circuit on his direct appeal (or if Mr. Teman does not timely notice an appeal or otherwise defaults in pursuing his appeal)" and require that "upon vacatur of Mr. Teman's conviction by the Second Circuit (or dismissal of the charges of bank fraud), the entirety of the funds will be returned to the respective depositors." Admittedly, these requirements reflect the most likely two contingencies contemplated by the Court and the Government at sentencing. If Teman's conviction is affirmed, the Court may soon thereafter instruct the Clerk of Court to disburse funds to the Victim; if his conviction is reversed or vacated, the Could may soon thereafter instruct the Clerk of Court to return the payments to their originators. However, setting these requirements as a condition of the funds being paid to the Clerk of Court, and apparently as a way of circumventing the escrow directives of at least two benefactors, puts the Court, the Clerk of Court, and victim in an unacceptable position. The Clerk of Court would essentially become an escrow agent holding funds on behalf of Teman's benefactors subject to the conditions set by them. Should the Court later determine that restitution should be disbursed to the victim earlier or later that currently contemplated – such as if the Victim shows a more immediate need for the funds, or even if Teman seeks to delay disbursement for any reason – then the Court, Clerk of Court, or the Victim may be accused of breaching a duty or representation made to the benefactors that allowed the transfers to take place. The Clerk of Court may also be in breach of Teman's proposed order, and by proxy a representation to the benefactors, should it face any delay in disbursing funds to the victim or returning funds to the originators.

Further complicating matters is the fact that the four benefactors who have agreed to transfer funds have agreed subject to different conditions. Defense counsel has represented that the first three benefactors to agree to transfer funds agreed to that transfer subject to the conditions in Teman's July 28 Letter. Meanwhile, the fourth benefactor agreed to transfer funds "provided that the money will be held subject to the outcome of Mr. Teman's appeal." Dkt. No. 261 at 1. Although the two sets of conditions may be largely similar, the differing conditions underscores the reasons the Court should not compel the transfer of client escrow funds, or accept funds subject to conditions set by unnamed third parties.

As Teman notes, one benefactor has not even agreed to the transfer of funds held on his or her behalf. *See* Teman Letter at 1. Indeed, this benefactor previously agreed to the transfer of those funds out of escrow only after Teman's appeal was complete. Dkt. No. 251 at 1. Teman now asks the Court to order transfer elsewhere prior to that time. Teman Proposed Order at 2. In his letter today, Teman says the Court "may" abstain from ordering the transfer of the fifth benefactor's funds. Dkt. No. 261 at 1. The Government respectfully submits that the Court certainly should not compel the transfer of the fifth benefactor's funds, and that compelled transfer of the other benefactors' funds should not be done for the reasons stated herein.

With all of this in mind, the Government has a simple proposal. The Court should enter a restitution order that places Teman on a standard restitution payment plan, which requires that he make monthly installment payments of in an amount equal to 10% percent of his gross income. A proposed order to this effect is attached hereto as Exhibit A. The Government's proposed order, attached hereto, still contemplates that the Clerk of Court will not make disbursements to the victim until further order of the Court. Should Teman or the unnamed benefactors transfer $259,340.32 to the Clerk of Court before September 1, 2021, Teman's restitution obligations will be satisfied

and he will not make any monthly payments. If Teman or his benefactors transfer less than that amount of money, Teman will make restitution payments for the remaining balance on a common payment plan that requires him to pay as a percentage of his gross income. Indeed, Court recently granted a modification of the conditions of bail that would permit Teman to seek employment opportunities. *See* Dkt. No. 259. Under the Government's proposed order, money will be transferred to the Clerk of Court free and clear, without requiring the Court, Clerk of Court, and Victim to be concerned about the agreements and fiduciary duties between unnamed benefactors and non-party attorneys.

The Government has shared with defense counsel its concerns about Teman's proposed order. The Government has also shared with defense counsel its revised proposed order implementing a payment plan to begin on September 1, 2021. Defense counsel objects to the Government's proposed order.

    Respectfully submitted,

    AUDREY STRAUSS
    United States Attorney

By:   /s/
    Kedar S. Bhatia
    Assistant United States Attorney
    (212) 637-2465