UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19-CR-696 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Sentencing in this case of bank and wire fraud was held on Wednesday, July 28, 2021; the Court's judgment issued on July 29, 2021, Dkt. 253; and defendant Ari Teman filed a notice of appeal on August 3, 2021, Dkt. 254. The latter divested the Court, with limited exceptions, of jurisdiction over the case, including to modify its judgment. *See Berman v. United States*, 302 U.S. 211, 214 (1937); *United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989).

Notwithstanding these events, beginning on August 19, 2021, the Court has received a formidable and seemingly escalating series of written communications, largely by email. These have been from Teman, his counsel, his parents, and a board member of 18 Mercer Equity, Inc. ("18 Mercer").[1] These written communications include (1) a filed motion by defense counsel Susan G. Kellman, Esq., and Andrew J. Frisch, Esq., to withdraw from representing Teman in the District Court, Dkt. 266; and an emailed letter from Teman anticipating and opposing this motion, which the Court has docketed, *see* Dkt. 265; (2) multiple emailed letters from Teman

---

[1] 18 Mercer was one of the three landlord-customers on whose accounts Teman drew and deposited checks made out to his company, GateGuard, Inc., each purportedly with the customer's authorization. Of the 29 checks totaling $333,000, two, totaling $18,000, were drawn on 18 Mercer's account.

asking the Court to reopen discovery in anticipation of a Rule 33 motion, based in part on information Teman states that he has received from persons affiliated with 18 Mercer; and (3) an emailed letter from Teman's parents, expressing concern about defense counsel's motion to withdraw and confusion with regard to Teman's restitution obligation.[2]

This Order addresses the issues raised by this correspondence.

1. At the outset, the Court is dismayed by the failure of the defense to keep its promise to the Court to pay restitution ($333,000). Teman and his counsel promised that restitution would be paid by the time of sentencing. And the Court, relying on the defense's representation that such restitution was soon forthcoming, relied on this promise as a mitigating factor in sentencing Teman to a substantially below-Guidelines sentence of 12 months and one day imprisonment. It is striking and disappointing that defense counsel, in seeking to withdraw, proposes to deflect the duty to assure the payment of restitution onto as-yet unidentified successor counsel who was not party to that promise, *see* Dkt. 266 at 1, and that Teman's various letters are silent on this lapse on his part.

The Court now regards Teman as having casually dissembled to the Court as to the promise to pay restitution by the time of sentencing, and as, upon imposition of sentence, having disingenuously abandoned his stated commitment to the early payment of restitution. The Court regards such behavior as reflecting ill on Teman, and on his counsel to the extent they did not guide him to keep his word to the Court, and as meriting a strong and swift response.

---

[2] With the exception of Teman's letter opposing his counsel's motion to withdraw, the Court has not docketed the emailed communications it has received on Teman's behalf. The Court reminds Teman and his family that submissions to the Court on behalf of a represented defendant are to be made by defense counsel, who have an independent obligation to determine that the filing of such submissions comports, *inter alia*, with applicable ethical obligations.

The Court, accordingly, before taking any other action in the case, intends to assure that defense counsel and Teman forthwith arrange for the payment of the full restitution figure to the Clerk of Court, on the understanding, which the Court has clearly set out, that the Court will not order the release of such funds unless and until Teman's appellate rights with respect to his conviction and sentence have been exhausted.  *See* Dkts. 263, 264.

To assure that this promise is kept, the Court directs that, if the $333,000 restitution payment has not been made in full to the Clerk of Court by Friday, August 27, 2021, at noon, sworn declarations are be filed on the docket of this case by 5:00 p.m. that day by each of Teman, his two counsel, and each party whose funds are presently held in escrow and earmarked for restitution, each explaining in detail the failure to transmit these funds to the Clerk of Court.

The Court further schedules an **in-person** hearing for **Tuesday, August 31, 2021, at 1:00 p.m., in courtroom 1305 of the Thurgood Marshall United States Courthouse**.  This hearing will go forward if restitution has not been paid in full by 5:00 p.m. on Monday, August 30, 2021. At that hearing, the Court, depending on the circumstances that are then present, may receive testimony from Teman, his counsel, and/or any third party who Teman had represented was prepared to pay restitution on his behalf but has not yet done so.  This conference will not be lightly adjourned, as the Court has a jury trial beginning the next day, and regards this matter as urgent to resolve.  For avoidance of doubt, Teman, counsel, and any third party whose restitution payment on Teman's behalf remains unpaid are ordered to appear **in person** on that date and time.  Counsel for Teman are directed forthwith to serve this order on all such third parties, and to file a prompt affidavit of service on the docket of this case.  This order, of course, will be mooted if restitution is paid by the deadline set in this paragraph, as the Court expects it will be.

2. Pending the resolution of the restitution issue, the Court holds in abeyance the motion by defense counsel to withdraw from representing Teman in the District Court, which has been made on account of a claimed breakdown in the attorney-client relationship with Teman. The Court reminds defense counsel that, following the filing of the notice of appeal, counsel had *one job* to do in the District Court. It was to complete the payment of restitution to the Clerk of Court, as promised. The Court expects counsel to do that job. Counsel should not expect the Court to permit counsel to withdraw while that one task—which appears to involve no more than instructing the third parties whose restitution payments on Teman's behalf are held in escrow to transmit those payments to the Clerk of Court—remains undone. Once restitution has been paid as promised, the Court will promptly take up defense counsel's motion to withdraw, and the oppositions by Teman and his parents. Upon turning to that motion, the Court will consider defense counsel's proposal that submissions on the request to withdraw be made to a different judge.

3. The Court will similarly defer ruling on Teman's various anticipated applications, including for post-sentence discovery and for leave to file a Rule 33 motion, until restitution has been paid as promised. For avoidance of doubt, the Court is skeptical that it has the jurisdiction, with a notice of appeal having been filed, to grant any such relief. However, promptly upon the payment of restitution, the Court will consider such application(s), if made by counsel who have appeared for Teman (or, if Teman is by then unrepresented, by Teman *pro se*). However, so long as Teman is represented in the District Court, the Court will not receive or act upon *pro se* submissions by Teman – or on his behalf other than by counsel who have appeared for him in this case – and will not docket such submissions, other than to the extent that submissions by Teman bear on defense counsel's pending motion to withdraw.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: August 23, 2021
       New York, New York