UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

                    Defendant.

---

19-CR-696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received an email, dated September 2, 2021, from defendant Ari Teman, stating that he has fired his attorneys, Andrew J. Frisch, Esq., and Susan G. Kellman, Esq., and withdrawing his objection to Mr. Frisch's and Ms. Kellman's application to withdraw from representing Mr. Teman in this Court. Mr. Teman's email further states that his intention is to proceed *pro se* in this Court until his appellate attorneys file notices of appearance in this Court, that he does not intend to file any motions in this Court in the short period before such counsel appear in this Court, and that he will leave any such motions for his future counsel.[1] The Court has received a letter (Dkt. No. 274) from Mr. Frisch and Ms. Kellman reporting, consistent with Mr. Teman's email, that he has fired them as his counsel.

In light of these filings, Mr. Teman no longer opposes his counsels' application for leave to withdraw. As a result, there is no longer a need for the Court to receive and review *ex parte* submissions from counsel and Mr. Teman as to counsel's bases for seeking to withdraw and Mr.

---

[1] Mr. Teman's email, after addressing the status of his representation, goes on to accuse the Court of, *inter alia*, chilling free speech and abridging the freedom of the press, and to liken the order at Dkt. No. 271 to one "issued in Soviet-era Russia[]." The Court has no occasion to respond to these statements.

1

Teman's bases for opposing withdrawal. The Court accordingly withdraws its order at Dkt. No. 272, to the extent that this order set deadlines for such submissions, and grants counsels' application to withdraw, effective immediately.

It is, however, essential that Mr. Teman forthwith obtain access to the electronic docket in this case, and regularly monitor that docket. That is because, although Mr. Teman's filing of a notice of appeal has deprived this Court of jurisdiction over the matters covered by the appeal, including any ability to modify its judgment, *see, e.g., United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989), it is possible that filings may be made as to collateral matters (*e.g.*, Mr. Teman's conditions of release), and the Court may have occasion to solicit Mr. Teman's views on, or issue orders as to, such matters.

The Court directs Mr. Teman forthwith to register for a PACER account at www.pacer.uscourts.gov, and accordingly directs the Clerk of Court to grant Mr. Teman electronic filing privileges for this matter. The Court reminds Mr. Teman that his filings on the docket of this case are to be limited to subject matters within the limited jurisdiction of this Court while the case is on appeal. Filings outside of this scope, or abusive in nature, may be struck from the record upon order of the Court, and abuse of this privilege may result in revocation of electronic filing privileges. The Court further directs Mr. Frisch and Ms. Kellman to assist Mr. Teman, to the extent needed, if any, in the process of obtaining electronic filing privileges.

The Court, finally, reminds Mr. Teman that any application with respect to his pending appeal must be addressed to the Court of Appeals, not to this Court, as this Court does not have authority to adjust appellate deadlines or otherwise furnish relief with respect to the appellate process that is underway.

SO ORDERED.

                                                *Paul A. Engelmayer*
                                                PAUL A. ENGELMAYER
                                                United States District Judge

Dated: September 8, 2021
        New York, New York