

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 22, 2021

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

    The Government writes to respectfully respond to defendant Ari Teman's latest request to relax the conditions of post-conviction supervision, this time to remove the condition of location monitoring. *See* Dkt. No. 278. Furthermore, although the defendant is currently subject to a curfew, the Probation Office reports that the only methods to enforce curfew without location monitoring are unduly intrusive and resource intensive. The Probation Office therefore recommends that, should the Court remove the condition of location monitoring, it should also remove the curfew condition. As set forth below, the Government does not object to removing the conditions of location monitoring and curfew. However, the Government believes that, should the Court remove these conditions, it should increase the amount of the defendant's personal recognizance bond from $25,000 to $50,000.

    Following the defendant's conviction at trial on counts of wire fraud and bank fraud, the Government sought the defendant's remand pursuant to 18 U.S.C. § 3143(a). Following oral argument where the Court noted that immediate remand was a "close call," the Court ordered the defendant released subject to home detention enforced by location monitoring and adding a second co-signer to the defendant's $25,000 personal recognizance bond. *See* Trial Tr. 1157; Dkt. No. 91 (listing revised bail conditions). Since then, the defendant has moved multiple times to relax his bail conditions, citing the need to exercise, leave his home more frequently for health reasons, and the desire to work at certain times. *See* Dkt. Nos. 113, 201, 255. The Government has already twice consented to these proposed modifications, and the Court has twice granted them. *See* Dkt. Nos. 203, 256.

    Now, given the defendant's medical condition, the Government does not object to removing the location monitoring and curfew conditions; however, the Government believes the Court should increase the amount of the defendant's personal recognizance bond from $25,000 to $50,000. The defendant is now out of custody on the extraordinary relief of bail pending appeal, and the facts that animated the Government's decision to seek remand after trial remain true. *See*

Trial Tr. 1141, 1151. The Government believes a modest increase in the amount of the defendant's personal recognizance bond is appropriate should the Court relax other bail conditions, such as removing the conditions of location monitoring and curfew.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: ___/s/_____
Kedar S. Bhatia
Assistant United States Attorney
(212) 637-2465

Cc: All counsel (by CM/ECF)
Ari Teman (by email)

The Court is persuaded to remove the location monitoring and curfew conditions, to facilitate Mr. Teman's medical treatment, while raising the personal recognizance bond to $50,000. The Court directs the Government, in coordination with Pretrial Services, forthwith to submit a proposed order to this effect, which should also arrange for the prompt removal of the location monitoring equipment. The Court expects this equipment to be removed by the close of business Friday, September 24. The Court wishes Mr. Teman a full and speedy recovery.

9/22/2021

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

2