UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19-CR-696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a proposed order from the Government setting out the terms that

will henceforth govern defendant Ari Teman's release on bail pending appeal.  The order,

consistent with the Court's earlier order, eliminates the conditions of (1) a curfew supported by

(2) electronic monitoring, while increasing, from $25,000 to $50,000, the amount of the personal

recognizance bond to be signed by Mr. Teman and two financial responsible co-signers.

Mr. Teman, in an email to the Court's chambers, responded caustically, by attacking the

Government for including in the proposed order the requirements, in substance, that he

immediately suspend or terminate all credit auto-pay arrangements with himself and with any

company which he is affiliated, and that he not invoice or bill any person without the written

approval of his pretrial services officer.  Mr. Teman's email states that this language is "way

outside the scope."  Mr. Teman faults Government counsel for including such terms in the

proposed order, and calls Government counsel a "jackass."

Mr. Teman's objection is not well taken.  As reflected at Dkt. No. 91, at which is posted

an order issued on January 29, 2020, setting post-trial conditions of release, the bail conditions in

the Government's draft order to which Mr. Teman objects have been in place for the past nearly

20 months. The Court expects that Mr. Teman has fully and consistently complied with these conditions. The basis for the Court's recent decision to modify the bail conditions to eliminate electronic monitoring – so as to avoid interfering with medical procedures – has no bearing on the conditions relating to credit-card auto-pay arrangements and pre-approval of invoices.

The Court accordingly will issue, in substance, the order as prepared by the Government, as it faithfully implements the discrete modifications the Court has approved to the existing terms of Mr. Teman's release, and does not otherwise alter those terms. The Court expects Mr. Teman to scrupulously comply with those terms.

Separately, the Court has become aware today, *see* Dkt. No. 281, that Mr. Teman has not yet signed up for electronic access to ECF, as the Court on September 8, 2021, had ordered him to do forthwith, *see* Dkt. No. 275. The Court again directs Mr. Teman to do so forthwith. If Mr. Teman has not done so by Wednesday, September 29, 2021, the Court will invite a motion from the Government for appropriate relief for this violation of a clear court order.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: September 24, 2021
New York, New York