

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 4, 2021

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

      The Government writes to respectfully respond to defendant Ari Teman's request to remove Bail Conditions H and I set forth in the Court's order, dated September 24, 2021 (Dkt. No. 283). *See* Dkt. Nos. 284, 291 (Teman submissions).

      On January 29, 2020, a jury convicted Teman on counts of bank fraud and wire fraud for exploiting his clients' bank account information to generate hundreds of thousands of dollars worth of checks that appeared to be authorized by his clients but, of course, were not. In light of his conviction, the Court put in place, among other things, Bail Conditions H, under which the defendant must suspend all credit card auto-pay arrangements, and Bail Condition I, under which "[t]he defendant may not invoice or bill any person or business without the written approval of his Pretrial Services Officer. *See* Dkt. No. 283. The Government remains concerned about the defendant's ability to commit further fraud given his continued access to client financial information, and believes Bail Conditions H and I are reasonably tailored to that concern. *See generally* 18 U.S.C. § 3142(c) (permitting the Court to craft conditions of release that "will reasonably assure the appearance of the person as required and the safety of any other person and the community").

      However, the Government has conferred with Pretrial Services officers in the Southern District of Florida and the Southern District of New York. The Pretrial Services officers share the Government's concern about the defendant's ability to commit further financial fraud of the exact type he committed in March and April 2019 and other, similar frauds against his clients. However, the Pretrial Services officers note that Bail Condition I is difficult to meaningfully enforce and potentially a weak deterrent to fraud. The defendant apparently sends out a large volume of invoices – for example, he relayed eight invoices to the Pretrial Services office in October 2021 – and it is difficult for the office to identify on the face of the documents whether they are fraudulent or not. Pretrial Services has expressed that they are not equipped with the necessary information or resources to accurately discern the validity of the invoices submitted within a timely manner.

Furthermore, approval of the invoices themselves may not prevent the check fraud that Teman previously committed or prevent other, similar frauds he may commit in the future.

Accordingly, the Government, with the consent of Pretrial Services, respectfully requests that Bail Condition I be removed from Mr. Teman's bail conditions. *See* Dkt. No. 283. However, the Government continues to believe that Bail Condition H is appropriate and does not believe that condition is unduly burdensome.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:   /s/
        Kedar S. Bhatia
        Assistant United States Attorney
        (212) 637-2465

Cc:    Defendant Ari Teman (by CM/ECF)
       Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) (by email)
       Pretrial Services Officer David Ozoria (S.D. Fla.) (by email)