UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

---

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a letter from appellate counsel for defendant Ari Teman, dated April 13, 2022, requesting two categories of material. *See* Dkt. 313-1. The Court responds to those requests as follows.

**1.    Sealed transcripts**

Appellate counsel states that "Mr. Teman has indicated that there are a certain number of sealed transcripts from the trial court proceedings that may bear on issues of judicial bias and/or recusal. I would respectfully request that your Honor authorize the release of these transcripts to me as soon as possible so that I can assess their relevance." *Id.* at 1.

The Court encourages appellate counsel to review the docket sheet in this case. It reflects, in fact, the existence of only two sealed transcripts. Both are for proceedings that Mr. Teman attended in their entirety. Counsel is encouraged to judge for himself whether these transcripts support Mr. Teman's claims of judicial bias, or instead reflect appropriate solicitude for his interests.

The first is the transcript of Mr. Teman's sentencing, held on July 28, 2021. Dkt. 276. The Court orders this transcript unsealed, as a review of the transcript does not reveal any basis for it to be maintained under seal. The transcript reflects, *inter alia*, that: (1) the Court imposed a

term of imprisonment of 12 months and one day, below the advisory guidelines range of 30–37 months' imprisonment, a sentence within which both the Government and the Presentence Report urged; and (2) granted Mr. Teman bail pending appeal, over the Government's objection.[1]

The second is the transcript of an emergency telephone conference held on December 12, 2019, between the Court, counsel, Mr. Teman, and representatives of Pretrial Services from this District and the Southern District of Florida. That conference was urgently convened by the Court after a handwritten note was received from Mr. Teman titled "Good-bye, a Suicide Note," and otherwise indicating an intention to take his life. The transcript reflects the Court's urgent efforts to assure that mental health professionals and appropriate care were available to Mr. Teman. The Court ordered that the transcript of that conference be sealed, because it addressed confidential personal and medical information. Those considerations support the continued sealing of that transcript. *See also* Dkt. 87 at 27 (transcript of January 10, 2020 pretrial conference, at which the Court addressed, and indicated its intention to grant in pertinent measure, Mr. Teman's motion *in limine* to exclude any reference at trial to the content of his "anguished typewritten note" that was the impetus for the December 12, 2019 conference). For avoidance of doubt, however, the Court hereby authorizes the Southern District of New York court reporters to make the transcript of the December 12, 2019 telephonic conference in this case available upon request to Mr. Teman and his appellate counsel, Eden P. Quainton, Esq.[2]

The Court is unaware of any other sealed transcripts in this case. The other sealed filings in this case do not appear relevant to appellate counsel's letter, as they involve the following

---

[1] The Court has since authorized Mr. Teman to travel extensively while on bail pending appeal, including to Australia, so as to enable him to be gainfully employed. Dkt. 302.

[2] The transcript reflects the Court's order that it be accessible to the counsel then representing Mr. Teman. *See* 12/12/19 Tr. at 19.

2

materials: Mr. Teman's arrest warrant, Dkt. 2; the presentence report, Dkts. 123, 257; and medical documents, Dkt. 149.

### 2. The Court's holdings in Berkshire Hathaway

Appellate counsel also requests disclosure of the Court's present holdings in Berkshire Hathaway, Inc. For the Court's year-end holdings in Berkshire Hathaway for the years 2011 through 2020, the Court directs appellate counsel to the Court's annual financial disclosures, which are publicly available. The Court's financial disclosure for the year ending December 31, 2021 has not been prepared; the annual filing deadline is May 15, 2022. However, insofar as the deadline for filing Mr. Teman's appellate brief falls before that date, the Court notifies appellate counsel that, as to its year-end holdings in Berkshire Hathaway, its financial disclosures for the year ending December 31, 2021 will be consistent with those for the year ending December 31, 2020.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 15, 2022
       New York, New York