

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 28, 2022

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

      The Government writes to respectfully respond to defendant Ari Teman's request for a modification of his bail conditions to travel to Israel for 90 days to visit his mother. *See* Dkt. No. 322. For the reasons set forth below, the Government opposes to the proposed modification.

      The Government has conferred with Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) and Probation Officer David Ozoria (S.D. Fla.), who is supervising Teman at his residence in Miami (together with Bostic, "Pretrial Services"), regarding the defendant's request. Pretrial Services opposes the defendant's proposed modification.

      On January 29, 2020, a jury convicted Teman on counts of bank fraud and wire fraud for exploiting his clients' bank account information to generate hundreds of thousands of dollars worth of checks that appeared to be authorized by his clients but, of course, were not. Following the defendant's conviction, the Government sought the defendant's remand pursuant to 18 U.S.C. § 3143(a). Following oral argument where the Court noted that immediate remand was a "close call," the Court ordered the defendant released subject to home detention enforced by location monitoring, among other conditions. *See* Trial Tr. 1157; Dkt. No. 91 (listing revised bail conditions). On July 28, 2021, the defendant was sentenced principally to one year imprisonment and three years' supervised release. *See* Dkt. No. 253.

      Since his conviction, the defendant has moved multiple times to relax his bail conditions, citing the need to exercise, leave his home more frequently for health reasons, the desire to work outside of ordinary business hours, and the desire to perform comedy in a foreign country. *See* Dkt. Nos. 113, 201, 255, 296. The Government has consented to some modifications and opposed others, and the Court has granted some modification and denied others. *See* Dkt. Nos. 203, 256, 282, 294, 300, 302. Most recently, the defendant requested permission to travel to Australia to perform at a comedy festival. Dkt. No. 296. The Government and Pretrial Services took no position but proposed additional conditions that should be imposed should the Court grant the defendant's request, and the Court granted the defendant's request with the additional conditions proposed by the Government and Pretrial Services. Dkt. No. 300, 302.

At this time, the defendant is released on bail pending his appeal subject to the following conditions: A $50,000 personal recognizance bond secured by two financially responsible persons; Travel will be restricted to the Southern Eastern District of New York, Eastern District of New York, and Southern District of Florida; Surrender all travel documents and make no new applications; Strict Pretrial Services supervision; Mental health evaluation and treatment as directed by pretrial services; The defendant is not to create or deposit any remotely created check; and the defendant is to immediately suspend or terminate all credit card auto-pay arrangements with him or with any company which he is affiliated. *See* Dkt. Nos. 283, 294.

The defendant now seeks permission to travel to Israel for a period of 90 days, beginning in May 2022, to visit his family, including his mother who is having surgery. *See* Dkt. No. 322.

The Government and Pretrial Services oppose the defendant's request. First, all Pretrial Services interactions with the defendant while he is Israel would be remote, and officers would have no way of performing in-home inspections to verify where the defendant is staying during this extended period. Nor could Pretrial Services assist the defendant in the event of an emergency. Second, the defendant seeks to travel to a country where he has close family, which substantially increases the risk of flight. Third, while the defendant makes claims about the hardship of court-imposed supervision, he is only at liberty due to the extraordinary relief of bail pending appeal and the defendant himself has been responsible for protracted delays in perfecting his appeal. Most recently, Teman requested and was granted his fourth motion for an extension of time to file his Appellant's Brief. *See United States v. Teman*, No. 21-1920 (2d. Cir. Apr. 22, 2022) (extending the deadline for the appellant's brief to May 25, 2022). Finally, the defendant's increasingly erratic behavior – including his recent serial applications to the Court, *see, e.g.*, Dkt. No. 314 – give little assurance that he is no danger to the community and no risk of flight.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By:    /s/
    Kedar S. Bhatia
    Assistant United States Attorney
    (212) 637-2465

Cc:    Defendant Ari Teman (by CM/ECF)
       Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) (by email)
       Probation Officer David Ozoria (S.D. Fla.) (by email)