# Ari B. Teman

B"H

The Honorable Judge Paul Engelmayer

Southern District of New York

40 Foley Square

New York, NY 10007

AUG 18, 2022

AV 21, 5782

**Re: Unopposed Motion for PACER fee exemption, and Motion for recusal**

Your Honor,

The Defendant writes again seeking approval for a PACER fee exemption. PACER fees can add up to thousands of dollars without an exemption and the defendant is already in debt, having already expended many hundreds of thousands of dollars in legal fees. Because research is ongoing, the defendant expects thousands of dollars in additional fees without this exemption which would be an obstacle to the defendant's exercising legal rights and obtaining the materials required for filings.

Given there is already a bipartisan campaign to make PACER free anyway ( https://www.reuters.com/legal/legalindustry/free-pacer-bill-end-fees-online-court-records-advances-senate-2021-12-09/ ), and there is little to no real cost to the Government to run search queries or access content, there is no loss to the Government in allowing this motion.

The reason for the need for PACER is that despite Your Honor's claims otherwise, there is pending activity in this district court. Specifically, I will be filing a motion for recusal, motion for modifications of bond conditions, a motion for resentencing, and a civil rights lawsuit in SDFL, based on:

1.   Your Honor's admission that Your Honor regularly makes ex parte calls to the Government to secure them "additional supervision", which, in my case, resulted in an immediate and complete change of prosecution team and strategy. (I was too mentally ill at the time to understand and demand recusal (or to prepare for or participate in a trial at all), and Your Honor and the Government surely counted on that and denied the existence of this hearing and I did not get the transcript until _ thanks to the Court Reporter.)

2. Your Honor's admission that Your Honor holds approximately $2M in Bank of America (via Berkshire) and did not disclose this until a year after trial, despite denying our right to call a bank law expert who was to testify that Bank of America was at-fault, not I.

3. Your Honor's admission *nearly 6 months after I retained his firm*, that Mr. Biale was a close personal friend and that Mr. Biale's wife is AUSA Graham who has a history of cheating (US v Pizzaro) and could overhear all my attorney-client calls and texts. (Dkt. 284 P. 4)

4. Your Honor's failure to exercise his disclosure to hold hearings on exculpatory evidence, such as the sworn affidavit of Shelly Jenkins-Pecot (Dkt. 284 P7) and the new evidence she provided which shows without question that Bonnie Soon-Osberger and Gina Hom willfully violated their subpoenas, colluding to hide emails (Dkt. 284 P.9) to-which they were both copied, where the other woman who voted to approve GateGuard's online Terms reminded them of the fees, reminded them of the dates and amounts I'd warned them of these fees, and told Soon-Osberger she was "legally liable" for these fees. This evidence was in Your Honor's hands *last August, a year ago, and any Judge who wasn't deeply personally conflicted would have dismissed this case then*.

It is thus my plan to download and analyze Your Honor's docket history in Criminal and Civil matters as pertains to ex parte calls, financial conflicts disclosure failures, and failure to disclose conflicts with counsel immediately.

As well, it is my plan to analyze sentences and bond conditions by Your Honor and other Judges in SDNY show that Your Honor tortured me with a highly unusual 19 months of 20-hours-per-day isolation during COVID-19 away from family and loved ones, and that this and Your Honor's sentence are abnormal, cruel, and unusual. To do this most accurately, I require a full set of data, which I intend to scape from PACER.

Scraping PACER is legal and they merely ask it be done on off peak hours ( https://pacer.uscourts.gov/file-case/developer-resources ). Because PACER is a relatively old system, we must download many thousands of cases in order to find the ones matching certain criteria. This is expensive, and could add-up to many thousands of dollars without an exemption. This would prohibit me from accessing data needed to exercise my rights to argue for a fair trial before an impartial judge who does not make ex parte calls which have an immediate tactical benefit to one parte (in violation of the Judicial Code of Conduct).

Assisting me will be the Free Law Project (commonly known as Court Listener), Mr. Mike Lissner, and we will be making Your Honor's complete docket (all cases) publicly searchable so that humans and computers can analyze it, and hopefully help other defendants whom Your Honor and the Government has made ex parte calls about exercise their rights to a new, fair trial before a judge who does not call in extra help for one party ex parte. Thus, denying me the PACER fee exemption will also prevent other defendants who are victims of

Your Honor's pattern of ex parte calls (as admitted-to by Your Honor on Docket No. 321.1 Page 5, Line 10 onwards), from accessing the data.

As well, it is our plan to reach-out to every defense attorney and civil litigator who appeared before Your Honor to inquire if Your Honor made similar disclosures in sealed robing-room hearings (or similar) of ex parte calls, and what if any effect it had on their cases. This is obviously so we can prepare additional motions (if Your Honor still refuses to recuse despite the many legal experts and Rabbis) and also show Judicial oversight committees and bar associations that Your Honor's ex parte calls and undisclosed financial conflicts have had a profound effect on multiple defendants and that extreme action is required to defend equal justice. If Your Honor denies this motion, it can only be to prevent myself and other defendants from filing motions for recusal based on Your Honors *admitted* ex parte calls, as it would be difficult for us to locate and confer with the defendants' counsel (We will obviously not contact the ones who, like Mr. Biale, are close personal friends with Your Honor and/or married to Prosecutors)

As Your Honor knows, dozens of Rabbis (Dkt. No. 326), some of whom are lawyers, have called for Your Honor's immediate recusal and resignation due to the above violations of my rights and the rights of other defendants which Your Honor has *admitted* to. Further, as they included in their letter, multiple respected legal experts, including Harvard Professor Lawrence Lessig and SCOTUS-winner Ronald Coleman (both entirely pro-bono and we did not know each other at all prior to this case) have called the case a major injustice and Your Honor's ruling legally baseless and this case a cover-up. Thus, I am far from alone in motioning for recusal.

If Your Honor denies this motion it can only be to protect Your Honor from further exposure as to ex parte calls and financial and personal conflicts in other cases. There is no question that Your Honor has made ex parte calls to get the Government extra help in other cases, because Your Honor admitted this (Dkt. 321.1), the question of course is what effect such calls had, and in order to have a fair understanding of this, communication with all counsel who appeared before Your Honor is warranted and required.

Because this motion is expressly related to public accusations by legal experts and Rabbis as to Your Honor's alleged corruption (It is corrupt to call in extra supervision for one side and not the other, and to do so on an unrecorded call. It is corrupt to fabricate quotes a defendant never said. It is corrupt to not disclose Your Honor holds $2,000,000 or so in the bank the defendant's legal experts claim is the party at-fault!) it is obvious that Your Honor must recuse.

For the reasons above and the reasons outlined by the Rabbis and Lawyers in Dkt. No 326, and because the Defendant will also file a motion for resentencing, and a motion based on freestanding evidence of innocence which includes corruption by friends of Your Honor, the Defendant respectfully motions for recusal.

As a courtesy, the Defendant notes that GateGuard Inc will be filing a lawsuit against Your Honor and the Government in the Florida Southern District, where it is based, for the unconstitutional bond conditions, such as a ban on recurring charges, which were not subject to any hearing or even questioning at trial (Dkt. 284, again). GateGuard has suffered many millions in damages as a result of the aforementioned ex parte calls, undisclosed financial conflicts, Your Honor's close personal friend Biale delaying Teman's ability to get exculpatory information (through outright fraud by Biale), and inhumane bond conditions -- not to mention Your Honor ignoring (Dkt. 321.1) that Teman was obviously mentally unfit to prepare for trial or to stand trial and not ordering a professional analysis and an adjournment. This prevented Teman from getting a fair trial, tortured Teman during a time he was already severely ill (mentally and physically), and delayed and prevented his recovery and thus his ability to run and grow the company. The suit will seek an order requiring Your Honor to recuse from US v Teman among other items relating to bond conditions. This is unavoidable -- GateGuard must defend its rights as a corporation -- and will create another conflict.

As Your Honor knows, I emailed Mr. Bhatia and the Government does not oppose the motion for PACER fee exemptions, stating that they "take no position" on it. We also emailed Mr. Bhatia asking for a list of cases Your Honor made ex parte calls to the Government to get them "extra supervision" or any other time, and he refused, which is why this research is required and the PACER fee exemption required, and thus why also recusal is required.

Your Honor has, for over a year, had the discretion to review evidence of my innocence and free me. Your Honor has abused that discretion to protect his friend Mr. Biale from a malpractice suit, and his investment Bank of America from a fraud suit. Of course, Your Honor also denied the existence of and then refused to give permission to access the sealed transcript now on the record at Dkt. 321.1 where Your Honor confessed to multiple cases of ex parte calls to ensure the Government got extra help to convict.

Defendant respectfully motions again for the PACER Fee exemption.

The bias by Your Honor is so astounding that dozens of Rabbis (And more since!) have signed a public letter (Dkt. 326) calling for Your Honor to recuse and resign. The Defendant respectfully joins the respected Rabbis from across the United States of America and motions for Your Honor's immediate recusal from *United States v Teman*.

Thank you,



Ari Teman,

Defendant, pro se