

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 3, 2022

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

The Government respectfully writes to respond to defendant Ari Teman's latest request for modification of his bail conditions. *See* Dkt. No. 330. This time, Teman seeks permission to mail books to prisoners and conduct certain travel. As set forth below, the Government do not object to Teman's various requests but in some instances believes certain limitations should be imposed.

On January 29, 2020, a jury convicted Teman on counts of bank fraud and wire fraud for exploiting his clients' bank account information to generate hundreds of thousands of dollars worth of checks that appeared to be authorized by his clients but, of course, were not. Following the defendant's conviction, the Government sought the defendant's remand pursuant to 18 U.S.C. § 3143(a). Following oral argument where the Court noted that immediate remand was a "close call," the Court ordered the defendant released subject to home detention enforced by location monitoring, among other conditions. *See* Trial Tr. 1157; Dkt. No. 91 (listing revised bail conditions). On July 28, 2021, the defendant was sentenced principally to one year imprisonment and three years' supervised release. *See* Dkt. No. 253.

Since his conviction, the defendant has moved multiple times to relax his bail conditions, citing the need to exercise, leave his home more frequently for health reasons, the desire to work outside of ordinary business hours, and the desire to perform comedy in a foreign country. *See* Dkt. Nos. 113, 201, 255, 296, 322. The Government has consented to some modifications and opposed others, and the Court has granted some modification and denied others. *See* Dkt. Nos. 203, 256, 282, 294, 300, 302, 323. Most recently, the defendant requested and was denied permission to travel to Israel. Dkt. No. 325.

At this time, the defendant is released on bail pending his appeal subject to the following conditions: A $50,000 personal recognizance bond secured by two financially responsible persons; Travel will be restricted to the Southern Eastern District of New York, Eastern District of New York, and Southern District of Florida; Surrender all travel documents and make no new applications; Strict Pretrial Services supervision; Mental health evaluation and treatment as directed by pretrial services; The defendant is not to create or deposit any remotely created check;

and the defendant is to immediately suspend or terminate all credit card auto-pay arrangements with him or with any company which he is affiliated. *See* Dkt. Nos. 283, 294.

The modifications that Teman now seeks are described below, along with the Government's position on each:

1. Teman seeks to send books to prisons, which he says would violate the prohibition on associated with others convicted of crimes. While he does have a condition that would prohibit this behavior while he is on supervised release after his term of imprisonment, *see* Dkt. No. 253 at 5, right now, while he is subject to the terms of pretrial release, there is no such prohibition on contact with those convicted of crimes, *see* Dkt. No. 283. Accordingly, there is no need for the modification Teman seeks and his motion should be denied as moot. However, to the extent there is a condition barring contact with those convicted of crimes, the Government consents to the modification that will allow him to mail books to prison facilities.

2. Teman seeks a modification of his bail conditions to allow him travel to New Jersey for medical procedures and to visit family and participate in Jewish events. The Government does not object to the modification but believes Teman should be required to provide an itinerary to his pretrial officer before his travel.

3. Teman seeks a modification of his bail conditions to allow him travel throughout Florida for Hurricane Ian relief. The Government does not object to the modification but believes Teman should be required to provide an itinerary to his pretrial officer and proof that he is traveling as part of the Hurricane Ian relief effort before his travel.

The Government believes the restrictions above are appropriate in light of Teman's history of erratic behavior, *see, e.g.*, Dkt. No. 314, and his "threatening and callous" communications with customers, Sent'g Tr. at 71-72, both of which demonstrate Teman's danger to the community and risk of flight. The Government further notes that Teman has been able to stay his term of imprisonment for more than a year only on the extraordinary relief of bail pending appeal.

The Government has conferred with Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) and Probation Officer David Ozoria (S.D. Fla.), who is supervising Teman at his residence in Miami (together with Bostic, "Pretrial Services"), regarding the defendant's requests. Pretrial

Services has no objection to the defendant's requests and concur in the Government's proposed limitations, described above.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/
Kedar S. Bhatia
Assistant United States Attorney
(212) 637-2465

Cc: Defendant Ari Teman (by CM/ECF)
Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) (by email)
Probation Officer David Ozoria (S.D. Fla.) (by email)