

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 27, 2022

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

  The Government respectfully writes to respond to defendant Ari Teman's latest requests for a modification of his bail conditions. *See* Dkt. Nos. 330, 334. Having conferred with the Pretrial Services Officers supervising the defendant, the Government submits the attached proposed order to effectuate the defendant's travel requests and submits that the Court should deny the defendant's request for modification of the financial terms of his continued release on bail pending appeal.

  *First*, regarding the defendant's request to travel, the Government submits the attached proposed order to effectuate the Government's proposed conditions of travel and the conditions that the Court intends to impose. *See* Dkt. No. 332, 333. Pretrial Services has reviewed and given input on the terms of the proposed order.

  *Second*, regarding the defendant's requested modification to certain financial conditions of release, the Government opposes any modification. In his most recent request to modify his conditions of release, the defendant writes that his companies' "clients have asked that they be able to pay their monthly fees . . . via debit or credit card, saying that it is difficult for them to pay by check for such services." Dkt. No. 334 at 1. There is no prohibition on payment by debit card or credit card, so this aspect of his request should be denied as moot. *See* Dkt. No. 283.

  There is, however, a condition of the defendant's bail, Condition H, which prohibits "credit card auto-pay arrangements with him or with any company which he is affiliated." *See id.* at 2. To this condition, the defendant writes "it would be a huge help if JCorps can collect monthly donations from volunteers and donors to cover supplies and hopefully hire staff to help organize events." Dkt. No. 334 at 1. Given the defendant's conviction in this case and the conduct underlying that conviction – which included exploiting his customer's financial information without their authorization in order to enrich himself – the Government has serious concerns about the defendant exploiting reoccurring, auto-pay donations. Of course, the Government does not doubt the good meaning of the defendant's purported donors; however, the risk of the defendant exploiting those payments is concerning to the Government. For this reason, while the defendant

is on release under the extraordinary relief of bail pending appeal, the Government submits that there should be no change to Condition H. Pretrial Services takes the same position.

However, should the Court determine that the defendant should be able to collect reoccurring donations, the Government and the Pretrial Services submit that the Court should remove Condition H entirely. Pretrial Services cannot meaningfully or timely review individual requests for automatic payments, so any condition requiring review by Pretrial Services may be unworkable. Of course, if the defendant commits new crimes using his donor's financial information he runs the risk of being charged with new crimes and having his bail revoked in this case.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:    /s/
        Kedar S. Bhatia
        Assistant United States Attorney
        (212) 637-2465

Cc:    Defendant Ari Teman (by CM/ECF)
      Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) (by email)
      Probation Officer David Ozoria (S.D. Fla.) (by email)