

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 7, 2023

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

  The Government respectfully submits this letter in response to defendant Ari Teman's motion, dated February 1, 2023 (Dkt. 338) ("Teman Motion"), and the Court's subsequent Order, dated February 2, 2023 (Dkt. 339) ("Order"). In his Motion, the defendant alleges instances in which his identity was misappropriated, spins yet another set of fanciful theories about Government misconduct, and seeks, without any lawful authority, court orders that would compel various companies to give the defendant identifying and location information for private parties.

  In its Order, the Court asks the Government to respond to certain of the defendant's allegations. Specifically, the Court asks the Government to (1) provide any information known to it about the events reported by Mr. Teman; (2) "confirm that none of the Government personnel involved in the investigation, prosecution or supervision of Mr. Teman participated in the improprieties he has described"; and (3) "confirm that online misconduct by others impersonating, or otherwise victimizing, Mr. Teman will not be treated by the Pretrial Services Office, the Probation Department, or the Government as a violation of Mr. Teman's conditions of release." Order at 1-2.

  In response to the first inquiry, the Government does not have any additional information about the acts described in Mr. Teman's Motion.[1] In response to the second inquiry, none of the Government personnel involved in the investigation, prosecution or supervision of Mr. Teman participated in the improprieties he has described. In response to the third inquiry, while the Government does not have any information about the alleged improprieties except what the

---

[1] In the Order, the Court asked the Government to serve a copy of Mr. Teman's Motion and the Court's Order on Mr. Teman's appellate counsel so that appellate counsel would be apprised of the documents. Order at 2. The Government has complied with the Court's instruction to serve those documents. The Government notes that Mr. Teman's appellate counsel was copied on Mr. Teman's earlier correspondence with the Government related to the instant Motion and is regularly copied on Mr. Teman's *pro se* correspondence to the Government regarding matters in the District Court.

defendant alleges in his Motion, it is axiomatic that he should not be held responsible for actions that are not his, and being a victim of a crime does not constitute a violation of his bail conditions.[2]

Respectfully submitted,

DAMIAN WILLIAMS  
United States Attorney for the  
Southern District of New York

By:  /s/  
 Kedar S. Bhatia  
 Assistant United States Attorney  
 (212) 637-2465

Cc: Defendant Ari Teman (by CM/ECF)  
 Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) (by email)  
 Probation Officer David Ozoria (S.D. Fla.) (by email)  
 Eden Quainton, Esq. (by email)

---

[2] While the Court is not issuing the proposed order to various business that the defendants seeks, Order at 2, the Government notes that it would have serious concerns about the lawful authority or propriety of such an order. The proposed order would compel "T-Mobile, Meta, Google, Apple Inc, and any and all of their subsidies, Partners, and vendors" to produce to the defendant, a private party, sensitive identifying and location information for all users of two particular IP addresses at any time over the past four years. Teman Letter at 5. This could constitute a staggering volume of sensitive data, would be produced to a private party unrestrained by any protective order, and the defendant cites no authority whatsoever for obtaining that information. *Cf. United States v. Kone*, 591 F. Supp. 2d 593 (S.D.N.Y. 2008) (holding that a district court's order permitting a search of defendant's home violated the Fourth Amendment where there was no probable cause finding). The Government's concern about the propriety of such an order is further heightened by the defendant's history of erratic behavior, *see, e.g.*, Dkt. Nos. 282, 314; his "threatening and callous" communications with customers, *see, e.g.*, Sent'g Tr. at 71-72; Dkt. No. 150 at 6; and his public statements disparaging witnesses against him in the lead-up to trial, *see* Dkt. No. 47.

On February 1, 2023, in the defendant's email to the Government and Pretrial Services Officers asking for consent to file his Motion, the defendant indicated that he has "asked local law enforcement to help," but was seeking a proposed order from the Court because "ISPs generally want a court order that's Federal." If the defendant's allegations have any merit, the local law enforcement officers to whom Teman has reported this conduct may be entitled to lawfully compel the information that Teman seeks in the proposed order.