

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 14, 2023

**BY CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:     *United States v. Ari Teman*, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

The Government respectfully writes to respond to defendant Ari Teman's latest requests for a modification of his bail conditions. *See* Dkt. No. 342. The Government also writes to address the defendant's recent arrest, *see* Dkt. No. 343, and the Court's inquiry regarding redactions, *see* Dkt. No. 346. For the reasons set forth below, the Government opposes the defendant's request to travel internationally. Indeed, given the defendant's recent arrest and the circumstances underlying it, the Government requests a bail reviewing hearing at which it expects to ask the Court to remand the defendant.

The Government has conferred with Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) and Probation Officer David Ozoria (S.D. Fla.), who is supervising Teman in Miami (together with Bostic, "Pretrial Services"), regarding the defendant's request. Pretrial Services defers to the Government regarding Teman's motion.

On January 29, 2020, a jury convicted Teman on counts of bank fraud and wire fraud for exploiting his clients' bank account information to generate hundreds of thousands of dollars worth of checks that appeared to be authorized by his clients but, of course, were not. Following the defendant's conviction, the Government sought the defendant's remand pursuant to 18 U.S.C. § 3143(a). Following oral argument where the Court noted that immediate remand was a "close call," the Court ordered the defendant released subject to home detention enforced by location monitoring, among other conditions. *See* Trial Tr. 1157; Dkt. No. 91 (listing revised bail conditions). On July 28, 2021, the defendant was sentenced principally to one year imprisonment and three years' supervised release. *See* Dkt. No. 253. At sentencing, the Court granted Teman's motion bail pending appeal.

Since his conviction, the defendant has moved multiple times to relax his bail conditions, citing the need to exercise, leave his home more frequently for health reasons, the desire to work outside of ordinary business hours, and the desire to perform comedy in a foreign country. *See* Dkt. Nos. 113, 201, 255, 296, 322, 331, 334. The Government has consented to some modifications and opposed others, and the Court has granted some modification and denied others. *See* Dkt. Nos.

203, 256, 282, 294, 300, 302, 325, 333, 335, 337. Among other things, the Court removed the location monitoring condition on September 22, 2021, in response to the defendant's need for specific medical procedures. *See* Dkt. No. 280.

At this time, the defendant is released on bail pending his appeal subject to the following conditions: A $50,000 personal recognizance bond secured by two financially responsible persons; Travel will be restricted to the Southern Eastern District of New York, Eastern District of New York, Southern District of Florida, and the District of New Jersey, with certain conditions; Surrender all travel documents and make no new applications; Strict Pretrial Services supervision; Mental health evaluation and treatment as directed by pretrial services; The defendant is not to create or deposit any remotely created check; and the defendant is to immediately suspend or terminate all credit card auto-pay arrangements with him or with any company which he is affiliated. *See* Dkt. Nos. 283, 294, 337.

Notably, a year ago, on April 26, 2022, the defendant requested permission to travel to Israel for 90 days to perform in comedy shows and to visit his mother. Dkt. Nos. 332 (motion); 334 (reply). The Government and Pretrial Services both opposed the defendant's motion based on the difficulty in supervising the defendant while abroad and the risk of flight. Dkt. No. 323. The Court denied Teman's motion but indicated that it might grant his motion in certain circumstances:

> Although there are conditions on which the Court expects it would permit Teman to travel to Israel, the Court is not prepared to approve Teman's current request, for two reasons. First, insofar as the request is keyed to his mother's medical condition, the Court requires verification of the fact and timing of Teman's mother's surgery. Teman should attach a letter from a medical professional attesting to the fact and date of that surgery. Second, the 90-day duration of Teman's absence from the United States is too long. It impedes Pretrial Services' supervision of him and enhances the prospect of flight. The Court would be prepared to approve travel to Israel of shorter duration (*e.g.*, two weeks). To the extent Teman wishes to travel to Israel on such terms, he is to coordinate with Pretrial Services before submitting a new application to the Court. The application should set out, concretely, the means by which Pretrial Services would monitor Teman while in Israel, where Teman would stay while in Israel, and the particular dates and flights on which Teman proposes to travel.

Dkt. 325 at 1-2.

On or about March 12, 2023, the defendant was arrested in Miami Beach, Florida, and charged with a count of battery. Based on the arrest report, the Government understands that on or about March 11, 2023, the defendant was at a café in Miami Beach, where he complained to the owner of the café about athletes running near the business. The next day, March 12, 2023, the defendant went back to the café and again saw athletes running nearby. He positioned chairs to block the runners' path. When one runner tried to move the defendant's obstruction, he pushed one of the runners and then chased after the runner. During the chase, the defendant pushed two more runners, and after this third assault another runner pushed the defendant. The defendant has pleaded not guilty and trial is scheduled for June 2023.

Based on the arrest report and the pending charges, the Government has renewed concerns about the defendant's risk of flight and danger to the community. The defendant was once again unable to restrain his anger: before aimed at his business's customers, then aimed at the witnesses against him, and now aimed at runners on the sidewalk. The battery occurred against a backdrop of the defendant's history of erratic behavior, *see, e.g.*, Dkt. Nos. 282, 314; his "threatening and callous" communications with customers, *see, e.g.*, Sent'g Tr. at 71-72; Dkt. No. 150 at 6; and his public statements disparaging witnesses against him in the lead-up to trial, *see* Dkt. No. 47. The defendant's history of this behavior continues unabated. On April 11, 2023, in a *pro se* email to local prosecutors in Miami Beach, he accused them of "being assholes by pursuing this case." As the Court knows, the defendant's committed this assault and is continuing to harass while *on bail pending appeal* and more than three years after his conviction at trial.

In a recent Order, the Court asked Pretrial Services to address why it did not notify the Court of the defendant's arrest or seek the Court's view on a bail hearing until April 12, 2023. Dkt. No. 344 at 1-2. Pretrial Services notes the following: In light of the Court's inquiry with respect to the timing of the Pretrial Services Memorandum reporting the defendant's arrest in Miami, FL on March 12, 2023, it should be noted that the delay was due in large part to the effort it took to obtain and verify all necessary information regarding he arrest. The defendant's supervising officer in the SD/FL assisted in the process. On April 12, 2023, Pretrial Services received a response from the Miami County ADA Nahum Joseph advising that his office had no objection to the defendant traveling to Israel. On April 13, 2023, Pretrial Services received the arrest report and transmitted it to the Court. At a hearing on April 14, 2023, the local court in Miami Beach modified the defendant's bond conditions in that case to permit his travel to Israel from April 17 to May 9, 2023. Furthermore, on the issue of Court action, as noted in the Memorandum, Pretrial Services is not requesting any action regarding the aforementioned arrest. On the issue of travel to Israel, Pretrial Services defers to the Government.

Given the defendant's most recent arrest, the Government respectfully requests a bail reviewing hearing, at which it expects to seek the defendant's remand. *See* 18 U.S.C. §§ 3143(b), 3148(b). The defendant's most recent arrest builds on his pattern of threatening and disruptive behavior. The conduct underlying his arrest in Miami Beach is serious assaultive behavior: the defendant pushed a runner, chased her down the street, and pushed two more runners. The day after complaining about the runners to the café owner, Teman decided to take matters into his own hands. It is unacceptable that the defendant committed this crime while his federal prison sentence is being held in abeyance. Lesser alternatives such as location monitoring have proven to be largely unworkable due to the defendant's frequent purported need for exceptions to location monitoring and his behavior while on release, including his assault.[1] The Court agreed to remove the location monitoring condition to facilitate certain medical visits, Dkt. No. 280, and that trust has been repaid only with a new assault that demonstrates the defendant's danger to the community

---

[1] Specifically, based on conversations with Probation Officer Ozoria, the Government understands that the defendant has frequently complained that he is being coerced by the Court and Pretrial Services, is regularly argumentative, and has to be asked multiple times to complete certain requirements. However, Probation Officer Ozoria notes that Teman does ultimately comply with the Officer's directives.

and increases his risk of flight. The Government submits that only remand for the defendant to begin serving his sentence is appropriate.

For similar reasons, the Government opposes the defendant's motion to modify his bail conditions. First, all Pretrial Services interactions with the defendant while he is Israel would be remote, and officers would have no way of performing in-home inspections to verify where the defendant is staying during this period. Nor could Pretrial Services assist the defendant in the event of an emergency. Second, the defendant seeks to travel to a country where he has close family, which substantially increases the risk of flight. Third, given the defendant's prior history and his most recent arrest, the Government has concerns about his risk of flight and danger to the community, as set forth above.

In his motion and email correspondence with the Court, the defendant argues that he should be permitted to go to Israel for three weeks because prosecutors and the local court in Miami Beach have no objection to his travel. The Government submits that the local prosecutors and local court's views in Miami Beach are reasonably limited to weighing the travel request given the case before them. However, this Court is reviewing the defendant's application in a very different posture. It is not a mere request for pretrial travel on an unblemished record; the defendant has already been sentenced to a term of imprisonment and he was granted the extraordinary relief of bail pending appeal. The defendant certainly should not be permitted to travel abroad given the new criminal prosecution against him. However, as the Court requested, the Government has attached a proposed order authorizing Teman's travel, should the Court decide to grant the defendant's motion. Pretrial Services agrees with the conditions stated in the proposed order.

Earlier today, April 14, 2023, the Court asked the parties to give input on what redactions are appropriate for materials submitted to the Court by the defendant regarding the Miami Beach criminal proceeding. *See* Dkt. No. 346. The Government has conferred with local prosecutors in Miami Beach, who take the position that the materials may be filed on the public docket with the names of lay witnesses and victims redacted. The Government agrees that those redactions are necessary and appropriate, along with redactions of personal identifying information for the defendant, victims, and witnesses, but the documents may otherwise be publicly filed. If the Court

agrees, the Government can submit appropriately redacted documents to the Court or file them on the public docket.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____/s/_____

Kedar S. Bhatia
Assistant United States Attorney
(212) 637-2465

Cc:    Defendant Ari Teman (by CM/ECF)
Pretrial Services Officer Dayshawn Bostic (S.D.N.Y.) (by email)
Probation Officer David Ozoria (S.D. Fla.) (by email)

5