B"H

Ari B. Teman

Mon, 17 April 2023

The Honorable Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square,
New York, NY

**Re:    Financial Affidavit, attached and disclaimed.**
**Update on Miami Beach matter.**
**Request to attend hearing remotely due to court hearing the day prior and financial situation.**

Your Honor,

The Court should also be aware that:

1. The Florida State Attorney's Office (SAO) informed me today at 12:01 PM via email that they referred the matter regarding the Miami Beach police officers to the Public Corruption Unit, after being presented with the Body Worn Camera footage and transcripts.

2. The Eleventh Circuit is holding a hearing on a Motion to Dismiss that case on the 19th. It is currently unopposed by the Miami Beach prosecutors.

3. The judge in that matter, and the prosecutors have already stipulated-to and ordered a "no jail" stipulation, meaning I cannot be confined and only face a fine.

4. The judge in that matter and the prosecutors agree I am not a flight risk or risk to the community and have modified bond conditions to allow me to travel to Israel, New York, and New Jersey.

   Therefore, to modify bond conditions based on that case would be both premature and prejudicial.

   In light of this, especially in light of the police being investigated by the Public Corruption unit, I ask the Court to terminate or adjourn any bond condition hearings and allow me to visit my mother.

   As I am not facing jail, and there is a no jail stipulation, there is no increased risk of flight.

**Attached is the affidavit requested, supporting the need for a Federal Defender.**

   To be clear, I and my companies are unable to sustain ourselves without loans. These are "Jewish loans", in that they are interest-free and not due until I am able to begin paying. However, the Court's bond conditions forbidding recurring revenue has crippled the defendant's ability to pay. As well, I was not in a state to handle my finances during much of the past few years, because of the severe mental health effects of the 20-hours-per-day isolation and home confinement. My father and friends took care of me during this time.

   My parents are out of funds, having depleted their retirement savings, and I do not have access or ability to raise more funds for legal defense.

   With respect to the Court, please understand that I did not terminate my counsel to be pro se, but they chose to withdraw (after we chose other counsel to handle the appeal instead of them), and I asked them to stay on. In fact, I attach the email to Your Honor regarding this as an exhibit herein.

I am deeply in debt and cannot afford additional counsel.

### The Current Bond Conditions Help Maintain My Mental Health

In addition to the need for regular MRI and other scans due to the neurological conditions for which the monitor was removed, I also want to note that removing the monitor has had a great improvement on my mental health:

I have **not** been hospitalized for mental health reasons since the ankle monitor was removed, which allows me to both go to work (a cheap cubicle in a coworking space near my friends and community members) and also go for a walk, swim in the ocean (which is also helpful for pain), or see a friend when I am stressed.

As well, my physical health and ability to exercise has greatly improved, as has my sleep.

For this reason, I ask that the Court not place any monitoring devices back on because this had a severe consequence on my physical health and mental health and is unwarranted by the conditions.

As Your Honor has noted, I am not a threat to the community.

Furthermore, the Court already increased (double) the bond amount after removing the monitor.

### Request for a Zoom or Online Hearing Due to Signatories Burden & Lack of Funds

One of the signatories lives in and works near Philadelphia. The other, my aunt, is a single mother and cannot miss work.

I must also prepare for and appear at a Motion to Dismiss hearing in the Eleventh Circuit on the 19th, which would make traveling to NYC that day extremely difficult and stressful.

As well, as Your Honor can see above, my financial situation is unstable and dire and a trip to NYC and a hotel will be extremely costly and given this hearing is limited to bond conditions and a number of parties will be remote, I ask that the hearing be remote. I am in extreme debt, and it is unfair and unduly burdensome to ask me to fly to NYC and stay in a hotel for a brief hearing when I cannot even afford counsel.

Therefore, I respectfully request that the bond hearing be remote, or that I be allowed to appear by phone or video even if counsel appears in person.

Given Your Honor is not intending to Remand me, and as Your Honor even held sentencing and other hearings on video for years during COVID, I hope that this is agreeable and you will not burden me with additional travel stress and expenses.

Thank you,

Ari Teman
Defendant,
*Pro Se (not by choice)*
4/17/2023