# Ari**Teman**

Miami Beach, FL
ari@teman.com

The Honorable Judge Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square, New York, NY 10007

CC:   US Attorney Ms. Aubrey Strauss,                              United States v. Teman (1:19-cr-00696)
      AUSA Mr. Bhatia, AUSA Mr. Gutwillig,
      Southern District of New York;
      Mr. Frisch, Ms. Kellman,

      via email (and ECF via the Clerk)
      (Dear Clerk, kindly file this letter to the docket, as I do not have ECF access.)

**RE: Please deny my attorneys' request to withdraw, due to new evidence provided today. Please order the Shareholders of 18 Mercer, Crystal Management and Mr. Solemani to comply with subpoenas and provide all responsive documents.**

Your Honor,

Based on a phone call **today** (August 19, 2021) with a shareholder of 18 Mercer, Ms. Margarette Crimmins and depositions taken in the last two (2) weeks in *GateGuard v Goldmont*, I respectfully request that Your Honor deny Mr. Frisch and Ms. Kellman's request to withdraw[1] because we will be filing a Rule 33 motion to dismiss based on new evidence. This includes multiple emails and documents including an October 22, 2018 email to be provided by Ms. Crimmins where the shareholders of 18 Mercer warned Ms. Soon-Osberger she would be "legally liable" because she had the construction workers move and disable the GateGuard intercom. It also includes proof (outlined below) that Mr. Soleimani hid a significant amount of responsive and exculpatory documents, and that Mr. Bhatia, Mr. Gutwillig, and Mr. Alessandrino knew this and acted to hide it.

According to Ms. Crimmins and the text of the email itself, Crystal Management was also copied on the email, as was the entire board of directors of 18 Mercer and their shareholders. Ms. Crimmins also apparently sent a follow-up email to Ms. Soon-Osberger asking her why she had not replied?

It appears from the conversation and description of the email that the Mercer board, including Ms. Crimmins, Ms. Tooker, and Ms. Pecot had accused Soon-Osberger of "sabotaging" the GateGuard device "to get a refund", and that they told Ms. Soon-Osberger that she was "legally liable" because she was the one who had the device moved.

This was apparently a breakaway thread (on which I was not copied, and which was not provided in discovery by Soon-Osberger/Mercer or Hom/Crystal) from my email asking "Who moved the intercom at 18 Mercer?" in the subject line. I believe my original email is in evidence, but I attach it again for Your Honor's convenience.

There are, according to a brief conversation with Ms. Crimmins many more documents and emails which were not provided to the defense by Soon-Osberger and Hom and Crystal, despite them being subpoenaed, which

---

[1] I and my parents have been unable to reach Mr. Frisch or Ms. Kelman for a number of days, surely they are very busy and it is the summer months so they may be away, so I am reaching out directly only to avoid their motion being granted prematurely.

show **that Soon-Osberger and Hom/Crystal were well aware of the Terms and Conditions, and that Soon-Osberger "sabotaged" the device, "to get a refund".**

Apparently these documents also show that **Soon-Osberger and Hom were fired from the Board of 18 Mercer *before the RCCs* and therefore were not lawful representatives of Mercer when they filed the chargebacks** and they were not authorized to file them or represent Mercer in any way.

Ms. Soon-Osberger and Hom did not provide these documents, despite them being responsive to subpoenas, and even represented during testimony they were still representing 18 Mercer, if I recall correctly -- certainly we had no idea they were *fired for "sabotaging"* the device -- so it is clear Ms. Soon-Osberger and Ms. Hom violated their subpoenas significantly.

Your Honor, it is also my understanding from the brief conversation that the **18 Mercer board was provided Joseph Soleimani as a reference** *and may have relied upon his feedback* when signing up for GateGuard at our website.

I therefore request the motion be denied until we can gather the documents. Because the motion is pending I send this out quickly, with the caveat that I have not had time to review all documents and Ms. Crimmins has not yet sent the documents discussed on the phone, saying "she has to open her computer and get them", saying her phone does not have emails from 2018 but her computer does.

I also respectfully request / motion that, similar in format to Your Honor's order of those holding restitution in escrow, Your Honor order the board members and shareholders of 18 Mercer Street and Crystal Management[2] to comply with their subpoenas and/or to provide any and all documents related to GateGuard and Ari Teman. *This makes sense because Ms. Crimmins says the entire board is copied on the email to Soon Osberger telling her she is "legally liable" for the penalty fees, and not one of them disputed the fees or that the Terms they reviewed (Soon Osberger wrote "we" reviewed them to me) allowed for these fees and the RCCs.*

## Soleimani also violated his subpoena -- we learned in the last few weeks

Your Honor, we also know from depositions in the last 2 weeks (August 11 and August 18) in *GateGuard v Goldmont (1:20-cv-01609)* that Mr. Soleimani hid messages discussing me, GateGuard, and *US v Teman*, prior to trial, with defendants in *GateGuard v Goldmont, and GateGuard v MVI Systems ( 1:19-cv-02472 )*, and that Mr. Bhatia was aware of this.

Your Honor, we also learned just last week on August 11, in a deposition of Mr. Abi Goldenberg, that Mr. Bhatia hid multiple interviews with Mr. Goldenberg and the attorney he shares with Mr. Soleimani and Mr. Taub (the CEO of MVI Systems, and a defendant in *GateGuard v MVI Systems*. We also learned that Mr. Bhatia and Mr. Allesandrino asked Mr. Soleimani to seek out additional victims and that Soleimani hid multiple messages on this topic between himself and Mr. Abi Goldenberg and Mr. Taub and others, and that Mr. Bhatia appears to also have hidden Mr. Soleimani's collusion with defendants MVI and Goldmont.

---

[2] These include but may not be limited to: Bonnie Soon-Osberger <bsoon-osberger@metisource.com> and <bsoonosberger@gmail.com>, Stephanie Phillip <shp83@hotmail.com>, Mark Osberger <mark.axisfilms@gmail.com>, Angela Huang <ahuang30@gmail.com>, Tracey Tooker <traceytooker@hotmail.com>, Richard Wien <rwien@cbs.com>, Roberta Buldini <robi.buldini@gmail.com>, Jackie Monzon" <jackie@crystalrmi.com>, Gina Hom <Gina@crystalrmi.com>, Sandy De La Cruz <sandy@crystalrmi.com> , Archie Davidson <inchfitness@aol.com>, Shelly Jenkins Pecot <shelly.pecot@gmail.com>, Caroline Cabrerra <caroline@crystalrmi.com>

In his deposition, Mr. Leon Goldenberg told my attorney that he knew he owed GateGuard the funds, that he had signed a contract, and that he hoped I would go to prison so they could avoid paying. Records in evidence in that trial show they actively tried to sabotage my defense fund fundraising, and made defamatory comments to those assisting me. Thus, it is no surprise they were willing to collude with Mr. Bhatia and Mr. Soleimani.

Your Honor, we also learned that Mr. Bhatia hid multiple interviews with Mr. Abi Goldenberg and Mr. Simcha Schonfeld, who is the joint attorney for Mr. Soleimani, Mr. Goldenberg, Goldmont Properties, ABJ Properties, aiand MVI Systems -- these witnesses are not independent as Your Honor (reasonably) assumed! In fact, they have been colluding and messaging, calling, and emailing each other behind the scenes since before my trial, and Mr. Bhatia and Mr. Allesandrino not only knew this, they encouraged it and then hid it from my counsel!

Therefore, it is premature for Mr. Frisch or Ms. Kellman to withdraw as this new evidence from Ms. Crimmins and from the depositions in *GateGuard v Goldmont* is grounds for filing a Rule 33.

I also respectfully request that Your Honor reopen discovery in this case to allow my attorneys to re-issue the subpoenas to the shareholders of 18 Mercer for these documents, and to Mr. Soleimani and ABJ Properties to understand why the exculpatory communications between him and Soon-Osberger/Mercer were not disclosed.

Your Honor, respectfully, because the Jury did not see this and other new evidence, and because these witnesses perjured and violated their subpoenas, they may have assumed I did (1) not warn the clients about the terms, (2) the specific fees, (3) the contractual ability to draft the RCCs, (4) that I "structured" the terms (My law firm, GKH did, and they copied Airbnbn's terms almost identically), (5) that the clients were not aware of the terms before purchasing and before the RCCs. We can now, with the new evidence, prove these assumptions incorrect.

We may have been able to prove them via Ms. Shelly Jenkins Pecot, but we suffered because Ms. Shelly Jenkins Pecot fled the country despite being served at every address she has on record *and* via Whatsapp, and I was too sleep deprived and mentally unfit (Your Honor knows I was in the mental hospital within weeks of trial) to point my attorneys to the lapses in evidence or to take the stand. Mr. Gelfand thought all he had to do was prove I did not "forge" documents so he did not think I would need to participate in my trial. This is also arguably ineffective assistance of counsel, which is why Attorney David Markus (A Harvard Law graduate, like Your Honor) recommended I replace Gelfand and DiRuzzo with new counsel and recommended Justine Harris.[3]

Thanks to Ms. Crimmins and the discovery in the last few weeks in *GateGuard v Goldmont* we can now prove conclusively that Soleimani, Hom, Soon-Osberger, Crystal, and ABJ Properties willfully violated their subpoenas *and that Mr. Bhatia and Mr. Allesandrino knew this*.

The new evidence also shows that I did warn Mercer and Soleimani about the specific fees ($18000 device removal fee, $10000 collections fee, attorney-use fee), the contractual right to draft RCCs without invoicing first, and that I did provide an itemized list ("invoice") to both parties.

---

[3] Despite Your Honor's personal attack on me on July 9th, I did not decide to replace Gelfand and DiRuzzo myself, I relied on Mr. Markus' advice and recommendation after he reviewed the record considering taking the appeal (which he was going to do until Mr. Biale let his wife eavesdrop for four-plus months creating a conflict, since Markus had recommended Biale's firm). I did not decide to fire SherTremonte myself, but was told it is an unwaivable conflict once your attorney intentionally fails his disclosure obligations and allows an SDNY prosecutor with a history of disclosure violations to overhear your privileged conversations.

At the very least, Mr. Solemani's interactions with Goldmont and MVI would have opened him up to cross examination on these topics *as well as his discussions of the multiple federal lawsuits I fired based on the Terms & Conditions of GateGuard, including enforcing subpages*. This would kill mens rea, because the jury would see I 100% believed the terms to be legal and enforceable to the point I filed multiple federal lawsuits based on them in this same district! And I filed those suits using Attorney Reinitz!  (Thus he was fully aware of the Terms and subpages when he gave me the advice on how to draft the RCCs. We also have a witness who came forward after trial who overheard Mr. Reinitz give me the advise on how to draft the RCCs and provided a sworn affidavit to that effect.) And that Soleimani knew we enforced the terms via lawsuits and was working with the defendants in those cases to cheat me into prison so they could avoid paying. (It would also counter Mr. Bhatia's argument that we didn't file suits -- we did, and we were about to sue Soleimani when Mr. Allesandrino waltzed into my office July 3rd, 2019.)

**Now that we have the opportunity to present this new evidence and prove my innocence, I respectfully ask Your Honor to deny Mr. Frisch and Ms. Kellman's request to withdraw.**

I also respectfully request that Your Honor grant me an additional 90 days to file an appeal because of today's revelation, and the revelations of the past two weeks. I have the attorney I wish to hire, who comes highly recommended,  but it will cost me significant funds which I will need to borrow from my retired parents.. Obviously when Ms. Crimmins comes through with the emails and documents (willingly or by Your Honor's order) that she represented to me just now on the phone that she has, I will not need to take on this debt and my father and mother can be safer in their retirement funds.

Thank you,

Ari Teman

**The original email (I believe this is in evidence):**

Subject: Who moved the intercom at 18 Mercer?
From: Ari Teman <ari@teman.com>
Fri, Oct 5, 2018, 1:49 PM
To: Stephanie, bonnie, Mark, ahuang30, traceytooker, rwien, robi.buldini, shelly.pecot, margaret, Archie, Jackie

Hi 18 Mercer Shareholders / Tenants,

Excuse the interruption. Archie says someone at your building moved the new intercom higher on the wall. Because of this, people's faces cannot be seen (guests or residents).

Whoever did it, please inform us or management (you should have let them handle this!!) so they can arrange for you to cover the costs of returning the device to the proper height.

As a reminder & fair warning: Nobody except our technicians is allowed to move or modify our devices, and ==there's a 10-year contract on the device and payments. Violating this contract can result in liens placed on the building, which means in a condo/coop a lien on each unit.==

We do not like to be in this position, we have hoped we would not have to go there, but this building's current leadership (for lack of a better word) continues to cause headaches to your mangement company and to us by ==going against both our instructions and advice  (such as to not install the device until the internet was updated, to not move the device, to let management handle the full project) over and over,and even doing this construction without either of our knowledge, etc.==  This is unsafe, unworkable, and ultimately costly for no good reason to your management company (how can they help you when you're not informing them???) and to us, so ==we will enforce the contract.==

Your best bet may be to vote in new leadership, but this and all the above (everything herein) is only my opinion.

Cheers,
Ari