B"H

Ari B. Teman

Thu, 8 Jun 2023
19th of Sivan, 5783

The Honorable Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square,
New York, NY

**Re:  Motion to be assigned a Federal Defender for all post-trial matters**

Your Honor,

As your Honor no doubt knows, the Second Circuit Court of Appeals affirmed Your Honor's decision today. See USA v. Teman, 21-1920, Dkt. 150. In light of this decision, I respectfully motion for the Court to assign the Federal Defenders (https://www.federaldefendersny.org/ ) as counsel to the Defendant for all post-trial and post-appeal motions in this court.

I intend to file:

1. A § 2255 motion based on ineffective assistance of counsel and the Defendant's lack of capacity to prepare for and stand trial. As to the first point, in its decision, the Second Circuit stated the following:

> Teman next argues that his trial attorneys were ineffective because they called as a defense witness Teman's and GateGuard's corporate counsel, Ariel Reinitz, opening the door to damaging text messages between Teman and Reinitz. **This claim is premature**. "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the trial record "in many cases will not disclose the facts necessary to decide either prong of the Strickland analysis." Massaro v. United States, 538 U.S. 500, 504 (2003). That is true here, since the record is not sufficiently developed to allow for appellate review. In the district court, the claim was raised only orally, at a post-sentencing hearing. Teman's trial counsel thus did not have a chance to explain the strategy behind the decision to call Reinitz, and a court facing an ineffective assistance claim "should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence." Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998). **Teman may present this claim in a § 2255 motion.**

As well, experts who have examined and treated me will attest that at the time leading up to and during trial I was heavily medicated and sedated and had not had healthy REM sleep for months, due to then undiagnosed and untreated conditions. I was unfit to prepare for and stand trial or assist my counsel in preparing for trial.

2.     A Rule 33 New Evidence motion showing, among other things, that Government witnesses hid evidence and presented false testimony and that the Government improperly interfered in the defense's ability to collect relevant evidence.

3.     A motion to be resentenced to Time-Served, or to a reduced sentence or alternative sentence, because I was held in solitary confinement for 19 months for 20-hours a day, thousands of miles away from loved ones. As well, I was also forced to endure a serious illness for 6 months without family and loved ones by my side. I was hospitalized repeatedly, required surgery, and still suffer the effects of that prolonged illness and isolation.

4.     Other motions that an expert defender may seek to raise on my behalf.

Although I was represented in the appellate proceedings before the Second Circuit, I have now completely exhausted my own and my family's resources and am unable to bear the cost of a private attorney to raise the foregoing issues, including the ineffective assistance claim underscored by the Second Circuit as warranting further review.

As a result, I will only be able to present clearly meritorious arguments with the assistance of a federal defender. I respectfully request that such counsel be appointed as soon as possible and that the attorney be given 90 days to familiarize himself or herself with the case and the new evidence issues, as well as the mental health issues, before any hearing regarding dates of reporting to prison be held.

This will also give me time to arrange for care for my pet dog, Tzahala, my belongings to be packed and stored, and for someone to be trained and equipped to service my company's customers -- where many thousands of people rely on the services of his intercom every month.

I have complied with all post-trial conditions and am not a flight risk or risk to the community and therefore ask for 90 days to prepare the above motions with counsel.

I have already provided financial information to attest to my eligibility for the appointment of counsel, and Your Honor assigned counsel for the most-recent hearing as a result (Dkt. 354). I am ready to provide any additional information the Court requires.

Respectfully submitted,

*Ari Teman, Defendant*