UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

---

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

In a summary order issued June 8, 2023, the United States Court of Appeals for the Second Circuit affirmed the conviction of defendant Ari Teman. This order addresses limited matters appropriate for action by this Court prior to the Circuit's issuance of its mandate.

1. *Appointment of counsel*: Since his sentencing, Mr. Teman has been *pro se* in this Court, although he was represented by retained counsel in his appeal to the Second Circuit. In a letter motion filed June 8, 2023 following issuance of the summary order, Mr. Teman seeks appointment of counsel to represent him in post-appeal matters before the Court. Dkt. 366. The Court has reviewed the financial affidavit that Mr. Teman recently submitted in support of the appointment of counsel for the limited purpose of representing him in connection with a bond review hearing, Dkts. 351, 352-1, which resulted in the Court's appointment for that purpose of the on-duty Criminal Justice Act counsel, Karloff C. Commissiong, Esq., Dkt. 354. Mr. Teman's June 8, 2023 letter reiterates that he lacks the funds to retain counsel. Dkt. 366. These filings establish that Mr. Teman qualifies for the appointment of counsel.

The Court accordingly re-appoints Mr. Commissiong to represent Mr. Teman in district court proceedings in this case.[1]

In light of the affirmance of Mr. Teman's conviction, Mr. Commissiong's representation is intended to cover matters preliminary to Mr. Teman's surrender, including the designation of a Bureau of Prisons ("BOP") facility, requests that Mr. Teman be given access to particular BOP programs, and other motions bearing on service of Mr. Teman's sentence. Mr. Commissiong's appointment also covers representation of Mr. Teman in connection with the 28 U.S.C. § 2255 motion that Mr. Teman has indicated that he intends to make, based on ineffective assistance of counsel, which this Court identified as presenting a substantial question for appeal and which the Second Circuit in its summary order identified as a suitable subject for a § 2255 motion. The appointment of counsel will enable Mr. Teman to ably litigate such a motion.

For avoidance of doubt, this appointment does not authorize Mr. Commissiong to represent Mr. Teman in challenges under § 2255 to his conviction or sentence that Mr. Teman wishes to make on grounds other than ineffective assistance of counsel. Mr. Commissiong is at liberty to petition the Court for leave to expand his appointed representation to cover § 2255 motions on other grounds.

2.  *§ 2255 motion based on ineffective assistance of counsel*: The Court notifies counsel that, in the event that a § 2255 motion based on ineffective assistance of counsel is made, the Court expects to issue a standard order notifying Mr. Teman that evaluation of that motion would require sworn testimonial statements and/or testimony from his former attorneys,

---

[1] In his recent letter, Mr. Teman requested that the Federal Defenders Service be appointed to represent him for post-trial matters. A defendant does not, however, have the right to select his court-appointed counsel. Mr. Commissiong's re-appointment serves the interest of continuity. The Court's staff has confirmed Mr. Commissiong's availability to represent Mr. Teman.

and that pressing such a claim of ineffective assistance would require him to waive his attorney-client privilege as to those attorneys. An example of such an order, and the attached form by which the defendant may authorize his former attorneys to give such statements and testimony, may be found at Dkt. 152 in *United States v. Bright*, 18 Cr. 56 (KPF). The Court expects that, in anticipation of filing a § 2255 motion on this ground, Mr. Commissiong will discuss these issues with Mr. Teman.

3. *Designation and surrender*: At Mr. Teman's sentencing, the defense did not ask the Court to recommend to the BOP that Mr. Teman be designated to a particular facility or to a facility as close as possible to a particular area (*e.g.*, Miami, Florida, where Mr. Teman resides). The Court is prepared to make such a recommendation. If Mr. Teman wishes the Court to do so, Mr. Commissiong should communicate the proposed recommendation to the Court by Friday, June 23, 2023. As to a surrender date, although the Court will defer setting a date pending input from counsel, the Court would ordinarily set a surrender date eight (8) weeks after the issuance of the Second Circuit's mandate. Mr. Teman should order his affairs so as to be prepared to surrender on such a timetable.

SO ORDERED.

Paul A. Engelmayer
PAUL A. ENGELMAYER
United States District Judge

Dated: June 15, 2023
New York, New York