B"H

Ari B. Teman

Mon, 26 June 2023
7th of Tamuz, 5783

The Honorable Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square,
New York, NY

**Re:  Motion to be assigned a Federal Defender for all post-trial matters**

Your Honor,

    Mr. Commissiong has suggested that I write to your Honor to request appointment of the Federal Defenders ( https://www.federaldefendersny.org/ ).

    Mr. Commissiong has been unable to find time to speak with me or appellate counsel even once since beeing appointed, still has not provided times he might be able to speak, while suggesting he will be unavailable for yet another week (half the time left), and has even missed a deadline and filed a document without conferring with his client.

    I and my counsel and family do not have confidence in his ability to represent me given his lack of time to speak with his client, read documents, or confer with appellate counsel about matters which appellate counsel believes require motion practice in the District Court.

    As a reminder, these issues are:

1. A § 2255 motion based on ineffective assistance of counsel and the Defendant's lack of capacity to prepare for and stand trial. As to the first point, in its decision, the Second Circuit stated the following:

> Teman next argues that his trial attorneys were ineffective because they called as a defense witness Teman's and GateGuard's corporate counsel, Ariel Reinitz, opening the door to damaging text messages between Teman and Reinitz. **This claim is premature**. "[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the trial record "in many cases will not disclose the facts necessary to decide either prong of the Strickland analysis." Massaro v. United States, 538 U.S. 500, 504 (2003). That is true here, since the record is not sufficiently developed to allow for appellate review. In the district court, the claim was raised only orally, at a post-sentencing hearing. Teman's trial counsel thus did not have a chance to explain the strategy behind the decision to call Reinitz, and a court facing an ineffective assistance claim "should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence." Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998). **Teman may present this claim in a § 2255 motion.**

As well, experts who have examined and treated me will attest that at the time leading up to and during trial I was heavily medicated and sedated and had not had healthy REM sleep for months, due to then undiagnosed and untreated conditions. I was unfit to prepare for and stand trial or assist my counsel in preparing for trial.

2.      A Rule 33 New Evidence motion showing, among other things, that Government witnesses hid evidence and presented false testimony and that the Government improperly interfered in the defense's ability to collect relevant evidence. (This includes evidence Your Honor has not-yet seen and therefore will please not prejudge and decide does not warrant counsel.)

3.      A motion to be resentenced to Time-Served, or to a reduced sentence or alternative sentence, because I was held in solitary confinement for 19 months for 20-hours a day, thousands of miles away from loved ones. As well, I was also forced to endure a serious illness for 6 months without family and loved ones by my side. I was hospitalized repeatedly, required surgery, and still suffer the effects of that prolonged illness and isolation.

4.      Other motions that an expert defender may seek to raise on my behalf.

As a result, I respectfully repeat my motion for Your Honor to assign the Federal Defenders ( https://www.federaldefendersny.org/ ), and for such counsel to be granted 90 days to prepare adequately.

Respectfully submitted,

*Ari Teman, Defendant*