B"H

Ari B. Teman

Sept 4, 2023
18th of Elul, 5783

The Honorable Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square,
New York, NY

**Re:  Motion to be assigned a Federal Defender, to provide them 90 days to prepare a 2255 motion addressing the "significant issues" identified by Mr. Commsiong, and to stay the report date for 90 days to allow the defendant to prepare with counsel**

Your Honor,

On May 31, 2023, the Defendant respectfully motioned for the Court to assign the Federal Defenders (https://www.federaldefendersny.org/ ) as counsel to the Defendant for all post-trial motions in this court (Dkt. No. 364), and again on June 8, 2023 (Dkt. No. 366).

Your Honor instead assigned Mr. Commissiong on June 15, 2023 (Dkt 367).

On June 26, 2023, I wrote to Your Honor (Dkt. No. 369):

> Your Honor,
>
> Mr. Commissiong has suggested that I write to your Honor to request appointment of the Federal Defenders ( https://www.federaldefendersny.org/ ).
>
> Mr. Commissiong has been unable to find time to speak with me or appellate counsel even once since being appointed, still has not provided times he might be able to speak, while suggesting he will be unavailable for yet another week (half the time left), and has even missed a deadline and filed a document without conferring with his client.
>
> I and my counsel and family do not have confidence in his ability to represent me given his lack of time to speak with his client, read documents, or confer with appellate counsel about matters which appellate counsel believes require motion practice in the District Court.

Your honor denied this request (Dkt. No 371).

However, Mr. Commissiong has repeatedly failed to meet his own deadlines (Not only to his client and appellate counsel, but to the Court by his own admission, see Dkt. No. 368) and to this date has been unable to provide an outline or any proof of work.

Mr. Commissiong informed the court that there are  **"significant issues"** (Dkt. 373), but has been repeatedly unable to find time to discuss them with the defendant or appellate counsel. Multiple times, meetings have been missed or rescheduled at the last minute.

A call would be promised and instead an email saying there is "nothing I need to discuss with you" would be sent, as shown below. This became a pattern, and was stressful to the defendant and my family.

**Ultimately Mr. Commissiong agreed that the Defendant should be assigned new counsel in his most-recent letter to the Court.**

As the following email thread shows (medically sensitive & privileged items redacted) Mr. Commissiong was not prepared with any update, even a basic outline of a plan, and expected to need more time:

   

**Karloff Commssiong** <karloff@amcmlaw.c...   Wed, Aug 30, 12:44 PM (4 days ago)
to me

Just checking in with you to let you know there is nothing I need to discuss with you.  Take care.

Get Outlook for iOS

**From:** Ari B. Teman <ari@teman.com>
**Sent:** Tuesday, August 22, 2023 2:29:11 PM
**To:** Karloff Commssiong <karloff@amcmlaw.com>
**Subject:** Re: PRIVILEDGED - PTSD transcripts

    

**Ari B. Teman** <ari@teman.com>   Aug 30, 2023, 1:06 PM (4 days ago)
to Karloff

Hi Karloff,
Thank you. When do you expect to have a draft, and when are you targeting to file the 2255 please? Of course, Eden should review (Appellate counsel) and I before just to double check fact/timeline issues.

Please let me know how I can be helpful.

Ari

    

**Karloff Commssiong** <karloff@amcmlaw.co...   Wed, Aug 30, 1:24 PM (4 days ago)
to me

Hi Ari,

I don't have a date for you on either.  There is a chance that I may ask for an extra time to file.  If so it would only be a week or two.  I had planned to check in with Eden as I work through a draft, because of his familiarity with these issues as appellate counsel.  As always, I will keep you updated and I will give you a more firm idea of what I'm thinking regarding timing by the end of next week.  That includes whether I intend to request additional time.  Take care.

Get Outlook for iOS

However, Mr. Commissiong did not keep his promise, yet again, and did not provide a firm idea regarding timing by the end of the week, nor on Saturday.

Once again, his simple but crucial promise to update a defendant with limited time at liberty where he can work with counsel and have access to relevant files and clear communication with appellate counsel and family was broken.

The defendant, this morning, Sunday, respectfully requested an outline and draft, and addressed the repeatedly broken promises, expressing how disconcerting the broken promises and lack of work have become to him and his family (the redacted email is my father's), and asked Mr. Commissiong to either provide some sign of work and plan or ask Your Honor that I should be appointed a Federal Defendant if he was unable to make deadlines:



> Hi Karloff,
>
> We would like to see an outline and draft this week. You told me you would have an update by the end of the week on an estimated time but there was no update.
>
> It is really very disconcerting that there's no work to be seen this far into the process and this close to a deadline. As well you have made promises to update me and failed to keep those promises repeatedly.
>
> I had one lawyer who didn't tell me his wife was a prosecutor and the judge was his mentee and I didn't go with my gut there and fire him when he wasn't doing anything we asked, and that cost me dearly, so I'm going to do the same here if you're unwilling to show any progress this week.
>
> If you are unwilling to do so please withdraw and inform Judge Engelmayer that you are unable to show any work at this point to your client and you have repeatedly failed to meet deadlines. Please ask him to resign the case to a Federal Defender and give 45 days to them.

[Redacted to maintain privilege. No rights waived.]

To be clear, Mr. Commissiong and I have had cordial and (I had hoped) fruitful conversations.

My family and I do not understand why at this point he is unable to provide even a basic outline or meet any deadlines, but I understand that his family was hit by a bad case of COVID and so I am sure it is not personal. I very much like Mr. Commissiong and did not want him to withdraw, but my family, appellate counsel, and I have grown increasingly concerned that there's not a single outline or draft or any written work to be seen this close to the deadline.

**The lack of updates and communication from counsel has been extremely stressful on my mother, as well**

> As Your Honor knows, my mother has recently had surgery, and the surgery has ongoing complications, and this additional stress and uncertainty is all the more unhelpful. There is nothing concrete for her or my father, or I to latch onto, no outline, plan, or even a solid deadline. It is very emotionally trying for everyone. She and my father look forward to updates, and then these calls are blown off with such emails and zero updates or outlines and it is causing them tremendous stress.

Thus, without any negative reflections of Mr. Commissiong -- surely it must be issues outside his control causing these delays and missed deadlines, perhaps something personal -- out of respect for my parents and my own mental health, and to protect my rights to file a full and detailed 2255, I must respectfully assert and protect my rights to representation that has the time and ability to focus on my case, is able to meet deadlines, and has the time to speak with their client (the defendant) and appellate counsel to be up on the facts.

**Mr. Commissiong wrote to your Honor (Dkt No. 373), indicating the volume of material to review is far more substantial than 45 days allows for a defense attorney to parse, and that there are "significant issues for briefing":**

> To date, I have discussed with Mr. Teman various **significant** issues for briefing, and I need time to continue to speak with Mr. Teman about those issues and continue to identify additional issues for briefing.

**Mr. Commissiong continued, noting that counsel would be unable to effectively discuss these issues were defendant incarcerated**

> Communication with Mr. Teman once he is incarcerated will be significantly restricted.  Case 1:19-cr-00696-PAE   Merely scheduling a phone communication with a client at a BOP facility can be an onerous process.  Once he is incarcerated, it is not possible to predict, 1) how long it will take to get into contact with Mr. Teman, 2) how much time he will be granted for legal calls, or 3) whether and to what extent the frequency and duration of the calls will be affected by unexpected lockdowns or impromptu inmate counts.

**June 15, when Mr. Commsiong was assigned, was 80 days ago, and he showed that was not sufficient time**

> Given the "significant issues", and considering Mr. Commissioning was planning to ask the Court for *two additional weeks on top o*f the filing deadline of Sept 21 (18 days from today), that would be 80 plus 18 plus 14 days, for a total of 112 days.
>
> Therefore, 90 days is a fair and reasonable amount of time for any counsel to digest the content, review with myself and appellate counsel.

Therefore the Defendant respectfully requests that Your Honor assign non-conflicted defense counsel to represent the Defendant, and that Your Honor provide them at-least 90 days to work with the Defendant (88 to 112 days being be the amount Mr. Commsiong suggested he ultimately needed).

While Your Honor has made clear the indigent defendant cannot choose his own counsel, these delays and missed deadlines are not at all the fault of the defendant, who has been diligent not only in following-up with Mr. Commsiong, but providing spreadsheets of issues, links to transcripts, and additional resources, together with my father's help and the help of Mr. Quainton  (as my memory of trial is very spotty and at times completely blank due to the severe health issues I faced at the time, they have helped with identifying issues in the transcripts that I did not even recall, for example). Therefore, I respectfully request that Your Honor assign the Federal Defenders or someone who works for that office ( https://www.federaldefendersny.org/ ), such that they will have adequate time and resources to represent me and chase down the issues.

A defendant and defendant's family and appellate asking his counsel for an outline or plan after 80 days of representation is a normal, reasonable, and fair request.

An attorney repeatedly missing deadlines and breaking promises to the Court, defendant, and appellate counsel, refusing to provide even a basic outline or plan after 80 days of representation, is not reasonable, adequate, or effective representation -- even if it is due to external factors. Perhaps there is a personal or health matter -- that is none of the client's business, but the end result is that there is no work to be shown 80 days into this, when Your Honor had originally only granted 45!

Therefore, it is only fair that the Court assign counsel that is non-conflicted and that has adequate time such that it is able to meet and discuss the case with the client and appellate counsel, keep promises to the client and the Court, and have some form of plan and outline after months of representation.

Therefore, the Defendant respectfully re-requests that the Court assign the Federal Defender's office, who can serve as *completely unconflicted counsel*, provide them 90 days to understand and motion upon the "significant issues" identified by Mr. Commsiong. This is a fair amount of time, given it is *less* than what Mr. Commsiong needed.

Because of the "significant issues" identified by Mr. Commsiong and the time required for new counsel to understand these issues and prepare a motion, the defendant respectfully requests that Your Honor stay any possible reporting to prison for 120 days, so that replacement counsel can prepare and file the 2255 and I can help them without being overwhelmed and in a very unstable and unpredictable environment.

As well, it is Appellate Counsel's plan to file a SCOTUS Cert shortly, and that is another reason to stay reporting to prison until, at the very least, counsel has filed a 2255 and it has been argued.

For these reasons, the defendant and his family respectfully request that the Court (a) assign counsel that has the time and ability to meet and discuss with their client, (b) provide replacement counsel 90 days to prepare, and (c) stay reporting to prison until after that counsel motions via 2255 on the "significant issues" identified by and confirmed by Mr. Commisiong, which include new evidence that we believe will convince Your Honor not only of my innocence but of ineffective assistance of counsel.

Respectfully submitted,

*Ari Teman, Defendant*