UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ARI TEMAN,<br><br>Defendant. | 19-CR-696 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

This order responds to an application by appointed counsel to be relieved of his responsibility for assisting defendant Ari Teman in preparing a petition under 28 U.S.C. § 2255.

On June 8, 2023, the Second Circuit affirmed Teman's convictions on two counts apiece of wire fraud and fraud. The Circuit's mandate issued on August 18, 2023. *See* Dkt. 380.

On June 15, 2023, the Court appointed Karloff Commissiong, Esq., a member of this Court's Criminal Justice Act ("CJA") panel, to represent Teman for the limited purpose of preparing an anticipated § 2255 petition that would claim ineffective assistance of counsel. Teman had raised that claim on appeal, but the Second Circuit held that it was properly litigated on a § 2255 petition. Dkt. 367. Teman had previously been represented in this Court, and on appeal, by a series of retained counsel. In seeking appointment of counsel to assist in the preparation of a § 2255 petition following the affirmance of his conviction, Teman represented that he was no longer financially able to retain counsel. Dkt. 366.

On September 3, 2023, the Court received a letter from Mr. Commissiong. Dkt. 381. It reports that, although Mr. Commissiong has worked diligently on the § 2255 ineffective assistance petition during the preceding months, including to master the record, communicate

with predecessor counsel, and evaluate potential claims, there has been a "complete breakdown of communications" between himself and Teman. *Id.* Mr. Commissiong seeks to be relieved from his position as appointed counsel, in anticipation of the appointment of successor counsel. *Id.* Mr. Commissiong's letter does not elaborate on the circumstances giving rise to the breakdown between himself and his client.

The Court will take up Mr. Commissiong's application to be relieved at an in-person hearing scheduled for **Monday, September 11, 2023,** at **12:00 p.m.,** in **Courtroom 1305** in the Thurgood Marshall United States Courthouse. The Court's deputy has confirmed Mr. Commissiong's availability at this time. The Court directs Teman to attend this conference, in person, as well.

The Court's purpose in holding the September 11 conference is to determine, based on inquiries of Mr. Commissiong and Teman, whether there is good cause to relieve Mr. Commissiong, and if so, whether the appointment of successor counsel would, or would not, be warranted. A defendant does not have a right to the appointment of counsel in connection with the preparation of a § 2255 petition; Mr. Commissiong has devoted substantial time to this representation over the past nearly three months; and the resources of the District's CJA panel are finite. In light of Teman's documented history of fractious relations with his counsel, of terminating counsel, and of making dubious accusations of misconduct against (among others) his counsel, the question arises whether Teman bears responsibility for the circumstances prompting Mr. Commissiong to seek to be relieved not long before the date (September 21, 2023) on which Mr. Commissiong had proposed to file the § 2255 ineffective assistance petition. The Court encourages Teman—mindful that, were the Court relieve Mr. Commissiong, it may determine that appointment of successor counsel to assist with the § 2255 petition is not

2

justified—to engage productively with Mr. Commissiong in advance of the upcoming conference, with an eye towards rehabilitating their relationship.

Although the Court expects that much of the discussion at the September 11 conference will occur outside the presence of Government counsel insofar as these will involve internal defense communications, Government counsel is directed to attend the conference as well.

Separately, shortly after receiving Mr. Commissiong's letter, the Court received a lengthy letter, *pro se*, from Teman, dated September 4, 2023. Dkt. 382. It accuses Mr. Commissiong of, *inter alia*, missing internal deadlines. Like Mr. Commissiong, Teman's letter asks that Mr. Commissiong be relieved and that successor counsel be appointed. The Court will, as noted, take up those issues at the September 11 conference.

Mr. Teman's letter also seeks a 90-day adjournment of the date (October 10, 2023) on which the Court has ordered Teman to surrender to the Bureau of Prisons. *Id.* The Court set the surrender date—more than four months after the affirmance of the conviction—with solicitude for Teman's stated needs, including religious observations. Dkt. 377 (order of July 18, 2023). The Court's order setting that date was at Teman's request; it superseded an order setting an earlier surrender date; and it stated unequivocally that the surrender date "will not be further extended." *Id.* The Court denies Teman's request to modify the October 10 surrender date.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: September 5, 2023
New York, New York

3