B"H

# Ari B. Teman

Fri, 15 Sept 2023
29th of Elul, 5783

The Honorable Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square,
New York, NY

## MOTION FOR VACANCY OF JUDGMENT & NEW TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33

COMES NOW, Ari Teman, Defendant *pro se*, pursuant to Rule 33 of the Federal Rules of Criminal Procedure, and hereby moves this Court for a new trial based on newly discovered evidence that the government's key witnesses Gina Hom and Bonnie Soon-Osberger lied under oath and conspired to hide exculpatory evidence, thereby prejudicing the defense and making a fair trial impossible.

This evidence was brought forward by a Board Member of 18 Mercer Equities, Shelly Jenkins-Pecot, shortly after sentencing (DOC 352 3-5), but the Court said it could not consider it as the case was pending appeal. Therefore, it is presented now.

18 Mercer Street Board Member Shelly Pecot wrote to Your Honor that the management company (Hom) "were not being truthful" and stated clearly, "I do not believe Ari Teman should go to prison." (DOC 352-3)

In support of this motion, the Defendant states the following:

## FACTUAL BACKGROUND

1.  On January 29, 2020, the Defendant was convicted of Bank and Wire Fraud.

2.  During trial, government witnesses Bonnie Soon-Osberger and Gina Hom testified under oath that they were not made aware of the "Payment Terms" and its penalty fees associated with accounts they set up under the Defendant's guidance, and that they would not have agreed to them.

3.  These witnesses' testimonies played a crucial role in securing the Defendant's conviction, as Your Honor stated in his ruling and at sentencing.

## NEWLY DISCOVERED EVIDENCE

4.  The Defendant has newly discovered a series of emails between these government witnesses and shareholders and business associates of theirs. These emails (EXHIBITS 1 & 2) were provided by a Board Member of 18 Mercer Equities who came forward after sentencing with a sworn statement (EXHIBIT 3).

5.  These emails prove that not only were these witnesses aware of the terms and fees of the accounts but that they had been explicitly warned about them by the Defendant, meaning there was no *mens rea*.

6.  The existence of these emails was not disclosed to the Defendant during discovery by the witnesses or the Government, nor was it acknowledged during trial, constituting a breach of the *Brady v. Maryland, 373 U.S. 83 (1963)*, obligation to disclose exculpatory evidence.

7.  Witnesses Soon-Osberger and Hom falsely testified at trial that they were not aware of fees and penalties for tampering with and disabling the GateGuard intercom, and Soon-Osberger fa;sely testified that the device was faulty when she knew she'd had its wiring disconnected (EXHIBIT 3)

8.  However, Hom and Soon-Osberger and/or the Government conspired to hide multiple emails (EXHIBITS 1 and 2) where Soon-Osberger told all 18 Mercer Shareholders and their property managers, including Hom, that they would be "legally liable" if they moved the intercom (EXHIBIT 1),

> I believe anyone has direct contact with him before or ==moving witho==ut going through our management will have ==legal liability== or sequence.
>
> Thanks,
>
> Bonnie

9.  Margaret Crimmins, a fellow Board Member of 18 Mercer replied  (EXHIBIT 1) and told Soon-Osberger that Soon-Osberger was "legally liable" because she'd had the intercom moved, which disconnected it from the door strike and thus rendered it unable to control the lock.

From: **Margaret** <margaret@dogbarksound.com>
Date: Mon, Oct 22, 2018 at 11:40 AM
Subject: Re: Who moved the intercom at 18 Mercer?
To: Bonnie Soon-Osberger <bsoon-osberger@metisource.com>
Cc: Stephanie Phillip <shp83@hotmail.com>, bonnie soonosberger <bsoonosberger@gmail.com>, Mark Osberger
<mark.axisfilms@gmail.com>, Angela Huang <ahuang30@gmail.com>, <traceytooker@hotmail.com>, <rwien@cbs.com>,
Roberta Buldini <robi.buldini@gmail.com>, Cc: Jackie Monzon <jackie@crystalrmi.com>, Archie Davidson
<inchfitness@aol.com>, <shelly.pecot@gmail.com>

We know who moved it. You told the men working on the lobby to move it. ( they told me) So I guess you're legally liable.

Sent from my iPhone

10. Soon-Osberger and Hom both hid emails where Crimmins told all the shareholders and Hom and her
company the dates and amounts Teman had warned them of specific fees they would incur if they
tampered with and/or disabled the GateGuard device, and applicable collection fees.

From: **margaret** <margaret@dogbarksound.com>
Date: Mon, Dec 3, 2018 at 11:44 AM
Subject: Re: How do we resolve this intercom situation?
To: Jackie Monzon <jackie@crystalrmi.com>
Cc: Tracey Tooker <traceytooker@icloud.com>, Bonnie Soon-Osberger <bsoon-osberger@metisource.com>,
shp83@hotmail.com <shp83@hotmail.com>, Shelley Pecot <shelly.pecot@gmail.com>, dick <rwien@cbs.com>,
robi.buldini@gmail.com <robi.buldini@gmail.com>, Caroline Cabrera <caroline@crystalrmi.com>, Gina Hom
<Gina@crystalrmi.com>

By 'the board' so you mean Bonnie and Stephanie? I'm a board member and I have no idea where things stand with the
intercom.

**The last communications from Ari Teman:**

10/5  An e-mail from Ari stated that there was a 10 year contract and he would put a lien on the building.

10/22  The next e-mail from Ari stating that it would cost $18,000 to disable the device and $10,000 in collections if he
wasn't paid in full.

**The last communication from Bonnie.**

10/22  An e-mail to Ari stating that he would hear from our attorney that week

And that's the only information the shareholders have. Are we involved in a lawsuit? Are we working on getting another
intercom? Is there some reason the shareholders can't have this information?

Thank you,

Margaret

On Dec 3, 2018, at 10:16 AM, Jackie Monzon wrote:

> The Board is working on this.
>
> Jackie Monzon
> President
> 1441 Broadway, Suite 5047
> New York, NY 10018
> 646 569-5574

11. 18 Mercer Board Member Shelly Pecot confirmed in a sworn and witnessed statement to Your Honor (DOC 352-3, and attached as EXHIBIT 3 again), that Teman did warn the board and shareholders of the fees *and that the GateGuard Terms allowed GateGuard to draft these fees without prior invoicing*.

---

Shelly Jenkins Pecot
18 Mercer St. New York NY 10013
shelly.pecot@gmail.com (917) 561-6505

Judge Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square
New York, NY 10008

August 21, 2021

Your Honor,

My name is Shelly Jenkins Pecot. I am a shareholder at 18 Mercer. I was out of the country when I was subpoenaed to testify.

With regard to 18 Mercer, I do not believe Ari Teman should go to prison.

Ari Teman did warn myself and other shareholders of what he said were the following terms in the contract he signed with our then board Vice President via an online document.

1. There was an $18,000 fee for removing the device
2. There was a $10,000 fee for collections
3. There would be attorney fees
4. There was binding arbitration
5. That he believed he had the right to draft owed monies from our bank account

I confirm that I did text with Mr. Teman and that the texts he has shown to me are accurate and match those on my phone.

I also confirm that I did forward the two attached emails to Mr. Teman on Aug 19th.

---

12. Soon-Osberger previous emailed Teman (EXHIBIT 4) that the board had printed-out and reviewed the Terms and conditions, and (EXHIBIT 5) that Teman had answered their questions satisfactorily.

13. Hom's testimony that she was unaware of Terms to which 18 Mercer had entered was perjury, and her hiding these emails from the Defense, in violation of her subpoena, was willful obstruction.

14. Soon-Osberger's testimony that the GateGuard device was faulty, and that she was unaware of Payment Terms to which 18 Mercer had entered and that they would not have accepted them was intentional perjury, and her hiding these emails from the Defense, in violation of her subpoena, was willful obstruction.

15. There are additional missing emails and communications as determinable from Ms. Pecot's sworn statement to Your Honor (EXHIBIT 3). Specifically, Ms. Pecot wrote to Your Honor (EXHIBIT 3) , "However, the management team did insist to shareholders that they had no interactions with Mr. Teman. Mr. Teman forwarded me emails between himself and management to show me that they were not being truthful." Hom and Crystal Management did not provide any such emails or messages, despite them being about Teman and therefore responsive to the Defense subpoena. Thus, there are more missing emails in addition-to the emails Pecot provided (EXHIBITS 4 and 5)

16. It is impossible that Soon-Osberger and Hom both forgot to include these emails where they and Crimmins state they are "legally liable" for the fees in their response to the Defense and Government's subpoenas.

17. Regardless, these emails are both exculpatory and impeachment evidence and because they are so clear that 18 Mercer is "legally liable" for the fees *and were aware they were liable*, contradict 100% the testimony of Hom and Soon-Osberger that the board would not have accepted these terms -- they did review and accept them, and then told each other they were legally liable.

18. At the very least, these emails are damning to their credibility, and the Defense was denied the right to impeach their trustworthiness . Even more, their hiding of these emails, which any jury would believe had to be coordinated (otherwise they'd face a "prisoners dilemma" where the other might share them), is damning to their credibility and trustworthiness.

19. Hom committed Bank Fraud when she instructed Signature Bank to execute a chargeback on a check drafted on the 18 Mercer account *after her contract* had been terminated. A terminated officer or employee cannot represent a corporation to a bank. This is likely her motive for hiding these emails to enable her to lie on the stand about being aware of the Terms and Payment Terms.

20. Hom's Bank fraud was more brazen, because her representations on the affidavit that she did not know GateGuard and that 18 Mercer never owed GateGuard money were both lies, because she was copied on emails where board members Soon-Osberger and Crimmins both stated they were "legally liable" for fees to GateGuard.

21. As a result of the obstruction of justice by Hom and Soon-Osberger, the Jury did not learn that multiple board members believed 18 Mercer was "legally liable" for exactly the fees Teman drafted, and that they reminded each other that Teman had warned them about the fees repeatedly.

22. Because GateGuard is sold online and an online terms agreement is the same for all users, the jury would know that if the terms made one customer "legally liable" for these fees and allowed GateGuard

to draft them, it did so for all customers. At the very least, it would create "reasonable doubt".

23. Furthermore it is worth noting that Soleimani perjured when he said he was unaware of the terms, as he had messaged Teman on WhatsApp saying to send the link and that he agreed to the terms (EXHIBIT 8), where in reply to Teman saying "you agreed to these terms when you paid the invoice. Look on the invoice", Soleimani replies "I also agreed… I also agreed to…". Soleimani does not at all dispute that he agreed to the online terms. It is very clear that Teman and Soleimani both believe that Soleimani is bound by the online Terms:

> 11/8/17, 9:45 AM - Ari: the actual terms are clients are responsible to have CAT5 at the door. We did it for you, but it's not the terms
>
> 11/8/17, 9:45 AM - Joe Soleimani: send me the terms i signed for, i will review it
>
> 11/8/17, 9:45 AM - Joe Soleimani: where are my tablets?
>
> 11/8/17, 9:45 AM - Ari: https://gateguard.xyz/legal/terms.php
>
> 11/8/17, 9:46 AM - Joe Soleimani: where are the permanent boxes
>
> 11/8/17, 9:46 AM - Joe Soleimani: where is the usps box?
>
> 11/8/17, 9:46 AM - Joe Soleimani: i dont see a signature there
>
> 11/8/17, 9:46 AM - Ari: you agreed to these terms when you paid the invoice. look on the invoice
>
> 11/8/17, 9:46 AM - Joe Soleimani: just get this stuff up and running 100%. Let me know when your isntalled is coming
>
> 11/8/17, 9:47 AM - Joe Soleimani: i also agreed to a May 1st guarantee
>
> 11/8/17, 9:47 AM - Joe Soleimani: i also agreed to tablets

24. Soon-Osberger's claim to be unaware of the fees and penalties has been proven to be perjury, but it should also be noted that her excuse that she thought, "because the pricing was what he mentioned to me at the show" cannot be used as a basis to invalidate any subsection, as the Terms page *Gabay and she submitted into evidence* makes clear:

> "19. General Entire Agreement - These Terms constitute the entire and exclusive understanding and agreement between GateGuard and you regarding the Site, Content, **and these Terms supersede and replace any and all prior oral or written understandings or agreements** between GateGuard and you regarding the Site, and/or Content."

It is, respectfully, completely legally baseless for a customer to be able to arbitrarily decide that a subsection of a contract does not apply to them and therefore the CEO of the company should go to prison for a year for enforcing it!

25. Teman was denied a fair trial because of these violations.

## ARGUMENT

26. Rule 33 permits the court to "vacate any judgment and grant a new trial if the interest of justice so requires."

27. In the present case, the interest of justice requires  the judgment be vacated because the Government's key witnesses provided testimony that was demonstrably false, and the government's key witnesses conspired to hide multiple emails where **they *admitted* liability for the fees Teman drafted**, and then testified otherwise, thereby depriving the Defendant of a fair trial.

28. 18 Mercer Street Board Member Shelly Pecot wrote to Your Honor that the management company (Hom) "were not being truthful" and stated clearly, "I do not believe Ari Teman should go to prison." (352-3), Board Member Pecot makes clear that Teman did warn them about the terms allowing RCC drafts (EXHIBIT 3).

Shelly Jenkins Pecot
18 Mercer St. New York NY 10013
shelly.pecot@gmail.com (917) 561-6505

Judge Paul Engelmayer
District Judge
Southern District of New York
40 Foley Square
New York, NY 10008

August 21, 2021

Your Honor,

My name is Shelly Jenkins Pecot. I am a shareholder at 18 Mercer. I was out of the country when I was subpoenaed to testify.

With regard to 18 Mercer, I do not believe Ari Teman should go to prison.

Ari Teman did warn myself and other shareholders of what he said were the following terms in the contract he signed with our then board Vice President via an online document.

1.  There was an $18,000 fee for removing the device
2.  There was a $10,000 fee for collections
3.  There would be attorney fees
4.  There was binding arbitration
5.  That he believed he had the right to draft owed monies from our bank account

I confirm that I did text with Mr. Teman and that the texts he has shown to me are accurate and match those on my phone.

I also confirm that I did forward the two attached emails to Mr. Teman on Aug 19th.

29. Because Hom and Soon-Osberger were key witnesses, and because Your Honor argued their testimony helped add veracity to Mr. Soleimani's testimony after he willfully perjured about defrauding the elderly, disabled, black Mr. Howell out of stabilized housing ( which at trial was the Court's stipulated prerequisite to allow Defense to probe Soliemani's trustworthiness at trial, and therefore, through his perjury further denied the Defense their rights to a fair trial including challenging the witness's credibility), the impact of their testimony is such that a new trial, at the minimum, is required.

30. However, because there is now clear evidence that Mr. Teman warned the clients of the RCC fees, and that the clients knew of the RCC fees and the penalties from having reviewed and voted to approve the contract (Crimmins was on the board who "printed and reviewed" the terms and then voted to approve them  (EXHIBIT 6), there is no *mens rea*. Not only did Teman believe the clients were legally liable for the fees and reminded them of this repeatedly for months before drafting (while copying corporate counsel!), but the clients themselves believed they were "legally liable" for the fees and Soon-Osberger and Crimmins wrote this in emails explicitly!

31. Therefore, it is in the interest of justice for the Court to vacate the conviction and enter a judgment of Not Guilty.

32. If the Government did not aid Ms. Soon-Osberger and Hom in hiding these emails, they should surely join this motion unopposed.

33. The Defendant notes there is also new evidence which Mr. Soleimani hid and that he will retain counsel to motion upon it if required, but believes that the information included herein is sufficient to allow a quick dismissal to prevent the wrongful incarceration of an innocent man with no criminal record.

## CONCLUSION

In light of the newly discovered evidence showing that government witnesses knowingly lied under oath and were aware of the terms and fees associated with accounts they set up, and that this evidence was not disclosed to the defense, the Defendant respectfully requests that this Court grant a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

The Defendant wishes Your Honor and Mr. Guttwillig, your families and coworkers, a Shana Tova, a Sweet and Happy New Year, and asks forgiveness for unkind words which he wrote or said in heated moments while also mentally ailing.

**DATED: Sept 15, 2023**

Respectfully submitted,

s/Ari Teman/
Defendant, Pro Se (if without attorney)

**ATTACHMENTS:**

1. **EXHIBIT 1:** Soon-Osberger tells shareholders they'll be "legally liable" if they move GateGuard®

2. **EXHIBIT 2:** 18 Mercer Board member Crimmins tells Soon-Osberger she's "legally liable" because she had the GateGuard® moved

3. **EXHIBIT 3:** 18 Mercer Board member Shelly Pecot tells Judge Engelmayer that Teman did warn them of the fees and RCC draft terms, that management lied, and provides two email threads (EXHIBITS 1 & 2) that Hom and Soon-Osberger both failed to provide in response to subpoenas

4. **EXHIBIT 4:** Soon-Osberger emails Teman that the board reviewed, asked questions on the terms

5. **EXHIBIT 5:** Soon-Osberger emails Teman that he answered the board's questions satisfactorily

6. **EXHIBIT 6:** Soon-Osberger asks for a reference and says she will email Joseph Soleimani (Government witness), but did not provide that email into evidence

7. **EXHIBIT 7:** Soon-Osberger tells Teman the board voted to approve the terms with GateGuard®

8. **EXHIBIT 8:** Government witness Soleimani messages Teman that he will re-review the terms, and that he agreed to them. (Defense will retain counsel to file a Rule 33 on new evidence acquired post-trial in civil suits showing Soleimani also conspired to hide evidence, including explicit discussions of this case, Teman, online terms, and a pattern of not paying vendors using similar excuses if necessary, however we believe this motion suffices to warrant dismissal.)