# Bhatia knew we were asking for checking info for monthly fees from Schoenfeld call (not "buried")

**Ari B. Teman** <ari@teman.com>                                                                 Tue, Sep 8, 2020 at 10:53 PM
To: Justine Harris <jharris@shertremonte.com>, Justin Gelfand <justin@margulisgelfand.com>, Ariel Reinitz <Ariel.Reinitz@fisherbroyles.com>, Noam Biale <NBiale@shertremonte.com>

Based on the Schoenfeld call that Bhatia didn't disclose to us, he knew 100% we were OPENLY disclosing *in writing to clients* that we draw checking accounts and asking clients to provide checking info via online form or voided check for us to use in drafting. He knew it was not buried, and that it was our regular method of drawing fees, not stealing. (He also likely knew about RCCs which we drew on other clients.)

There is 0% chance Bhatia was not outright lying to the Court and Jury when he claimed we "buried" the terms, etc.

**I think it's worth arguing it's Brady. Plus, once Bhatia was not disclosing one entire interview like this, it's safe to assume there's a lot more he didn't disclose** (conversations with Shelly Pecot, Mercer shareholders, Haas, etc.

The Ahuja guys had a LOT of luck with that argument: Once SDNY is lying, the Court should assume there's a lot more buried and re-open discovery. In fact, I think we should point to Ahuja and Nejad and say it's literally the supervisors at SDNY telling the AUSAs to do this *in emails*.

Please let me know how I can be helpful.

Ari

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

**Featured in:**
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

**Visit us for a demo:**
NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.

📄 **NOTARIZE-Teman_AFF_EX_1_follow_email.pdf**
143K