UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-CR-0696 (PAE) |
| | ) |
| ARI TEMAN, | ) |
| | ) |
| Defendant. | ) |

**DECLARATION OF ARI TEMAN**

I, Ari Teman, declare under penalty of perjury that the following is true and correct:

1. I am the Chief Executive Officer of GateGuard, Inc. ("GateGuard" or the "Company") and the Defendant in the above-captioned matter.

2. On August 19, 2021, I had a lengthy telephone call with Ms. Shelly Pecot, a Board member of 18 Mercer Equity, Inc. ("18 Mercer"), during which Ms. Pecot confirmed that she was aware of the GateGuard Terms and Conditions providing for an $18,000 device removal fee and GateGuard's position that it was able to draw upon 18 Mercer's account for payment of unpaid fees.

3. I promptly notified the Court of this conversation.

4. Set forth as Exhibit A is a true and accurate copy of my letter to Judge Englemayer and US Attorney Aubrey Strauss, dated August 19, 2021, summarizing my call with Ms. Pecot.

5. On August 20, 2021, I received a sworn statement in letter form from Ms. Pecot reiterating the points discussed on my call with her the day before (the "Pecot Letter"), and

attaching two previously undisclosed emails relating to the GateGuard-18 Mercer dispute (the "Crimmins Emails").

6. The two emails were from "Margaret" to Ms. Bonnie Soon-Osberger, who testified against me at trial.

7. In my capacity as CEO of GateGuard, I am familiar with the identities of the shareholders and Board members of 18 Mercer. I am aware of an 18 Mercer Board member and shareholder named Margaret Crimmins and I believe the shareholder who identifies herself as "Margaret" is Margaret Crimmins.

8. I promptly submitted the Pecot Letter and the Crimmins Emails to the Court.

9. Set forth as Exhibit B hereto is a copy of my letter dated August 20, 2021 to Judge Englemayer and US Attorney Aubrey Strauss.

10. Set forth as Exhibit C hereto is a true and accurate copy of the Pecot Letter as submitted to the Court.

11. Set forth as Exhibit D hereto are true and accurate copies of the emails from Ms. Crimmins to Ms. Soon-Osberger as submitted to the Court.

12. Prior to my receipt of the emails from Ms. Pecot, I had no means of knowing of the contentious nature of the interactions between Ms. Crimmins and Ms. Soon-Osberger, that Ms. Crimmins believed Ms. Soon-Osberger was "legally liable" for removing the GateGuard Intercom, or that Ms. Crimmins had asked Ms. Soon-Osberger for further information on the status of the GateGuard Intercom and the dispute surrounding unpaid device termination fees.

Executed: September 26, 2023

                                               By:  */s/*_____
                                                       ARI TEMAN
                                                       1521 Alton Road #888
                                                       Miami Beach FL 331