**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,  )  <br>  Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> ARI TEMAN,  ) <br>  Defendant.  ) | | Case No. 19-cr-00696-PAE-1 <br><br> Before U.S. District Court Judge <br> Paul A. Engelmayer |

**DEFENDANT ARI TEMAN'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS
MOTION FOR COMPASSIONATE RELEASE
<u>UNDER 18 U.S.C. § 3582(c)(1)(A)</u>**

Comes now the defendant, ARI TEMAN, through undersigned counsel, and respectfully submits this supplemental brief in support of Teman's emergency motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

### BACKGROUND

Following a trial, Teman was convicted of bank and wire fraud counts. The Court sentenced Teman to one year and one day of imprisonment on each count, with the terms to run concurrently. Doc. 253, Judgment. The Court granted Teman bail pending appeal, *see id.*, and the Second Circuit Court of Appeals affirmed the judgment. *See United States v. Teman*, No. 21-1920-CR, 2023 WL 3882974 (2d Cir. June 8, 2023). The Court ordered Teman to report to the Federal Bureau of Prisons ("BOP") on October 10, 2023. Doc. 377, Order. Teman reported to FCI Miami on that date to begin serving his sentence.

Before and after sentencing, Teman filed several documents explaining his long-standing medical conditions, including that he is immunocompromised after taking the COVID vaccine and suffering symptoms from long COVID. *See* Doc. 145, Sent. Memo. at 1–2 ("Furthermore, Teman

1

has a documented medical history of respiratory problems and other diagnoses that make a custodial sentence uniquely and disproportionately punitive . . . ."); Doc. 145 at 14–16; Doc. 149, 149-1, 149-3, 149-6, Sent. Letter and Exhibits; Doc. 270, Letter; Doc. 280, Letter; Doc. 330, Emergency Mot. to Alter Bond Conditions; Doc. 384, 384-1 through 384-4, Mot. for New Trial. The Court acknowledged Teman's medical issues and issued orders allowing Teman to obtain medical procedures while Teman was on release pending appeal. *See* Doc. 278, Order removing electronic monitoring; Doc. 287, Order acknowledging Teman's ENT surgery; Doc. 290, Order acknowledging Teman's medical status; Doc. 333, Order allowing Teman to travel to New Jersey for a medical procedure; Doc. 337, Order modifying bail conditions.

The Court further acknowledged Teman's medical issues at sentencing:

> COURT: *Counsel in their submissions have put medical information before the Court indicating that Mr. Teman has heightened vulnerability to COVID-19 on account of a respiratory history.* It is also not knowable when the COVID pandemic will ease up, but there is good reason to doubt that it will significantly abate in the next month or two.

Sent. Tr. at 182 (Dec. 1, 2020) (emphasis added); *see also id*. ("I'm aware that Mr. Teman has heightened exposure to COVID, given his history of respiratory issues."). Sent. Tr. at 89 (Jul. 28, 2021) ("Prior counsel notes and corroborates that you have had respiratory surgery and complications that potentially put you at higher risk for COVID-19.").

Before Teman reported to the BOP, he filed a pro se letter asking the Court to alter his surrender date. Doc. 403, Emergency Mot. via Letter (Oct. 8, 2023). The Court denied Teman's request to alter his surrender date to the BOP, but it noted that it would consider a compassionate release motion once Teman had fully exhausted his administrative remedies with BOP. Doc. 404, Order (Oct. 9, 2023). Teman's father, David Teman, then filed a letter explaining that Teman was not receiving adequate medical care in the BOP. The Court reminded BOP to "expeditiously"

attend to Teman's medical needs, and it directed the government "to inquire as to the concerns Teman has raised about his medical care, and to report back to the Court in a letter filed on the docket of this case." Doc. 405, Order (Oct. 18, 2023). The Court also treated Teman's letter as an application for compassionate release. *Id*.

The government filed a letter on December 5, 2023, noting that the Warden of FCI Miami had denied Teman's request for compassionate release. Doc. 408, 408-1, Letter and Exhibit (Dec. 5, 2023). Later the same day, the Court issued an order, concluding that Teman has "met the administrative exhaustion requirements." Doc. 409, Order (Dec. 5, 2023). In that order, the Court afforded Teman the opportunity to submit a further response—which this supplemental brief does—on or before December 20, 2023, and ordered the Government to respond by January 10, 2024. *Id*.

## ARGUMENT

Teman presents extraordinary and compelling circumstances in that he suffers from respiratory, inflammatory, and dietary issues resulting from taking the COVID-19 vaccine and suffering from long-COVID. *See* 18 U.S.C. § 3582(c)(1)(A). This is a "serious medical condition," *see* U.S.S.G. § 1B1.13(b)(1)(B)(i), that also "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C). The sentencing factors in 18 U.S.C. § 3553(a) also support release for Teman—a first-time, non-violent prisoner who presents no danger if released and who has a viable release plan to reside within the Southern District of Florida and can be supervised by the U.S. Probation Office.

Additionally, Teman's medical conditions have worsened in custody, and he is unwell. Because Teman has been unable to obtain appropriate medical and dietary care in the BOP, he has

fainted several times while in custody.[1] Teman respectfully asks the Court to rule expeditiously. *See* Teman CorrLinks Email (Dec. 18, 2023) (detailing his falls and BOP's response), Exhibit A.

**I. Teman suffers from serious medical and dietary conditions that leave him immunocompromised and for which he is not receiving adequate medical care within the BOP, and those conditions meet the medical criteria for extraordinary and compelling grounds that warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).**

As the Court is aware, Teman suffers from respiratory, inflammatory, and digestive issues resulting from COVID infection and taking the COVID vaccine. *See* Sent. Tr. at 89; Doc. 403. Teman suffers from sleep disorders, acute sinusitis, respiratory illness that causes inflammation, fainting spells, and dietary issues related to his illnesses. *See* Doc. 145, at 1–2; Doc. 145 at 14–16; Doc. 149, 149-1, 149-3, 149-6; Doc. 270; Doc. 280; Doc. 330; Doc. 384, 384-1 through 384-4. Teman's health has deteriorated while in custody, and the BOP has failed to provide adequate medical and dietary treatment for his serious medical conditions.

1. What follows is a timeline of Teman's deteriorating health and BOP's response thereto. On October 11, 2023, Teman went to sick call because he was having difficulties breathing and had a headache. *See* Teman CorrLinks Email (Dec. 18, 2023) (detailing the timeline of BOP medical care), Exhibit A. BOP provided no medical care. *Id*. On October 22, 2023, Teman complained that from October 11 to October 20, he received no medical care after his medical complaints. *Id*. On November 5, 2023, Teman emailed his father and said that he had a fever and shakes. *Id*. Teman also documented that he had a medical call for that day, but there was a prison lockdown, and he was unable to be evaluated. On November 6, 2023, Teman went to sick call and complained of fever, chills, shakes, headache, and pain. *Id*. On November 7, 2023, Teman vomited

---

[1] Due to the emergency nature of this filing, counsel was unable to obtain Teman's medical records from BOP before filing this motion.

and then fell in the prison kitchen, and officers had to take him to the prison medical department, via stretcher. *Id*. He was treated with Pedialyte and Zofran for nausea, and the medical staff ran drug and blood sugar tests. *Id*. On that same day, Dr. Chippi informed Teman that his medical items that he brought to the prison on his report day, including the orthopedics that keep his spine from compressing due to degenerative disc disease, had been lost. *Id*.  On December 2, 2023, Teman again fell, was transported to the medical department, and was given blood sugar and drug testing. *Id*. Teman needs specialized care for his many illnesses that BOP has not provided and cannot provide. As a result of deficient care, Teman has fainted, and he has fallen twice in the past month.

2. Teman is living in unsanitary conditions, given his health issues. Teman lives in a room with 60 beds and 4 toilets, and his living unit is often full of flies. *Id*. The living unit is heavily trafficked, and if one person becomes ill, many prisoners often get the same illness. *Id*. As a result of the crowded and noisy sleeping arrangements, Teman has sleep deprivation. *Id*. The lack of sleep makes it much more difficult for Teman to ward off infection and inflammation. *Id*.

Teman's dietary needs have also been impacted by his time in custody. He is given Kosher meals, and the food is frequently mold-covered and sometimes spoiled. Teman cannot tolerate wheat and sugar, due to his symptoms from taking the COVID vaccine, so it is nearly impossible for him to eat more than 900 calories a day while in custody. *Id.* Because Teman is immunocompromised, there is a higher risk of medical symptoms from his insufficient diet. *Id*. Teman has experienced extreme diarrhea, dehydration, dizziness, and weight loss. *Id*.

3. Teman's medical conditions constitute a "serious medical condition," *see* U.S.S.G. § 1B1.13(b)(1)(B)(i), that also "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death,"

5

U.S.S.G. § 1B1.13(b)(1)(C). This is an extraordinary and compelling circumstance under the new Sentencing Guidelines criteria for compassionate release.

Other courts have granted compassionate release in similar circumstances. *See United States v. Campagna*, 612 F. Supp. 3d 365, 369 (S.D.N.Y. 2020) (granting compassionate release for defendant suffering from a "compromised immune system"); *United States v. Beck*, 425 F. Supp. 3d 573, 586 (M.D.N.C. 2019) (granting compassionate release, in part, because the defendant suffered from cancer and BOP was not providing adequate treatment); *United States v. Park*, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020) (granting compassionate release to defendant with a "documented history of respiratory issues, including asthma, and immune-compromising diseases"); *United States v. Valencia*, No. 15 Cr. 163, 2020 WL 2319323, at *1 (S.D.N.Y. May 11, 2020) (defendant was suffering from heart disease, high blood pressure and epileptic seizures). The Court should do the same.

**II. The sentencing factors in 18 U.S.C. § 3553(a) support a sentence reduction here to protect Teman from further deterioration in health or possible death.**

The "nature and circumstances of the offense and the history and characteristics of the defendant" support a sentence reduction. 18 U.S.C. § 3553(a)(1). While all federal offenses are undoubtedly serious, Teman committed a first-time, non-violent property offense and has paid the restitution order in full. Doc. 272, Order. As to the history and characteristics of Teman, the Court recognized that Teman has a long history of good works in the community that separate him from the run-of-the-mill defendant. *See* Sent. Tr. at 88 (Jul. 28, 2021) ("Please know, Mr. Teman, that your impressive history of good works was in your favor today . . . The good that you have done is very important here in helping me form an overall assessment of your history and characteristics."). The Court's sentence reflected the many mitigating circumstances in this case. Sent. Tr. at 91–92 ("The mitigating factors matter and they are weighty here. They include your

6

lack of any prior criminal history, your mental health history, your heightened vulnerabilities, your impressive experience of charitable and good works, the great good that you can do for our world when you're at liberty, and the fact that you will be serving the start of your prison sentence under some degree of an overhang of COVID."). Given Teman's deteriorating health in custody, a sentence reduction is warranted. *See United States v. Scparta*, 567 F. Supp. 3d 416, 426–27 (S.D.N.Y. 2020) (granting compassionate release to first-time, non-violent offender who had significant public service, and considering the defendant's health risk posed by time in custody).

Nor is Teman a danger to the community if released. As the Court previously noted, Teman was released on bail for 44 months *after* the jury convicted him. Doc. 402, at 4, Order. Teman was under supervision without incident, which directly bears on whether releasing Teman would be a danger to the community. Despite being quite ill, Teman has taught a class to other prisoners and has had no disciplinary issues. *See* Teman CorrLinks Email Prison Record (Dec. 7, 2023). Teman's prison record indicates that reducing his sentence and allowing him to be released from custody will not negatively impact public safety. *See* 18 U.S.C. § 3553(a)(2)(A) (stating that the need for the sentence imposed "to protect the public from further crimes of the defendant").

A sentence reduction even to time served would still reflect the seriousness of the offense and provide just punishment and deterrence. *See* 18 U.S.C. § 3553(a)(2)(A). Teman reported to federal prison on time and has served over two months of his sentence, while struggling with debilitating medical issues for which he is not receiving adequate medical and dietary care. As a result, his time in custody has been considerably worse than it is for the average defendant. *See Beck*, 425 F. Supp. 3d at 586 (M.D.N.C. 2019) (granting compassionate release because the defendant suffered from cancer, which meant her "sentence has been significantly more laborious than that served by most inmates"). The Court did not sentence Teman to die in prison due to

7

medical issues, but that is a real possibility, given the gravity of Teman's health issues and the BOP's inadequate medical care for a prisoner with debilitating medical issues.

To the extent the Court believes Teman should receive additional punishment beyond two months in custody, the Court could reduce the sentence to time served and order that, as a condition of supervised release, Teman serve the remaining amount of time he would have served in custody on home confinement. *See United States v. Zukerman*, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020) (noting that the court did not intend for the defendant's sentence to "include incurring a great and unforeseen risk of severe illness or death" and modifying the sentence to replace the defendant's time in custody with an "equal period of home confinement"). Or the Court could impose additional community service hours as a requirement of supervision. *See* Sent. Tr. At 95 (Jul. 28, 2021) (imposing 300 hours of community service as condition of Teman's supervised release). Put differently, the Court has at its disposal other ways of punishing Teman rather than custody, and without exacerbating Teman's many health issues.

Granting Teman's release is also consistent with providing him with "needed . . . medical care." 18 U.S.C. § 3553(a)(2)(D). Teman has several specialist doctors in South Florida, where he would reside, that can provide him with adequate medical and dietary care for his many maladies. In short, the § 3553(a) supports a sentence reduction here. Teman also has a viable release plan to reside within the Southern District of Florida and can be supervised by the U.S. Probation Office.[2]

---

[2] Due to Teman's health issues, BOP has considered placing Teman on home confinement. The U.S. Probation Office evaluated Teman's release plan and approved it. But BOP has delayed its home confinement decision for the past month. Consequently, Teman requests the Court grant him compassionate release.

## CONCLUSION

Teman presents extraordinary and compelling circumstances, and he respectfully requests that the Court grant his motion and reduce his sentence to time served or provide any other relief that the Court deems appropriate.

Date: December 19, 2023            Respectfully submitted,

/s/ Edoardo Maffia
Edoardo Maffia
155 Washington Street
Apt. 2309
Jersey City, NJ 07302
Telephone: (202) 365-2938
Edoardomaffiawis@aol.com

Shon Hopwood
Kyle Singhal
Hopwood & Singhal PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, DC 20006

*Counsel for Ari Teman*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served on all counsel of record on December 19, 2023, by filing a copy of the same with the ECF System of the U.S. District Court for the Southern District of New York.

Date: December 19, 2023                     Respectfully submitted,

                                                /s/ Edoardo Maffia
                                                Edoardo Maffia