# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Case No. 19-CR-00696-PAE

UNITED STATES OF AMERICA,

                         *Plaintiff*,

v.

ARI TEMAN,

                         *Defendant.*

---

## **DECLARATION OF RONNIE MATTHEWS**

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as a Unit Manager at the Federal Correctional Institution located in Miami, Florida ("FCI Miami").

2. Ari Teman (Reg. No. 18244-104) is currently housed at FCI Miami and assigned to my caseload. Review of Mr. Teman's case file indicates he began serving a sentence of one year and one day, on October 10, 2023. His current projected release date under the First Step Act ("FSA") is August 1, 2024 (with 10 FSA credits applied) and alternatively, his projected statutory release date via good conduct time is August 11, 2024. To date, he has served 31.3% of the statutory term and based upon the current commitment, his home detention eligibility date is reflected as June 27, 2024. *See Attachment 1, Public Information Inmate Data.*

3. Title 18, Section 3624(c) of the United States Code allows inmates sentenced to be placed on home confinement for pre-release purposes:

> (c) Pre-release custody.--The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for his reentry into the community. The authority provided by this subsection may be used to place a prisoner on home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody. Ordinarily, the length of placement ordinarily is limited to the last 10 percent of the inmate's term to be served, or six months, whichever is less.

18 U.S.C. § 3621(b) provides:

> "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility . . . the Bureau determines to be appropriate and suitable." A [Community Corrections Center (CCC)] meets the definition of a "penal or correctional facility."

> Therefore, the Bureau is not restricted by § 3624(c) in designating a CCC for an inmate and may place an inmate in a CCC for more than the "last ten per centum of the term," or more than six months, if appropriate. Section 3624(c), however, does restrict the Bureau in placing inmates on home

confinement to the last six months or 10% of the sentence, whichever is less. **See Program Statement No. 7320.01, CN-2. "Community Corrections Center (CCC) Utilization and Transfer Procedure."**[1]

4. Institution staff shall refer inmates for pre-release placement to the appropriate CCM, who, after reviewing the referral material, shall refer the case to the most appropriate program -- CCC, Comprehensive Sanctions Center (CSC), home confinement program, or other community program. **Id.** Staff shall make recommendations for CCC placements based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly. Referrals to CCM offices include a recommendation regarding the length of stay (range), such as recommending 60 to 90 days or 90 to 120 days, etc. This range of at least 30 days allows the CCM to match population needs with budgetary and CCC bed space resources, a process which requires this flexibility. **Id.**

5. All inmates referred to community corrections are eligible to be considered for home confinement placement. While the Bureau also provides Community Corrections Center (CCC) services for persons as a condition of probation, parole, or supervised release, only in the most extraordinary circumstances will the Bureau assume responsibility for such persons on home confinement. The Community Corrections Manager (CCM) shall ensure that each appropriate inmate is placed on home confinement as soon as otherwise eligible. **Id.**

6. On December 18, 2023, FCI Miami initiated the referral process for transfer to a CCC and home confinement, with a recommendation that Mr. Teman spend 1-90 days in a CCC and/or home confinement. Specifically, the referral provides "[p]ursuant to the Second Chance Act, the Unit Team is recommending RRC/Home detention placement of 1-90 days. Inmate Teman needs additional time in an RRC/Home Detention for a successful transition back into society. However, if his placement date is after his Home Detention Eligibility date, we are requesting direct home detention. He has an approved release plan by the U.S. Probation Office." The referral was reviewed by the CCM, and Mr. Teman was accepted for RRC placement and assigned a CCC transfer date of May 14, 2024. It is anticipated that he will be transferred from the assigned CCC to home confinement once he reaches his home detention eligibility date which is reflected as June 27, 2024, but this determination is made by the CCM closer to the home detention eligibility date. **See Attachment 1.**

7. Additionally, with regard to his eligibility concerning home confinement and community custody, Mr. Teman signed a "Home Confinement and Community Control Agreement," on 11/3/2023. **See Attachment 2, "Home Confinement and Community Control Agreement."**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10 day of January, 2024

Ronnie Matthews
Unit Manager
FCI Miami

---

[1] https://www.bop.gov/policy/progstat/7310_004.pdf

# Attachment 1
Filed Under Seal

# Attachment 2
Filed Under Seal