**Eden P. Quainton**

**Quainton Law, PLLC**

**2 Park Ave., 20th Fl.**
**New York, NY 10016**

**245 Nassau St.**
**Princeton, NJ 08540**

**Telephone (212) 419-0575, (609) 356-0526**
**Cell: (202) 360-6296**
**Eden.quainton@quaintonlaw.net**

February 21, 2024

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Ari Teman, 19-cr-0696 (PAE) –*
*Opposition to Request for Extension of Deadline*
*To Respond to Motion for Reconsideration of Denial of Compassionate Release*

Dear Judge Englemayer,

     I represent the Defendant, Ari Teman (the "Defendant" or "Teman") in the above-referenced matter. On January 24, 2024, the Court denied Teman's motion for compassionate release, finding that Teman had failed to present "extraordinary and compelling reasons" for the relief sought. Dkt. 414 at 12. On February 7, 2024, Teman filed a motion for reconsideration of the Court's Order. Dkt. 417. Teman argued that the Court had overlooked language from an outside specialist in neurology and neuropsychiatry, Dr. Alon Seifan, that Teman's "survival" was threatened and presented a new letter from Dr. Seifan testifying that Teman was at "grave, imminent risk of injury or death from a fall, and/or from exacerbation of his previously documented neuroimmune condition." *Id.* at 3-4. Teman submitted that the testimony of Dr. Seifan satisfied the exacting standards of the compassionate release statute. *Id.* at 4. *See* U.S.S.G. § lB 1.13(b )(1) (C) ("[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."

     The Court acknowledged Teman's motion and directed the Government to respond by February 22, 2024. Dkt. 419. On February 21, 2024, ignoring both the Court's rules and the life-threatening condition brought to the Court's attention in Teman's motion for reconsideration, the Government requested a two-week extension of time to respond to Teman's motion. Dkt. 420. The Government's motion brazenly flouted your Honor's individual practice rules that require a party seeking an extension of a deadline to state:

(1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) the date of the parties' next scheduled appearance before the Court.

Judge Paul A. Englemayer, *Individual Rules of Practice in Criminal Cases* (the "Rules"), Section 2(E).

Aside from cursorily addressing items (1) and (4), the Government acted as though the remaining provisions of Section 2(E) are optional, notably failing to consult with Teman's counsel before filing the extension request or to offer any reason why counsel was not consulted. In addition, the Rules provide that "absent an emergency, any request for extension or adjournment shall be made as early as possible, and at least 48 hours prior to the terms." *Id.* The Government's motion was made on the eve of the deadline with no explanation whatsoever as to why the Government had been unable to comply with the Court's Rules.

For the foregoing reasons, the Court should deny the Government's request for an extension and consider Teman's motion as unopposed. On reconsideration, Teman respectfully submits the Court should credit Dr. Seifan's specialized opinion that Teman is at imminent risk of injury or death and order Teman's compassionate release.

Respectfully submitted,

*Den Quainton*

Eden P. Quainton

cc: All counsel of record (via ECF)