

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 7, 2024

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    **United States v. Ari Teman**, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

    The Government respectfully submits this letter in opposition to defendant Ari Teman's motion for reconsideration of the Court's denial of Teman's compassionate release. (Dkt. 417 ("Def. Mot.")). Teman's present motion should be denied for substantially the same reasons the Court set forth in its January 24, 2024 Order denying the defendant's initial application: that the defendant has not shown extraordinary and compelling reasons for a reduction in sentence; and, in any event, that the factors under 18 U.S.C. § 3553(a) weigh against a reduction in his sentence. (*See* Dkt. 414 (the "January 24 Order")). Moreover, and as relevant here, Teman has failed to meet the more stringent standard that applies to motions for reconsideration, requiring him to bring to the Court's attention facts or law the Court overlooked in denying his initial motion. Accordingly, and for the reasons set forth below, the Government respectfully submits that Teman's motion should be denied.

    I.    **Recent Procedural History**

    In its January 24 Order, the Court reviewed the procedural history of the case, as well as of Teman's initial motion for compassionate release. (*See* Jan. 24, 2024 Order at 1-7, n.1 (citing other orders and proceedings detailing the history of this case)). Approximately two weeks after the January 24 Order, Teman made the present motion for reconsideration. Along with that motion, counsel for Teman submitted a declaration, including as exhibits correspondence and materials from Teman. (*See* Dkt. 418 ("Quainton Decl.")). The Government's response initially was due February 22, 2024. On February 21, 2024, the Government request a two-week extension of that deadline, which the Court granted over Teman's objection. (*See* Dkts. 420, 421, 422).

    Following the filing of the instant motion, on February 26, 2024, Teman filed an emergency motion for Teman's release from custody, seeking that he be released from prison on an urgent basis to be seen at an outside hospital. (Dkt. 424). The following morning, February 27, 2024, the Court issued an Order, expressing its "strongly held view . . . that the request that Teman be temporarily released today to obtain urgent specialized medical care in an outside medical facility

is justified and reasonable." (Dkt. 425). The Government provided the Court's Order to the Bureau of Prisons ("BOP") expeditiously and, also on February 27, 2024, Teman was seen at a hospital to address his medical concerns. By email dated February 28, 2024, the substance of which the Government previously reported to the Court and defense counsel, the BOP advised that Teman had been removed from FCI Miami and seen at a hospital the prior day, February 27, 2024, "for complaints of testicular pain" and that "[a]n ultrasound was performed on his testicles with unremarkable results." BOP further advised that "Teman was subsequently discharged, and he returned to FCI Miami last night." Along with that email, BOP provided records from Teman's hospital visit, which is attached hereto as Exhibit A.[1]

## II.     Applicable Law

"The purpose of a motion to reconsider is to bring to the Court's attention facts or law that the Court overlooked in considering the original motion." *United States v. Valentine*, 11-CR-626-01 (CS), 2018 WL 10140181, at *1 (S.D.N.Y. Sept. 5, 2018). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *United States v. Cajigas*, No. 08 CR 391(VM), 2021 WL 1392008, at*1 (S.D.N.Y. April 12, 2021) (citations omitted).

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Farmer v. United States*, No. 12-CR-758 (AJN), 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citation omitted). Local Civil Rule 6.3 provides, in part, that a notice of a motion for reconsideration shall be served within fourteen days after the entry of the court's determination of the original motion. Reconsideration is an extraordinary remedy and is only granted only where a movant demonstrates "(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice." *Cohen Lans LLP v. Naseman*, No. 14-CV-4045 (JPO), 2017 WL 1929587, at *1 (S.D.N.Y. May 10, 2017) (internal quotation omitted). *See also United States v. Spataro*, No. 04 CR 911 (SJ), 2009 WL 10718509, at *1 (E.D.N.Y. Oct. 15, 2009) (noting that the Federal Rules of Criminal Procedure do not provide for motions for reconsideration and that "courts have generally allowed such motions and have analyzed them under the applicable rules and standards for motions for reconsideration in civil cases) (internal citations and quotations omitted).

## III.    Discussion

Teman's motion for reconsideration should be denied for the same reasons as his initial application: Teman does not provide extraordinary and compelling reasons warranting his release; and, as before and in any event, the § 3553(a) factors also weigh against a reduction in sentence. Teman seeks reconsideration because, *inter alia*, he claims that in denying his initial application, "the Court overlooked evidence of Teman's neurological and auto-immune disorders that place

---

[1] Also attached hereto, as Exhibit B, are recent BOP medical records for Teman. Because Exhibits A and B contain Teman's medical information, the Government respectfully requests that the exhibits be filed under seal.

him at grave risk of bodily harm and death." (Def. Mot. at 1). Teman also asserts as a basis warranting reconsideration that he "has become a positive force in the prison environment . . . ." (*Id.*). Teman argues that these factors warrant reconsideration or, in the alternative, "nightly compassionate release so that [Teman] can receive the care he needs and avoid the most serious risks of bodily injury or death." (*Id.*).

*First*, the Court previously considered and rejected Teman's medical concerns as a basis for compassionate release. As set forth in the January 24 Order, in evaluating whether Teman's preexisting medical conditions meet the standard to warrant compassionate release, "the decisive question s not whether Teman would fare better and receive better are if living at home. [I]t is how Teman's medical conditions measure against the demanding standards set by the Sentencing Commission for when such condition(s) are *extraordinary* and *compelling* so as to qualify for compassionate release." (Jan. 24 Order at 12 (emphasis in original)). And as was the case with respect to Teman's initial motion, his more recent BOP medical records also "bely any claim that these circumstances meet the legal standards governing compassionate release." (*Id.*). Teman's BOP records reflect more of the same, for example: a note from approximately February 6, 2024 indicating that Teman raised issues regarding "lactose intolerance as a child and a wheat allergy" after being administered a vaccine for COVID-19, "deni[es] taking pain medication and does not want any," and "states that within the last week he has done burpees and pushups" (Ex. B at 29); an evaluation on approximately February 16, 2024, which includes an assessment that Teman's "[o]verall condition is stable, no acute distress noted" (*id.* at 20); and, on approximately February 27, 2024, a note that Teman complained of "pain to [his] right testicle" which he stated "began after doing burpees and pushup[s] on the recreational yard," then observes there was, "no swelling, masses or redness noted" (*id.* at 12). With respect to Teman's testicular pain, specifically, his BOP medical notes indicate that, on approximately February 6, 2024, Teman stated "that antenna was moved in the units and probably the cause of why testicle is hurting." (*Id.* at 29).

As noted above, on February 27, 2024, the BOP, at the Court's encouragement and after being advised by the Government, took the additional step of removing Teman from jail so that he could be evaluated at a local, outside hospital. The results of the hospital evaluation were similar to those memorialized by the BOP. A medical record of that visit, attached as Exhibit A, includes numerous (negative) test results and, ultimately, concludes that both testicles were within the relevant normal ranges. (*See* Ex. A at 6). The records of that hospital visit do not reference other issues.

Accordingly, and notwithstanding the letter of Dr. Alon Seifer, attached to the Quainton Declaration, neither Teman's BOP medical records nor those of his recent hospital visit indicate— much less establish—health issues rising to "extraordinary and compelling" to meet the standard for compassionate release. As the Court found in denying Teman's initial motion, "[t]he BOP's medical records reflect that Teman has repeatedly received medical attention within FCI Miami" (Jan. 24, 2024 Order at 13), and, again, "the assembled documentation (medical records plus Teman's account) do not come close to supporting that Teman meets any of the formulations from the Sentencing Commission under which an inmate's conditions qualify as an extraordinary and compelling reason for early release." (*Id.* 14-15). In sum, Teman's motion for reconsideration

Hon. Paul A. Engelmayer   Page 4
March 7, 2024

fails to identify new concerns and, regardless, should be denied for substantially the same reasons as those set forth in the January 24 Order.

*Second*, the § 3553(a) factors continue to weigh against Teman's compassionate release. While Teman's efforts on behalf of himself and others are admirable, and the Government credits the letter of Mr. Gadson appended to the Quainton Declaration, the analysis remains the same. The Court has on numerous occasions set forth the rationale for Teman's below-Guidelines sentence of one year and one day of imprisonment. In view of all the reasons justifying the sentence imposed, and other analogous cases, the Court found in its January 24 Order "that Teman's early release would be inconsistent with the § 3553(a) factors, taken as a whole." (Jan. 24 Order at 21). This finding is appropriate and reasonable given the seriousness of Teman's conduct, the harm he caused, the need for specific and general deterrence, and to promote respect for the law; all coupled with the fact that, as set forth in the BOP declaration appended to the Governments January 10, 2024 response to Teman's initial motion, Teman is scheduled to be released to a residential reentry center in approximately mid-May, 2024, and from there to home confinement on or about June 27, 2024. (*See* Dkt. 412, Ex. A ¶¶ 2, 6-7). Granting Teman compassionate release now, when he has served approximately five months of his sentence, and, assuming continued good behavior, will serve approximately two-to-three more months in jail, would not comport with the careful balancing of the § 3553(a) factors the Court undertook at sentencing and applied in the January 24 Order.

## IV.   Conclusion

Accordingly, and for the reasons set forth above, the Government respectfully submits that Teman's motion for reconsideration should be denied.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:      /s/
        Jacob H. Gutwillig
        Assistant United States Attorney
        (212) 637-2215

cc:  All Counsel (via ECF)