UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

---

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court continues to receive near-daily emails from the parents of defendant Ari Teman, attaching *pro se* applications for relief which Teman emailed them and which ask the Court to docket assorted materials, which these emails attach. However, as Teman acknowledges in this afternoon's email, two distinct lawyers (Eden Quainton, Esq., and Shon Hopwood, Esq.) presently represent him. Each lawyer has made at least one submission in support of Teman's application(s) for compassionate release pursuant to 18 U.S.C. § 3582(c). *See* Dkt. 413 (Hopwood); Dkts. 421, 424, 430–32 (Quainton). In addition, a third lawyer, Edoardo Maffia, Esq., has recently appeared for Teman, *see* Dkt. 410, and, with Hopwood, submitted a memorandum in support of Teman's motion for early release, *see* Dkt. 413.

With Teman represented by multiple counsel, it is for Teman's counsel, not his parents, to pursue relief from the Court on Teman's behalf. It is not sufficient for Teman to explain that his counsel are occupied on other matters or away from their offices. *See* Dkt. 438 (order of April 3, 2024) ("Teman is represented by counsel in this matter. Teman's parents should direct any such requests to Teman's counsel, not the Court."). For avoidance of doubt, the Court will

no longer file on the docket of this case documents emailed to it by Teman's parents. Nor will the Court treat emails from Teman's parents as applications for compassionate release.

That said, the Court directs the following, in the interest of assuring that Teman secures prompt and full relief for any unmet dietary needs. In an order yesterday, the Court asked the Government to provide BOP medical personnel with letters that the parents had attached from two of Teman's pre-incarceration physicians, and to file a letter on the docket reporting on the determination by BOP medical personnel about whether any changes to Teman's medical care were warranted. *See* Dkt. 437. The Court's order also acknowledged and found satisfactory the Government's letter of April 2, 2024, which had noted, *inter alia*, that Teman's commissary food purchases were inconsistent with his claim to require a gluten-free diet. *See id.* (citing Dkt. 436). Teman's submission this afternoon, however, represents that he had made the commissary food purchases noted by the Government on behalf of other inmate(s), in exchange for their buying gluten-free food for him. The Court therefore asks the Government to revisit with the BOP the adequacy of the food offerings available to Teman given his dietary limitations, this time not assuming that Teman has personally consumed or can personally consume non-gluten-free food. The Government may include its response on this point in its forthcoming report regarding Teman's medical care.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: April 4, 2024
New York, New York

2