

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 26, 2024

**By CM/ECF and Email**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    **United States v. Ari Teman**, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

      The Government respectfully writes in response to defendant Ari Teman's recent motion for compassionate release, filed on April 19, 2024. (Dkt. 444). Teman has made several such motions in recent months, each of which the Court has denied. (*See* Dkt. 437 at 2 (citing Dkts. 414, 434, and 435)). Various of the Court's prior Orders and the Government's submissions set forth the factual background and relevant legal standards. (*See, e.g.*, Dkt. 434; *see also* Dkts. 138, 402). In the present motion, Teman seeks immediate release to home confinement. He offers as bases for this relief, *inter alia*, medical and dietary issues, as well as claims relating to religious-based retaliation against him at FCI Miami. (*See* Dkt. 444). As it has done in response to Teman's repeated assertions relating to issues he has encountered while in the custody of the Bureau of Prisons ("BOP") at FCI Miami, the Government has consulted with FCI Miami about Teman's claims, and provides here responsive information. The Government has taken, and continues to take, seriously the issues Teman has raised relating to his health, diet, and religious observance. In that connection, however, the Government notes also the relevant BOP records bearing on those matters it has provided previously and appended hereto, as well as Teman's history of "misplaced claims of victimhood" and "unsubstantiated, hyperbolic, and self-serving representations of fact." (Dkt. 435 at 2). Moreover, in consideration whether compassionate release is appropriate, the Government continues to believe that Teman's crime was a serious one—and that the rationale supporting Teman's custodial sentence is as well-founded now as it was when imposed.

      The Government sets forth below relevant information it has learned from BOP in response to Teman's present motion. In view of that information, as well as that set forth above, in prior submissions, and in the Court's Orders denying Teman's previous motions for compassionate release, the Government respectfully submits that the Court should deny Teman's motion.

*First*, with respect to Teman's medical care, attached hereto as Exhibit A are Teman's updated BOP medical records through April 24, 2024.[1]  Those record reflect, in part, that on April 23, 2024 at approximately 8:57 a.m., Teman reported to BOP Health Services.  The notes of that evaluation reflect the following:

> Patient reports to medical with chief complaint of dizziness, abdominal discomfort and reportedly falling.  Per patient statement, dizziness began approximately 3-4 days ago.  Abdominal discomfort and fall occurred last night 4/22/24.  Patient presents as a poor historian, states he does not remember falling, was "told" by cell mate that he fell.  Patient denies abdominal discomfort at this time.  LBM: 04/22/24 described as being normal in characteristics.  Patient attributes symptoms to recent changes in [Passover] diet.  Patient is alert and oriented x4.  Vitals WNL.  Respirations even and unlabored.  [S]kin integrity intact.  No injuries identified.  Gait stable.  Overall condition is stable, no acute distress noted.

(*See* Ex. A at 5).  BOP medical records further reflect that, later that same day—April 23, 2024—FCI Miami arranged for Teman to be transferred to Jackson South Community Hospital, an outside facility, for a medical evaluation, citing Teman's complaint of a "fall within the last 2 days, pain in spine, [and] tests."  (*See id.* at 1).  However, Teman refused that treatment.  (*See* Ex. B).[2]  In response to Teman's claims relating to the so-called "black box" restraints used when transporting inmates (*see* Dkt. 444 at 2, n.3), BOP advises that (i) BOP policy requires the use of such restraint equipment, also called "martin chains," during staff-escorted trips into the community for in-custody inmates; and (ii) in the assessment of BOP medical personnel, there is nothing in Teman's current medical history impeding him from being managed in this manner.

*Second*, with respect to Teman's dietary needs, as the Government previously advised the Court, despite Teman's claims of intolerance to gluten and his need for oat-based matza, recent laboratory testing—done by an outside, non-BOP facility—reflect that Teman does not have an allergy to wheat or gluten.  (*See* Dkt. 443 at 2).  Teman's response to this test result is to cite what appears to be a standard disclaimer from Quest Diagnostics.  (Dkt. 444 at 4, n.5).  As it stands however, the BOP has both sought to accommodate Teman's dietary—and, by extension, religious—needs, as well as independently obtained test results confirming that Teman does not,

---

[1] Because Exhibits A and B contain Teman's personal medical information, and consistent with prior filings in this matter, the Government respectfully requests that Exhibits A and B be filed under seal.

[2] FCI Miami has confirmed that it provides health services coverage to all inmates 16 hours a day, from approximately 6:00 a.m. to 10:00 p.m., seven days per week.  In accordance with BOP policy, FCI Miami also has established local procedures for providing urgent 24-hour medical care.  To that end, inmates experiencing a medical emergency are instructed to report their emergency to the nearest staff member, who will in turn contact the medical provider on duty, or the Operations Lieutenant if the emergency is after 10 p.m. and before 6:00 a.m.  At that point, per FCI Miami policy, an assessment will be made, and, if necessary, two local hospitals—including Jackson South Community Hospital, where FCI Miami attempted to take Teman on April 23, 2024, and Larkin Community Hospital, where Teman previously was evaluated—are equipped with emergency rooms too address medical emergencies arising at FCI Miami.

in fact, have an allergy requiring further mitigation. Moreover, BOP further advises it does not have documentation indicating that such a food allergy previously was diagnosed by an outside medical provider.

*Finally*, Teman states that "he has been approved for transfer to the satellite camp attached to FCI Miami Low" and that BOP officials "[h]ave confirmed to Mr. Teman that they are beginning the camp transfer process" and that "the camp would allow a medical furlough[.]" (Dkt. 444 at 3). BOP advises that Teman's assertion is not accurate. Teman has not been approved for transfer to the adjacent satellite camp at FCI Miami because the camp would allow medical furlough; rather, Teman will remain at his present BOP facility until his expected release to a residential reentry center in May 2024.

In view of and for the reasons set forth above, as well as in the Court's prior Orders denying the relief Teman seeks, the Government respectfully submits that Teman's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/
      Jacob H. Gutwillig
      Assistant United States Attorney
      (212) 637-2215

Cc:    Defense counsel (by CM/ECF)