UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 19-CR-696 (PAE)<br>24-CV-8278 (PAE) |
| ARI TEMAN, | **Attorney-Client Privilege**<br>**Waiver (Informed Consent)** |
| Defendant. | |

PAUL A. ENGELMAYER, District Judge:

Defendant Ari Teman has made a motion under 28 U.S.C. § 2255 to have his conviction set aside on the ground that he received ineffective assistance from his trial attorneys, Justin Gelfand, Esq., and Joseph A. DiRuzzo III, Esq. *See* Dkt. 458 (motion); Dkt. 459 (memorandum of law).[1] The Court's review of Teman's motion papers demonstrates a need for sworn testimonial statements from Teman's trial attorneys to permit the Court to evaluate Teman's motion.

The American Bar Association requires Teman's attorneys to obtain Teman's consent before disclosing confidential communications between Teman and these attorneys that may bear on the disposition of Teman's motion. This is a professional ethics requirement; there is no legal requirement that a defendant give his attorneys permission to disclose such information. In fact, as a matter of law, here, Teman has waived the attorney-client privilege by making this motion, which means that if he wishes to press this claim of ineffective assistance, Teman cannot keep the communications between himself and his trial attorneys a secret—he must allow them to be disclosed to the Government and to the Court pursuant to Court order.

---

[1] Citations here are to docket entries in 19 Cr. 696 (PAE).

1

If Teman wishes to proceed with his motion to set aside his conviction on the basis that he received ineffective assistance of counsel, he must sign this statement and file it publicly on the docket of this case. The form authorizes Teman's trial attorneys to disclose confidential communications (i) only in response to a Court order and (ii) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that Teman's motion raises.

Teman should know that if he signs this authorization, he runs the risk that his trial attorneys will contradict his statements about their representation of him. However, Teman should also know that the Court will deny his motion if he does not authorize his trial attorneys each to give an affidavit in response to the Court's attached order. Nothing in the American Bar Association's opinion alters the fact that Teman has already waived the attorney-client privilege; if Teman frustrates the Court's ability to decide his motion by refusing to sign this authorization, his motion will be denied for failure to prosecute that motion.

**Teman must publicly file, on the docket of this case, this form, signed by Teman and notarized, within thirty (30) days from the date of this Order. If Teman does not do so within those thirty (30) days, the Court will automatically deny Teman's motion.**

The Clerk of Court is directed to mail a copy of this Order and the attached Notarized Authorization page to the individuals listed below the Court's signature.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: November 7, 2024
      New York, New York

*By ECF and First Class Mail To:*

**Joseph Andrew Diruzzo III, Esq.**
DiRuzzo & Company
401 E Las Olas Blvd #1400
Fort Lauderdale, FL 33301

**Justin Gelfand, Esq.**
Margulis Gelfand, LLC
7700 Bonhomme Ave.
Suite 750
Saint Louis, MO 63105

**Thomas J. Butler, Esq.**
P.O. Box 665
Melville, NY 33139

**Jacob Harris Gutwillig, Esq.**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

## NOTARIZED AUTHORIZATION

I have read the Court's Order dated November 7, 2024, captioned "Attorney-Client Privilege Waiver (Informed Consent)." I hereby authorize my former attorneys, Justin Gelfand and Joseph A. DiRuzzo III, to comply with the Court's order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated:                                             _____
                                                   Ari Teman

Sworn to before me this _____
day of_____, 20____


_____
Notary Public