UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------
UNITED STATES OF AMERICA,
  Plaintiff,

v.

ARI TEMAN,
  Defendant.
-------------------------------------------------------------
Case No. 1:19-cr-00696

**DEFENDANT'S PRO SE MOTION FOR SANCTIONS AND RECUSAL**

**TO THE HONORABLE PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE:**

Defendant Ari Teman respectfully moves this Court for sanctions against defense attorney Noam Biale, his firm Sher Tremonte LLP, defense attorney Justine Harris, and Assistant United States Attorneys (AUSAs) Kedar Bhatia, Jacob Gutwillig, Edward Imperatore, and Margaret Graham, and for recusal of Your Honor pursuant to 28 U.S.C. § 455(a) and § 455(b)(1), based on non-waivable conflicts of interest and conduct that violates Defendant's rights to due process, a fair trial, and an impartial tribunal.

### **I. INTRODUCTION**

This motion arises from a profound breach of ethical duties and judicial impartiality that has fundamentally undermined the integrity of these proceedings. Specifically:

1. **Non-Disclosure of Marital Relationship and Conflict of Interest:**

Defense attorney Noam Biale failed to disclose that he was married to AUSA Margaret Graham, who was actively involved with the prosecution office on multiple cases where they were found to have willfully violated disclosure obligations (*Pizzaro, Ahuja, Nejad*, etc).

Both Biale and Graham were working from home in a small two-bedroom Brooklyn apartment during the pendency of this case, creating a situation where Graham could overhear and relay confidential attorney-client communications. Graham could be seen in the background on Zoom calls and was clearly able to overhear confidential conversations about catching her office cheating. This is no different than cases where the prosecution illegally monitors attorney client calls by microphone and warranted immediate dismissal and sanctions.

2. **Failure to Pursue Assigned Legal Strategies:**

Mr. Biale's firm, Sher Tremonte LLP, was explicitly retained to handle disclosure violations and other prosecutorial misconduct. Instead they participated in a shocking disclosure violation and a major and ongoing violation of civil rights.

Biale failed to pursue multiple strategies to expose prosecutorial misconduct by Graham and her team, despite multiple written pleas by the Defendant and his family and pro bono counsel, thereby undermining Defendant's defense and enabling the Government to exploit these delays in subsequent arguments to the Second Circuit.

Worse, emails between Sher Tremonte and the Government obtained via FOIA show that both Sher Tremonte and the Government knew this was an issue impacting "many SDNY cases". Justine Harris lied to the Defendant saying they had a procedure in place, while at the same time emailing the Government to first discuss setting up such a procedure.

In fact, no cure for this issue can be made after the fact because it is impossible to know what privileged material AUSA Graham overhead and relayed to her coworkers– who were already at risk of disciplinary actions for multiple disclosure violations in multiple cases. This was a concerted effort to violate the Defendant's rights.


3. **Non-Disclosure of Relationship with Judge Engelmayer:** Biale also failed to disclose that he and Judge Engelmayer were close family friends and that Judge Engelmayer visited Biale's home during the time of these proceedings.

Even more shocking, Judge Engelmayer failed to immediately disclose he was in the home office of the Defendant's counsel, and was therefore able to review attorney client privileged documents and have ex parte conversations with both thy government and the conflicted defense counsel without any papertrail.

In this issue, Judge Engelmayer is a party, a witness, and personally violated the civil rights of the Defendant for the 5.5 months that Biale was engaged by the Defendant. He must be called as a witness, his GPS information must be example by the defense to determine the number of times and frequency of the ex parte and conflicted meetings he later admitted to. In fact, Judge Engelmayer has since repeatedly changed his characterization of his deeply intimate relationship in attempt to further defraud the Defendant out of his civil rights.

- Because it cannot be said that meeting with defense counsel and government attorneys in their homes while hiding his relationship with them is within the bounds of judicial responsibilities and roles, Judge Engelmayer stands to be a party in a civil suit filed by Teman against the Parties who failed to disclose the conflict.

Because the lawsuit will survive dismissal on the fact that the Sher Tremonte engagement letter was fraudulent (which must be considered true for the purposes of a motion to dismiss), Judge

Engelmayer is at the very least a fact witness and arguably a party to such litigation. He must therefore recuse from this motion whose outcome impacts those claims.

4. **Improper Use of Delays:** The Government is now using delays caused by Biale's failures as a basis to argue against Defendant's relief under Rule 33 in the Second Circuit, effectively weaponizing conflicts of interest and misconduct to prejudice Defendant further.

The Government is arguing before the Second Circuit that the delays by Biale, et al and their causing a delay of 5.5 months before sentencing, plus the time it would take any replacement counsel to review the case and be ready to work, *served to harm the Defendant's defense materially*.

The judge is guilty, too, of not immediately disclosing this delay-causing conflict and must recuse. Upon information and belief, attorneys have reported Judge Engelmayer to the judicial ethics committee. Any ruling on this motion must therefore be done by a judge who is himself not personally conflicted.

Judge Engelmayer is notoriously quick to put orders and notices on the docket and therefore there was no excuse to wait weeks and weeks to disclose these shocking and egregious conflicts.

### **II. LEGAL ARGUMENT**

#### **A. The Non-Disclosure of Conflicts of Interest Requires Recusal and Dismissal**

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Further, under § 455(b)(1), recusal is mandatory where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

The marital relationship between defense attorney Biale and AUSA Graham, combined with their shared living arrangements, created an unwaivable conflict of interest that undermines the adversarial nature of this litigation. The Supreme Court has repeatedly emphasized the need for judicial and prosecutorial impartiality. See **Tumey v. Ohio**, 273 U.S. 510, 532 (1927) ("Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant... denies the latter due process of law.").

Additionally, the relationship between Judge Engelmayer and defense attorney Biale raises further questions about the fairness of these proceedings. Non-disclosure of such relationships violates the fundamental principle of impartiality, as outlined in **Liljeberg v. Health Services Acquisition Corp.**, 486 U.S. 847 (1988).

#### **B. The Conduct of Counsel Warrants Severe Sanctions**

Under Federal Rule of Civil Procedure 11 and the Court's inherent powers, sanctions are appropriate where attorneys engage in misconduct that undermines the integrity of the judicial process. See **Chambers v. NASCO, Inc.**, 501 U.S. 32, 43 (1991).

Here, Biale and his firm were retained specifically to address prosecutorial misconduct (engagement letter, EXHIBIT_. QUOTE:_), yet failed to disclose his conflict of interest with his wife, AUSA Graham.

AUSA Graham was under severe warning for such behavior by Judge Alison Nathan ___ and faced suspension and other disciplinary actions for such a disclosure violation. She still does. Biale's actions prove he was acting to protect his wife despite it being against the best interests of his client.

Moreover, Biale's inaction allowed the Government to delay these proceedings and use those delays to argue against relief. The failure of AUSAs Graham, Bhatia, Gutwillig, and Imperatore to disclose these conflicts further compounded the misconduct.

For example, Biale lied to Teman and pro bono counsel regarding seeking exculpatory evidence and evidence of subpoena violations. It turns out, this delayed the collection of evidence that multiple witnesses had colluded with each other to hide emails upon which they were copied. It is impossible that both Soon-Osberger and Hom "accidentally" forgot to provide the government with emails which mention both Teman and GateGuard, and this clear evidence of collusion itself impeachment evidence.

Judge Engelmayer is conflicted because if he were to rule that this evidence is exculpatory, he would be ruling that Mr. Teman was confined at home and in prison for years and suffering many millions of dollars in damages due to Biale's fraud.

That Sher Tremonte committed fraud is indisputable. They admitted to Judge Engelmayer at the December "Sentencing Hearing" (where sentencing was delayed as a result) that they knew of the conflict an that it must be disclosed to Teman, but their engagement letter fraudulently claimed they knew of no conflict. This, Justine Harris, Noam Biale, and Sher Tremonte committed willful fraud and unjustly enriched themselves. There is absolutely no chance Teman would hire anyone remotely friendly with Judge Engelmayer, who he believes to be an extremely corrupt sociopath who hid a multimillion dollar financial conflict in addition to personal conflicts and ex parte calls.

### **III. REQUESTED RELIEF**

For the foregoing reasons, Defendant respectfully requests that this Court:

1. **Recuse** itself pursuant to 28 U.S.C. § 455(a) and § 455(b)(1).  The Court made very clear that Biale is the Court's "mentee" and close personal friend, to the point the Court knows their children's names, visited their home, and has regular lunches with them.

That, then a non conflicted court:

2. **Sanction** attorneys Noam Biale, Justine Harris, Kedar Bhatia, Jacob Gutwillig, Edward Imperatore, and Margaret Graham by suspending them from the practice of law for a minimum of 60 months.

3. **Sanction** the Government by dismissing all counts with prejudice.  Award Teman $18,000,000 per week film from the time of arrest (July 3, 2019) to reflect lost revenue of his businesses resulting from this injustice and to deter future such disclosure violations.

4. Award Defendant all legal fees and expenses incurred as a result of this case.

### **IV. CONCLUSION**

The integrity of the judicial process demands impartiality, transparency, and adherence to ethical obligations. The conduct of counsel and the conflicts of interest outlined above constitute a profound violation of these principles, warranting the requested relief.

Respectfully submitted,

S/Ari Teman/
Ari Teman
Pro Se Defendant

Dated: January 23, 2025
Tel Aviv, Israel

PS  Nobody believes Engelmayer wishes the Defendant well.