UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

---

19-CR-696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On January 27, 2025, defendant Ari Teman filed a *pro se* motion for sanctions against four Assistant United States Attorneys and two former defense counsel (Noam Biale, Esq., and Justine Harris, Esq.) and for this Court's recusal. Dkt. 486. The Court denies the motion as meritless and duplicative.

The motion is based on the brief representation of Teman by Mr. Biale and Ms. Harris in late 2020. On January 29, 2020, Teman was convicted by a jury of two counts apiece of bank fraud and wire fraud. Dkt. 92. On November 2, 2020, Mr. Biale and Ms. Harris, who had not represented Teman during trial, appeared for him. Dkts. 154–155. On December 1, 2020, however, Teman terminated them, after the Court, at the start of a conference that had been scheduled as a sentencing proceeding, inquired whether a *Curcio* hearing was warranted in light of Mr. Biale's marriage to an AUSA, Margaret Graham, who was not involved in this case. *See* Dkt. 182 (December 1 hearing transcript); Dkt. 179 (December 1 letter reporting termination of Mr. Biale and Ms. Harris).

Teman thereafter claimed (1) prosecutorial misconduct based on this relationship and (2) judicial misconduct based on the Court's disclosure at the start of the hearing, *see* Dkt. 182 at

17–20, of its acquaintance with Mr. Biale and AUSA Graham. At a July 9, 2021 hearing, in a bench ruling, the Court rejected these claims. *See* Dkt. 244 at 33–40. And at that same hearing, Teman's counsel conceded that his conviction had been unaffected, and that his upcoming sentencing stood to be unaffected, by Mr. Biale's earlier representation of him. *Id.* at 36–37.[1] On July 28, 2021, the Court sentenced Teman. Dkt. 253.

Particularly salient here, Teman raised the same claims—among a range of theories of prosecutorial and judicial misconduct—in his unsuccessful appeal of his conviction to the United States Court of Appeals for the Second Circuit. *See United States v. Teman*, No. 21-1920-cr, Dkt. 90, at 60–68, 74; Dkt. 109, at 45–47, 49; Dkt. 133, at 30–33. The Circuit rejected all those claims as baseless. *See United States v. Teman*, No. 21-1920-cr, 2023 WL 3882974, at *3–4 & n.3 (2d Cir. June 8, 2023). The Circuit later denied Teman's petition for rehearing *en banc*. *United States v. Teman*, No. 21-1920-cr (2d Cir. Aug. 11, 2023), Dkt. 175.

Since the affirmance of his conviction, Teman has nonetheless reprised those claims in a series of baseless *pro se* filings. Each time, he has recycled these claims in a transparent attempt to stave off imposition of an unwelcome aspect of his sentence. On September 21, 2023, shortly before the date set for his surrender to the Bureau of Prisons, Teman filed an "emergency letter motion" to vacate his conviction under Federal Rule of Criminal Procedure 33, based on Mr.

---

[1] At the hearing, Teman's counsel, Susan G. Kellman, Esq., acknowledged that no "non-frivolous claim" could be made "that the fact that Mr. Biale is married to Ms. Graham affected [either] the conviction," Dkt. 244 at 36, or the Government's sentencing advocacy, *id.* at 36–37. The Court, stating that there appeared to have been "zero consequence" to Teman from the non-disclosure to him before December 1, 2020 that Mr. Biale was married to an AUSA, gave Ms. Kellman and her co-counsel, Andrew J. Frisch, Esq., a week to identify in a declaration *any* way in which Mr. Teman's concrete legal interests had been affected. *Id.* at 38; *see also id.* at 39 ("I respect Mr. Teman's frustration of having retained an attorney who didn't make that disclosure and the frustration with the government for not having caught the *Curcio* issue earlier[.] [A]t the same time, it is utterly opaque to me what consequence any of that turned out to have."). On July 14, 2021, Ms. Kellman notified the Court that no such declaration would be filed. Dkt. 241.

Biale's marriage to AUSA Graham and on the Court's acquaintance with the two. Dkt. 388. Rejecting that bid, the Court reaffirmed Teman's surrender date, *see* Dkt. 389, 402, and denied Teman's Rule 33 motion, *see* Dkts. 402, 415. And Teman's most recent motion, of January 27, 2025, was filed shortly after the Court had issued an order directing him, having resided in Israel with the Court's authorization since mid-September, to return to the United States by February 28, 2025, to enable the Probation Department to ably supervise him. *See* Dkt. 484.

The Court therefore denies Teman's motions for sanctions and recusal. In light of the Circuit's rulings rejecting his claims of prosecutorial and judicial misconduct, Teman's motions as directed to the AUSAs and the Court are not only meritless and duplicative, but frivolous. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is frivolous when either: (1) the factual contentions are clearly baseless; or (2) the claim is based on an indisputably meritless legal theory." (cleaned up)). And in light of his counsel's admission on his behalf that his legal interests had been unaffected by Mr. Biale's representation, his motion for sanctions from Mr. Biale and Ms. Harris is meritless as well. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) ("[F]inding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (a claim is "factually frivolous" if its factual basis is "fanciful," "fantastic," or "delusional."); *Jimenez v. Structured Asset Mortg. Inv. II, Inc.*, No. 17 Civ. 534, 2017 WL 5508480, at *2 (S.D.N.Y. Apr. 6, 2017) (same).[2]

---

[2] Presumably because of his inability to establish any injury, Teman's pending—counseled—petition under 28 U.S.C. § 2255, in which he claims ineffective assistance by his trial counsel, tellingly does not bring a claim based on his brief representation by Mr. Biale or Ms. Harris. *See* Dkts. 458–459.

3

To the extent that Teman's unstated objective in filing the January 27 motion is to somehow unsettle the Court's order directing him to return to the United States, his remedy, as the Court has advised him, is to appeal that order to the Second Circuit. *See* Dkt. 484 at 10 & n.7.

The Court advises Teman that it will treat any future motion for recusal or sanctions based on his representation by Mr. Biale or Ms. Harris as frivolous and vexatious and as itself a basis for the possible imposition of sanctions. *See, e.g., Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (citation omitted)); *Shafii v. Brit. Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996) (same); *Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) (imposing sanctions where the litigant had "demonstrated a clear pattern of abusing the litigation process" by raising "vexatious and frivolous" arguments (citation omitted)), *aff'd*, 23-7973-cv, 2024 WL 4297471 (2d Cir. Sept. 26, 2024).

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 29, 2025
       New York, New York