UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
UNITED STATES OF AMERICA,       :
    Plaintiff,                  :        Case no. 1:19-cr-00696-PAE-1
                                :
v.                              :
                                :
ARI TEMAN,                      :
    Defendant.                  :
_____x

### DECLARATION OF JOSEPH A. DiRUZZO, III

Joseph A. DiRuzzo, III, does hereby swear to and attest to the following:

1. I am over the age of 18 and of sound mind.

2. I was the attorney of record for the Defendant in the above-styled case.

3. I make this declaration in compliance with the Court's November 26, 2024, order.

4. As to the Defendant's claim that I failed to act reasonably when Ariel Reinitz was called as defense witness I disagree for the following reasons:

    a. The only viable trial defense was a reliance of counsel defense.

    b. The only way to prove-up a reliance of counsel defense (in order to be able to obtain a reliance of counsel jury instruction) required putting into the record the legal advice that the Defendant had received from Mr. Reinitz. There were only three ways that could be accomplished, *one* by having the Defendant testify, *two* having Mr. Reinitz testify, and *three* by having both the Defendant and Mr. Reinitz testify. The Defendant was advised of his right to testify, and I informed him that I thought that he would make an exceedingly poor witness if he testified. In short, having tried over 50 cases at the state and federal levels, I concluded that the jury would (i) not find the Defendant to be credible, (ii) would disbelieve the Defendant's testimony, and (iii) would not like the Defendant's

personality and (iv) would not like him as a person. I arrived at that conclusion after having conducted mock examinations (both direct and cross) of the Defendant in advance of trial and having spent substantial time with the Defendant (both in and out of court). It is also my understanding that co-counsel Justin Gelfand had performed multiple mock examinations of the Defendant and arrived at the same conclusion. The Defendant elected to exercise his constitutional right not to testify, accordingly, the only person that could prove-up the reliance of counsel was Mr. Reinitz.

    c. Additionally, the jury could easily discount the testimony of the Defendant as being entirely self-serving. In my view the jury would expect that the defense would call the attorney himself who gave the advice that forms the reliance of counsel defense (the attorney-client privileged is necessarily waived). Further, given that the Defendant is not an attorney, the finer points of the legal advice, the thought process used to arrive at that legal advice, could only be communicated to the jury through the testimony of Mr. Reinitz. To state it differently, I would expect that the jury would not look favorably (and could hold it against the Defendant) if the attorney who rendered the legal advice did not testify with the concern that the attorney, i.e. Mr. Reinitz, did not in fact give the legal advice that the Defendant was relying upon for his reliance of counsel defense.

    d. The communications from Mr. Reinitz to the Defendant that were unfavorable (e.g. you will be arrested, this will be a criminal matter) were taken into account in the calculus (as to whether to call him) but ultimately, given that Mr. Reinitz was the only witness besides the Defendant it was a calculated risk that we were willing to accept.

  e. At bottom, without the testimony of Mr. Reinitz there would not have been a reliance of counsel defense, no jury instruction would be given, and the Defendant wouldn't have had any articulable theory of the case to argue to the jury.

5. As to the Defendant's claim that I failed to admit the valid 2016 term, conversations, and emails and failed to move for a Rule 29 acquittal, I disagree for the following reasons:§

  a. The Defendant and his companies lacked the documentary evidence regarding the terms and conditions used by customers of GateGuard. I found it to be curious that a purported "tech" company lacked the various iterations of the terms and conditions that its customers purportedly signed. The only person (other than the Defendant) that would have been able to lay the evidentiary foundation for the terms and conditions was Mr. Reinitz as he had personal knowledge of those documents. Thus, we had to call Mr. Reinitz. Moreover, to the best of my recollection, neither the Defendant nor GateGaurd had any evidence that its customers actually agreed to the terms and conditions (there were no signatures, nor "Docusign" documents).

  b. To the best of my knowledge, I believe we did move under Rule 29 for a judgment of acquittal.

6. As to the Defendant's claim that I failed to act reasonably by failing to move to continue the trial and request a competency evaluation, I disagree for the following reasons:

  a. The Defendant wasn't incompetent, far from it. He appreciated the nature of the proceedings, actively engaged with his attorneys in both things that were related to his case and things that were unrelated to his case, and had lucid and insightful discussions before, during, and after trial. At no point in time was there anything that would have led me to believe that the Defendant was not competent. As a point of reference, I have question a client's competency and requested that the Third Circuit remand to the District Court of the Virgin Islands to conducted a

competency hearing. *See United States v. Gillette*, CA3 case no. 09-2853 (motion dated 1/17/2011). This was not one of those cases were competency was in doubt.

    b. A delay in trial was not in the Defendant's best interest. The Defendant was adamant that he would not take a plea (including a corporate plea). Thus, unless the Government was going to drop the case (and it wasn't) we were going to have to win at trial. However, Justin Gelfand and I were very concerned that if the Government had more time it would have enlarged the scope of its investigation into the Defendant. In particular we were concerned that if the Government had bothered to pull the Defendant's personal income tax returns (i.e. form 1040) or the returns for GateGard, it would be apparent that the Defendant had failed to file the required tax returns. This would have been fatal and there was absolutely no defense to a failure to file allegation under 26 U.S.C. § 7203.

7. Finally, I'd turn the Court's attention to a "thank you" card the Defendant gave the undersigned after the close of evidence but before the verdict. In the thank you card, attached hereto, the Defendant states, inter alia, that my work was "heroic, generous, and brilliant," and that I put "every once of energy, intellect, and passion into defending someone who couldn't even pay you on time." The thank you card ends with: "you're an exceptional attorney, and even greater person. Thank you for being a hero." I take no comfort in the Defendant's conviction; indeed I wish it would have turned out differently. But at no point do I believe that the assistance of counsel that the Defendant received was ineffective, a point the Defendant's contemporaneous statement bear out.

//

//

//

\*\*\*

I make this declaration pursuant to 28 U.S.C. § 1746 and declare under the penalties of perjury that the foregoing is true and correct.

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III                                                    Executed on Jan., 10, 2025

Dear Joe,

I cannot thank you enough for your heroic, generous, and brilliant work to save me. You are everything an attorney should be. While we were mere strangers, and I had nothing to offer, you put your full life and every ounce of energy, intellect, and passion into defending someone who couldn't even pay you on time. You were more than an advocate - you were a coach, therapist, mentor, and friend. In my darkest times you filled the world (together with Justin) with incredible light - kindness, hope, skill.

On what should have been a heart-wrenching day, I am instead filled with only gratitude for the kindness you and Justin and others have shown me.

You're an exceptional attorney, and an even greater person.

Thank you for being a hero.

