UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| UNITED STATES OF AMERICA, | |
|---|---|
| -v- | 19 Cr. 696 (PAE) |
| ARI TEMAN, | ORDER |
| Defendant. | |

---

PAUL A. ENGELMAYER, District Judge:

The Court yesterday received a motion, Dkt. 492, from *pro se* defendant Ari Teman seeking an extension of time to appeal the Court's order of January 24, 2025, *see* Dkt. 484 ("January 24 Order"). That order directed Teman, by February 28, 2025, to return to the United States from Israel, to enable the United States Probation Office to effectively supervise him. *Id.* at 10. Teman is in the first year of a three-year term of supervised release after serving his prison term imposed for bank and wire fraud. *Id.* at 1, 4. He is a resident of Miami Beach, Florida. He is supervised by the United States Probation Office in the Southern District of Florida. *Id.* at 1–2.

It is unclear whether Teman's motion for an extension of time is directed to this Court or to the United States Court of Appeals for the Second Circuit or both. To the extent, however, that Teman's motion was directed to this Court and is within this Court's authority to resolve, the Court denies the motion.

In its January 24 Order, the Court set out at length why it is necessary for Teman to return to the United States now from Israel. In mid-September, the Court had permitted Teman to travel to Israel seven weeks for finite reasons. The Court had later granted Teman's request to

extend his stay in Israel through mid-January, a deadline the Court later extended until January 29, 2025. *Id.* at 2–4. However, the Court noted in the January 24 Order, Teman's presence was necessary to enable the Probation Department to adequately supervise Teman, including to monitor Teman's mental health and treatment. *Id.* at 7. The Court noted that Teman's conduct, including that underlying his fraud offenses, has persistently been characterized by rage, baseless and relitigated claims against others, taking liberties with facts, and retributive impulses. *Id.* at 7. Most recently, the Court noted, Teman, writing from Israel in November, had written a delusional letter to an AUSA assigned to his case, threatening to sue him for prosecutorial misconduct based on claims that the Second Circuit had rejected in summarily affirming his conviction. *Id.* at 7–8.

The Court's January 24 Order *sua sponte* extended the deadline for Teman's return to February 28, 2025, to enable him to make orderly arrangements for his return, and to enable him to appeal the Court's order on an expedited basis. *Id.* at 9. However, the Court emphasized that this Court would not further extend the deadline for return, advised Teman to consult his counsel about any such appeal, and instructed Teman that any appeal should be expeditious. *Id.* at 10 & n.7. Notwithstanding the Court's emphasis upon the need for expedition, Teman did not make any such motion until filing yesterday's *pro se* motion.

The Court is unaware of any good-faith basis for Teman to appeal the order directing him to return, let alone a good-faith basis to extend the deadline to file a meritless such appeal. The Court accordingly denies his application for an extension.

Inasmuch as Teman's motion appears to indicate an intention to apply for similar relief with the Court of Appeals, the Court directs Government counsel forthwith to furnish a copy of

this order to the Clerk of the Second Circuit, and, in the event appellate relief is sought, to file a copy of it on the docket of any such newly filed appeal.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: February 10, 2025
      New York, New York