B"H

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,** Plaintiff,

V.

**ARI TEMAN,** Defendant.                                    **Case No. 1:19-cr-00696 (PAE)**

## MOTION FOR DEFAULT JUDGMENT IN FAVOR OF DEFENDANT AND FOR RECUSAL OF JUDGE PAUL A. ENGELMAYER

**TO PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE:**

Defendant Ari Teman, pro se, respectfully moves this Court pursuant to Rule 55 of the Federal Rules of Civil Procedure (as applicable via Rule 12 of the Federal Rules of Criminal Procedure for procedural gaps) and 28 U.S.C. § 455(a) and (b) for entry of default judgment in favor of the Defendant on Docket #496 and for the immediate recusal of Judge Paul A. Engelmayer, effective today, February 21, 2025. This motion is based on the Government's failure to respond to Docket #496 by the designated return date and the extraordinary circumstance wherein the Executive Branch of the United States Government—including the President, Vice President, Attorney General, and head of the Department of Government Efficiency (DOGE)—has publicly agreed that Judge Engelmayer is corrupt and should be impeached.

Under Rule 47 of the Federal Rules of Criminal Procedure, a party may request relief by motion, and the court may rule based on the filings or the Government's failure to respond. Additionally, under Rule 12 of the Federal Rules of Criminal Procedure, when a party fails to contest a motion within the designated timeframe, the court may deem the motion unopposed and rule accordingly.

In this case, the Government failed to file any response or request an extension by the return date of February 20, 2025, at 5:00 PM. This failure constitutes an abandonment of its opposition and effectively concedes the merits of Defendant's motion at Docket #496. Given that the Government, represented by the U.S. Attorney's Office for the Southern District of New York, has not presented any counterarguments or objections, the Court should grant the requested relief as a matter of due process.

While criminal proceedings do not permit default judgment in the same manner as civil cases, courts have inherent authority under Rule 12 and Rule 47 to grant unopposed motions where the Government has

1

failed to justify continued litigation. In light of the **Executive Branch's public statements condemning Judge Engelmayer's impartiality** and the Government's own inaction, Defendant respectfully requests that the Court grant the relief sought in **Docket #496** and order the immediate recusal of Judge Engelmayer.

In support of this motion, Defendant states as follows:

## I. BACKGROUND

1. On 19 Feb 2025, Defendant filed an Emergency motion under Docket #496 in this case, requesting recusal of Judge Engelmayer following the filing of Articles of Impeachment by Congressman Van Orden. With a return date for the Government's response of 20 Feb, 2025 at 5:00PM. (For context, this amount of time is significantly longer than the Defense was given for some responses during trial.)
2. The Government, represented by the United States Attorney's Office for the Southern District of New York, failed to file any response or request an extension of time by the return date.
3. Subsequent to this failure, credible public statements from the highest levels of the Executive Branch—including the President of the United States, the Vice President, the Attorney General, and the head of DOGE—have emerged, asserting that Judge Paul A. Engelmayer is corrupt and should be removed from office via impeachment.
4. These statements align with a resolution introduced in the United States House of Representatives on or about February 18, 2025, by Representative Derrick Van Orden, seeking the impeachment of Judge Engelmayer for "high crimes and misdemeanors" (H. Res. 143).
5. Following the filing at Docket Number 496, Representative Elijah Crane ("Eli Crane") also drafted articles of impeachment against Judge Paul Engelmayer and announced they will be filed today, 21 Feb 2025 ( https://x.com/RepEliCrane/status/1892308510181892252/ ) , similarly seeking the impeachment of Judge Engelmayer for "high crimes and misdemeanors".
6. Representative Crane's staff spoke with Mr. Teman by telephone regarding the impeachment effort, and thus Mr. Teman is now an adversarial party / witness against Judge Paul Engelmayer in a highly publicized criminal proceeding against Judge Engelmayer, and thus will need to recuse.
7. The Government's failure to respond, combined with its own Executive Branch leadership's condemnation of the presiding judge, constitutes an abandonment of opposition to Defendant's motion and a basis for both default judgment and recusal.

## II. MOTION FOR DEFAULT JUDGMENT

6. Under Rule 55(a) of the Federal Rules of Civil Procedure, default judgment may be entered when a party against whom relief is sought "has failed to plead or otherwise defend" as required. While this is a criminal case, Rule 12 of the Federal Rules of Criminal Procedure permits the Court to apply civil rules where no criminal procedure is specified, particularly in post-conviction or ancillary proceedings such as this.
7. The Government's failure to respond to Docket #496 by the return date constitutes a failure to defend against Defendant's motion. This failure is particularly egregious given the lack of any request for an extension or explanation for the lapse.

8.  Moreover, the Executive Branch's public position that Judge Engelmayer is corrupt undermines any presumption that the Government intends to prosecute or defend this case fairly under his oversight. This effectively concedes the merits of Defendant's position in Docket #496.

9.  Defendant is entitled to relief sought in Docket #496 — Recusal of Judge Engelmayer —as a matter of law due to the Government's default. Entry of default judgment is therefore appropriate and just.

## III. MOTION FOR RECUSAL OF JUDGE PAUL A. ENGELMAYER

10. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, under 28 U.S.C. § 455(b)(1), recusal is mandatory where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

11. The unprecedented public statements by the President, Vice President, Attorney General, and head of DOGE (Mr. Elon Musk) —key figures within the Executive Branch prosecuting this case—asserting Judge Engelmayer's corruption and calling for his impeachment create an irrefutable appearance of impartiality being compromised.

12. A reasonable observer, apprised of these statements, would question whether Judge Engelmayer can preside fairly over this case, particularly when the Government itself, through its highest officials, has accused him of misconduct. This situation is compounded by the Government's failure to respond to Docket #496, suggesting either tacit agreement with Defendant or an unwillingness to proceed under Judge Engelmayer's supervision.

13. Furthermore, Defendant asserts that Judge Engelmayer's continued involvement risks tainting the judicial process, especially given the pending impeachment proceedings in Congress, which amplify the public perception of bias or corruption.

14. Representative Crane's staff spoke with Mr. Teman by telephone regarding the impeachment effort, and thus Mr. Teman is now an adversarial party / witness against Judge Paul Engelmayer in a highly publicized criminal proceeding against Judge Engelmayer, and thus will need to recuse.

15. Immediate recusal, effective February 21, 2025, is necessary to preserve the integrity of these proceedings and to ensure justice is administered by a judge unburdened by such extraordinary allegations from the prosecuting authority.

## IV. RELIEF REQUESTED

WHEREFORE, Defendant Ari Teman respectfully requests that this Court:

A. Enter default judgment in favor of Defendant on Docket #496, granting the relief sought therein due to the Government's failure to respond by the return date;

B. Order the immediate recusal of Judge Paul A. Engelmayer from this case, effective February 21, 2025, pursuant to 28 U.S.C. § 455; and

C. Grant such other and further relief as the Court deems just and proper.

**Dated:** February 21, 2025 , Tel Aviv Israel

Respectfully submitted,
s/Ari Teman/
Fri, 21 February 2025
23rd of Sh'vat, 5785
CC Attorney General Pamela Bondi via ECF; Counsel for Mr. Musk via Email