UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ARI TEMAN,<br><br>                    Defendant. | 19 Cr. 696 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

Defendant Ari Teman has moved again for the Court's recusal. *See* Dkt. 496. The Court again denies Teman's motion.

In summarily affirming Teman's convictions for bank and wire fraud, the Second Circuit rejected all of Teman's claims of judicial (as well as prosecutorial) misconduct. *See United States v. Teman*, No. 21-1920-cr, 2023 WL 3882974, at *3 (2d Cir. June 8, 2023) ("There is nothing to Teman's argument that Judge Engelmayer was required to recuse himself[.]"); *id.* at *3 n.3 ("There is likewise no merit to Teman's accusations of prosecutorial misconduct."). The Court has denied Teman's ensuing motions for recusal, which recycled those claims. *See, e.g.*, Dkts. 477, 480, 488.

Teman's most recent motion for recusal relies on his having joined others in criticizing the Court, and calling for its impeachment, based on a recent ruling issued while sitting in Part I, in an unrelated civil case, 25 Civ. 1144 (JAV). Under Second Circuit law, however, a litigant's expression of hostility toward the judge is not a basis for recusal. *See King v. United States*, 576 F.2d 432, 437 (2d Cir. 1978) (litigant's letter "which cast aspersions upon the motivations and intent" of District Judge MacMahon "may very well establish [that litigant's] feelings toward

1

Judge MacMahon, but has no tendency to show the latter's feelings toward King"), *cert. denied*, 439 U.S. 850 (1978); *United States v. Wolfson*, 558 F.2d 59, 61, 62 (2d Cir. 1977) (defendant's hostile telegram to Judge Palmieri, in which he pledged "to do everything to have [the judge] removed from the bench," and a letter to *The New York Times*, accusing the judge of participating in a "scheme to frame" him, "only establish[ed] Wolfson's feelings toward Judge Palmieri, not the reverse."); *United States v. Helmsley*, 760 F. Supp. 338, 342–43 (S.D.N.Y. 1991) (Walker, J.) ("hostile campaign" waged by a criminal defendant's attorney against a judge was not a sufficient basis for recusal), *aff'd*, 963 F.2d 1522 (2d Cir. 1992); *see also* 28 U.S.C. § 455(a) (requiring disqualification where "impartiality might *reasonably* be questioned" (emphasis added)); 28 U.S.C. § 144. And "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), *cert. denied*, 490 U.S. 1102 (1989); *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 140 (2d Cir. 2007) (same).

The Court is authorized to report that, at its request, the Chief Judge of this District reviewed Teman's motion to recuse and concurs that there is no valid basis for recusal.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: February 21, 2025
New York, New York