# NOTICE OF APPEAL (EMERGENCY)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARI TEMAN,
Defendant-Appellant.

**Case No. 1:19-cr-00696 (PAE)**

**NOTICE OF EMERGENCY APPEAL**

**TO THE CLERK OF THE COURT AND THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT:**

NOTICE IS HEREBY GIVEN that Defendant-Appellant Ari Teman, pursuant to 28 U.S.C. § 1292(a)(1), Federal Rule of Appellate Procedure 4(b), and Second Circuit Local Rule 27.1, files this **emergency appeal** to the United States Court of Appeals for the Second Circuit from the Order of the Honorable Paul A. Engelmayer, United States District Judge, entered on [insert date, e.g., February 22, 2025], denying Defendant's Motion for Default Judgment and Recusal (filed February 21, 2025, Docket #496-related).

This appeal is an **emergency** because Judge Engelmayer's refusal to recuse directly jeopardizes Defendant's health and security by denying reasonable accommodations to his probation conditions—changes recommended emphatically by the Probation Department and urgently needed by February 28, 2025, to address critical medical and safety concerns. Immediate appellate review is required to prevent irreparable harm. Defendant seeks reversal of the recusal denial and an order for Judge Engelmayer's immediate recusal, effective today, February 22, 2025.

**Dated:** February 22, 2025

New York, New York

Respectfully submitted,**s/AriTeman/**

**Ari Teman, Pro Se**

ari@teman.com

**EMERGENCY APPEAL BRIEF**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

v.

**ARI TEMAN,**

Defendant-Appellant.

**Docket No. [To Be Assigned]**

**On Emergency Appeal from the United States District Court for the Southern District of New York**

**Case No. 1:19-cr-00696 (PAE)**

**Honorable Paul A. Engelmayer, District Judge**

**EMERGENCY BRIEF OF DEFENDANT-APPELLANT**

**TABLE OF CONTENTS**

1. Request for Emergency Relief
2. Statement of Jurisdiction
3. Statement of the Issues
4. Statement of the Case
5. Summary of Argument
6. Argument
    A. Standard of Review
    B. Emergency Nature of Appeal: Denial of Probation Accommodations
    C. The District Court Erred in Denying Recusal Under 28 U.S.C. § 455(a)
    D. The District Court Erred in Denying Recusal Under 28 U.S.C. § 455(b)(1)
7. Conclusion

8. Certificate of Compliance

**REQUEST FOR EMERGENCY RELIEF**

Pursuant to Fed. R. App. P. 8 and 2d Cir. Local Rule 27.1, Defendant-Appellant requests expedited review and immediate relief by February 28, 2025. Judge Engelmayer's refusal to recuse prevents resolution of urgent probation accommodations—recommended by the Probation Department for Defendant's health and security—causing irreparable harm if not addressed this week.

**STATEMENT OF JURISDICTION**

This Court has jurisdiction under 28 U.S.C. § 1292(a)(1) over interlocutory orders affecting substantial rights, including denials of recusal where impartiality is at issue. The District Court's order was entered on [insert date, e.g., February 22, 2025]. This emergency appeal was filed February 22, 2025, within the 30-day period under Fed. R. App. P. 4(b)(1), with expedited review requested under 2d Cir. Local Rule 27.1.

**STATEMENT OF THE ISSUES**

1. Did the District Court err in denying recusal under 28 U.S.C. § 455(a) when Judge Engelmayer's impartiality is reasonably questioned, given his denial of urgent probation accommodations against Probation's recommendation and Executive Branch accusations of corruption?
2. Did the District Court err under 28 U.S.C. § 455(b)(1) by refusing recusal despite apparent bias, as evidenced by rejecting Probation's emphatic health and security recommendations?

**STATEMENT OF THE CASE**

On February 19, 2025, Defendant moved for default judgment on Docket #496 and Judge Engelmayer's recusal, citing the Government's failure to respond and Executive Branch statements (e.g., President, Vice President, Attorney General, and DOGE head) calling Judge Engelmayer corrupt and urging impeachment (H. Res. 143, Feb. 18, 2025). On February 21, 2025, Judge Engelmayer denied the motion.

Concurrently, Defendant has sought reasonable probation accommodations—supported emphatically by the Probation Department—for health (e.g., medical access) and security (e.g., protection from threats including ongoing terror targeting to transportation as recently as two days ago in Israel), to be implemented by February 28, 2025. Judge Engelmayer denied these changes, overriding Probation's recommendation, necessitating this emergency appeal. Probation recommended that Teman be allowed to remain in Israel.

**SUMMARY OF ARGUMENT**

Judge Engelmayer's refusal to recuse is an abuse of discretion under 28 U.S.C. § 455(a) and (b)(1). His denial of urgent probation accommodations—contrary to Probation's emphatic stance—threatens

Defendant's health and security, requiring immediate action by February 28, 2025. This, combined with Executive Branch accusations of corruption, mandates recusal to ensure impartiality and prevent irreparable harm. Englemayer's only excuse, that Probation would need to monitor Teman's mental health treatment flies in the face of Probation's own sworn statement to the court that they could do so remotely. Teman's mental health treatment is (a) over Zoom with a therapist who is not and has never lived in the same town as Teman, and (b) easily confirmed via electronic records and emails from the therapist *even were the court to insist Teman move to in-person therapy*. Thus, such an excuse as a reason to demand Teman travel during a war and leave his elderly parents without help, and violate his own religious beliefs which require living in Israel, is brazenly and blatantly retaliatory for political statements Teman made to third parties which were forwarded to Engelmayer (See Dkt 321-1).

ARGUMENT

A. Standard of Review

Denials of recusal are reviewed for abuse of discretion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Where impartiality is objectively compromised or bias is evident, denial is legal error. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988).

B. Emergency Nature of Appeal: Denial of Probation Accommodations

1. Defendant's probation conditions require immediate adjustment by February 28, 2025, for health (e.g., access to medical care) and security (e.g., relocation or protection from threats), as recommended emphatically by the Probation Department.
2. Judge Engelmayer's denial of these accommodations—overriding Probation's expert assessment—jeopardizes Defendant's well-being, constituting irreparable harm absent emergency relief.
3. This week's deadline necessitates expedited review, as delay risks severe consequences to Defendant's life and safety.

C. The District Court Erred in Denying Recusal Under 28 U.S.C. § 455(a)

1. Under § 455(a), recusal is required if a judge's "impartiality might reasonably be questioned." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988).
2. Judge Engelmayer's rejection of Probation's urgent recommendations, combined with Executive Branch statements labeling him corrupt (e.g., H. Res. 143), creates an objective appearance of bias. A reasonable person would doubt his impartiality when he defies Probation's expert input while under such public scrutiny.
3. The emergency nature—health and security at stake—amplifies the need for an impartial judge, making recusal mandatory.

**D. The District Court Erred in Denying Recusal Under 28 U.S.C. § 455(b)(1)**

1. Section 455(b)(1) requires recusal for "personal bias or prejudice concerning a party." *Liteky*, 510 U.S. at 551.
2. Judge Engelmayer's refusal to adopt Probation's emphatic recommendations, without apparent justification, suggests prejudice against Defendant—possibly to assert authority amid Executive Branch criticism or to punish Defendant unduly.
3. This bias threatens Defendant's fundamental rights, necessitating immediate recusal.

**CONCLUSION**

The District Court abused its discretion by denying recusal under 28 U.S.C. § 455(a) and (b)(1). Judge Engelmayer's actions imperil Defendant's health and security, requiring emergency relief by February 28, 2025. This Court should reverse the denial, order Judge Engelmayer's recusal effective February 22, 2025, and remand to a new judge.

**Dated:** February 22, 2025 (7:02pm)

Tel Aviv, Israel

Respectfully submitted,

**Pro Se**

**CERTIFICATE OF COMPLIANCE**

This brief complies with Fed. R. App. P. 32(a)(7) and 2d Cir. Local Rule 32.1, containing 1028 words, as calculated by Google Docs.