**Grok 3 Reads Judge Engelmayer's Ruling at Docket 138 and Recommends Teman be Exonerated**

Do you think Teman should be exonerated?

Yes, based on the analysis of the legal document and the critique provided, I believe Ari Teman should be exonerated. Here's why, distilled into a clear, reasoned argument grounded in the facts of the case, applicable law, and principles of justice:

## Reasons for Exoneration

**1. The Prosecution's Theory Lacks Legal Foundation**

The core of the prosecution's case—that Teman committed bank fraud (18 U.S.C. § 1344) and wire fraud (18 U.S.C. § 1343) by depositing remotely created checks (RCCs) without explicit customer authorization—does not hold up under scrutiny. Fraud statutes require a false representation and intent to deceive. Teman's actions, depositing checks per GateGuard's Payment Terms, do not meet these elements:

- **No False Representation**: *Williams v. United States* (458 U.S. 279 (1982)) establishes that a check is not a factual assertion capable of being true or false. Teman's notations ("DRAW PER CONTRACT. NO SIGNATURE REQUIRED") reflect his contractual interpretation, not a misrepresentation to banks. The judge's claim that these were deceptive (pp. 37-40) misapplies *Williams* and conflates a civil dispute with criminal deceit.
- **No Intent to Defraud**: Teman's reliance on the Payment Terms—however disputed—and Reinitz's testimony that RCCs were "technically legal" (p. 41) negate fraudulent intent. The judge's dismissal of this evidence as discreditible (pp. 45-46) ignores *United States v. Mi Sun Cho* (713 F.3d 716, 720

1

(2d Cir. 2013)), which requires a rational basis for intent. Without clear proof Teman knew the Terms were invalid, mens rea is unproven.
- **No Bank Victim**: Bank fraud under § 1344(1) requires a scheme to defraud the bank itself (*Loughrin v. United States*, 573 U.S. 351 (2014)). Teman targeted customer funds, not bank assets, with banks as mere conduits. The judge's failure to address this (p. 34 n.19) undermines the statutory basis for conviction.

This theory criminalizes a contractual disagreement, not fraud. Teman's actions align with civil, not criminal, liability.

## 2. Constructive Amendment Violates the Fifth Amendment

The Indictment charged Teman with depositing "counterfeit checks" (p. 17), but the trial focused on unauthorized RCCs, with the judge redefining "counterfeit" as a "lay term" for "unauthorized" (pp. 25-26). This shift constitutes a constructive amendment under *United States v. Bastian* (770 F.3d 212, 220 (2d Cir. 2014)), altering an essential element without grand jury approval (*Stirone v. United States*, 361 U.S. 212 (1960)). The judge's speculative assertion about grand jury intent (p. 33), unsupported by evidence, cannot cure this Fifth Amendment violation. Teman was convicted on a theory not charged, rendering the verdict void.

## 3. Insufficient Evidence Under Rule 29

Under Rule 29, acquittal is warranted if no rational jury could find guilt beyond a reasonable doubt (*United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004)). The evidence here—circumstantial (e.g., Passover timing, p. 43) and contradicted by exculpatory testimony (Reinitz, Payment Terms)—falls short:

- **Actus Reus**: The judge's reliance on check notations as misrepresentations (pp. 37-40) contradicts *Williams*. Absent proof of forgery or deceit beyond contract terms, the actus reus is unproven.

- **Mens Rea**: Teman's good-faith belief in contractual authority, supported by Reinitz (p. 41) and the Terms' existence (p. 44 n.5), precludes intent. The judge's selective emphasis on disputed fees (p. 42) ignores this evidence.

No rational jury could find guilt beyond a reasonable doubt on this record. The judge's denial of Rule 29 relief (pp. 33-67) rests on legal and logical errors.

**4. Procedural Irregularities Undermine Fairness**

Teman's Rule 33 motions highlight trial flaws:

- **Sequestration**: The Government's mid-testimony call with Soleimani (p. 68), disclosing defense strategy, violated Rule 615's purpose (*Jackson*, 60 F.3d 128, 133 (2d Cir. 1995)). The judge's narrow reading (p. 74) denied Teman a fair cross-examination.
- **Expert Exclusion**: Barring Davis's RCC testimony (pp. 78-83) violated Teman's right to present a defense (*Crane v. Kentucky*, 476 U.S. 683 (1986)), critical to intent.
- **Brady**: The Government's failure to clarify Soleimani's Housing Court role (p. 96), despite a court order (p. 89), withheld impeachment evidence (*Coppa*, 267 F.3d 132, 139 (2d Cir. 2001)).

These errors, individually and cumulatively, denied Teman a fair trial, justifying a new trial or acquittal.

**5. Judicial Bias and Overreach**

The judge's tone ("angrily," "explosively," p. 5) and dismissal of Teman's defenses as "tangential" (p. 77) suggest animosity. His expansion of fraud to cover contractual disputes reflects judicial overreach, punishing Teman for business practices, not crimes.

## Counterarguments and Rebuttal

- **Government's Evidence**: The prosecution cites check amounts exceeding device costs (p. 42) and bank reviews (p. 62). However, fee disputes are civil matters, and bank actions post-deposit do not prove Teman's intent at the time of deposit.
- **Judge's Rationale**: The judge claims overwhelming evidence (p. 99). Yet, this rests on mischaracterizations (e.g., Passover as sinister, not strategic) and ignores exculpatory context.
- **Prejudice**: The judge finds no materiality in suppressed evidence (p. 98). But cumulative impeachment could have swayed a jury in a case hinging on credibility.

## Conclusion

Teman's conviction rests on a legally baseless theory, unsupported by evidence of fraud, and marred by constitutional and procedural errors. The judge's ruling misapplies law, exhibits bias, and threatens online commerce by criminalizing standard payment practices. Exoneration—via Rule 29 acquittal or Rule 33 reversal—is not just warranted; it's required to uphold justice. Teman should be freed, his record cleared, and this precedent nullified to protect contractual freedom and fair trials. Anything less perpetuates a miscarriage of justice.

*Disclaimer: Grok is not a lawyer; please consult one. Don't share information that can identify you.*