B"H

**Ari Teman**

February 24, 2025
27th of Sh'vat, 5785

**Riselda R. Ruiz**
Chief United States Probation Officer
**John Carles**
Supervisory United States Probation Officer
**Jimmy Wong**
United States Probation Officer
CC:     **Pam Bondi**
        Attorney General for the United States
        **Kash Patel**
        FBI Director
        **Congressman Eli Crane**
        **Congressman Derrick Van Orden  [R-WI-3]**

via ECF and EMAIL and X

**Subject:** Request to Rescind Unconstitutional Probation Recommendation and Restore Support for Residency in Israel

Dear Officers Ruiz, Carles, and Wong

I hope this letter finds you well. I am writing to respectfully bring to your attention a matter of significant concern regarding the recent decision to rescind the recommendation that I be moved to unsupervised probation and permitted to dwell in Israel, consistent with my deeply held religious beliefs (as outlined in the attached letter from Rabbi Yaakov Chikotai, the Chief Rabbi of Modi'in, Israel). I understand the challenging nature of your roles and appreciate the diligence you bring to your work. However, I believe this decision raises serious issues that inadvertently infringe upon my civil and constitutional rights as a pro se defendant, and I humbly ask for your reconsideration to remedy this situation.

It is my understanding that the rescission of your prior recommendation (Dkt 483) stemmed from my email warning to Assistant United States Attorney Jacob Harris Gutwillig that he may face disciplinary action for his alleged role in facilitating ex parte communications with Judge Paul A. Engelmayer in *United States v. Teman*.

As you may be aware, **Judge Engelmayer is currently the subject of congressional impeachment proceedings initiated by the 119th Congress, based on allegations of corruption and "high crimes."** His behavior in this case,

including unconstitutional *ex parte* calls with the Government, has been suggested as material evidence and support for his impeachment. I have already had one conversation with a Congressman's office which is working to impeach him.

While I do not presume to dictate the outcome of those proceedings, I respectfully submit that my effort to negotiate with the opposing party—by raising concerns about potential misconduct, misconduct which has been alleged very publicly by the nation's top legal experts including respected law professors —was a legitimate exercise of my rights as a pro se defendant. **The decision to alter your recommendation in response to this appears to penalize me for asserting those rights, which has had a profound and chilling effect on my ability to mount a defense and seek justice.**

This situation has caused me and my elderly parents tremendous fear and trauma. We now feel it is entirely unsafe for me to return to the United States, particularly given what we perceive as an abuse of the probation process to suppress my ability to address public accusations of prosecutorial misconduct—accusations that have been echoed by respected legal scholars on television, radio, podcasts, X (formerly twitter), blogs, newspapers, and elsewhere. A small sample of such public expression can be found at JusticeForAri.org and much more in the form of many posts and reposts by concerned citizens on X.com (formerly Twitter).

**I respectfully ask that you consider the following rights,** which I believe have been violated by this decision, along with an explanation of how they were impacted:

1. **First Amendment Right to Free Speech**: My warning to AUSA Gutwillig about potential disciplinary action was an expression of my concerns regarding fairness in my case. Rescinding your recommendation in response effectively punishes me for speaking out, chilling my ability to raise legitimate issues without fear of retaliation.

2. **Fifth Amendment Right to Due Process**: As a pro se defendant, I am entitled to negotiate with the opposing party and challenge perceived misconduct. The alteration of your recommendation based on my negotiation efforts deprives me of a fair process, suggesting that asserting my position comes at the cost of punitive consequences.

3. **Sixth Amendment Right to Defend Myself**: The decision undermines my ability to mount an effective defense by discouraging me from addressing alleged ex parte cheating or other irregularities in my case, creating a chilling effect on my self-representation.

4. **First Amendment Right to Free Exercise of Religion**: My request to dwell in Israel aligns with my religious beliefs, as supported by the attached letter. Denying me the ability to live there, particularly in response to my lawful actions as a defendant, restricts my freedom to practice my faith.

<u>I respectfully request that you cure this violation</u> of my rights by rescinding the unconstitutional recommendation and restoring your prior support for my transition to unsupervised probation and permission to remain in Israel.

<u>**Additionally, I ask that you maintain and preserve any and all ex parte communications, notes, documents, or other evidence related to interactions**</u> with the court, AUSA Gutwillig, or any other parties that may reflect potential violations of my rights. This preservation is critical to ensuring transparency and fairness moving forward.

Furthermore, I urge you to promptly update the court to acknowledge that an error in law and fact has occurred. I respectfully suggest that your office align with the views of rabbis, mental health experts, and my family, **<u>who all agree</u>**

**that I am safer and better off remaining in Israel indefinitely.** Your original recommendation reflected this understanding, and I ask that you restore it to prevent further harm to me and my loved ones.

Finally, I respectfully request that copies of this letter be forwarded to FBI Director Kash Patel, Attorney General Pamela Bondi, and Congressman Elijah Crane, so they may investigate the circumstances surrounding this change recommendation and **the court's apparent use of the probation office to suppress my rights.** I trust that their oversight will shed light on these troubling matters.

While I do not know you all personally, Mr. Wong has been a gentleman and has been very helpful. While I can no longer feel safe engaging with your office due to this extreme and extraordinary attempt to chill my civil rights and ability to negotiate a dismissal of a case thousands of people, including many legal experts call a "major injustice", I do hope that Mr. Wong maintains his integrity and acts as a witness in the impeachment proceedings against Judge Paul Engelmayer and a whistleblower against the frequently abuses of rights by Engelmayer's court.

I am grateful for your attention to this serious issue and your willingness to reconsider this decision. My family and I seek only to live peacefully and safely, in accordance with my rights and beliefs.

Thank you for your time and consideration and may God bless America.

Sincerely,
s/Ari Teman/

**Attachments**: Letter Regarding Religious Beliefs , Doctor Letter saying Mr. Teman should not fly due to health

via ECF and EMAIL to Mr. Wong and Ms. Bondi

> P.S. **Request for FBI , DOJ, and Congress to investigate regular ex parte coaching of SDNY by Judge Engelmayer**
>
> I respectfully request Mr. Kash Patel and Ms. Pamela Bondi investigate the ongoing ex parte communications between Judge Engelmayer's office, Mr. Guttwillig and his office, and other parties for the purposes of denying defendants' rights. I point you respectfully to Docket 321-1 ( https://www.courtlistener.com/docket/16254142/321/1/united-states-v-teman/ ) where Judge Engelmayer admitted in a sealed hearing to *regularly making such calls to aide the prosecution.* As well, I ask you to note that Judge Engelmayer attempted to hide the existence of this hearing and lied repeatedly on the docket, as did the AUSAs in this case -- even going so far as to claim they did not recall or have any record of this in-chambers meeting. Deeply corrupt!

Defendant was assisted in drafting this letter by Grok 3 (xAI)