B"H

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**ARI TEMAN,**
**Defendant.**

Case No. 19-CR-696 (PAE)

**EMERGENCY MOTION FOR MODIFICATION OF SUPERVISED RELEASE TO UNSUPERVISED PROBATION IN ISRAEL INDEFINITELY,**

**OR IN THE ALTERNATIVE,**

**FOR A TWO-MONTH EXTENSION OF STAY IN ISRAEL UNTIL JUNE 1, 2025  TO ALLOW MR TEMAN'S EAR TO HEAL PER DOCTORS ORDERS,**

**AND**

**FOR FURTHER RELIEF TO PROTECT DEFENDANT'S CONSTITUTIONAL RIGHTS**

TO THE HONORABLE PAUL A. ENGELMAYER, UNITED STATES DISTRICT JUDGE:

Defendant Ari Teman, by and through this emergency motion, respectfully requests that this Court modify his supervised release to allow indefinite unsupervised probation in Israel or, at a minimum, grant a two-month extension of his stay in Israel until June 1, 2025, as recommended by his treating physician due to a serious injury and infection to his ear sustained during hyperbaric oxygen chamber treatment for sinusitis. This injury, discovered subsequent to prior motions, poses a significant risk of permanent deafness if Mr. Teman flies before it heals. Additionally, Mr. Teman seeks relief from what he, his family, friends, and experts familiar with this case perceive as an effort by this Court to harm him and stifle his ability to expose alleged judicial misconduct, as well as to address constitutional and civil rights violations arising from the Court's prior order requiring his return to the United States.

## Factual Background and Medical Emergency

Mr. Teman recently sustained a concerning ear injury and infection resulting from hyperbaric oxygen chamber treatment, exacerbated by sinusitis. His physician has advised that flying before the condition heals—requiring at least two months of recovery until June 1, 2025 — could result in permanent deafness. This medical emergency arose after prior filings in this matter and constitutes a significant change in circumstances warranting immediate relief. Mr. Teman cannot risk his hearing, a critical faculty, by complying with the Court's order to return to the United States at this time.

## Constitutional and Civil Rights Violations

Mr. Teman respectfully submits that the Court erred in ordering his return to the United States for the stated reasons—namely, to supervise mental health treatment and in response to Mr. Teman's warnings to Assistant U.S. Attorney Jacob Gutwillig of potential sanctions for prosecutorial misconduct.

These justifications have no foundation in physical reality (mental health treatment in 2025 is done over Zoom and physical location does not matter; an email threatening disciplinary action by AG Pamela Bondi or her staff is not a physical threat to Mr. Guttwillig) and infringe upon Mr. Teman's constitutional rights under the First Amendment (freedom of speech), Fourth Amendment (protection against unreasonable seizures of his person via forced travel), and Sixth Amendment (right to a fair proceeding and to confront the government's case).

The order also has a chilling effect on Mr. Teman's ability to defend himself by punishing him for raising legitimate concerns about prosecutorial misconduct, thereby implicating his due process rights under the Fifth Amendment.

**These constitutional violations are compounded by civil rights concerns.** The requirement to return to the United States under these circumstances appears retaliatory, aimed at silencing Mr. Teman's efforts to seek accountability for alleged misconduct in this case. Mr. Teman respectfully requests that the Court extend his travel authorization to allow the Government (And specifically Attorney General Pam Bondi) and Probation sufficient time to study these constitutional issues and respond with specificity and depth, and to afford Mr. Teman the opportunity to research and reply fully to protect his rights.

## Allegations of Judicial Misconduct and Request for Recusal

Mr. Teman, his parents, family, friends, and experts familiar with this case—including prominent figures such as President Donald Trump, Vice President J.D. Vance, and Attorney General Pamela Bondi, Congressmen Derrick Van Orden and Elijah Crane, Elon Musk, and many others —believe that this Court's actions are replete with corruption by Judge Engelmayer.

Some have suggested they are intended to harm Mr. Teman and prevent him from continuing to expose alleged  These are not idle accusations; Mr. Teman is actively participating as a witness in a criminal proceeding against Judge Engelmayer, making him effectively a party in a matter where the Judge is a defendant. This role constitutes a substantial basis for recusal, as it undermines the appearance of impartiality and fairness in this case. Mr. Teman incorporates by reference his prior filing (Dkt. 501), letter, and exhibits to Probation, which sought to cure a constitutional violation and requested a return to Probation's original recommendation that he be permitted to reside in Israel.

At the request of his parents, Mr. Teman attaches their letter to this motion (Exhibit A), which urges this relief. Mr. Teman has concluded that he cannot receive a fair hearing or ruling in this Court and intends to actively participate, to the extent he is able, in efforts to impeach and remove Judge Engelmayer from the bench. This motion is submitted not out of disrespect, but out of necessity to safeguard his health, rights, and ability to seek justice and out of the religious obligation to respect one's mother and father.

## Request for Chief Judge's Written Opinion

In its prior ruling, this Court referenced an opinion or statement from the Chief Judge of this District, a Democrat like Your Honor, regarding Mr. Teman's case. To ensure transparency and protect Mr. Teman's rights against political retaliation in light of the impeachment proceedings being brought by the opposing party to Your Honor and the Chief Judge, Mr. Teman respectfully requests that the Court direct the Chief Judge to issue a written opinion articulating her reasoning and documenting the exact nature of the ex parte communication with Your Honor, so that Mr. Teman and his counsel may address her arguments fully and fairly in subsequent proceedings.

## Proposed Briefing Schedule

To resolve these weighty constitutional and civil rights issues, Mr. Teman requests that the Court set a briefing schedule allowing the Government to respond by March 10, 2028, and affording Mr. Teman until March 25, 2028, to reply. This timeline ensures all parties have adequate time to address the complex legal and factual matters at stake.

## Relief Requested

For the foregoing reasons, Mr. Teman respectfully requests:

1. Modification of his supervised release to indefinite unsupervised probation in Israel; or, in the alternative, a two-month extension of his stay in Israel until June 1, 2025, per his physician's recommendation;

2. A finding that the Court's prior order violated his constitutional rights under the First, Fourth, Fifth, and Sixth Amendments, and an extension of travel authorization to permit full briefing on these issues;
3. An order directing the Chief Judge to issue a written opinion regarding her prior statements relied upon by this Court;
4. A briefing schedule with a Government response due by March 10, 2028, and Mr. Teman's reply due by March 25, 2028; and
5. Any further relief the Court deems just and proper.

## Conclusion

Mr. Teman faces a dire medical emergency that threatens permanent disability, compounded by what he perceives as an unrelenting effort by this Court to punish and silence him. He urges this Court to grant the requested relief to protect his health, his constitutional rights, and his ability to seek justice, while allowing all parties sufficient time to address the serious issues raised herein.

Respectfully submitted,

**s/Ari Teman/**

Ari Teman

Defendant, Pro Se

Date:   February 24, 2025
         27th of Sh'vat, 5785

**cc:**

Hon. Pamela Bondi, Attorney General

Chad Mizelle, Esq.

United States Probation Office

Jacob Gutwillig

FBI Director Kash Patel

Congressmen Derrick Van Orden and Elijah Crane
         via Email and ECF and X

**Attachments:**

Exhibit A – Letter from Mr. Teman's Parents

Rabbi Letter, Doctor Letter are in Dkt 501 (the prior docket item to this)