

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 26, 2025

**By CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    **United States v. Ari Teman**, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

      The Government respectfully writes in response to the Court's February 24, 2025 Order (Dkt. 503), which, among other things, directed the Government to investigate defendant Ari Teman's recent medical claims purportedly preventing his air travel and to set forth its views on Teman's latest application to extend his stay in Israel (Dkt. 502, the "Motion").

      *First*, Based on the contents of the letter from "Maurice Budow MD" attached as Exhibit 1 to Teman's Motion, and as best the Government can discern through other available means, Dr. Budow appears to be based in Israel.  The apparent letterhead is in Hebrew and appears to indicate that Dr. Budow is a specialist in internal medicine.  The stamp over Dr. Budow's signature also contains Hebrew, though "34638" is a zip code in Central Florida.  However, additional open-source information appears to indicate that a "Maury Budow" is a doctor at Macabi Health Services in Israel.  Based on Teman's letter, Dr. Budow is his "treating physician" who has examined him since the purported onset of his recent health condition, which Teman claims, stems from an injury "discovered subsequent to prior motion[.]"  (Mot. Ex. 1 at 1).  The number and frequency of Teman's prior motions, and the fact that Teman has been in Israel since approximately September, further support the inference that Dr. Budow is located in Israel—though Teman has provided little in the way of documentation, much less contemporaneous notes regarding his newly-discovered diagnosis.  Unfortunately, as a result, the Government is unable to conduct an investigation in Israel without appropriate coordination with local authorities, and pursuant to the United States' Mutual Legal Assistance Treaty with Israel.  The Government exercised the means at its immediate disposal and confirmed with Probation Officer Jimmy Wong that he had not received any documentation from Teman on this topic beyond the letter docketed as Exhibit 1 to Teman's Motion.  Accordingly, and regrettably, without additional information from Teman—which he could, presumably, easily provide (if it exists)—there are limited steps the Government can take unilaterally as to records that may be possessed by an Israel-based doctor.[1]

---

[1] To the extent Dr. Budow is in the United States—a fact Teman certainly knows—the Government remains available to seek additional information.

*Second*, The Government's position remains unchanged: Teman has served a fraction of his three-year term of supervised release, which was an important part of a below-Guidelines sentence imposed for committing a serious crime, and he should be ordered to return to the United States so that he can be effectively supervised for the remainder. (*See, e.g.*, Dkt. 474). As set forth above, the Government is unable to verify Teman's claims, or those in Dr. Budow's letter, about his supposed medical condition. The Government is therefore unable to take a firm position on whether Teman would, or would not, potentially suffer harm from air travel in the next two months. That said, by all indications, that state of affairs appears to be by Teman's design. Through the course of this case, Teman has on numerous occasions cited medical issues, which the Court and the Government have taken seriously and addressed quickly. As just one example of many, in February 2024, the Court ordered that Teman immediately be temporarily released from prison to address a medical issue, which resulted in an ultrasound that yielded "unremarkable results" and a quick discharge from the hospital. (*See* Dkts. 425, 426). In view of Teman's well-documented history, it is difficult to see his claims and Dr. Budow's letter as anything other than a pretext to avoid complying with the Court's Orders, now extended numerous times to accommodate Teman, to return to the United States. This assessment is supported by the timeline of Teman's travel to Israel and his subsequent requests to remain, which, at this point, indicate that it is unlikely he ever planned to return to the United States. So too does the fact that Teman dedicates a small portion of his Motion to his newly-discovered medical condition. The apparent central purpose of the Motion is for Teman to yet again level baseless attacks on the Court, the Government, and the integrity of his proceedings. Teman was convicted of fraud by a jury because he was guilty; and the Court of Appeals affirmed that verdict, rejecting Teman's fantastical claims of bias and misconduct in doing so. Nevertheless, Teman remains unwilling to accept those basic facts, and to blame everyone involved other than the person who committed the crimes: himself.

In short, the Government is unfortunately unable to provide evidence regarding the provenance of Teman's medical claims. It bears noting, however, that Teman himself has not done so, because he either does not wish to or cannot; has made no documented attempt to comply with the Court's Order to return to the United States; and, judging by his record and common sense, is leveraging every available means not to do so. For the reasons set forth above, as well as in its prior correspondence (*see, e.g.*, Dkts. 474, 479), the Government respectfully submits that Teman should be ordered to return to the United States to finish his sentence of supervised release. In the alternative, the Government respectfully submits that Teman should be further ordered to produce supplementary medical records establishing that, at this time, his health does not allow air travel.

        Respectfully submitted,

        MATTHEW PODOLSKY
        Acting United States Attorney for the
        Southern District of New York

By:    /s/
        Jacob H. Gutwillig
        Assistant United States Attorney
        (212) 637-2215

Cc:    Defense counsel (by CM/ECF)
       United States Probation Office Jimmy Wong (S.D.F.L.)