UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>ARI TEMAN,<br><br>Defendant. | 19 Cr. 696 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On January 24, 2025, this Court ordered defendant Ari Teman, who is presently in his first year of a three-year supervised release term, to return to the United States by February 28, 2025. Dkt. 484. As of then, Teman had been in Israel for four-and-a-half months, with the Court's permission. As the Court, supported by the United States Probation Office ("Probation"), explained, Teman's return to the United States was important, to enable Probation to meaningfully supervise him, in particular, with respect to the special condition of supervised release requiring Teman to obtain mental health treatment. *Id.* at 7. The Court, however, *sua sponte* extended the deadline for Teman's return (then, January 29, 2025) to enable Teman (and Probation) to plan for his return, to enable Teman to investigate economical air travel options, and to give Teman time to appeal the order to the Second Circuit should he choose to do so. *Id.* at 9–10. The Court emphasized that its order was final, that it would not alter the February 28 deadline unless ordered to do so by the Second Circuit, and that if Teman were to fail to return that day, he would be in violation of a condition of supervised release. *Id.* at 10.

Since that date, Teman, who is otherwise represented, has instead repeatedly moved, *pro se*, for sanctions and for the Court's recusal, recycling claims of misconduct rejected by the

Second Circuit in its June 2023 summary order affirming Teman's convictions for wire and bank fraud. *See United States v. Teman*, No. 21-1920-cr, 2023 WL 3882974, at *3 (2d Cir. June 8, 2023) ("There is nothing to Teman's argument that Judge Engelmayer was required to recuse himself[.]"). The Court has denied these motions as meritless. *See, e.g.*, Dkt. 498 (denying motion at Dkt. 496); Dkt. 488 (denying motion at Dkt. 486); Dkt. 480 (denying motion at Dkt. 478); Dkt. 477 (denying motion made by email).

This Monday, February 24, 2025, Teman, *pro se*, moved anew for relief from the Court's January 24, 2025 order, contending, for the first time, that his return to the United States would be medically contraindicated. *See* Dkt. 502. In support of this late argument, Teman attached a brief doctor's note from a Maurice Budow, MD, dated February 24, 2025, stating that, although Teman was "well," the change in air pressure caused by air travel could trigger his chronic sinusitis and cause acute sinusitis, and stating that his guidance is that Teman not fly for eight weeks. Dkt. 502-1. In an order the same day, the Court noted that Teman, with the Court's permission, had repeatedly engaged in air travel since his conviction in January 2020, including having flown to and from Australia to perform comedy while his appeal was pending and to Israel while on supervised release. *See* Dkt. 503. The Court directed the Government to investigate Teman's claim, including by determining, through inquiry of the doctor, the extent to which the doctor had been aware, prior to signing the note, of Teman's prior plane travel and the impact, if any, it had had on his sinusitis. *Id.* The Court also directed Teman, by the following day, to file records documenting the plane ticket, if any, that he had purchased to enable him to return to the United States by February 28. *Id.*

In a letter response filed on February 26, 2025, the Government explained that it had determined from public records that Dr. Budow is a doctor based in Israel. *See* Dkt. 506.

2

However, the Government stated, it was unable to obtain the information requested by the Court or confirm Teman's representations about Dr. Budow's diagnosis, given limitations on evidence-gathering abroad. *Id.* The Government confirmed with Teman's Probation Officer that Teman had not provided him with any such documentation. *Id.* The Government urged the Court either to adhere to its order that Teman return to the United States by February 28, 2025, or direct Teman to produce supplemental medical records corroborating his claim. *Id.* Early on February 27, 2025, Teman, *pro se*, replied, demanding that sanctions be imposed on the Assistant United States Attorney who authored the letter. Dkt. 507.

This Court's firm view, with the Government, is that Teman's proffered medical excuse for not complying with the Court's order to return to the United States tomorrow is a pretext. Every indication is that Teman is advancing this rationale for not traveling to the United States in a last-ditch effort to avoid return, which he has repeatedly stated he does not wish to do.

That is evident from the fact that, as of February 25, 2025, Teman had not purchased a plane ticket for a trip he had been ordered to take by February 28, 2025.[1] It is evident from the fact that, alongside the medical excuse, Teman articulated a series of frivolous alternative bases

---

[1] In a letter filed February 25, 2025 in response to the Court's order, Teman did not attach a plane ticket. He stated instead that plane travel from Israel to the United States is expensive, that flying would expose him to rocket attacks from Hamas, and that public transport in Israel is also unsafe. Dkt. 505 at 4-5. Teman attached a screen shot from that day noting a $4,873 price for a flight two days later from Tel Aviv to Miami, Florida. Dkt. 505 at 7. Teman, tellingly, did not indicate that, at any earlier time since the Court's January 24 order, he had sought to buy a plane ticket to the United States. *See* Dkt. 484 (Court's order of January 24, extending Teman's return deadline out of respect for "Teman's valid desire to avoid, if possible, high-priced air travel," and noting that "the extended return deadline will enable him to explore a wide range of flight options from Israel to the United States, without being limited to flights leaving in the coming week," and "to consider, should he choose to do so, flights from cities other than Tel Aviv and to U.S. cities other than Miami (from which he can then fly to Miami)").

3

why he purportedly cannot travel to the United States.[2] It is also evident from the fact that Teman's doctor's note pronounces that he is presently "well" and does not represent that Teman sought out a medical opinion regarding the compatibility of air travel with his sinusitis condition until four days before the deadline for his return. This conclusion is also supported by the recently filed sworn affidavits submitted by Teman's two trial counsel, Joseph DiRuzzo, Esq., and Justin K. Gelfand, Esq., in connection with Teman's pending motion pursuant to 28 U.S.C. § 2255. These refute as factually untrue numerous representations Teman has made to the Court. *See generally* Dkt. 489 (Gelfand); Dkt. 490 (DiRuzzo). Gelfand's affidavit further reports an attempt by Teman—rightly rebuffed by his ethical counsel—to arrange for an anonymous call to be placed from a burner phone to the Federal Bureau of Investigation falsely claiming that a juror at his trial engaged in misconduct. *See* Dkt. 489 ¶ 32. And, as the Government notes, the overall record of Teman's conduct in this case—beginning with his offense conduct and continuing through many of his *pro se* submissions, including his motion this morning for sanctions against the AUSA, which the Court denies as frivolous—reveals a regrettable but persistent pattern of Teman's making demonstrably false and self-serving statements and accusations. *See* Dkt. 506.

Although the Court would be well within its discretion to deny Teman's application as contrived, the Court's judgment, in the interest of proceeding with due care given Dr. Budow's letter, is that it is prudent to obtain additional evidence bearing on Teman's claim that, despite

---

[2] In his February 24 motion, and in a *pro se* submission to the same effect on February 25, 2025, Teman declared that his return would violate "religious laws" and "contravene the Establishment Clause," that the Court's confirmation with the Chief Judge of this District that Teman's most recent recusal motion had been meritless was an improper *ex parte* communication that would "undermine any prospect of a fair trial" and "prejudic[e] the jury pool," that venue should be changed to "the Eastern District of Texas, where [he] ha[s] family," and that a recent ruling that the Court issued while sitting in Part I in a civil case, 25 Civ. 1144 (JAV) bears on the Court's ability to fairly preside over this unrelated criminal case. *See generally* Dkts. 502, 505.

4

his being well, air travel is presently medically contraindicated. **The Court, accordingly, defers Teman's return date until Friday, March 21, 2025, while ordering the parties to provide the Court with the following materials[3] by the following deadlines, which are firm**:

1. By **Tuesday, March 4, 2025**, Teman is to obtain and file a declaration from Dr. Budow, attesting to all dates on which he examined Teman for sinusitis, and attaching complete records of such examination(s).

2. By **Thursday, March 6, 2025**, Teman is to file a sworn declaration on the docket of this case, attesting to the dates, starting point, and destination of every plane flight he has taken since January 1, 2015, and identifying any medical provider he consulted and/or was treated by after that flight for symptoms consistent with sinusitis.

3. By **Tuesday, March 11, 2025**, Teman is to obtain from the medical providers, if any, identified in Teman's response to #2, above, complete records of these consultations and treatments, and to file these with the Court, identifying as to each the air travel to which the consultation or treatment related. Should Teman wish additional medical records to be considered, he, by this date, should also provide the Court with the records of any other medical consultation or treatment he has had for sinusitis.

4. By **Tuesday, March 11, 2025**, Teman is to file with the Court evidence of the plane ticket he has purchased for a return to the United States by March 21, 2025. Insofar as Teman's claim that flying is medically contraindicated until eight

---

[3] To the extent that the materials requested below contain confidential medical records, Teman is at liberty not to file these publicly, but instead to file them either under seal or in redacted form, while furnishing them in full to the Court at the Court's chambers email address.

weeks remains under review, Teman is well-advised to purchase a refundable ticket.

5. By **Tuesday, March 11, 2025**, the Government is to file with the Court any records of the United States Probation Office since the onset of Teman's supervised release referring to, or reflecting upon, symptoms or complaints of, or treatment for, sinusitis or symptoms consistent with sinusitis.

The Court further advises the Government that, upon receipt of the above records, the Court may ask the Government to obtain a prompt assessment of these records by an independent medical professional qualified to opine about sinusitis. The Government should take steps now to identify such a professional.

The Clerk of Court is respectfully directed to terminate all pending motions.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: February 27, 2025
      New York, New York