Ari Teman

March 3, 2025

Judge Paul G. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States v. Teman*, Request for Adjustment of Deadlines to Comply with Recent Order, Permission to Reside in Israel, and Additional Relief

Judge Engelmayer,

I, Ari Teman, the Defendant in the above-captioned matter, respectfully write to inform the Court of my efforts to comply with The Judge's most recent order, to request a prorated adjustment of the associated deadlines due to scheduling constraints beyond my control, to clarify my position on returning to the United States due to my religious beliefs and retaliatory actions by the Government, and to address broader concerns regarding fairness and constitutional violations in this matter.

## Request for Adjustment of Deadlines

In accordance with the Court's recent order, I have diligently sought to obtain the necessary medical records and explanation from my doctor as required. To that end, I promptly scheduled an appointment with the doctor. However, the doctor's earliest available appointment is on Monday, March 17, 2025, at 3:30 PM in Modiin, Israel. I wanted to bring this to the Court's attention as it impacts my ability to meet any deadlines tied to the submission of these materials.

Additionally, I wish to clarify that the injury to my ear occurred during a hyperbaric oxygen treatment in January 2025 (EXHIBIT 3). As such, any record of prior flights would have no bearing on this issue, as I had never undergone hyperbaric oxygen treatment before, and I have not taken any flights between the January treatment and the present. This injury is directly tied to the hyperbaric treatment, and the upcoming appointment will address this specific issue.

I am fully committed to complying with the Court's order and will provide the required records and explanation as soon as possible following my appointment on March 17, 2025. However, given the scheduling limitation, I respectfully request that the deadlines set forth in The Judge's order be prorated to account for this date. Specifically, I ask that the Court extend any relevant deadlines to a reasonable time after March 17, 2025, to allow me to obtain, review, and submit the necessary documentation.

## Clarification on Residence in Israel and Refusal to Return to the United States

**The Court has notably again failed to address the religious and "chilling effect" arguments in my motion, and instead issued a multi-page order to gather irrelevant information about flight histories and medical history predating the hyperbaric oxygen treatment injury to my right ear.**

My sincerely held religious beliefs require me to live in Israel. As the Chief Rabbi explained very clearly (reattached as EXHIBIT 4), the Court's stated justification—that it needs to monitor Zoom video therapy—does not constitute a valid reason to compel me to physically relocate from Israel to the United States in the face of my religious obligation to reside here, particularly when such monitoring can be conducted remotely.

I remain willing to comply with all court-imposed requirements, including Zoom therapy or any other monitoring, from my residence in Israel. Probation confirmed that they are able to monitor such therapy and all banking while I am in Israel.

Moreover, I must bring to the Court's attention a troubling and unconstitutional action by the Probation Department. The Probation Department initially recommended that I be allowed to live in Israel, yet rescinded this recommendation in what appears to be retaliation for my warning to Assistant United States Attorney (AUSA) Mr. Gutwillig that he will face disciplinary action under the new administration for what multiple law professors and legal experts, who have assisted me pro bono, believe constitutes cheating in this case. This rescission of the recommendation is not only unconstitutional but appears designed to have a chilling effect on my willingness and ability to defend myself.

Such brazen and obvious retaliation violates my First Amendment right to speak freely and my Sixth Amendment right to mount an effective defense.

**The Government and the Court have made it clear through their actions that they will illegally retaliate against me for exercising my constitutional rights.** The Court has previously denied me necessary medical care and subjected me to conditions that I believe constitute torture, as evidenced by the sealed records from Mount Sinai Medical Center and Akumin Imaging confirming my medical conditions while in BOP custody—conditions that were misrepresented by the Government.

**Given this history of retaliation and denial of care, I cannot and will not return to the United States under any circumstances. To do so would place me in a position where I fear further unconstitutional retaliation and harm.** If necessary, I am prepared to appeal this matter up to the Supreme Court of the United States to protect my constitutional rights and ensure that I am not forced to abandon my religious obligations or subject myself to further mistreatment.

I respectfully request that the Court grant me permission to reside in Israel permanently, as this is the only remedy that can address the violation of my constitutional rights and allow me to live free from fear of retaliation while still complying with all court-imposed obligations remotely.

## Additional Concerns and Request for Investigation

I also wish to reiterate concerns previously raised regarding fairness and truthfulness in these proceedings. The Court has called into question my request to leave my apartment to obtain surgery on my airway with Dr. Ariel Grobman (283, 285, 287. I provided proof of that surgery in the form of surgery

records (290), and the Court now has sealed records from Mount Sinai Medical Center and Akumin (sent via email) Imaging **confirming that I was truthful about my medical conditions while in the custody of the Bureau of Prisons (BOP)**.

These records further demonstrate that the notes from Larkin Community Hospital were fraudulent and written by a doctor who was not even present at the hospital at the time and never spoke with me.

**In contrast, AUSA Mr. Gutwillig has falsely represented to this Court that there were no medical issues, despite independent confirmation from Mount Sinai and Akumin Imaging that serious medical conditions existed.** If Mr. Gutwillig was misled by someone at the BOP, then that individual must be investigated for providing false information. However, if Mr. Gutwillig knowingly misrepresented the facts, this constitutes a grave constitutional violation and a crime. An AUSA lying to the Court to deny a defendant necessary medical care cannot be tolerated in a fair justice system. Furthermore, the ordering of X-rays of my genitals by the BOP, as part of their purported medical evaluation, should be grounds for suspension from the practice of medicine. Mr. Gutwillig had a duty to tell the truth about the level of care provided—or lack thereof—and he failed to do so.

I respectfully request that the Court treat both parties fairly and order an investigation into why Mr. Gutwillig provided demonstrably false information to the Court, which directly affected the denial of necessary medical care. Additionally, I ask the Court to order Mr. Gutwillig to provide a sworn statement, under penalty of perjury, explaining why he misrepresented these critical facts to the Court and whether anyone at the BOP provided him with false information. If the Court expects me to comply with stringent requirements and deadlines, it is only fair that both sides be held to the same standard of accountability and truthfulness.

## Common Authorship of District and Appellate Rulings raise ethical and safety concerns

Furthermore, a recent AI analysis (attached) by both Grok and ChatGPT have both independent artificial intelligence agents state clearly and emphatically **that Your Honor wrote both the ruling in this case (Docket 138) and the Appellate Ruling -- denying the Defendant due process**.

Their letters are attached (EXHIBIT 1 and 2).

A motion regarding this will be filed shortly in both District Court and the Second Circuit as well as complaints to the Representatives working to impeach Your Honor, and the relevant judicitial review committees. To be clear, Mr. Teman has made *zero* edits of the attached exhibits. They are 100% the words, letter-for-letter, provided by Grok and ChatGPT and they make clear, in Grok's words, "These tics—verbatim phrases, punctuation quirks, and rhetorical habits—confirm Engelmayer's authorship."

It is clear that cheating is rampant in SDNY -- as Attorney General Pamela Bondi has made clear on TV this week with the collusion to hide Jeffrey Epstein files -- and that Mr. Teman is not safe in the United States while such corruption is ongoing.

**Given Probation has made clear in writing on the docket that they can monitor therapy and banking while Teman is in Israel, there is literally no reason to drag Mr. Teman back to the USA other than to prevent him from exercising his constitutional right to defend himself and to retaliate against him doing so.**

## Conclusion

I appreciate the Court's understanding of the circumstances related to the scheduling limitation with my doctor's appointment.

I remain committed to complying with the Court's constitutional orders to the fullest extent possible while residing in Israel -- as originally recommended by Probation before their unconstitutional effort to have a "chilling effect" on my ability to defend myself -- *consistent with my religious beliefs and constitutional rights.*

If The Judge requires any additional information or documentation regarding the appointment, my religious obligations, or my efforts to comply, I am prepared to provide it promptly.


Respectfully submitted,
/s/ Ari Teman
Ari Teman
Defendant Pro Se

cc:    Attorney General Pamela Bondi
       Assistant U.S. Attorney Guttwillig

       Congressmen leading impeachment proceedings against
       Judge Engelmayer for "high crimes" and "corruption":
       Representative Eli Crane
       Representative Derrick Van Orden