B"H

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**
Plaintiff,
v.
**ARI TEMAN,**
Defendant, Pro Se.

Case No.: 1:19-cr-00696

---

**DEFENDANT'S PRO SE MOTION FOR RECONSIDERATION OF DOCKET 510,**
**NOTICE OF APPEAL ON DOCKETS 508 AND 510,**
**AND MOTION TO STAY ORDER TO RETURN TO THE USA PENDING APPEAL**

**TO THE HONORABLE COURT:**

I, Ari Teman, Defendant appearing pro se, respectfully request reconsideration of the Court's ruling in Docket 510 stating "There is no reason why Teman needs a new medical appointment to obtain his existing medical records," as my doctor requires an in-person appointment and witnessed release form, to be in compliance with privacy requirements placed upon providers here, making compliance by March 4, 2025, impossible despite my good-faith efforts—it is now 6:25 PM and no records can be obtained today without the doctor's mandated process.

Additionally, I provide notice of appeal on the orders in Dockets 508 and 510 and move to stay any order requiring my return to the USA pending appeal.

## LEGAL ARGUMENTS FOR RECONSIDERATION

1. **Factual Misunderstanding:** The Court's ruling in Docket 510 does not account for my doctor's strict policy requiring an appointment and signed release, a condition beyond my control. Reconsideration is warranted to correct this misunderstanding and prevent unfairness. See Local Rule 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

2. **Manifest Injustice:** Without more time, I face sanctions for non-compliance despite my inability to meet the deadline due to external constraints, justifying reconsideration to avoid injustice.

## NOTICE OF APPEAL

I hereby provide notice of my intent to appeal the orders in Dockets 508 and 510 to the Second Circuit Court of Appeals, as I believe they contain errors affecting my rights and ability to comply with court directives fairly.

## MOTION TO STAY ORDER TO RETURN TO THE USA

I respectfully move to stay any order requiring my return to the USA pending resolution of my appeal on Dockets 508 and 510.

A stay is warranted because:

(1) I have a meritorious basis for appeal regarding the medical records and related rulings;

(2) requiring my return violates my sincerely held religious beliefs as supported by the Chief Rabbi's letter at Docket 502-2, and the Court's reasoning—that it needs to monitor my mental health treatment—does not overcome this objection since my therapy is conducted over Zoom, and even if in-person therapy were required, an in-person therapist or therapy group leader could sign a sworn statement confirming compliance;

(3) I will suffer irreparable harm if forced to return prematurely, including harm to my religious practice;

(4) a stay will not substantially injure the government; and

(5) the public interest favors ensuring fair process and religious accommodation. See *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (factors for granting a stay); *see also* Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb-1 (government must not substantially burden religious exercise absent a compelling interest and least restrictive means).

## CONCLUSION AND RELIEF REQUESTED

I respectfully ask the Court to:

(1) reconsider Docket 510 and extend the deadline for producing medical records;

(2) acknowledge my notice of appeal on Dockets 508 and 510; and

(3) grant a stay of any order to return to the USA pending appeal.

**Dated:** March 4, 2025
**Respectfully submitted,**
/s/ Ari Teman
Ari Teman
Defendant, Pro Se
Tel Aviv, Israel
4 March 2025 6:25pm
5th of Adar, 5785