B"H

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

v.

ARI TEMAN,
Defendant.

Case No.: 1:19-cr-00696

**DEFENDANT'S LETTER MOTION FOR RECUSAL,
RECONSIDERATION OF PRIOR MOTION,
AND EXTENSION OF STAY OR MODIFICATION OF PROBATION**

Judge Engelmayer,

I, Ari Teman, respectfully submit this letter motion in the above-captioned matter.

Attached hereto are medical notes from Dr. Budow, as previously demanded by the Court.

These notes confirm my ongoing medical condition, which precludes me from safely traveling by air until at least June 1, 2025.

Despite not having an appointment available today, he made time for me to avoid what is clearly hate-driven bigoted and politically-driven persecution by Your Honor, whose hatred and vitriol has been noted by 24 ordained Rabbis at Docket 326-1 and others publicly on X, TV, and radio.

Based on this evidence, and for the additional reasons set forth below, I move for:

(1) Your Honor's recusal from this case;
(2) reconsideration of my prior motion to extend my stay in Israel or modify my probation terms; and
(3) a hearing by an independent court to address unresolved issues in this matter.

## I. Medical Evidence and Request for Accommodation

Dr. Budow's attached notes confirm that I sustained an ear injury following hyperbaric treatment, and that I was truthful about this injury and the resulting pain and risk of pressure changes from flying, consistent with my complaints of prior medical issues documented during my incarceration at FCI Miami and verified

by imaging from Akumin and Mount Sinai, and my need for surgery by Dr. Ariel Grobman -- which Your Honor also questioned.

Per Dr. Budow, this ear condition renders air travel impossible until at least June 1, 2025, due to the risk of permanent deafness or severe pain.

Accordingly, I request reconsideration of my prior motion and to extend my stay in Israel until June 2, 2025, or, in the alternative, to modify my probation to remote reporting or non-reporting status to accommodate both my medical needs and my sincerely held religious belief that, as a Jew, I am required to reside in Israel (as previously cited).

## II. Motion for Recusal

I respectfully submit that Your Honor's impartiality in this matter may reasonably be questioned, warranting recusal under 28 U.S.C. § 455(a).

I raise the following concerns, which I believe demonstrate a pattern of unfairness and bias:

1. **Disparate Treatment of Evidence**:
    - The Court has devoted significant attention to verifying my medical conditions and treatment (e.g., surgery with Dr. Ariel Grobman, medical needs at FCI Miami, and the recent ear injury), all of which have been substantiated by medical records.

    - By contrast, the Court has not addressed critical issues raised by the defense, including:
        i. alleged violations of subpoenas by multiple witnesses:
            1. Joseph Soleimani hiding messages between himself and defendants GateGuard sued in two civil trials about Teman and about Soleimani not paying intercom vendors,
            2. Michael Haas who flew to Israel after being subpoenaed,
            3. Bonnie Soon-Osberger and Gina Hom who hid emails where Soon-Osberger was told by her board president she was "legally liable" for the fees I'd warned them about repeatedly in email, and
            4. Bank of America which hid dozens of emails and documents from attorney Reinitz sent before any hint of criminal accusations or arrest where Reinitz emphatically states the RCCs were authorized -- these emails would be admissible via cross examination of Bank of America and there would be no need to call Reinitz),
            5. The government hiding that they received my late 2020 suicide note from Soleimani and that he recieved it from two defendants in federal civil cases GateGuard had filed before the arrest and before trial where we argued to uphold our online terms *and they were upheld, including subpages that allow the RCCs and fees that are the subject of this case*
        ii. ineffective assistance of trial counsel as argued in the 2255 (the Defense requests to be able to file a reply to the Government and the lie-filled affidavits of trial counsel), including but not limited to:

1. Why trial counsel did not report the medical records and emails stating I was mentally unfit to stand trial

2. **Why trial counsel did not *immediately* report that a juror had lied about knowing me and in-fact ran a directly competitive business,** after the email I sent <u>at night during trial</u> forwarding proof and complaining he was shooting me dirty looks while whispering to other jurors.

    (Since the Judge referenced their pathetic attempt at a fictional story about a "burner phone" in an attempt to further defame me -- first, it is important to note that such an accusation *does not change* that they had a legal obligation to IMMEDIATELY report a business competitor had lied his way into the jury.

    However, second, and deeply supportive of the argument that trial counsel is ineffective and borderline retarded, their lie is obvious because *the FBI encourages anonymous reporting and you don't need a burner phone to do it.*

    *You can literally just google "submit anonymous tip to FBI" and click a link:*



    iii. undisclosed conflicts of interest between defense counsel and the Court and DOJ

2. **Conduct During Proceedings**:

    - The Court has required my presence in court on the Sabbath and Jewish holidays, o*ver my objections*, and has made statements experts perceive as defamatory in response to my medical complaints — complaints consistently validated by medical professionals. Every single time, my complaints are true and valid, but the Court spends a lot of ink smearing me and calling me a liar and requiring me to get proof -- even to get records less than a week after surgery to my face and on pain killers!

3. **Ex Parte Communications**:
    - The Court received a suicide note I wrote prior to trial, which was provided to the Government by a third party (Joseph Soleimani) and forwarded to Your Honor without my consent. I submit this constitutes an improper ex parte communication and further grounds for recusal.

These factors, individually and collectively, undermine my confidence in receiving a fair hearing before this Court. I therefore request Your Honor's recusal and the assignment of this matter to an independent judge.

## III. Request for Hearing on Unresolved Issues

I further move for a hearing before an independent court to investigate the following matters, which I assert have not been adequately addressed:

1. **Witness Subpoena Violations**: Alleged failures by Joseph Soleimani, Michael Haas, Bonnie Soon-Osberger, Gina Hom, and Bank of America to comply with subpoenas, including the withholding of potentially exculpatory evidence by the witnesses and that they were aided by this by the Government.

2. **Ineffective Assistance of Counsel**: Trial counsel's failure to report my mental unfitness to stand trial (supported by medical records and expert opinions), their failure to address a juror with a conflict of interest (a business competitor who added me on LinkedIn and exhibited bias during trial), and their failure to pursue critical evidence (e.g., Bank of America emails authorizing RCCs).

3. **Government Misconduct**: Alleged false statements by the Department of Justice regarding my medical conditions as well as the availability of medical staff at FCI Miami, where in-fact they were later forced to concede there was no medical personnel from 11:00 p.m. to 6:00 a.m., contributing to inadequate care and preventable deaths (upon information and belief, a number of men have died recently at FCI due to lack of adequate care and appropriate response times).

4. **Violations of the Establishment Clause and the Defendant's right and need to practive his faith in accordance with Jewish law**: As alleged by 24 Rabbis (326-1) and in ordering a defendant to physically move from Israel for the sake of zoom video therapy and/or anger management courses which can be done in Israel where there are many licensed and even American-trained mental health professionals. The Court has not held a single hearing on the religious rights issues and the Defendant will not violate his sincerely held religious beliefs for any human court.

These issues bear directly on the fairness of my trial and subsequent proceedings, yet no hearings have been held to address them.

I respectfully request that an independent court examine these matters to ensure due process.

## IV. Conclusion

For the foregoing reasons, I respectfully request:
(1) Your Honor's recusal;
(2) reconsideration of my prior motion, granting an extension of my stay in Israel until June 2, 2025, or modification of my probation to remote or non-reporting status; and

(3) a hearing by an independent court into the unresolved issues outlined above.

Respectfully submitted,
/s/ Ari Teman
Ari Teman
March 5, 2025
6th of Adar, 5785

EXHIBIT A follows on the next page: The records of Dr. Budow.

**Maurice Budow MD**  **Internal Medicine**  054-5244087

March 5, 2025

Re: Ari B. Teman D.O.B.10/05/1982

To Whom it May Concern

Mr. Ari Teman is a 42-year-old man with chronic sinus and ear disease. He had bilateral repair of nasal valve stenosis and revision septoplasty with a cadaveric rib cartilage grafting and revision rhinoplasty in April 2013 and again submucous resection of the turbinates in October 2021. In August of 2024 he suffered from an episode of Covid-19, following several other episodes in the past and having received vaccinations for covid-19. As he was suffering from general malaise, pain throughout the body and lethargy, he was advised to try Hyperbaric Oxygen therapy which he had on January 22, 2025. The treatment caused right ear pain, numbness and decreased hearing which worsened over subsequent weeks, despite treatment with steam and nasal sprays as recommended. On my examination on the 22nd of February I noted signs of inflamation with erythema and scarring of the right ear canal. I recommended that he not fly for several months until the symptoms resolve. On repeat examination today, I still see inflammation in the ear with no significant change. I continue to recommend that he not fly until June 1st 2025, to avoid risk of acute infection or long-term damage to the ear

I am summarizing his case in this letter as Mr. Teman is not a citizen of Israel and is not a member of our health care system, therefore does not have computerized health-care records

Sincerely

Maurice Budow MD