UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19 Cr. 696 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received a submission yesterday, March 5, 2025, by defendant Ari Teman. *See* Dkt. 513. This order responds to aspects of that submission.

1. Teman's submission attaches a letter on the stationery of Maurice Budow, MD, dated March 5, 2025. *See* Dkt. 513 at 6. Dr. Budow's March 5 letter reports that he examined Teman on February 22, 2025. Teman does not, however, attach Dr. Budow's records of the February 22 examination, as clearly ordered by the Court on February 27, 2025. *See* Dkt. 508 at 5 (directing Teman to attach "complete records of such examination(s)" by Dr. Budow). From Teman's failure to produce such records, the Court infers that either Dr. Budow, improbably, lacks records of the February 22 examination, or that such records would not assist Teman's application to defer his return date to the United States. Dr. Budow, in his earlier letter of February 24, 2025, two days after that examination, had described Teman's condition as "well" after a bout of acute sinusitis. Dkt. 501-2. Dr. Budow's March 5, 2025 letter notably does not represent that he lacks any records of the February 22

examination. It states only that he does not "have *computerized* health-care records" because Teman "is not a citizen of Israel and "is not a member of our health care system." *See* Dkt. 513 at 6 (emphasis added).

2. Insofar as Dr. Budow's letter states that Teman had hyperbaric oxygen therapy on January 22, 2025 that caused symptoms including right ear pain and led to "treatment with steam and nasal sprays as recommended," the letter does not state whether that therapy and treatment were directed or conducted by Dr. Budow or by different medical provider(s), and if by different provider(s); whether Dr. Budow, before writing the Court, had reviewed records of such provider(s); or whether Dr. Budow was relying on representations by Teman. The Court directs Teman to obtain from the relevant provider(s) and to file, **by Friday, March 7, 2025**, complete records of his hyperbaric oxygen therapy of January 22, 2025, and his ensuing treatment.

3. For avoidance of doubt, **all deadlines set in the Court's order of February 27, 2025, including today's deadline, remain in place.** *See* Dkt. 508 at 5. Teman's view that the materials the Court has ordered him to produce are irrelevant, *see* Dkt. 509 at 1, does not excuse him from his obligation to comply with the Court's order.

4. Teman's March 5 submission renews accusations against the Government, the Court, his trial counsel, various witnesses or potential witnesses at his January 2020 trial, and the federal correctional institution at which he was held in Miami. *See generally* Dkt. 513. Teman's submission also makes a series of

2

purported motions. The Court denies these as frivolous and directs the Clerk of Court to terminate these motions.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 6, 2025
       New York, New York

3