B"H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
        Plaintiff,
  v.                    Case No. 19-CR-696 (PAE)
ARI TEMAN,
        Defendant.

-----------------------------

DEFENDANT'S PRO SE LETTER MOTION FOR RECONSIDERATION AND NOTICE OF APPEAL

To the Clerk of the Court and the Judge Paul A. Engelmayer, United States District Judge:

Defendant Ari Teman, acting pro se, respectfully submits this letter motion seeking reconsideration of the order entered at Docket No. 514 on March 3, 2025, and, in the alternative, providing notice of appeal to the United States Court of Appeals for the Second Circuit from the same order.

This submission is made pursuant to Federal Rules of Appellate Procedure 3 and 4, and the local rules of this Court.

**I. MOTION FOR RECONSIDERATION**

Defendant requests that the Court reconsider its order entered on March 3, 2025, at Docket No. 514, based on the following facts and evidence:

1. Businesses in Israel, including medical facilities such as Elite Clinic, are closed on Fridays. As of the time of this submission, it is 8:46 p.m. on Thursday, March 6, 2025, in Tel Aviv, Israel, rendering it impossible for Defendant to obtain complete records from Elite Clinic, or the doctor's handwritten notes in Hebrew, prior to the Court's deadline of March 7, 2025.

2. Notwithstanding the foregoing, Defendant submits the following evidence at this time:

    a. Screenshots of messages exchanged with Elite Clinic, one of which has previously been submitted and appears on the docket;

    b. An intake form from Elite Clinic, translated into English via Google Lens (noting that such translation may contain imperfections), which bears the clinic's name at the top;
        i. The meta data for this screenshot showing it was January 22

    c. Printed medical records from two ear, nose, and throat (ENT) surgeries, which were reviewed by Dr. Budow;

    d. Medical records from Dr. Wayne and Mount Sinai, which were also reviewed by Dr. Budow and would be filed under seal if not Judge Engelmayer's repeatedly lying about the Defendant's medical conditions at FCI Miami.

> These records, now filed publicly, confirm the diagnosis of varicoceles in the testicles, which corroborate the physical conditions Defendant reported experiencing while at FCI Miami, conditions that the Bureau of Prisons (BOP) and Larkin Community Hospital and AUSA Gutwillig misrepresented;

> e. A receipt from Dr. Budow for a visit on February 22, 2025, written in Hebrew but bearing his signature.

3. These documents collectively demonstrate that Defendant sought and, only weeks after being released from the BOP, was diagnosed and received medical care for a physical condition causing pain rated at 9 out of 10, thereby substantiating the veracity of his complaints while incarcerated at FCI Miami.

Defendant has also requested additional records from Elite Clinic and Dr. Budow; however, due to the aforementioned closure of businesses, such records will not be available until the following week.

4. The order at Docket No. 514 denied Defendant's motion requesting accommodations for his religious beliefs and medical needs, including permission to reside in Israel despite assurances from the Probation Office that Defendant could be fully monitored for mental health and banking in that location.

The evidence now submitted establishes that Defendant suffered from a documented medical condition warranting treatment, contradicting prior assertions by the BOP and Larkin Community Hospital, and the Government and Court should accommodate Teman's need for medical care immediately and with the benefit of having family nearby.

5. Accordingly, Defendant respectfully moves the Court to reconsider its ruling at Docket No. 514, acknowledge the truthfulness of Defendant's medical complaints at FCI Miami as supported by the submitted records, and permit Defendant to remain in Israel for necessary surgery and recovery.

II. NOTICE OF APPEAL

In the event that the Court denies the foregoing motion for reconsideration and refuses to move Teman to non-reporting or remotely-reporting probation or to terminate probation early in light of the torture Teman experienced due to failure to provide adequate medical care at FCI Miami, notice is hereby given that Ari Teman, Defendant in the above-captioned case, acting pro se, appeals to the United States Court of Appeals for the Second Circuit from the order entered on March 3, 2025, at Docket No. 514, by the Honorable Paul A. Engelmayer, United States District Judge, in the United States District Court for the Southern District of New York. The order appealed from denied Defendant's motion requesting accommodations for his religious beliefs and medical needs, including permission to reside in Israel despite confirmation from the Probation Office of its ability to monitor Defendant in that location, among other matters, thereby adversely affecting Defendant's rights. This appeal is taken pursuant to 28 U.S.C. § 1291.

A copy of the notice filed to CA2 follows, as well.

WHEREFORE, Defendant Ari Teman respectfully requests that the Court grant the motion for reconsideration and the relief sought therein. Alternatively, if reconsideration is denied, Defendant invokes his right to appeal as set forth above, and requests that the Clerk of the Court process this notice in accordance with Federal Rule of Appellate Procedure 3.

Dated: March 6, 2025 /  7th of Adar, 5785
Tel Aviv, Israel

Respectfully submitted,

/s/ Ari Teman
Ari Teman, Pro Se

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,
    Plaintiff-Appellee,
 v.                Docket No. [To be assigned]
ARI TEMAN,
    Defendant-Appellant.

------------------------------

NOTICE OF APPEAL

Notice is hereby given that Ari Teman, Defendant-Appellant, acting pro se, appeals to the United States Court of Appeals for the Second Circuit from the order entered on March 3, 2025, at Docket No. 514, in the United States District Court for the Southern District of New York (Case No. 19-CR-696 (PAE)) by the Honorable Paul A. Engelmayer. The order appealed from denied Defendant-Appellant's motion for accommodations based on his religious beliefs and medical needs, including permission to reside in Israel despite confirmation from the Probation Office of its ability to monitor Defendant-Appellant in that location, among other issues, pursuant to 28 U.S.C. § 1291.

Dated: March 6, 2025
Tel Aviv, Israel

Respectfully submitted,
s/Ari TEman