

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 15, 2025

**By CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

   Re: **United States v. Ari Teman**, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

  The Government respectfully writes in response to the Court's Order, dated March 12, 2025. (Dkt. 520). In that Order, the Court directed the Government "to obtain a prompt assessment by an independent medical professional as to whether, based on the records submitted, it is medically safe for supervisee Ari Teman to return to the United States" by the then-relevant deadline of March 21, 2024, now April 29, 2025, "and if not, whether it is necessary to deter the return until the date (June 1) that Teman's doctor identifies as safe for plane travel. (*See* Dkt. 513 at 6). Appended to this letter as Exhibit A is an evaluation by Dr. Richard Nass[1] based on the medical records provided by defendant Ari Teman ("Teman"), appended to his filings as Dkts. 515 and 518. Based on those records, Dr. Nass concludes that the records supplied by Teman do "not allow a definitive answer as to whether Mr. Teman can fly safely at this time." (*See* Ex. A).

  As Dr. Nass' evaluation notes, the medical records Teman provided in support of his request do not squarely address his claimed otolaryngological issues. Rather, Teman provided an evaluation by Dr. Maurice Budow, an internist, and a letter signed by Dr. Georgiy Brusovanick, an orthopedic surgeon. While "[h]perbaric oxygen treatment can have complications involving the [m]idle ear which increase the risk of ear injury during air travel . . . evaluation and management by an otolaryngologist can accurately make a diagnosis, assess the risk involved in an individual case" and, as described in Dr. Nass' evaluation, "make air travel safe for the affected

---

[1] Dr. Nass presently serves as Professor Emeritus at the New York University School of Medicine ("NYU"). Previously, Dr. Nass served in various academic roles at NYU and as an attending physician at Bellevue Hospital Center (2006-2022) and Lenox Hill Hospital (2003-2022), among other positions. After obtaining his undergraduate and medical degrees, Dr. Nass completed his residency in otolaryngology and head and neck surgery at Bellevue (1976-1979). Dr. Nass' sub-specialty is rhinology/endoscopic sinus surgery; he has performed surgery, and taught ENT residents and practicing physicians in this area. Dr. Nass' resume is provided for reference as Exhibit B. Because Dr. Nass's evaluation (Exhibit A) and his resume (Exhibit B) contain personal and medical information, the Government respectfully requests that they be filed under seal.

ear." (*See* Ex. A). Teman either has not seen a doctor with the specialty, or even field, relevant to his apparent malady, or has not supplied any such records if he has done so.

Teman's failure to submit relevant records—instead supplying materials from an internist and an orthopedic surgeon—leaves Dr. Nass, and therefore the Government, unable to render an opinion on whether air travel is safe for Teman. However, the Government continues to question the motivation and provenance of Teman's claims. Despite agreeing to specific procedures that allowed for international travel during his period of supervised release—which were jointly proposed by Teman's counsel and the Government—and making such a request in September 2024, without objection from the Government and which the Court granted, Teman has continued to make motions to remain in Israel well past his original proposed return date of November 6, 2024. (*See* Dkts. 453, 454, 455, 456). In view of that timeline and the content of the medical records Teman has submitted that, he claims, show that it is unsafe for him to fly, the Government maintains its view that Teman is using claims about his medical conditions as a pretext to stay in Israel and not serve his remaining term of supervised release. By submitting incomplete and irrelevant records, Teman has managed to create a circumstance where, as Dr. Nass' report concludes, it is not possible to determine whether what Teman claims is true; and, indeed, Teman theoretically could continue to make such claims, whether or not based in fact.

With all that as preamble, the Government does not wish to jeopardize Teman's health and defers to the conclusion of Dr. Nass' medical report. Given that Teman's repeated requests, his incomplete medical records, and the time needed for the Government to obtain an assessment have delayed Teman's return until the end of April, the Government is constrained not to object to extending that deadline until June 1, 2025, the date by which Teman claims it will be safe for him to fly. With that extended timing, the Government submits that Teman should be able to address any issues, medical or otherwise, preventing him from complying with the Court's Order to return to the United States, and that no further adjournment of that date should be granted.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By:    /s/
      Jacob H. Gutwillig
      Assistant United States Attorney
      (212) 637-2215