UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19 Cr. 696 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

On April 30, 2025, defendant Ari Teman filed an affidavit in this Court in support of a motion for permission to appeal *in forma pauperis* before the United States Court of Appeals for the Second Circuit. Dkt. 532. The affidavit appears to relate to one or more of three *pro se* notices of appeal recently filed by Teman. *See* Dkt. 491 (notice of appeal filed February 10, 2025); Dkt. 504 (notice of appeal filed February 25, 2025); Dkt. 517 (notice of appeal filed March 6, 2025).[1]

For two independent reasons, the Court denies Teman's motion.

First, the Court cannot certify that Teman's appeals are taken in good faith, as required for *in forma pauperis* status. *See* 28 U.S.C. § 1915(a); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (statutory "good faith" standard is met "when [the applicant] seeks appellate review of any issue *not frivolous*" (emphasis added)). Teman's notices of appeal appear to anticipate his making two appellate challenges. First, Teman appears to intend to appeal the Court's order that he return to the United States, where he is in the first year of a three-year term of supervised

---

[1] These notices of appeal correspond to the following appeals on the docket of the Second Circuit: *United States v. Teman*, No. 25-332-cr; *United States v. Teman*, No. 25-452-cr; and *United States v. Teman*, No. 24-543-cr.

release, and where he is required to participate in in-person mental health treatment. As the Court's orders on this point reflect, the Court authorized Teman to travel to Israel for a finite period. In a series of orders showing solicitude to Teman, the Court has since extended the deadline for Teman's return, such that his return date is now June 1, 2025, a date the Court has held is firm. *See* Dkts. 475, 484, 503, 508, 524, 531. Teman does not have a good-faith basis to resist the Court's order that he return to the United States. Second, Teman appears to appeal the Court's denial of his motion for the Court to recuse. Teman, however, made the same argument in his counseled direct appeal. In affirming Teman's conviction in June 2023, a unanimous panel of the Second Circuit held that there was no basis for the Court to recuse. *See United States v. Teman*, No. 21-1920-cr, 2023 WL 3882974, at *3 (2d Cir. June 8, 2023) ("There is nothing to Teman's argument that Judge Engelmayer was required to recuse himself[.]"). Teman's recent *pro se* motions before this Court for recusal, which are fairly characterized as intemperate, have not identified a new factual basis requiring recusal, *see* Dkts. 486, 496, 513, 515, and the Court has accordingly denied these, *see* Dkts. 488, 498, 514, 516. Teman does not have a good-faith basis to appeal these denials. *See, e.g., Bartlett v. Tribeca Lending Corp.*, No. 22 Civ. 5761, 2022 WL 2788060, at *2 (S.D.N.Y. July 14, 2022) (finding that appeal would not be taken in good faith where plaintiff raised "duplicative," "vexatious," and "frivolous" claims); *Nobile v. Biden*, 23 Civ. 6997, 2023 WL 7151727, at *3 (S.D.N.Y. Oct. 30, 2023) (same); *Grossetti ex rel. Estate of Jackson v. Comm'r*, No. 19 Civ. 6784, 2019 WL 4688699, at *3 (S.D.N.Y. Sept. 26, 2019) (similar); *Pereira v. N.Y.C. Health & Hosps. Corp.*, No. 23 Civ. 10396, 2024 WL 4981512, at *1 (S.D.N.Y. Nov. 21, 2024) (similar).

Second, notwithstanding Teman's affidavit seeking a waiver of docketing fees based on asserted *in forma pauperis* status, the assembled record known to the Court leaves unclear

whether Teman financially so qualifies. Teman is presently represented by retained counsel in two separate challenges to his counts of conviction. One, pending in the Second Circuit, is an appeal of the Court's denial of his post-trial motion for relief under Federal Rule of Criminal Procedure 33. *See* Dkt. 415 (order denying Rule 33 motion).[2] In that appeal, Teman is represented by Eden P. Quainton, Esq., who represented Teman on his direct appeal. The other, pending in this Court, is a motion under 28 U.S.C. § 2255, in which Teman claims ineffective assistance of his trial counsel, Justin K. Gelfand, Esq., and Joseph A. DiRuzzo III, Esq. On that motion, Teman is represented by Thomas Butler, Esq.; Teman's reply brief is due May 12, 2025. *See* Dkt. 524. Teman's retention of counsel to represent him in those two matters raises the possibility that the reason counsel have not appeared for Teman in connection with his three recent notices of appeal is not Teman's inability to pay, but counsels' unwillingness to take on these appeals. Separately, Teman's trial counsel, in affidavits submitted in connection with the § 2255 motion, have made factual representations that call into question the truthfulness of Teman's representations as to his finances. Mr. Gelfand attested that, as of his 2020 jury trial, Teman "for many years" had failed to file income tax returns for himself or his businesses, a factor that had strategic implications for the conduct of the defense. Dkt. 489 ("Gelfand Aff.") ¶¶ 14, 27; *see also* Dkt. 490 ¶ 6(b) (affidavit of Mr. DiRuzzo). Mr. Gelfand further represented that Teman had sought to engage in post-trial obstruction, by arranging for a call to be made via a burner phone to the Federal Bureau of Investigation, falsely claiming that a juror at his trial engaged in misconduct. *See* Gelfand Aff. ¶ 33. In these circumstances, the Court cannot credit Teman's unsubstantiated affidavit claiming indigency. *See, e.g.*, *Gildea v. BLDG Mgmt.*, No. 10

---

[2] Teman's appeal of this decision is docketed in the Second Circuit. *United States v. Teman*, No. 24-345-cr (appeal docketed February 8, 2024). The Court understands that this appeal has been fully briefed and is awaiting argument.

Civ. 3347, 2010 WL 11882229, at *1 (S.D.N.Y. June 10, 2010) (denying IFP status where applicant did not substantiate his representation that he "ha[d] insufficient resources to pay the . . . filing fee"); *see also Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("Fridman has not demonstrated the degree of financial stringency necessary to justify relief. . . . It is not apparent on the record how the public will be served by placing upon it, and thereby alleviating Fridman of, the costs associated with copying the record for Fridman's appeal."); *Anthes v. Nelson*, No. 17 Civ. 2511, 2017 WL 11710986, at *1 (S.D.N.Y. Apr. 27, 2017) (denying IFP status after assessing "the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (cleaned up)).

The Court accordingly denies Teman's motion for *in forma pauperis* status. Teman is at liberty to appeal this denial to the Second Circuit, or to pursue his appeals there on a paid (non-*in forma pauperis*) basis.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 7, 2025
       New York, New York