B"H

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**

v.

**ARI TEMAN**,

Defendant.

Case No. 1:19-cr-00696-PAE

**DEFENDANT'S PRO SE MOTION TO (a) EXTEND TRAVEL TO ISRAEL UNTIL AT LEAST AUGUST 14, 2025, (b) MODIFY PROBATION TO NON-REPORTING STATUS, AND (c) PERMIT SETTLEMENT IN ISRAEL FOR MEDICAL TREATMENT; (d) PROCEED IFP IN APPEAL COURT AND HERE, (d) Recusal due to pre-judging facts in 2255**

I, Ari Teman, the Defendant in the above-captioned case, respectfully submit this pro se motion to request that the Court:

(1) extend my authorized travel to Israel until at least **August 14, 2025**, to complete the 90-day period recommended by Dr. Wolfovitz for my medical treatment (ending **July 23, 2025**) and allow a follow-up visit the following week to obtain clearance to fly, as shown in Exhibit 1 (Medical Notes of Dr. Wolfovitz);

(2) modify my probation to remotely-reporting or alternatively non-reporting probation; and

(3) permit me to settle **indefinitely** with my family in Israel to receive necessary medical treatment for my ear condition, varicocele, and other serious health issues, as confirmed by Dr. Georgiy Brusovanik in Exhibit 8 and Dr. Wayne (referenced in medical documentation).

If my ear condition does not improve by July 23, 2025, I will require surgery and must be seen by Dr. Wolfovitz the following week, as he only sees patients one day per week and operates on other days.

I also ask the Court to consider that there are no direct passenger boats from Israel to the United States, and my conviction makes alternative travel through Europe unaffordable and unduly burdensome.

Additionally, the Court has repeatedly falsely accused me of fabricating my medical conditions and not seeing an ENT, but in fact, I did see an ENT and was only delayed in reporting this due to delays in securing a follow-up visit and obtaining a copy of the report and records.

My request for an indefinite stay is supported by:

  (a) the potential need for ENT surgery if my ear condition does not improve by July 23, 2025;

  (b) my completion of one year of probation without violations, warranting non-reporting probation;

  (c) month-to-month housing in Israel being nearly twice as expensive as long-term housing;

  (d) my need for urgent urological surgery for a varicocele, as documented by Dr. Wayne and Dr. Brusovanik, requiring scheduling and recovery time; and

  (e) my over five years of compliance with supervision during this case, including pre-trial, post-trial, and post-incarceration periods.

## BACKGROUND

- **My Medical Conditions Require Treatment in Israel**

  Dr. Wolfovitz has advised that I **must not fly** for 90 days, from April 24, 2025, to July 23, 2025, due

to my serious ear condition (Exhibit 1). If my condition does not improve by July 23, 2025, I will require ENT surgery and must be seen by Dr. Wolfovitz the following week for a follow-up to assess my condition and obtain clearance to fly. Dr. Wolfovitz only sees patients one day per week, as he operates on other days, necessitating a minimum stay until **August 14, 2025**, to accommodate this visit.

Additionally, as is documented by Dr. Brusovanik and Dr. Wayne, I suffer from severe back, neck, and genital pain due to chronic spinal disc issues and varicoceles, as confirmed by Dr. Georgiy Brusovanik, a Board-Certified Orthopedic Surgeon, and supported by MRIs and ultrasounds from Akumin and Mount Sinai after my release from Bureau of Prisons (BOP) custody (Exhibit 8, Page 1).

Dr. Wayne has also documented my varicocele, which requires urgent surgical intervention (referenced in medical records). These conditions demand ongoing care, including potential spinal steroid injections, urological surgery, a clean environment, an anti-inflammatory diet, and orthopedic support, all accessible in Israel with family support.

- **Court's False Accusations Regarding My Medical Conditions**

  The Court has repeatedly accused me of fabricating my medical conditions and claimed I did not see an ENT specialist. These accusations are false. I did see an ENT, as evidenced by Dr. Wolfovitz's recommendation (Exhibit 1), but I was delayed in reporting this to the Court due to challenges in securing a follow-up visit and obtaining a copy of the medical report. These delays were beyond my control and do not negate the validity of my medical conditions, which have been corroborated by multiple Board-Certified specialists and diagnostic imaging (Exhibit 8, Page 1).

- **Previous Medical Mismanagement**

Dr. Brusovanik's letter details how my medical needs were ignored during BOP custody. Three Board-Certified specialists, including Dr. Brusovanik, recommended urgent treatment, but the BOP and the Court relied on a non-medically qualified administrator and a false report from a BOP-contracted doctor who never examined me (Exhibit 8, Page 1). This doctor wrongly denied my spinal and genital issues, claims disproven by later imaging. The BOP's use of X-rays, unsuitable for soft tissue, exposed me to unnecessary radiation (Exhibit 8, Page 1). This history underscores the need to remain in Israel for competent medical care. It also supports resentencing in consideration of the unnecessary and unjust suffering caused by the medical malpractice of the BOP-contracted physician.

- **Need for Surgeries and Recovery**

If my ear condition does not improve by July 23, 2025, I will require ENT surgery, necessitating a follow-up with Dr. Wolfovitz the following week (Exhibit 8, Page 2).

Additionally, Dr. Wayne and Dr. Brusovanik have documented my varicocele, which requires urgent urological surgery that must be scheduled and involves significant recovery time (Exhibit 8, Page 1). These procedures, combined with my spinal issues, require an indefinite stay in Israel to ensure access to specialized care and a supportive recovery environment.

- **Compliance with Probation and Supervision**

I have completed one year of probation without any violations and have complied with all supervision conditions for over five years, including pre-trial, post-trial, and post-incarceration periods. Courts traditionally transition defendants to non-reporting probation after such a record, as it demonstrates rehabilitation and low risk to the public.

- **Housing Cost Challenges**

In Israel, as in most places, month-to-month housing is nearly twice as expensive as long-term housing. An indefinite stay would allow me to secure affordable, stable housing, significantly reducing financial strain and supporting my recovery. Short-term housing would impose an undue burden given my limited resources due to my conviction.

Currently, I am dependent on help from family and loved ones as I rebuild my life and these added expenses make it unduly burdensome to rebuild.

- **No Viable Return Travel Options**

There are no direct passenger boats from Israel to the United States. The only sea travel option involves costly cruises through Europe, which I cannot afford due to my financial constraints and conviction. Dr. Wolfovitz's restriction that I **must not fly** until at least July 23, 2025, and potentially longer pending clearance, makes air travel impossible, rendering return to the United States impractical and unfairly burdensome.

- **No funds to hire Mr. Quainton to handle these matters**

The court incorrectly and falsely accused me of being unable to retain counsel on these matters due to lack of merit, but as the attached threat shows, I did ask Mr. Quainton to handle these matters, but he demanded an additional $10,000 which I did not have and my parents did not have (as they are also dealing with medical issues as well as associated costs of limited mobility in their elderly age.) The Could should reconsider my IFP motions and allow me to proceed in appeal and elsewhere under IFP.

- **Healthcare is cheaper in Israel**

Because of a national healthcare system, even though I am outside the system and required to pay for visits directly, they are significantly cheaper -- 75% to to 90% cheaper approximately -- than

visits in the USA. For example, a visit to a US doctor is $1000, but in Israel is is approximately $150 to $250 (400nis to 1000nis). As well, in the USA, medical insurance is $850/month (approx) and I am still required to pay copays and imaging expenses -- fors example $700 per MRI for 2 MRIs ($1400) that showed the degenerative disk issues discussed in Dr. Brusovanik's letter. These expenses right out of prison after years of legal bills and isolation are unmanageable and I do not have the funds.

- **Requiring me to beg is an undo burden**

    It is unethical and unreasonable to ask me to beg for funds from friends to file appeals or to get medical care and housing, when I can get affordable healthcare and housing in Israel. Additionally, given the tremendous expenses incurred in legal defense -- where the Judge has unethically showed his clear bias and prejudice on a 2255 before our reply was even filed and also ignored the documented years of medical issues prior to this case including repeated inpatient psychiatric hospitalizations for which Judge Englemayer was made aware on the record before trial -- is all completely unethical.

    What is happening here is that Judge Engelmayer is retaliating for me calling him a "corrupt Obama nominee" in a suicide note before trial (late 2019) that was forwarded by Abi Goldenberg to Mr. Soleimani who sent it to the Government and they to the judge -- but was not sent by me to the judge or Soleimani -- and the Government did not disclose the path of this document. Judge Engelmayer has repeatedly referenced this comment even in recent hearings, and has been punishing me for it throughout this case. This case is not about the law or contracts or evidence -- all of which Judge Engelmayer has explicitly refused to consider under the bogus excuse that I am "pro se". This case is just one Judge's ego retaliating for an insult. For this reason and for the above reasons where the judge is taking on face value accusations without evidence while ignoring clear emails that I reported the juror to counsel DURING trial (not "post-trial" as the judge falsely

accuses me) and trial counsel failed to report it immediately to the Court, the Defendant motions for immediate recusal.

## REQUESTS AND REASONS

- **Extend My Travel to Israel Until at Least August 14, 2025**

  I ask the Court to extend my permission to stay in Israel until at least **August 14, 2025**, to complete the 90-day period recommended by Dr. Wolfovitz (April 24, 2025, to July 23, 2025) and allow a follow-up visit the following week to obtain clearance to fly (Exhibit 1). Dr. Wolfovitz only sees patients one day per week, requiring this additional time. If my ear condition does not improve by July 23, 2025, I will need ENT surgery and must be seen by Dr. Wolfovitz to confirm this, further justifying the extended stay. The Court has the authority to adjust probation conditions to accommodate medical needs.

- **Modify Probation to Non-Reporting Status**

  I request that my probation be changed to non-reporting status. I have completed one year of probation without violations and complied with supervision for over five years, including pre-trial, post-trial, and post-incarceration periods. Courts often grant non-reporting probation in such cases, as it supports rehabilitation while ensuring public safety. My severe medical conditions, as confirmed by Dr. Brusovanik and Dr. Wayne (Exhibit 8), require me to remain in Israel for treatment, and non-reporting status would allow me to focus on my health.

- **Permit Me to Settle Indefinitely in Israel for Medical Treatment**

  I ask to be allowed to settle indefinitely with my family in Israel to receive necessary medical treatment. My ear condition may require ENT surgery if it does not improve by July 23, 2025, and my varicocele requires urgent urological surgery, as documented by Dr. Wayne and Dr. Brusovanik (Exhibit 8, Page 1). These procedures need scheduling and recovery time, and my spinal issues

require ongoing care. An indefinite stay is also justified by: (a) the high cost of month-to-month housing compared to long-term housing; (b) my five-year compliance record, supporting non-reporting probation; (c) the need for a stable environment to manage my health; and (d) the Court's false accusations about my medical conditions, which I have proven through ENT visits and medical documentation despite reporting delays due to follow-up and report access issues. Israel's advanced medical facilities and my family's support make it the best place for my treatment and recovery.

- **Permit Me to Stay if Because Surgery is Urgently Needed (Urology) and may be needed (ENT)**

I specifically request that the Court permit me to remain in Israel indefinitely because surgery is urgently needed (urology) for my varicocele, as documented by Dr. Wayne and Dr. Brusovanik, and may be needed (ENT) for my ear condition if it does not improve by July 23, 2025 (Exhibit 8, Page 2). Both procedures require scheduling, recovery time, and access to specialized care, which I can only ensure in Israel.

- **Travel Burdens Are Unfair**

There are no direct boats from Israel to the United States, and I cannot afford or arrange costly cruises through Europe due to my conviction and financial constraints. Dr. Wolfovitz's restriction that I **must not fly** until at least July 23, 2025, and potentially longer pending clearance, eliminates air travel. Forcing me to return would be an unfair burden and could harm my health by delaying critical treatment.

## CONCLUSION

I respectfully ask the Court to:
- Reconsider my request to proceed IFP in appeals court and to issue IFP status. As the attached Exhibit D shows, emails with Attorney Quainton (redacting topics related to his representation of

GateGuard on civil cases), he was willing to represent me on these issues, but I could not afford to pay him $10,000 and my family could not afford to either. Thus, I filed pro se. This should be sufficient proof that we cannot afford the $1800+ in fees to proceed in appeals, as we did not even have the $1800 before the additional medical expenses. The court should therefore reconsider and allow me to proceed IFP in CA2.

- Extend my travel to Israel until at least **August 14, 2025**, to complete the 90-day period ending July 23, 2025, and allow a follow-up with Dr. Wolfovitz the following week;
- Modify my probation to remotely-reporting or non-reporting status;
- Permit me to settle indefinitely with my family in Israel to receive medical treatment; and
- Permit me to stay because surgery is urgently needed (urology) and may be needed (ENT) in approximately 90 days.
- Recusal so a judge who has not already pre-decided facts in the 2255 can hear it.

These changes are necessary to protect my health, follow medical advice, secure affordable housing, and avoid unfair travel burdens. The attached exhibits, my five-year compliance record, and my documented ENT visits, despite delays in reporting due to follow-up and report access issues, support the truth of my medical conditions and the need for this relief.

Previously the Government has agreed to follow the Doctors' recommendations and therefore at the very least travel should be extended until August 15, 2025. However, because this brings me to over 1 year under probation without violations, the Court should agree to allow me to find stable housing and get surgery now for the variocele -- which is agonizing and has impact on hormones and health -- and to rebuild my life in health.

**Respectfully submitted,**

Ari Teman

Pro Se Defendant

Date: May 8, 2025

**Attachments:**

- Exhibit 1: Dr. Wolfovitz Records
- Exhibit 2: ETF Test
- Exhibit 3: Dr . Brusovanik letter
- Exhibit 4: Redacted Email with Mr. Quainton requesting an additional $10,000 to represent me in this matter and me and my family being unable to pay this.

**Certificate of Service**

I certify that on May 8, 2025, I served a copy of this motion on the Assistant United States Attorney assigned to this case by by Temp Pro Se email.

s/Ari Teman/