

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 13, 2025

**By CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

   Re:  **United States v. Ari Teman**, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

   The Government respectfully writes pursuant to the Court's May 8, 2025 Order, and in response to defendant Ari Teman's most recent motion to further extend his return date from Israel to the United States, which remains June 1, 2025. (*See* Dkts. 534, 536). For the reasons set forth below, and in the Government's prior filings, the Government opposes Teman's request.

   On or about May 28, 2024, Teman was released from the custody of the Bureau of Prisons and began his three-year period of supervised release. (Dkt. 450). After a brief period of supervision, Teman, with the Court's permission and pursuant to agreed-upon terms with the Government and the United States Probation Office, traveled to Israel. Teman's trip, the purpose of which he stated was, among other things, to assist in caring for his parents and to observe the Jewish holidays, was authorized from September 18 through November 6, 2024. (Dkt. 456). Since then, Teman's travel has been extended numerous times. The extensions, certain of which were with the Government's consent, were granted for various reasons, including for Teman to make travel arrangements; address his own claimed medical issues; for the Government to obtain an independent, medical assessment; and to allow Teman time to appeal the Court's Orders. (*See generally* Dkts. 465, 484, 498, 508, 522, 524, 531). Teman's motions to extend his stay in Israel also reprised various other of his failed and pending motions, including his repeatedly rejected attempts to recuse this Court and references to his meritless petition pursuant to 28 U.S.C. § 2255.

   In its April 17, 2025 Order, extending to June 1, 2025, without objection from the Government, Teman's deadline to return to the United States, the Court reiterated its view that "Teman's claim that air travel is medically risky is pretextual" and further noted that "[n]umerous data points support that Teman invoked this in late February as a last-ditch excuse to avoid returning to the United States." (Dkt. 531 at 7). The Government agrees. In its letter dated April 15, 2025, the Government made clear its continued view that Teman was "using claims about his medical condition as a pretext to stay in [] Israel and not serve his remaining term of supervised release[.]" (Dkt. 530 at 2). Nevertheless, in view of Dr. Richard Nass's finding that Teman's medical records were inconclusive—which, the Government noted, likely was by Teman's design—the Government was constrained not to object to Teman's request. (*Id.*).

Even in taking that position, however, the Government made clear its concern, that "it is not possible to determine whether what Teman claims is true; and, indeed, Teman theoretically could continue to make such claims, whether or not based in fact." (*Id.*).  That has come to pass. In Teman's latest bid to extend his return to the United States, he again relies on unverifiable medical claims ostensibly supported by limited records.  Specifically, Teman appends to his motion what appear to be three pages of documents, two of which are predominantly in Hebrew, purportedly from a Dr. Amit Wolfovitz. (Dkt. 534 Ex. 1).  Teman claims that these records reflect Dr. Wolfovitz's recommendation that Teman "must not fly for 90 days" and, if his condition does not improve, that he will "require ENT surgery and must be seen by Dr. Wolfovitz the following week for a follow-up to assess my condition and obtain clearance to fly." (Dkt. 534 at 3).  Again, however, Teman has provided purported medical records in a form that is not susceptible to easy interpretation.   Using a publicly available, Internet-based service for translation (Google Translate), the Government has attempted to make sense of these records.  Based on a rough translation, the records submitted by Teman appear to include a notation reflecting an otoscopy test, potentially from April 2025, indicating that results were normal. (Dkt. 534 Ex. 1 at 1). Nevertheless, an English portion of the report, which otherwise is entirely in Hebrew, states Dr. Wolfovitz purported conclusion that Teman should avoid "barometric changes (for example: commercial flights, climbing to high places, HBO chamber, etc.)." (*Id.* at 2).  The English text further reflects Dr. Wolfovitz's judgment to prescribe Teman with Steronase, which appears to be a nasal allergy spray available for over-the-counter purchase, for three months, then to follow up with Dr. Wolfovitz, "for inspection before approving traveling abroad." (*Id.*).  Teman provides no explanation, and the records do not give one, of why the apparent notes, analysis, and test results appear in Hebrew, with only the purported conclusion in English.  Teman also appends to his request other medical records which do not bear on his ENT issues, if any, as well as an apparent email chain with Teman's prior counsel about payment for representation.

The Government does not credit Teman's latest claims.  This is for numerous reasons, including: the nature of the records themselves, as described above; the timeline of Teman's travel from the United States to Israel, in September 2024, and repeated, shifting rationales he has provided purportedly preventing his return; his numerous attempts, through these motions, to relitigate evidence that established his guilt of fraud offenses at trial in January 2020; and, as the Court described, "Teman's well-documented pattern in this case—now confirmed by the affidavits submitted by his trial counsel—of proffering bogus claims and accusations to suit his self-interest." (Dkt. 531 at 7).  The far more likely explanation for Teman's latest request is the one backed up by the lengthy record of this case.  That Teman left the United States in September 2024 never intending to return from Israel; and that he will continue to manufacture pretextual reasons to remain in Israel indefinitely.[1]

Teman's decision to travel to, and remain, in Israel is just that: his choice.  On account of his criminal conduct, conviction, and sentence, including the well-earned term of three years of supervised release, that is not a choice Teman is free to make unencumbered and without consequence.  As with so many of his decisions over the course of this case, Teman could have

---

[1] In the final paragraph of his latest request, Teman references his purported need for a separate surgery, relating to Teman's claimed varicocele condition. (Dkt. 534 at 9).  It is not difficult to imagine this becoming a future basis for yet another extension request for Teman based upon a purported medical condition.

gone about this a different way.  He could have served a significant portion of his term of supervised release, remained complaint, and then made a motion potentially allowing for his resettlement in Israel.  Instead, Teman disingenuously agreed to new terms of bail allowing him to travel, then took advantage of those more lenient terms, and the Court's and Government's accommodations, to evade an important component of his sentence.  Should Teman persist in remaining in Israel for pretextual reasons, as the Court noted, breaching the terms of one's supervised release carries consequences.  (Dkt. 531 at 7).

Accordingly, and for the reasons set forth above, the Government opposes Teman's application and respectfully requests that the Court enforce its prior Order mandating that Teman return to the United States by June 1, 2025.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:  _____/s/_____

Jacob H. Gutwillig
Assistant United States Attorney
(212) 637-2215