UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

19 Cr. 696 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has set a firm deadline for the return to the United States of defendant Ari Teman of **June 1, 2025**. *See* Dkts. 531, 536; *see also* Dkt. 484. The Court—although viewing Teman's claim that flying was medically contra-indicated as contrived—specifically set that deadline so as to fall outside the period when his internist had stated that Teman could not safely fly. *See* Dkt. 531 at 6–7. The Court further noted that if Teman wished to avoid air travel, he was at liberty to travel by boat to the United States, leaving from Israel—or a port elsewhere. *Id.* at 7–8.

On May 8, 2025, Teman again moved to adjourn his return deadline, on various grounds. Dkt. 534. The Court denies that motion. The Court also denies Teman's bids for other relief, including to modify his supervised release conditions so as to permit him to settle indefinitely in Israel. For the reasons ably stated by the United States Attorney in his opposition, Teman's latest round of objections to return are transparently pretextual. *See* Dkt. 539. The Court will not entertain further delay tactics by Teman. Enough is enough.

For avoidance of doubt, the Court has authorized Teman to be in Israel provided that he returns to the United States by June 1, 2025, to enable the resumption of in-person supervision

by the Probation Department. Accordingly, provided that Teman returns to the United States by that deadline, he will not, on the facts presently known, be in jeopardy of being found in violation of any supervised release condition.[1]

Should Teman fail to timely return, however, he will be in violation of a court order enforcing a condition of supervised release. Various adverse consequences may follow for such conduct. *See, e.g., United States v. Barinas*, 865 F.3d 99, 106 (2d Cir. 2017) (upholding tolling of expiration of supervised release term by virtue of defendant's fugitive status). The Court, in strong terms, encourages Teman to consult with his U.S. counsel forthwith before embarking on this perilous course.

The Clerk of Court is respectfully directed to close the motions at dockets 515, 534, and 540.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: May 14, 2025
New York, New York

---

[1] Should Teman elect to travel to the United States by boat, the Court is prepared to treat Teman as being in compliance with its order provided that (1) the boat leaves for the United States by June 1, 2025, (2) by that date, Teman files, or causes to be filed, written documentation on ECF confirming that he is aboard the boat, and (3) within 48 hours of the boat's arrival in the United States, Teman files written documentation on ECF confirming his arrival in the United States.