UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:19-cr-00696 |

Plaintiff,

v.

ARI TEMAN,

Defendant.

**MOTION TO COMPEL PACER TO SUPPORT GOOGLE CHROME AND MOBILE BROWSING, ELIMINATE STATIC IP REQUIREMENT, WAIVE FEES FOR CJA AND IFP LITIGANTS, AND PROVIDE PUBLIC ACCESS TO NON-SEALED DOCUMENTS WITHOUT LOGIN IN COMPLIANCE WITH THE ADA AND CONSTITUTIONAL RIGHTS**

**COMES NOW**, Defendant Ari Teman, pro se, and respectfully moves this Honorable Court to issue an order compelling the Public Access to Court Electronic Records (PACER) system, managed by the Administrative Office of the U.S. Courts, to: (1) implement full support for Google Chrome and mobile browsing within thirty (30) days; (2) eliminate the static IP requirement; (3) issue a standing order waiving all PACER fees for individuals assigned Criminal Justice Act (CJA) counsel or granted *in forma pauperis* (IFP) status; and (4) make all non-sealed court documents publicly accessible for download without login requirements, to comply with Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and to protect Defendant's and the public's constitutional rights to equal protection, access to the courts, self-defense, free expression, and privacy. In support of this motion, Defendant submits the following:

**INTRODUCTION**

- PACER is the electronic public access system for federal court records, critical for litigants, including Defendant, to access case documents and participate in judicial proceedings.

- On May 13, Defendant received an email from the PACER Service Center stating that PACER recommends using Firefox, Safari, or Microsoft Edge in IE mode, does not fully support Google Chrome or mobile browsing, requires a static IP address, and necessitates specific Adobe Reader settings, creating multiple access barriers.

- Defendant is a traveling litigant without funds to afford static IP service, exacerbating these barriers. As a pro se defendant in a criminal case (1:19-cr-00696), Defendant relies on PACER to access documents essential to his defense.

- Google Chrome commands ~65% of the browser market share[1], and mobile devices account for ~60% of U.S. internet access[2], making these platforms essential for accessing online services. Static IPs are rare, costly ($10–$50/month), and unavailable in many areas, particularly for travelers or indigent litigants.

- PACER's fees ($0.10/page, capped at $3/document) further burden CJA and IFP litigants, who lack resources to access case documents, despite their fundamental rights to do so.

- The login requirement for accessing non-sealed documents prevents anonymous public access and hinders users with disabilities from using modern AI technologies (e.g., text-to-speech, audio conversion) to access public records.

- These restrictions violate the ADA, equal protection, and constitutional rights, mirroring historical voting barriers like literacy tests and poll taxes.

---

[1] https://en.wikipedia.org/wiki/Google_Chrome ( "As of April 2024, StatCounter estimates that Chrome has a 65% worldwide browser market share (after peaking at 72.38% in November 2018) on personal computers (PC),[19] is most used on tablets (having surpassed Safari), and is also dominant on smartphones.[20][21] With a market share of 65% across all platforms combined, Chrome is the most used web browser in the world today.[22] )

[2] https://www.statista.com/statistics/306528/share-of-mobile-internet-traffic-in-global-regions/, https://www.mobiloud.com/blog/what-percentage-of-internet-traffic-is-mobile ; https://explodingtopics.com/blog/mobile-internet-traffic

**MEMORANDUM OF LAW**

**I. PACER's Lack of Chrome and Mobile Support Violates the ADA**

- **Title II of the ADA**: Title II, 42 U.S.C. § 12132, prohibits public entities, including federal courts, from discriminating against individuals with disabilities by denying access to services. PACER, managed by the Administrative Office of the U.S. Courts, is a public service subject to Title II.

- **Accessibility Barriers**: Chrome and mobile browsers integrate accessibility features (e.g., JAWS, NVDA, VoiceOver, TalkBack) critical for users with visual, motor, or cognitive disabilities. PACER's lack of support for these platforms causes compatibility issues (e.g., document rendering errors), preventing equal access. The login requirement further bars disabled users from using AI tools to convert documents into audio or other accessible formats.

- **Disproportionate Impact**: By limiting support to outdated browsers (e.g., Edge in IE mode), PACER excludes disabled users reliant on Chrome's or mobile browsers' accessibility features, violating the ADA's mandate for reasonable accommodations.

- **Legal Precedent**: In *Robles v. Domino's Pizza*, 913 F.3d 898 (9th Cir. 2019), the Ninth Circuit held that digital platforms must be accessible under the ADA if integral to a public service. DOJ guidance (2022) emphasizes web accessibility under Title II, including compatibility with modern platforms and assistive technologies.

- **User Complaints**: PACER's own guidance acknowledges browser compatibility issues, requiring users to download documents to Adobe Reader, which is burdensome for mobile or disabled users.

- **Remedy**: Ordering PACER to support Chrome and mobile browsing within 30 days is a reasonable modification, aligning with Web Content Accessibility Guidelines (WCAG) 2.1.

**II. PACER's Static IP Requirement, Browser Restrictions, and Fees Deny Equal Protection**

- **Fourteenth Amendment**: The Equal Protection Clause prohibits discriminatory treatment without a rational basis. PACER's static IP requirement, browser restrictions, and per-page fees arbitrarily discriminate against users of Chrome, mobile browsers, and those unable to afford or access static IPs or PACER fees.

- **Static IP Barriers**: Static IPs are rare, costly ($10–$50/month), and unavailable in many areas, particularly for travelers using public Wi-Fi (e.g., libraries, hotels) or indigent

litigants like Defendant, who is traveling and lacks funds for static IP service. This creates a financial and logistical barrier akin to a poll tax.

- **Impact on IFP and CJA Litigants**: PACER's $0.10/page fee, even capped at $3/document, burdens IFP and CJA litigants, who cannot afford access to essential case documents. IFP status does not automatically waive PACER fees, requiring separate petitions, further delaying access.

- **Fundamental Rights**: Access to court records implicates due process and access to justice. Requiring static IPs, specific browsers, or fees lacks a rational basis when modern authentication methods and free access models exist, triggering heightened scrutiny.

- **Disparate Impact**: These restrictions disproportionately harm disabled users, pro se litigants, travelers, and IFP/CJA litigants, violating equal protection by creating unequal access to a public service. X posts and reports describe PACER as "byzantine" and "archaic," reflecting systemic barriers.

- **Remedy**: Eliminating the static IP requirement and waiving fees for IFP/CJA litigants would remove discriminatory barriers, particularly for indigent and traveling litigants.

## III. PACER's Restrictions Deny Access to the Courts

- **Constitutional Right**: The Supreme Court recognizes a fundamental right to access the courts under the Due Process Clauses and First Amendment right to petition. *Christopher v. Harbury*, 536 U.S. 403 (2002); *Bounds v. Smith*, 430 U.S. 817 (1977).

- **Impact of Restrictions**: The static IP requirement delays access for travelers like Defendant, who cannot secure consistent networks, and indigent litigants unable to afford fees. Browser restrictions and login requirements further hinder access, particularly for disabled users reliant on Chrome/mobile or AI tools. PACER fees block IFP/CJA litigants from accessing rulings and briefs, critical for legal arguments.

- **Practical Barriers**: Defendant's travel and lack of funds prevent compliance with PACER's requirements, delaying access to case documents and prejudicing his defense in this time-sensitive criminal case. User complaints highlight arbitrary access blocks and poor customer service, exacerbating these delays.

- **Case Law**: In *Boddie v. Connecticut*, 401 U.S. 371 (1971), the Supreme Court struck down court fees that denied indigent litigants access, recognizing financial barriers as due process violations. PACER's fees and static IP costs similarly burden IFP/CJA litigants.

**IV. PACER's Restrictions Violate Rights to Self-Defense and Free Expression**

- **Sixth Amendment**: The right to self-defense includes access to necessary resources. *Faretta v. California*, 422 U.S. 806 (1975). PACER's restrictions limit Defendant's ability to access documents on accessible platforms, undermining his defense as a traveling, indigent pro se litigant.

- **First Amendment**: The right to free expression includes accessing judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The login requirement prevents anonymous public access, chilling oversight of dockets, and bars disabled users from using AI tools to convert documents into audio formats.

- **Chilling Effect**: Fees, static IP costs, and technical barriers deter pro se, IFP, and CJA litigants from engaging in protected speech and self-representation, particularly when traveling or indigent.

**V. Analogy to Discriminatory Voting Tests**

- **Historical Parallel**: PACER's static IP requirement, browser restrictions, fees, and login mandate mirror literacy tests and poll taxes used to disenfranchise Black voters, imposing arbitrary, costly, and exclusionary barriers that disproportionately exclude marginalized groups (disabled, IFP, CJA, travelers).

- **Case Law**: In *South Carolina v. Katzenbach*, 383 U.S. 301 (1966), the Supreme Court upheld the Voting Rights Act, banning literacy tests as discriminatory. In *Harper v. Virginia State Board of Elections*, 383 U.S. 663 (1966), poll taxes were struck down as unconstitutional barriers to fundamental rights. PACER's requirements similarly burden access to the courts, a right akin to voting.

- **Application**: The static IP requirement is unattainable for travelers or IFP litigants, and fees block indigent access, serving no compelling purpose when modern alternatives exist. Reports criticize PACER's "archaic" design, reinforcing this analogy.

**VI. Public Access Without Login Requirements**

- **Public Right to Access**: Non-sealed court documents are public records, and requiring a login to access them burdens anonymous oversight of judicial proceedings, chilling First Amendment rights. *Richmond Newspapers*, 448 U.S. 555.

- **Accessibility for Disabled Users**: The login requirement prevents users with disabilities from using AI tools (e.g., text-to-speech, audio conversion) to access documents, violating the ADA. Modern AI technologies require open access to process public records efficiently.

- **Precedent**: Nonprofit projects like RECAP, supported by the Free Law Project, advocate for free public access to PACER documents, highlighting the public's right to barrier-free access.

- **Remedy**: Ordering PACER to provide non-sealed documents without login requirements would protect anonymity, enhance accessibility, and align with open government principles.

## VII. Urgency and Feasibility of Relief

- **Irreparable Harm**: Defendant faces ongoing harm from delayed access to PACER, impairing his ability to prepare for hearings and file motions in Case No. 1:19-cr-00696, exacerbated by travel and indigence.

- **Feasibility**: Supporting Chrome/mobile, eliminating static IPs, waiving fees for IFP/CJA litigants, and removing login requirements are feasible. PACER supports other browsers, and modern authentication and free access models exist. A 30-day timeline is reasonable.

- **Public Interest**: These reforms promote equal access to justice, particularly for disabled, indigent, and pro se litigants, aligning with the judiciary's fairness commitment. User complaints underscore the need for change.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

- Order the Administrative Office of the U.S. Courts to implement full support for Google Chrome and mobile browsing on PACER within thirty (30) days;

- Order the elimination of the static IP requirement;

- Issue a standing order waiving all PACER fees for individuals assigned CJA counsel or granted IFP status, retroactively and prospectively;

- Order that all non-sealed court documents be accessible for public download without login requirements;

- Declare that PACER's current restrictions violate the ADA, Equal Protection Clause, and Defendant's and the public's rights to access the courts, self-defense, free expression, and privacy;

- Grant such other relief as the Court deems just and proper.

**DATED**: May 14, 2025

**Respectfully submitted,**

/s/ Ari Teman

Ari Teman, Pro Se

ari@teman.com