B"H

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

-v-

**ARI TEMAN,**

Defendant.

Case No. 19 Cr. 696 (PAE)

**LETTER MOTION FOR CLARIFICATION OF COURT ORDER**
**AND TO ORDER PACER / CLERKS TO RESTORE ACCESS TO PACER FOR APPEAL CASES**

**Honorable Paul A. Engelmayer**
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Date: May 27, 2025 / 1 Sivan, 5785**

Dear Judge Engelmayer,

I respectfully write to seek clarification of the Court's Order dated May 14, 2025 (Dkt. 541), which directs me to return to the United States by June 1, 2025, and permits travel by boat as an alternative to air travel, which my medical condition contraindicates. The Court noted that I may travel by boat from Israel or another port to comply with the deadline (Dkt. 541 at 1). I am fully committed to complying with the Court's Order but face significant obstacles in identifying a suitable boat for this journey. Accordingly, I respectfully request the Court's guidance in identifying which boat or boats would satisfy the Court's requirements for my return to the United States.

To comply with the Court's directive, I have diligently contacted multiple travel agencies and shipping companies to explore passenger travel options by boat from Israel or nearby ports to the United States.

According to the agencies, all but one cruise line operating from Israel have ceased operations. The sole remaining cruise line is fully booked, only travels to Cyprus, does not permit passengers to disembark and return to Israel, and does not allow my emotional support animal (ESA), Tzalaha, a 7-kilogram dog, onboard.

Additionally, given the anticipated duration of a transatlantic journey—potentially one to two months—I require a vessel that provides onboard medical care to accommodate my medical needs, kosher food to meet my dietary requirements, and accommodation for Tzalaha, who is essential to my emotional well-being. No agencies or companies contacted have identified a vessel meeting these requirements—medical care, kosher food, ESA accommodation, and travel to the United States—within the Court's timeframe.

To ensure compliance with the Court's Order, I respectfully request that the Court specify which boat or boats I should take by June 1, 2025 to return to the United States, or provide guidance on how I may identify a vessel that meets the Court's expectations, including availability of medical care, kosher food, and accommodation for my ESA, Tzalaha. I am prepared to provide documentation of my efforts to locate such a vessel, should the Court require it.

I reiterate my commitment to complying with the Court's Order and resuming in-person supervision by the Probation Department as directed. I am consulting with my U.S. counsel to ensure all necessary steps are taken and would be grateful for the Court's clarification to facilitate my timely return.
Thank you for your consideration of this request.

Furthermore, I request that the Court stay its Order due to my lack of access to the courts, which violates my due process rights. Specifically, I am unable to access the docket for Case No. 25-332 and 25-1204 through my PACER account, and the PACER help desk has confirmed that a technical issue with the Court's database prevents them from viewing the docket information as well. (See attached, EXHIBIT 1) The error displayed on PACER is: "No case summary data was found for case 25-332". This issue has persisted for nearly a month, with the Second Circuit's clerk attributing the problem to PACER and PACER attributing it to the Second Circuit. As a result, I cannot view docket entries or respond to filings in a timely manner. Additionally, mail delivery of docket items to Israel takes weeks, and I have not received any items from the Second Circuit to date. This lack of access to the courts impairs my ability to exercise my constitutional right to due process and equal access to judicial proceedings. See Bounds v. Smith, 430 U.S. 817, 821-22 (1977) (recognizing that access to the courts is a fundamental constitutional right); see also Lewis v. Casey, 518 U.S. 343, 350 (1996) (holding that denial of access to legal materials or court filings can constitute a due process violation). To remedy this, I respectfully request that the Court order

the Clerk of the Court to resolve the technical issues with the PACER database for Case Nos. 25-332 and 25-1205, and stay the return deadline until my access to these dockets is restored so that I can fairly represent myself in CA2, ensuring fair and equal access to the courts.



I reiterate my commitment to complying with the Court's Order -- despite it being a gross violation of my religious beliefs and a danger to my health as indicated by multiple independent board certified physicians -- and resuming in-person supervision by the Probation Department as directed, provided I can secure a suitable means of travel and access to the courts. I am consulting with my U.S. counsel to ensure all necessary steps are taken and would be grateful for the Court's clarification and relief to facilitate my compliance.

Respectfully submitted,
/s/ Ari Teman

    Ari Teman
    Defendant
    Pro se

    cc:    United States Attorney's Office, Southern District of New York
           Counsel of Record
           Via Temp Pro Se email and ECF