UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x
UNITED STATES OF AMERICA,           :
    Plaintiff,                              :    Case no. 1:19-cr-00696-PAE-1
                                                        :
v.                                                    :
                                                        :
ARI TEMAN,                                    :
    Defendant.                            :
_____x

## DECLARATION OF JOSEPH A. DiRUZZO, III

Joseph A. DiRuzzo, III, does hereby swear to and attest to the following:

1. I am over the age of 18 and of sound mind.

2. I was the attorney of record for the Defendant in the above-styled case.

3. I make this declaration in compliance with the Court's May 14, 2025, order.

4. From my perspective, the GKH emails were of no use to the defense. *First*, the Defendant informed Mr. Gelfand and myself of their existence mere days before trial. Thus, we were unable to verify the veracity of the documents. *Second*, because the Defendant did not testify, the only way that the documents could be admitted (notwithstanding the discovery violation for not producing the emails earlier) would be for the individual(s) to fly to New York to testify. I explicitly asked the Defendant if these individuals would be willing to do so, and he said "no." Thus, there was no way that proper evidentiary foundation could be established rendering the purported evidence clearly inadmissible. *Third*, because of the untimeliness of the production of the document by the Defendant, there was no ability to use Fed. R. Crim. P. 15 to perpetuate testimony (as an aside I have used Rule 15 to take deposition in Grenada in a federal criminal case, which was no small endeavor and took a good amount of time to accomplish (which we did not have in this case)).

*Fourth,* and perhaps most significant for me, it was my understanding that the individuals in Israel were not licensed to practice law in New York, nor any State, Territory, or possession of the United States. Thus, any reliance would have been objectively unreasonable as they could not permissibly render legal advice in this Country. *Fifth*, GateGaurd and Subletspy were not one in the same. I had seen nothing that Subletspy was a d/b/a of GateGaurd or that GateGaurd was a successor in interest to Subletspy. Thus, this potential evidence was not relevant as it did not relate to what GateGuard was authorized to do under the contractual relationship GateGuard had with its customers/clients/users.

5. Further, this newly found purported evidence was unrelated to the reliance of counsel defense that we were presenting, i.e. that the Defendant believed that using RCC's was permissible based on the legal advice of Mr. Reinitz. Stately differently, the Defendant did not seek legal advice from the Israeli law firm regarding RCC's and thus not relevant under Fed. R. Evid. 401.

***

I make this declaration pursuant to 28 U.S.C. § 1746 and declare under the penalties of perjury that the foregoing is true and correct.

/s/ Joseph A. DiRuzzo, III
Joseph A. DiRuzzo, III                                                      Executed on May 28, 2025