UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

---

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Probation Department has issued a violation report, dated June 12, 2025, for defendant Ari Teman, whose specifications charge multiple violations of conditions of supervised release. The violations alleged include a failure to abide by travel restrictions, in that Teman, did not return to the United States by June 1, 2025, as the Court had directed in multiple orders. *See, e.g.*, Dkts. 531, 536, 541, 549, 556; *see also* Dkt. 484.[1]

The Court hereby schedules a conference at which it will arraign Teman on the violation specifications. **The conference is scheduled for July 7, 2025 at 10:30 a.m., in Courtroom 1305 of the Thurgood Marshall United States Courthouse, at 40 Centre Street, New York, New York.** The Court directs the Probation Department to email the violation report and a summons for this conference to Teman, who has been proceeding *pro se,* save in connection with his pending motion in this Court pursuant to 18 U.S.C. § 2255, *see* Dkt. 458, and his appeal in the United States Court of Appeals for the Second Circuit of this Court's denial of his motion for

---

[1] Teman, proceeding *pro se,* filed notices of appeal challenging and seeking to stay these orders. The United States Court of Appeals for the Second Circuit dismissed Teman's appeals as lacking "an arguable basis either in law or in fact," *i.e.*, as frivolous. *See United States v. Teman*, No. 25-452-cr (2d Cir. June 3, 2025), Dkt. 38.1 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

relief under Federal Rule of Criminal Procedure 33, *see United States v. Teman*, No. 24-345-cr (2d Cir. appeal docketed Feb. 8, 2024), in which he is represented by separate counsel.

The Court advises Teman that, independent of the alleged violations of supervised release, his failure to appear at the hearing may have significant adverse consequences. The Court further reminds Teman, *see* Dkt. 541, that a defendant's fugitivity serves to toll the running of his supervised-release term. *See United States v. Barinas*, 865 F.3d 99, 109 (2d Cir. 2017); *United States v. Buchanan*, 638 F.3d 448, 455 (4th Cir. 2011); *United States v. Delamora*, 451 F.3d 977, 978 (9th Cir. 2006). As the Second Circuit has put the point:

> When a defendant absconds while on supervised release, his absence precludes the sentencing court from exercising supervision over him. Tolling is necessary in that instance to ensure that, upon being apprehended, the defendant will be subject to judicial supervision for a complete term. However, that does not mean that a defendant who has absconded thereby nullifies the terms and conditions of the supervised release order during his flight. Rather, the terms and conditions remain in effect, and the fugitive-defendant is not at liberty to embark on a "holiday" from them. To the extent that this result may seem harsh, it is the defendant's own misconduct which creates it.

*Barinas*, 865 F.3d at 109 (quoting *Buchanan*, 638 F.3d at 458). This rule derives from "the traditional principle that an absconder should not benefit from his fugitivity." *Id.*

The Court urges Teman to consult counsel—and reminds Teman that he has a right to be represented by counsel—in connection with the violation specifications.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: June 16, 2025
New York, New York