

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 23, 2025

**By CM/ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: **United States v. Ari Teman**, S2 19 Cr. 696 (PAE)

Dear Judge Engelmayer:

  The Government respectfully writes in response to defendant Ari Teman's reply affidavit (Dkt. 559 Ex. 1, the "Reply Affidavit"), submitted in further support of his petition pursuant to 28 U.S.C. § 2255 (Dkt. 458, the "Petition").[1] In his Reply Affidavit, Teman raises for the first time additional claims relating to the purported ineffectiveness of his trial counsel that did not appear in his 76-page opening brief. Teman's latest claim is that trial counsel failed to introduce payment terms that would have established that Teman was permitted to steal from his customers. This argument fares no better than those set forth in Teman's original, meritless Petition. His newest claims are thoroughly defeated by the supplemental, sworn declarations of Teman's trial counsel. (*See* Dkts. 552 ("DiRuzzo Supp. Aff."), 553 ("Gelfand Supp. Aff.")). For the reasons set forth briefly below, as well as in the Government's opposition to Teman's Petition (Dkt. 526), the Government respectfully submits that Teman's Petition, including the arguments made in his Reply Affidavit, is meritless and should be denied without a hearing.[2]

---

[1] The Government recognizes that the deadline for its response to Teman's Reply Affidavit was June 20, 2025, and respectfully requests that the Court accept this filing out of time.

[2] To the Government's knowledge, Teman has failed to comply with the Court's Order to return from Israel to the United States by June 1, 2025. (*See, e.g.*, Dkt. 556). Teman's failure to comply with this Order, and others preceding it, predated the present conflict between Israel and the Islamic Republic of Iran, which the Government understands may limit travel options from Israel. The Government notes that, notwithstanding Teman's absenting himself from the United States in approximately September 2024 with no apparent plan to return, he has continued to avail himself of motion practice in this Court and in the Court of Appeals. Even putting aside that Teman's motions have been largely frivolous and uniformly, repeatedly rejected, he may—pending his scheduled appearance on July 7, 2025—be barred from further litigation through the application of the fugitive disentitlement doctrine. *See, e.g.*, *United States v. Bescond*, 24 F. 4th 759, 764 (2d. Cir. 2021) ("Under the doctrine of fugitive disentitlement, a court may decline to entertain the claims of a defendant who is a fugitive from justice.").

On June 13, 2025, Teman filed the Reply Affidavit in support of his Petition, and in response to the Government's opposition. In it, Teman raised a new argument that did not appear in his initial Petition. Teman now argues, in a sworn declaration, that Trial Counsel were ineffective because they failed to introduce into evidence what Teman characterizes as "the correct timely terms that bound the customers to permit Teman to make the deposits" at issue in this case. (Reply Aff. at 2). Teman's conduct in this case related, in part, to his company GateGuard, and the "terms and conditions" Teman claimed were in place that allowed him to draw on his customers'—in reality and as proved as trial, his victims'—accounts. Trial Counsel's attempts to obtain a version of these terms applicable at the time of the offense conduct, if those actually existed, is well-documented. (*See, e.g.*, Tr. 748; *see also* Gelfand Aff. ¶ 15). The record is clear that Teman did not provide those—either because did not or could not. Now, Teman tries a different tact, claiming that another of his companies, Subletspy, *was* GateGuard in 2016, and arguing that those terms were therefore applicable to GateGuard in 2019. (Reply Aff. at 2, n.1).

The problem with Teman's arguments continues to be that they are not true. His latest claim rests on the logic chain that Subletspy was GateGuard, in 2016 Subletspy had "terms and conditions," and therefore those terms applied to GateGuard's transactions with its customers (victims) in 2019. Unfortunately, as explained to Trial Counsel by Teman "and by Reinitz in his capacity as corporate counsel to GateGuard, GateGuard . . . did not exist in in 2016." (Gelfand Supp. Aff. ¶ 5). This was corroborated by an email forwarded by Teman to Trial Counsel on August 19, 2020, after trial, about the purported terms and conditions, noting that the terms "were reviewed by a top international law firm months before GateGuard even existed for SubletSpy (the first company in this industry)[.]" (*Id.*). This fact ends the argument—the "terms and conditions" Teman seeks to apply now were for SubletSpy, and existed well prior to GateGuard. While the inquiry could end there, the supplemental affidavits from Trial Counsel further debunk Teman's faulty argument, describing in detail the so-called evidence Teman claims Trial Counsel were deficient in not offering at trial. In particular, the "redlined document" Teman provided to Trial Counsel shortly before trial was set to begin, "did not in any way relate to GateGuard and did not include any terms related to GateGuard's use of RCC's, authorization by GateGuard's customers for RCC's, and perhaps more importantly, the use of RCC's by GateGuard for particular purposes and expenses at issue in this criminal case." (Gelfand Supp. Aff. ¶ 7). As with "evidence" Teman cited in his initial Petition, these "terms and conditions," even if somehow helpful, also likely would have needed to be authenticated by Teman to be admitted at trial, which was a difficult proposition given Trial Counsel's well-founded concerns about Teman's possible exposure for uncharged tax crimes. In short, Teman's "new" evidence suffers from the same fatal flaws as that which was set forth in his initial Petition.

For the foregoing reasons, as well as those set forth in the Government's opposition and the original and supplemental affidavits of Trial Counsel, the Petition should be denied in its entirety without an evidentiary hearing. Because Teman has not made a substantial showing of the denial of a constitutional right, no certificate of appealability should issue.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: ___/s/_____
Jacob H. Gutwillig
Assistant United States Attorney
(212) 637-2215

3