B"H

**Ari B. Teman**

1st of Tamuz, 5785,  Rosh Chodesh Tamuz

**<u>Notice: AI Analysis of Judge Engelmayer's Misstatements, Errors, and Omissions in Ruling on 2255</u>**

To Whom It May Concern,

This letter is filed on the public docket in *United States v. Teman*, Case No. 1:19-cr-00696-PAE, to notify the public of the defendant's intention to file a motion for reconsideration and an appeal through counsel, challenging the District Court's June 26, 2025, ruling (Dkt. 564) denying Ari Teman's motion for relief under 28 U.S.C. § 2255. This document is not a formal motion or appeal but an AI-assisted public summary, prepared by Grok 3 (developed by xAI), of the factual, legal, ethical, and religious misrepresentations in the Court's ruling.

The analysis is offered for transparency to document judicial misconduct and demonstrate the basis for appeal, with formal filings to be handled by counsel.

Below is a numbered list summarizing the false statements, ignored facts, and legal errors in the ruling, followed by an in-depth analysis. The analysis addresses Judge Paul A. Engelmayer's alleged impeachment for corruption, the conflict arising from defense attorney Noam Biale's marriage to Assistant United States Attorney (AUSA) Margaret Graham, and Biale's alleged concealment of critical files from successor counsel, which undermined their ability to raise effective arguments. It also corrects the Court's misstatements about Jewish religious practices, as supported by 24 rabbis in Docket 326-1, and incorporates specific issues regarding Teman's mental health (including expert opinions from Dr. Nicholas Scheidt, Dr. Alon Seifan, and therapist Rafael Villeta Lopez), trial counsel's failure to make *Meyer v. Uber* arguments, the SubletSpy-GateGuard relationship, Joseph Soleimani's contract with SubletSpy, Teman's lack of tax liability, the juror's identification in the LinkedIn request, and the Court's misdirection regarding "Dispute Terms" versus "Payment Terms."

**Summary of False Statements and Errors in the Ruling:**

1. **Factual Misstatement Regarding Jewish Work on Passover**: The Court falsely characterizes Teman's lawful business activities on Chol HaMoed (Passover's intermediary days) as evidence of

"revenge," misrepresenting Jewish law, which permits such work.

2. **Ignoring Medical and Psychological Expert Declarations**: The Court fails to address declarations from Dr. Nicholas Scheidt, Dr. Alon Seifan, and therapist Rafael Villeta Lopez, who treated Teman and found him mentally unfit for trial, relying instead on biased trial counsel with a multi-million-dollar incentive to lie due to potential malpractice liability.
3. **Mischaracterization of Evidence Fabrication Claims**: The Court selectively quotes and distorts Teman's claims that the Government and judicial actors suppressed exculpatory evidence, such as contract terms and emails.
4. **Failure to Address Conflict Involving Noam Biale**: The Court ignores the conflict arising from Noam Biale's marriage to AUSA Margaret Graham and his concealment of critical files from successor counsel, which prejudiced Teman's defense.
5. **Improper Reliance on Tainted Findings**: The Court relies on prior findings tainted by unaddressed conflicts and non-disclosures, violating *Strickland v. Washington* and *Cuyler v. Sullivan*.
6. **False Claim of No Evidence Supporting Contractual Authorization**: The Court falsely states that Teman provided no documentary evidence to support that GateGuard's Dispute Terms, authorizing remotely created checks (RCCs), were in place when Customers contracted.
7. **Ignoring Teman's Documentary Evidence**: The Court disregards Exhibits 1–5 (Dkt. 459-1 to 459-5), which include 2016 and 2017 documents, particularly Dispute Terms, supporting Teman's defense of contractual authorization.
8. **Failure to Address Trial Counsel's Omission of Meyer v. Uber Arguments**: The Court notes trial counsel's Rule 29 motion but fails to address their deficiency in not raising *Meyer v. Uber Technologies, Inc.* arguments, which could have supported Teman's contractual authorization defense.
9. **Mischaracterization of SubletSpy and GateGuard Relationship**: The Court falsely claims SubletSpy and GateGuard were distinct entities, ignoring evidence at Docket 563 that GateGuard was a product sold by SubletSpy, with Soleimani contracting with and paying SubletSpy directly.
10. **Ignoring Soleimani's Contract with SubletSpy**: The Court fails to acknowledge that Joseph Soleimani, a key Government witness, contracted with SubletSpy, paid SubletSpy directly, and admitted to filing a chargeback despite receiving services, as revealed during trial cross-examination.
11. **Ignoring Teman's Lack of Tax Liability**: The Court falsely implies Teman refused to address tax obligations, ignoring his retention of a bookkeeper and accountant due to mental unfitness and his lack of any tax liability due to minimal income from repeated hospitalizations.

12. **Improper Dismissal of Reinitz's Emails**: The Court wrongly deems emails from attorney Ariel Reinitz to Bank of America inadmissible hearsay, despite Bank of America's testimony at trial, which made the emails admissible to show their effect on the bank.
13. **False Claim Regarding Juror Identification**: The Court falsely claims the alternate juror's LinkedIn connection request did not identify the juror, despite the request clearly naming "Chris Urriola, Owner at VMSNYC, LLC" in large bold font.
14. **Failure to Address Judicial Bias and Recusal**: The Court ignores its own potential bias, despite allegations of corruption and 24 rabbis' calls for recusal in Docket 326-1.
15. **Ignoring Probation and Government Misconduct**: The Court fails to address misconduct, such as probation requiring Teman to board a non-existent boat during wartime.
16. **Misdirection Regarding Dispute Terms**: The Court misleadingly focuses on "Payment Terms" while ignoring that the "Dispute Terms," unchanged since 2016 and in evidence for GateGuard at trial, authorized the RCC drafts in question.

**In-Depth Analysis:**

**1. Misrepresentation of Jewish Practice**

The Court falsely claims that Teman's deposit of checks on the eve of Passover demonstrates retaliatory intent, implying that Jewish law prohibits work during Passover (Dkt. 564 at 4, 44). This is incorrect. Jewish law permits business activities during Chol HaMoed to prevent financial loss, as outlined in *Shulchan Aruch, Orach Chaim 539:4*. This misrepresentation, repeated from prior rulings, prompted 24 Orthodox rabbis to demand Judge Engelmayer's resignation and recusal in Docket 326-1, labeling it antisemitic. The Court's use of this falsehood to infer criminal intent, rather than considering contractual authorization under the Dispute Terms, reflects bias and distorts the evidence.

**2. Ignoring Medical and Psychological Expert Declarations**

The Court dismisses Teman's claim that trial counsel should have sought a competency evaluation, asserting no evidence supported his mental health issues (Dkt. 564 at 29–30). This ignores declarations from three experts who treated Teman: Dr. Nicholas Scheidt, Dr. Alon Seifan, and therapist Rafael Villeta Lopez, who found him mentally unfit for trial due to significant psychological impairments and trauma from the prosecution. The Court's reliance on trial counsel's affidavits (Dkt. 489, 490) is flawed, as Justin Gelfand and Joseph DiRuzzo face potential multi-million-dollar legal malpractice liability if Teman prevails, giving them a strong incentive to misrepresent his mental state. This omission violates due process under *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1055 (9th Cir. 2003).

**3. Mischaracterizing Evidence Fabrication Claims**

> The Court distorts Teman's claims that the Government suppressed exculpatory evidence, such as the Dispute Terms and emails, by selectively quoting and dismissing them as unsubstantiated (Dkt. 564 at 34). Teman alleged that prosecutors mischaracterized contract terms, omitted exculpatory emails, and presented inconsistent agent testimony. The Court's failure to engage these specifics violates *Brady v. Maryland*, 373 U.S. 83 (1963).

**4. Failure to Address Conflict Involving Noam Biale**

> The Court ignores the conflict arising from Noam Biale's marriage to AUSA Margaret Graham, which necessitated a Curcio hearing (Dkt. 564 at 10). Biale's refusal to challenge key evidence and his concealment of critical files from successor counsel, Susan G. Kellman and Andrew Frisch, prejudiced Teman's defense. The Court's claim that sentencing counsel's failure to raise ineffective assistance claims supports their meritlessness (Dkt. 564 at 11) is circular, as Biale's actions prevented successor counsel from fully litigating Teman's claims, violating *Cuyler v. Sullivan*, 446 U.S. 335 (1980).

**5. Improper Reliance on Tainted Findings**

> The Court relies on prior findings tainted by unaddressed conflicts and non-disclosures (Dkt. 564 at 46), violating *Strickland v. Washington*, 466 U.S. 668 (1984), and *Cuyler v. Sullivan*. The Court's failure to investigate ex parte communications between SDNY judges, probation officers, and prosecutors contravenes *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

**6. False Claim of No Evidence Supporting Contractual Authorization**

> The Court falsely states that Teman provided no documentary evidence to support that GateGuard's Dispute Terms, authorizing RCCs, were in place when Customers contracted (Dkt. 564 at 20, 34). Exhibits 1–5 (Dkt. 459-1 to 459-5), including a 2017 GateGuard document (Exhibit 1) and 2016 SubletSpy policies (Exhibit 4), support Teman's defense, particularly since the Dispute Terms, unchanged since 2016, were in evidence at trial.

**7. Ignoring Teman's Documentary Evidence**

> The Court dismisses Exhibits 1–5, claiming they do not establish authorization for RCCs (Dkt. 564 at 32–34). Exhibit 1 (2017) references GateGuard's terms, and Exhibit 4 (2016) includes SubletSpy's Dispute Terms, which applied to GateGuard and authorized RCCs. The Court's failure to analyze these documents' metadata or context undermines Teman's defense.

8. **Failure to Address Trial Counsel's Omission of Meyer v. Uber Arguments**

    The Court notes trial counsel's Rule 29 motion (Dkt. 564 at 43) but fails to address their failure to raise *Meyer v. Uber Technologies, Inc.*, 868 F.3d 66 (2d Cir. 2017), which held that electronic contracts are binding with reasonable notice of terms. This could have supported Teman's claim that Customers agreed to Dispute Terms authorizing RCCs, prejudicing his defense.

9. **Mischaracterization of SubletSpy and GateGuard Relationship**

    The Court falsely claims SubletSpy and GateGuard were distinct entities (Dkt. 564 at 36), ignoring evidence at Docket 563 that GateGuard was a product sold by SubletSpy, later separated due to unique insurance needs. Banking records and emails show Soleimani contracted with and paid SubletSpy directly, making SubletSpy's 2016 Dispute Terms applicable.

10. **Ignoring Soleimani's Contract with SubletSpy**

    The Court fails to acknowledge that Joseph Soleimani contracted with SubletSpy, paid SubletSpy directly for GateGuard devices, and admitted during trial cross-examination to filing a chargeback despite receiving services (Dkt. 460-5). This supports Teman's claim that Customers' disputes were financially motivated, weakening the Court's analysis of intent.

11. **Ignoring Teman's Lack of Tax Liability**

    The Court falsely implies Teman refused to address tax obligations (Dkt. 564 at 19), ignoring his retention of a bookkeeper and accountant due to mental unfitness from repeated hospitalizations. Teman had no tax liability due to minimal income, which the Court fails to consider.

12. **Improper Dismissal of Reinitz's Emails**

    The Court wrongly deems Reinitz's emails to Bank of America inadmissible hearsay (Dkt. 564 at 37–38). Bank of America's trial testimony made the emails admissible to show their effect on the bank's actions, not for the truth of the matter asserted.

13. **False Claim Regarding Juror Identification**

    The Court falsely claims the alternate juror's LinkedIn connection request did not identify the juror (Dkt. 564 at 42), despite the request clearly naming "Chris Urriola, Owner at VMSNYC, LLC" in large bold font. This suggests potential bias, warranting investigation, which the Court's dismissal undermines.

14. **Failure to Address Judicial Bias and Recusal**

    The Court ignores allegations of Judge Engelmayer's corruption and bias, despite 24 rabbis' calls for recusal in Docket 326-1 (Dkt. 564 at 45–46). The Court's claim that the Second Circuit found no

basis for recusal does not address ongoing concerns, especially given repeated pro se recusal motions (Dkt. 564 at 46 n.13).

## 15. Ignoring Probation and Government Misconduct

The Court fails to address probation's demand that Teman board a non-existent boat during wartime, among other retaliatory actions, which constitute "execution of sentence" errors under 28 U.S.C. § 2241 or § 2255 (Dkt. 564 at 13).

## 16. Misdirection Regarding Dispute Terms

The Court misleadingly focuses on "Payment Terms" while ignoring that the "Dispute Terms," unchanged since 2016 and in evidence for GateGuard at trial, authorized the RCC drafts (Dkt. 564 at 32–34). This misdirection distorts the evidence and undermines Teman's defense.

## Conclusion

The Court's ruling in Dkt. 564 contains egregious factual, legal, ethical, and religious misrepresentations that warrant reconsideration and appellate review. Given that Judge Engelmayer is reportedly facing impeachment before Congress, his willful misstatements about Jewish law, the facts, and the evidence, as well as his actions to protect his mentee Noam Biale from potential legal malpractice claims, are worthy of public notice. This analysis, conducted by Grok 3, an AI developed by xAI, is not a statement of fact by Teman or any other party but an AI-generated critique based on the provided document and additional information. The defendant, through counsel, will file a formal Motion for Reconsideration and Notice of Appeal. The public, press, and ethical authorities are urged to take notice of this record of judicial misconduct.

Respectfully submitted,

s/Ari Teman/
Ari Teman
Pro Se Defendant (pending formal appeal by counsel)
June 27, 2025

**Note**: This analysis is provided by Grok 3, an AI developed by xAI, based on the provided document and additional information. It is intended for public notice and does not constitute a formal legal filing or a statement of fact by Ari Teman or any other party. The defendant's counsel will handle all legal submissions.