B"H

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Case No. 19-cr-696

**United States v. Ari Teman**

**NOTICE OF LAWSUIT AND REQUEST FOR CONSENT TO SERVICE VIA THIS ECF NOTICE**

**TO**:

    The Honorable Chief Judge Laura Taylor Swain
    Judge Paul Adam Engelmayer
    AUSA Margaret Graham
    AUSA Kedar Bhatia
    AUSA Jacob Gutwillig
    Edward Imperatore
    Noam Biale
    Justine Harris
    Sher Tremonte, LLP
    United States Attorney's Office for the Southern District of New York
    The United States Department of Justice
        Attorney General Pamela Bondi
        CC Leo James Terrell ( Senior Counsel on Antisemitism, Civil Rights Division, USDOJ)

All Counsel of Record and Parties on the ECF Distribution List for United States v. Teman, Case No. 19-cr-696, and those emailed a copy of this notice, **PLEASE TAKE NOTICE** that on June 28, 2025, Ari Teman, pro se, filed a civil lawsuit in the United States District Court for the Southern District of New York, captioned *Ari Teman v. Noam Biale, Paul Adam Engelmayer, Sher Tremonte, LLP, Justine Harris, Margaret Graham, Jacob Gutwillig, Kedar Bhatia, Edward Imperatore, United States Attorney's Office for the Southern District of New York, et al.*, Case No. 1:25-cv-05454-LTS (the "Civil Action"). A copy of the complaint is attached hereto for your reference.

# Summary of the Complaint

The Civil Action alleges serious misconduct by the named defendants, including a conspiracy to deprive Mr. Teman and other defendants of their constitutional right to conflict-free counsel, in violation of the First, Fifth, and Sixth Amendments. The complaint asserts the following key claims:

- **Fraudulent Misrepresentation (Count I)**: Defendants Sher Tremonte, LLP, Justine Harris, and Noam Biale falsely represented in their engagement letter that no conflicts of interest existed, despite Biale's marriage to Assistant United States Attorney Margaret Graham, which compromised Mr. Teman's

defense and violated his Sixth Amendment rights under *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982).

- **Breach of Fiduciary Duty (Count II)**: Sher Tremonte, Harris, and Biale breached their fiduciary obligations by failing to disclose the Biale/Graham conflict and by misrepresenting efforts to pursue exculpatory evidence, causing irreparable harm to Mr. Teman's defense and leading to his wrongful conviction.

- **Defamation and First Amendment Violations (Count III)**: Paul Adam Engelmayer made defamatory statements, falsely claiming Mr. Teman exploited Orthodox Jewish clients by timing transactions to coincide with Passover, relying on fabricated Jewish laws. These actions, condemned by 24 rabbis (Exhibit A), violated Mr. Teman's First Amendment rights and exceeded judicial authority under *Klagbrun v. Vaad Harabonim of Greater Monsey*, 53 F. Supp. 3d 732 (S.D.N.Y. 2014).

- **Sixth Amendment Violations (Count IV)**: Engelmayer, Biale, Graham, Sher Tremonte, and the United States Attorney's Office for the Southern District of New York (SDNY AO) failed to disclose the Biale/Graham conflict until the sentencing hearing on December 1, 2020, violating Mr. Teman's right to conflict-free counsel. Engelmayer's refusal to hold hearings on exculpatory evidence further prejudiced Mr. Teman's defense.

- **Fifth and First Amendment Violations (Count V)**: Engelmayer's ex parte communications with SDNY AO prosecutors to ensure staffing for convictions (Exhibit G), combined with the government's fabrication of false Jewish laws (Exhibit A), violated Mr. Teman's due process and religious rights. These actions, involving defendants Williams, Imperatore, Bhatia, Gutwillig, Mermelstein, Graham, and the SDNY AO, are unprotected by prosecutorial immunity under *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009).

- **Civil Conspiracy (Count VI)**: Engelmayer, Biale, Graham, and Sher Tremonte conspired to conceal the Biale/Graham conflict through overt acts, including Engelmayer's private meetings and emails with Biale and Graham, to defraud Mr. Teman of his constitutional rights and protect the defendants from liability.

The complaint further alleges a pattern of misconduct, citing the *Walsh v. United States* case (17 CV 6651), where Sher Tremonte testified against their own client without disclosing the same conflict.

## Notice of Pending Class Action, via Counsel

Mr. Teman intends to retain counsel and move to certify this case as a class action on behalf of other defendants similarly deprived of conflict-free counsel due to the failure to hold *Curcio* hearings in cases

involving Biale, including those assigned by Engelmayer. Mr. Teman also seeks to transfer this case out of the Southern District of New York due to widespread judicial conflicts arising from the failure to hold *Curcio* hearings.

## Request for Consent to Service via ECF

As a courtesy to avoid the inconvenience of personal service by a process server at your homes or places of business, Mr. Teman requests that each defendant and their counsel consent to accept service of the complaint and summons via the Electronic Case Filing (ECF) system in this matter. Please confirm your consent to accept service via ECF by contacting Mr. Teman at **ari@teman.com (mailto:ari@teman.com)** within **seven (7) days** of receipt of this notice. Failure to consent will result in service by a process server in accordance with the Federal Rules of Civil Procedure.

## Specific Request to Paul Adam Engelmayer

Mr. Teman respectfully requests that Judge Paul Adam Engelmayer:

- **Confirm** receipt of service of the Civil Action on the docket

- **Identify** the counsel representing him in this matter via ECF filing on the docket or by having them contacting Mr. Teman at ari@teman.com

- **Recuse** himself from any further involvement in *United States v. Teman* or related proceedings, as he is a named defendant in the Civil Action and a material witness to the alleged misconduct, including his social interactions, mentoring, and meetings with Biale and Graham at their residence and elsewhere, without disclosing these conflicts. Even if Engelmayer asserts judicial immunity—which Mr. Teman contests for the reasons outlined in the complaint—his role as a witness and his documented ex parte communications (Exhibit 1.G) and personal relationships with Biale and Graham create an appearance of bias that warrants recusal. This is not a motion, but one will surely come.

## Notice of Intent to Motion for Recusal of Judge Swain & Venue Change

Mr. Teman will move for the recusal of Judge Laura Taylor Swain from this case due to her ex parte communications with Engelmayer regarding this matter and his impeachment proceedings, as recorded on this docket, despite Mr. Teman being represented by counsel.

Due to the many conflicted judges who handled cases in SDNY without holding Curcio hearings where Biale and his firm represented clients against AUSA Graham's team, Teman will move for a change of venue, as well.

## Notice of Payment and Intent to Proceed

Please be advised that the filing fee for the Civil Action has been paid, with funds loaned to Mr. Teman by a friend, and proof of payment has been provided to the Clerk of the Court. This case will proceed accordingly.

This notice is provided as a professional courtesy to all parties to avoid the need for personal service by a process server. All defendants and their counsel are urged to file confirmation of receipt here to the docket or contact Mr. Teman at **ari@teman.com t**o confirm service arrangements or address any related matters.

**Dated**: July 2, 2025 / 6th of Tamuz, 5785

**Respectfully submitted**,

/s/Ari Teman

**Ari Teman**, Plaintiff, Pro Se

Tel Aviv, Israel

**Plaintiff in the civil matter consents to notice via email at**: ari@teman.com or by filing dockets to ECF in this matter or 1:25-cv-05454-LTS.

**Attachments**:
- Complaint, *Ari Teman v. Noam Biale, et al.*, Case No. 1:25-cv-05454-LTS
- Exhibits A–H (included as one exhibit with the complaint)

**cc**: All counsel of record and all parties via ECF and email