**MANDATE**

S.D.N.Y. – N.Y.C.
19-cr-696
Engelmayer, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty-five.

Present:
    Amalya L. Kearse,
    Dennis Jacobs,
    Raymond J. Lohier, Jr.,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED  8/1/2025

United States of America,

                *Appellee*,

v.

Ari Teman, AKA Sealed Defendant 1,

                *Defendant-Appellant*.

25-332 (L),
25-452 (Con),
25-543 (Con),
25-1204 (Con)

Appellant, proceeding pro se, moves for leave to proceed in forma pauperis ("IFP"); a stay pending appeal, and pending the disposition of his 28 U.S.C. § 2255 motion, of the district court's order requiring him to return to the United States by June 1, 2025; recusal of the district judge; reversal of the district court's orders; and termination of his term of supervised release. The Government opposes Appellant's stay, recusal, reversal, and termination motions.

The notice of appeal in No. 25-1204 challenges the district court's order denying leave to proceed IFP on appeal. The proper procedure for challenging such an order is to move in this Court for IFP status. *See* Fed. R. App. P. 24(a)(5). We therefore construe this notice of appeal as a request to proceed IFP in Nos. 25-332, 25-452, and 25-543. Upon due consideration, it is hereby ORDERED that this request, as well as Appellant's separate IFP motion filed in No. 25-332, are DENIED as unnecessary because Appellant has paid the filing fees in Nos. 25-332, 25-452, and 25-543; the separately filed motion for IFP status, a stay, and recusal in No. 25-1204 is DENIED; and the appeal in No. 25-1204 is DISMISSED.

**MANDATE ISSUED ON 08/01/2025**

It is further ORDERED that Appellant's remaining motions are DENIED and the appeals in Nos. 25-332, 25-452, and 25-543 are DISMISSED because they lack "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995) (per curiam).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit