UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

ARI TEMAN,

Defendant.

---

19 Cr. 696 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On August 21, 2025, defendant Ari Teman filed a *pro se* motion, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the judgment in this case, on the ground that new evidence establishes that venue in this District was improper. Dkt. 574. Teman's motion separately asks the Court, *inter alia*, to transfer the case to the Southern District of Florida.

Teman's motion appears to be frivolous, for reasons including that Rule 60(b) does not apply to criminal cases; that Federal Rule of Criminal Procedure 33, which governs motions for relief in criminal cases based on newly discovered evidence, requires that such a motion be made within three years of the jury's verdict, whereas the jury in this case returned its verdict of guilt on all counts more than five years ago, on January 29, 2020, Dkt. 92; and that both this Court, Dkt. 138 at 48–67, and the U.S. Court of Appeals for the Second Circuit, have upheld Teman's convictions on his challenges to the sufficiency of the evidence of venue, *see United States v. Teman*, No. 21 Cr. 1920, 2023 WL 3882974, at *1–2 (2d Cir. June 8, 2023).

The Court, however, today does not reach these issues, because Teman's motion cannot be considered for a threshold reason: he is a fugitive. Teman, who is subject to an unexpired three-year term of supervised release, has refused to return to the United States from Israel as ordered. *See* Dkt. 567 (order of July 7, 2025, noting Teman's failure to return and appear for an

arraignment on supervised release violation charges, and finding him a fugitive). As such, the fugitive disentitlement doctrine applies to him. *See id.* at 1–2 (citing cases). And the Court, applying that doctrine, has stayed, until Teman is no longer a fugitive, two civil actions he has brought, one under 42 U.S.C. § 1983 and the other under 28 U.S.C. § 2241, which challenge aspects of his supervised release term. *See Teman v. U.S. Probation Serv. et al.*, 25 Civ. 4699 (PAE), Dkt. 9 (order of July 8, 2025, staying § 1983 action); *Teman v. United States et al.*, 25 Civ. 5424 (PAE), Dkt. 11 (order of July 8, 2025, staying § 2241 action).

The same relief is in order with respect to Teman's present motion under Rule 60(b). The Court hereby exercises its discretion to stay briefing on or consideration of this motion under the fugitive disentitlement doctrine. The Court will entertain an application to lift the stay upon a showing that Teman is no longer a fugitive.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: September 10, 2025
       New York, New York