UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**United States of America,**
    Plaintiff,

v.

**Ari Teman,**
    Defendant.

Case No. 1:19-cr-00696 (PAE)

---

## NOTICE OF SERVICE VIA ECF AND REQUEST FOR ACCEPTANCE OF SAME

Defendant **Ari Teman** respectfully submits this Notice to record that service of filings in connection with collateral proceedings titled "Teman v. Biale, et al (1:25-cv-05454, SDNY) has been effected upon the following individuals and entities (the "Additional Defendants/Respondents") via the Court's Electronic Case Filing ("ECF") system:

- **Paul Engelmayer** – Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007

- **Edward Imperatore** – 250 West 55th Street, New York, NY 10019-9601

- **Justine Harris** – 90 Broad Street, 23rd Floor, New York, NY 10004

- **Kedar Bhatia** – 312 N. Spring Street, Los Angeles, CA 90012

- **Jacob Guttwillig** – U.S. Attorney's Office, Southern District of New York, Civil Process Clerk: 86 Chambers Street, 3rd Floor, New York, NY 10007; Office: 26 Federal Plaza, 37th Floor, New York, NY 10278

- **Margaret Graham** – 175 Adams Street, Unit 12A, Brooklyn, NY 11201

- **Noam Biale** – 175 Adams Street, Unit 12A, Brooklyn, NY 11201

- **Sher Tremonte LLP** – 90 Broad Street, 23rd Floor, New York, NY 10004

- **U.S. Attorney's Office, Southern District of New York** – Civil Process Clerk: 86 Chambers Street, 3rd Floor, New York, NY 10007; Office: 26 Federal Plaza, 37th Floor, New York, NY 10278

## 1. Service via ECF Constitutes Valid Service

All attorneys and parties registered to receive electronic notice in *United States v. Teman*, Case No. 1:19-cr-00696, are deemed served when documents are filed and transmitted through the Court's CM/ECF system. See **Fed. R. Civ. P. 5(b)(2)(E)** (permitting service "by filing it with the court's electronic-filing system" on a registered user); **S.D.N.Y. ECF Rules & Instructions, Rule 9.1** (electronic transmission of a Notice of Electronic Filing constitutes service on all Filing Users).

Courts have consistently recognized that "[s]ervice via ECF is valid and effective service on all parties who are registered ECF users in the case." *See, e.g.*, **In re Emanuel**, 406 B.R. 634, 639 (Bankr. S.D.N.Y. 2009); **In re Sandia Tobacco Mfrs., Inc.**, 511 B.R. 381, 386 (S.D.N.Y. 2014); **Al-Haramain Islamic Found., Inc. v. Bush**, 2007 WL 1283241, at *2 (N.D. Cal. Apr. 30, 2007).

## 2. Request for Acceptance of Service

To avoid the unpleasantness and unnecessary cost of formal service at homes or offices, Defendant respectfully requests that each of the above-named Additional Defendants/Respondents confirm their agreement to accept service of filings in this matter via ECF.

## 3. Deadline for Acknowledgement

Defendant requests that acknowledgements of acceptance be made **no later than Wednesday, October 8, at 12:00 p.m. (ET)**.

If any Defendant/Respondent fails to acknowledge service via ECF by that deadline, Defendant will proceed to effect personal service through a licensed process server, and the costs of such service may be sought from the non-acknowledging party.

## 4. Notice to Defendants/Respondents

For all defendants/respondents who are registered ECF users in *United States v. Teman* (1:19-cr-00696), this filing constitutes proper legal service under the above authorities.

## 4. Email sent as courtesy

For all defendants/respondents, a copy of the summonses and the complaint will be emailed to their email of record.

**Dated:** October 3, 2025
 Respectfully submitted,

/s/ Ari Teman
 Ari Teman
 Pro Se Defendant