# MANDATE

United States Court of Appeals

FOR THE
SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-five.

Present:
        John M. Walker, Jr.,
        Joseph F. Bianco,
        Myrna Pérez,
              *Circuit Judges*.

United States of America,

        Appellee,

        v.

Ari Teman, a/k/a Sealed Defendant 1,

        Defendant-Appellant.

**ORDER**
Docket No. 24-345-cr

      Defendant-Appellant Ari Teman appeals from an order entered on January 25, 2024, denying Teman's motions for a new trial based on newly discovered evidence, pursuant to Federal Rule of Criminal Procedure 33. Teman was convicted, following a jury trial, of two counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of wire fraud, in violation of 18 U.S.C. § 1343. He was sentenced principally to a term of imprisonment of one year and one day, followed by three years of supervised release. Teman has completed his term of imprisonment and is currently serving his term of supervised release. Pending before this Court is counsel for Teman's motion to be relieved as counsel and the government's motion to dismiss the appeal with prejudice pursuant to the fugitive disentitlement doctrine.

      As to the motion to be relieved as counsel, in his *pro se* opposition to the government's motion to dismiss the appeal, Teman states that he has terminated his counsel and elects to proceed *pro se*. Accordingly, counsel's motion to be relieved is **GRANTED**.

      As to the government's motion to dismiss pursuant to the fugitive disentitlement doctrine, we may "dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal," *Ortega-Rodriguez v. United States*, 507 U.S. 234, 239 (1993), and whether to do so with or without prejudice is within our discretion, *United States v. Awadalla*, 357 F.3d 243, 248

MANDATE ISSUED ON 10/30/2025

(2d Cir. 2004). In deciding whether dismissal with prejudice is appropriate under this doctrine, we must determine whether the defendant is a fugitive, and, if so, then weigh a number of factors, including: "(1) assuring the enforceability of any decision against the fugitive; (2) penalizing the fugitive for flouting the judicial process; (3) discouraging fugitivity and promoting efficient operation of the courts; and (4) avoiding prejudice to the other parties." *United States v. Bardakova*, 145 F.4th 231, 240, 245 (2d Cir. 2025) (citing *United States v. Bescond*, 24 F.4th 759, 773–74 (2d Cir. 2021)).

We conclude that Teman is a fugitive. Teman violated the terms of his supervised release by defying the district court's orders to return to the United States from Israel, he was in Israel when the district court issued an arrest warrant for this supervised release violation, and he continues to refuse to return to the United States. *See United States v. Zedner*, 555 F.3d 68, 78 (2d Cir. 2008) (concluding that a defendant was a fugitive where, as part of the terms of his supervised release, he was given permission to travel abroad for a limited period but did not return to the United States by the court-imposed date); *accord Bardakova*, 145 F.4th at 242.

Furthermore, we conclude that the dismissal of Teman's appeal with prejudice is warranted. First, because Teman is outside the United States, we cannot assure that any decision rendered against him can be enforced with respect to his remaining term of supervised release (including the current alleged violation of the terms of supervision). *See Zedner*, 555 F.3d at 79 ("If [the defendant's] arguments were rejected, we would have no assurance that [he] would return to the United States to resume compliance with the terms of his supervised release."). Second, we agree with the district court that Teman's proffered medical reason for failing to comply with the district court's orders to return to the United States is pretextual, and thus, he is flouting judicial process. Third, dismissing Teman's appeal with prejudice preserves judicial resources and deters similarly situated appellants from engaging in similar conduct. *See Gao v. Gonzales*, 481 F.3d 173, 177 (2d Cir. 2007). Finally, applying the doctrine would avoid any potential prejudice to the government caused by Teman's actions, including locating witnesses for a new trial if he were successful on his appeal. *See Zedner*, 555 F.3d at 76–77.

Accordingly, the government's motion to dismiss is **GRANTED**, and the appeal is **DISMISSED** with prejudice.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit