DENIED.

SO ORDERED.

**UNITED STATES DISTRICT COURT**
SOUTHTHERN DISTRICT OF NEW YORK

*Paul A. Engelmayer*

**United States of America,**

v.

**Ari Teman,**

Defendant.

Date: December 4, 2025        PAUL A. ENGELMAYER
New York, New York    United States District Judge

Case No. 1:19-cr-00696 (PAE)

**MOTION ADDRESSED TO CHIEF JUDGE LAURA TAYLOR SWAIN FOR DISQUALIFICATION OF JUDGE PAUL A. ENGELMAYER AND REASSIGNMENT PURSUANT TO 28 U.S.C. §§ 455 AND 137**

Defendant Ari Teman respectfully moves the Chief Judge of this District, Hon. Laura Taylor Swain, to reassign this case and disqualify Judge Paul A. Engelmayer. As confirmed in the Government's December 3, 2025 letter in *Teman v. Biale*, No. 1:25-cv-05454 (MKV) (EXHIBIT 1), the U.S. Attorney's Office now represents Judge Engelmayer, AUSA Jacob Gutwillig (the prosecutor in this case), and other DOJ personnel. This creates a structural, ongoing, and unwaivable conflict under 28 U.S.C. § 455(b), and raises a serious appearance-of-impropriety issue under 28 U.S.C. § 455(a), and cannot be adjudicated by Judge Engelmayer himself. Only the Chief Judge may act.

**I. EXHIBIT 1 ESTABLISHES THAT THE U.S. ATTORNEY'S OFFICE NOW REPRESENTS BOTH JUDGE ENGELMAYER AND AUSA GUTWILLIG**

As shown in EXHIBIT 1, the USAO has entered appearances on behalf of:
• Judge Paul A. Engelmayer
• AUSA Jacob Gutwillig
• Margaret Graham
• Kedar Bhatia
• Edward Imperatore
• The U.S. Attorney's Office itself
See EXHIBIT 1.

This means the presiding judge and the prosecutors in this criminal case are now joint clients of the same government lawyers in litigation arising directly from this prosecution. This is precisely the scenario § 455 was enacted to prevent.

**II. SHARED COUNSEL WITH THE PROSECUTION CREATES AN UNWAIVABLE STRUCTURAL CONFLICT AND A RISK OF PRIVILEGED EX PARTE COMMUNICATIONS**

Because Judge Engelmayer and AUSA Gutwillig are represented jointly by DOJ counsel, privileged communications may now occur regarding:

- defense arguments and filings in this case
- factual allegations in *Biale* arising from this prosecution
- DOJ's defense strategy
- credibility issues involving the prosecutor or the Court
- matters relating to sentencing, evidentiary rulings, or post-conviction relief

**Even the appearance of such privileged communications, without any proof of actual impropriety, mandates recusal. *Liljeberg*, 486 U.S. at 860.**

The Supreme Court repeatedly emphasizes that the appearance alone—not proof of bias—is dispositive. See *Liljeberg*, 486 U.S. at 859-60; *In re Murchison*, 349 U.S. 133, 136 (1955). This risk is especially intolerable where the judge and prosecution share counsel.

---

## III. JUDGE ENGELMAYER IS A REPRESENTED LITIGANT IN A RELATED CIVIL CASE ARISING DIRECTLY FROM HIS ACTIONS IN THIS PROSECUTION

EXHIBIT 1 confirms DOJ is representing Judge Engelmayer pursuant to 28 C.F.R. § 50.15(a) because the challenged conduct "appears to have been performed within the scope of [his] employment." The civil complaint explicitly challenges rulings and conduct from this criminal case.

**• At a minimum, Judge Engelmayer "is to the knowledge of the judge concerned … likely to be a material witness" in the civil action within the meaning of § 455(b)(5)(iv), because the civil complaint directly challenges rulings he made in this criminal case.**

This is a non-waivable ground for mandatory disqualification.

---

## IV. JUDGE ENGELMAYER'S SUBSTANTIAL PERSONAL WEALTH SHOWS THAT THIS CONFLICT WAS AVOIDABLE

Public disclosures show Judge Engelmayer's net worth exceeds **$18 million**. He easily could have retained independent counsel. Instead, he chose representation by the same office that prosecuted this case. The resulting conflict is therefore:

- avoidable
- unnecessary

- entirely of the judge's own making

Under § 455(a), a judge must recuse where his voluntary decisions create an appearance of partiality.

**Defendant expressly declines to waive recusal under § 455(a) and notes that the grounds under § 455(b) are not waivable in any event.**

---

## V. ONLY THE CHIEF JUDGE MAY ORDER REASSIGNMENT UNDER § 137 AND SECOND CIRCUIT LAW

The governing Second Circuit case is directly on point: **United States v. Brinkworth, 68 F.3d 633, 637 (2d Cir. 1995)** ("recusal motions involving the judge's own interests are reviewed with special care").

Where the judge's own conduct, exposure, credibility, or legal representation is implicated, the judge cannot rule on his own disqualification. Numerous circuits agree:
• *In re School Asbestos Litig.*, 977 F.2d 764, 776 (3d Cir. 1992)
• *United States v. Jordan*, 49 F.3d 152, 157-58 (5th Cir. 1995)
• *United States v. Feldman*, 983 F.2d 144, 145-46 (9th Cir. 1992)

Under 28 U.S.C. § 137 and SDNY internal procedures, conflicts involving the assigned judge must be resolved by the **Chief Judge**, not the conflicted judge himself.

---

## CONCLUSION

For the reasons above, Defendant respectfully requests that Chief Judge Laura Taylor Swain:

1. Disqualify Judge Paul A. Engelmayer under 28 U.S.C. §§ 455(a), 455(b)(1), and 455(b)(5).

2. Reassign this matter to a different district judge under 28 U.S.C. § 137.

3. Declare the conflicts unwaivable.

4. Grant any further relief the Court deems proper.

Respectfully submitted,
s/**Ari Teman/**
Pro Se Defendant
Tel Aviv, Israel
December 3, 2025