NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,
    v.
Ari Teman,
    Defendant.

Case No. 1:19-cr-00696 (PAE)

---

# MOTION TO VACATE THE ORDER IMPROPERLY ENTERED BY JUDGE ENGELMAYER AND RENEWED REQUEST FOR CHIEF JUDGE REVIEW UNDER 28 U.S.C. §§ 137 AND 455

Defendant Ari Teman respectfully moves for the following relief:

1. **Vacatur** of Judge Engelmayer's order dismissing (without giving *even a single* reason) Defendant's motion addressed to the Honorable Laura Taylor Swain, Chief Judge of the Southern District of New York, seeking reassignment and disqualification; and

2. **Referral of the disqualification and reassignment issues to Chief Judge Swain**, the only judicial officer authorized to resolve them under 28 U.S.C. §§ 137 and 455.

---

# I. ONLY THE CHIEF JUDGE MAY RULE ON A MOTION SEEKING DISQUALIFICATION OF THE ASSIGNED JUDGE FOR STRUCTURAL CONFLICT UNDER §§ 455(a) & (b)

The prior motion did not request a ruling from Judge Engelmayer. It was expressly directed to Chief Judge Swain because:

• The motion concerns **the judge's own disqualification**,
• The judge is a **represented litigant** in a related civil matter (see Exhibit 1),
• The USAO represents both **the judge** and **the prosecutor in this case**,
• The conflict is **structural and unwaivable**, and
• Only the Chief Judge has authority under 28 U.S.C. § 137 to reassign a case based on internal conflict-of-interest concerns.

A judge **cannot adjudicate a motion that challenges his own impartiality**, especially where § 455(b) is implicated. The Second Circuit requires "particularly careful" handling of such motions. *United States v. Brinkworth*, 68 F.3d 633, 637 (2d Cir. 1995). Numerous circuits prohibit a judge from ruling on his own reassignment motion where personal exposure or representation is implicated. See *In re School Asbestos Litig.*, 977 F.2d at 776; *Jordan*, 49 F.3d at 157–58; *Feldman*, 983 F.2d at 145–46.

---

## II. JUDGE ENGELMAYER LACKED AUTHORITY TO DISMISS A MOTION DIRECTED TO THE CHIEF JUDGE UNDER § 137

Because the motion sought action by the Chief Judge—not by Judge Engelmayer—he lacked authority to adjudicate it.

His sua sponte dismissal:

• contravenes § 137, which vests assignment authority in the Chief Judge;
• violates § 455, which prohibits the challenged judge from deciding his own disqualification;
• underscores the appearance of partiality the original motion sought to address; and
• is voidable because it was issued without jurisdiction to decide that particular motion.

Thus, vacatur is necessary.

---

## III. THE IMPROPER ORDER ITSELF CONFIRMS WHY REASSIGNMENT IS REQUIRED

The dismissal of a motion seeking review **by the Chief Judge** illustrates exactly why intervention is required:

• The judge adjudicated a matter involving **his own counsel**,
• He acted in a matter alleging a structural conflict regarding DOJ representation,
• He addressed an issue he was **legally prohibited** from addressing, and
• He displaced the authority assigned by statute to the Chief Judge.

This action reinforces and magnifies the appearance-of-impropriety concerns.

---

## IV. REQUESTED RELIEF

Defendant respectfully requests:

1. **Vacatur** of Judge Engelmayer's order dismissing the reassignment/disqualification motion.

2. **Immediate referral** of the disqualification and reassignment motion to Chief Judge Laura Taylor Swain for decision under 28 U.S.C. §§ 137 and 455.

3. Any additional relief the Court deems proper.

Respectfully submitted,
s/**Ari Teman/**

Ari Teman
 Pro Se Defendant
 Tel Aviv, Israel
 December 5, 2025 (December 4 in NYC)