**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK

United States of America,
v.
Ari Teman,                                           Case No. 1:19-cr-00696

---

**MOTION TO COMPEL COMPLIANCE WITH THE EPSTEIN FILES TRANSPARENCY ACT, FOR RECUSAL PURSUANT TO 28 U.S.C. § 455(a), AND FOR REASSIGNMENT / CHANGE OF VENUE**

---

## I. INTRODUCTION

On October 24, 2025 — prior to enactment of the Epstein Files Transparency Act — Defendant transmitted to DOJ officials an email titled:

> "Paul Engelmayer gave a kid herpes???"

The email (EXHIBIT A) referenced alleged misconduct and stated:

> "This explains why he buries the Epstein stuff."

The email was in DOJ possession when Congress enacted Public Law 119-38 on November 19, 2025.

Yesware tracking shows IP addresses belonging to multiple DOJ devices, demonstrating that DOJ personnel opened and forwarded the email repeatedly in various locations, on mobile and desktop devices (EXHIBIT B).

Section 2(a) of the Act mandates that:

> "The Attorney General shall… make publicly available… all unclassified records, documents, communications, and investigative materials in the possession of the Department of Justice… that relate to" Jeffrey Epstein or Ghislaine Maxwell.

The statute uses mandatory language ("shall") and universal scope ("all").

The DOJ's February 14, 2026 Section 3 report (EXHIBIT C) does not list Paul Engelmayer among officials named or referenced in released materials, despite Section 3(3) requiring:

> "A list of all government officials… named or referenced in the released materials…"

This omission creates a statutory compliance issue.

The issue is of popular public interest and concern. Major social media accounts, and many smaller ones, have accused Judge Engelmayer of being a pedophile and of protecting politicians who committed pedophilia. These posts include the accusation that Government officials have video of Paul Englemayer committing pedophilia. A sample of such posts is at EXHIBIT E.

Thus, the notable redaction of Judge Paul Engelmayer-related documents in the DOJ's possession from the Epstein Files online search, and his redaction from the list of notable figures and politicians in their February 14th letter raises substantial questions of bias.

This is magnified by Judge Engelmayer's confession to regular ex parte calls to get the DOJ extra assistance and supervision. This admission was made in a sealed hearing which Englemayer and the DOJ later denied occurred. *They made this denial repeatedly on the docket in US v Teman,* despite Engelmayer having ordered Teman's counsel and Teman to fly in for the hearing and multiple DOJ staff being in attendance. Nevertheless, the transcript was provided by the Court Reporter to Teman regardless of Engelmayer's refusal to order it produced or even to admit it existed (Docket 321-1).

Thus, there is no question that the DOJ and Paul Engelmayer work together as one entity, nor that they are willing to lie about the existence of documents they are legally obligated to disclose.

Because the disputed communication references the presiding judge — and because this Court would be asked to adjudicate whether DOJ must disclose communications referencing himself — recusal and reassignment are required under 28 U.S.C. § 455(a).

---

## II. STATUTORY TEXTUAL ANALYSIS OF PUBLIC LAW 119-38

### A. Mandatory Disclosure

Section 2(a) provides:

> "The Attorney General shall… make publicly available… all unclassified records, documents, communications…"

The Supreme Court has held that "shall" is mandatory. *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162 (2016).

"Relate to" is interpreted broadly. *Morales v. Trans World Airlines*, 504 U.S. 374 (1992).

The October 24 email is a "communication" in DOJ possession that relates to Epstein matters.

### B. Prohibited Grounds for Withholding

Section 2(b)(1) states:

> "No record shall be withheld, delayed, or redacted on the basis of embarrassment, reputational harm, or political sensitivity…"

Congress expressly foreclosed reputational protection as a withholding basis.

---

### C. Exclusive Withholding Categories

Section 2(c) lists the only permissible withholding grounds.

These are limited and enumerated. Under *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004), courts may not add conditions beyond statutory text.

---

## III. MAXWELL ORDER (DOC. 820) — TEXTUAL COMPARISON

In *United States v. Maxwell*, Doc. 820, Judge Engelmayer:

1. Held the Act supersedes Rule 6(e).
2. Modified the Protective Order.
3. Required personal certification by the U.S. Attorney before release.

   ***The statute itself does not require U.S. Attorney certification prior to release.***

Section 2(c)(2) requires publication of redaction justification in the Federal Register.

Congress specified:

- Who may withhold (Attorney General)
- On what grounds (§ 2(c))
- With what reporting obligations (§ 2(c)(2), § 3)

***The Maxwell order by Judge Engelmayer introduces procedural gating not textually specified.***

When a court adds procedural preconditions beyond statute — especially in a statutory scheme designed to compel transparency — the question arises whether the scope of disclosure is narrowed beyond congressional intent.

Where the communication at issue references the author of those additional conditions, Judge Paul Engelmayer himself, the structural appearance issue intensifies.

## IV. RULE 6(e) GRAND JURY DISCLOSURE

Rule 6(e)(3)(E)(i) permits disclosure:

> "preliminarily to or in connection with a judicial proceeding."

Under *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211 (1979), disclosure requires:

1. Particularized need;
2. Avoidance of injustice;
3. Narrow tailoring.

Particularized need exists here because:

• *The Court reviewed grand jury material in camera in Teman* as he did in *Maxwell;*

• The Court characterized that material in *Teman* as he did in *Maxwell*;

• Subsequent transcript disclosures in related proceedings suggest broader content than prior public characterizations indicated;

For example, the Court failed to note that the *Maxwell* transcript on Page 26 makes clear that multiple adult women joined Jeffrey Epstein and Ghislaine Maxwell in raping a child in the Southern District of New York (SDNY).

Despite this jarring admission, Judge Engelmayer falsely represented to the public that there as nothing "newsworthy" or in the "public interest" in said transcript. The public is very interested in the DOJ failing to prosecute adult women who were joining notorious sex trafickers in raping children.

• The Court is now the subject of a recusal motion.

• The Court is now the subject of three (3) congressional articles of impeachment for High Crimes and Misdemeanors, including for his behavior as releates to the Epstein Files Transparency Act (Rep Luna).

Independent review by a reassigned judge, or disclosure under protective order, is necessary to ensure integrity of in camera determinations.

It is reasonable to believe that if Judge Engelmayer is willing to make demonstrably false descriptions of a Grand Jury transcript in a famous case with tremendous public attention, *Maxwell*, he is more than willing to do so in a less-famous case, *Teman*. This is especially true after more than two-dozen Rabbis called for Engelmayer to resign after fabricating statements and facts about Judaism that do not exist to justify a conviction and harsh sentence against Teman.

Grand jury secrecy interests diminish post-conviction. See *Douglas Oil*.

## V. RECUSAL UNDER § 455(a)

The Second Circuit standard:

- *United States v. Amico*, 486 F.3d 764 (2d Cir. 2007);
- *In re IBM Corp.*, 45 F.3d 641 (2d Cir. 1995);
- *United States v. Bayless*, 201 F.3d 116 (2d Cir. 2000);
- *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988).

The test: whether a reasonable person, knowing all the facts, would question impartiality.

Here:

- The communication references the presiding judge;
- The statute mandates disclosure;
- DOJ's Section 3 report omits the judge's name;
- The judge authored additional procedural conditions in Maxwell;
- The judge would adjudicate disclosure of communications referencing himself.

This presents an objective appearance concern.

## VI. CHANGE OF VENUE / REASSIGNMENT

Reassignment protects neutrality.

Because the issue concerns communications referencing the presiding judge, reassignment outside the Southern District of New York may be appropriate to avoid structural conflict.

## VII. PRESERVATION OF APPELLATE RIGHTS / MANDAMUS

If recusal is denied, Defendant respectfully preserves the right to seek mandamus relief in the Second Circuit.

Mandamus is appropriate where:

- A clear legal right is at issue;
- No adequate alternative remedy exists;
- The question involves judicial recusal affecting structural integrity.

See *In re International Business Machines Corp.*, 45 F.3d 641 (2d Cir. 1995).

Recusal rulings are reviewable by mandamus where necessary to protect public confidence.

Defendant expressly preserves this issue for interlocutory review.

---

## VIII. RELIEF REQUESTED

Defendant respectfully requests:

1. Recusal pursuant to 28 U.S.C. § 455(a);
2. Reassignment and change of venue;
3. An order compelling DOJ to state compliance with Sections 2 and 3 of Public Law 119-38;
4. Disclosure of grand jury transcripts under Rule 6(e), or independent review by a reassigned judge;
5. Preservation of appellate and mandamus review.

Respectfully submitted,
Ari Teman

**EXHIBITS:**

A. Email to DOJ re Paul Engelmayer giving a child herpes
B. Yesware tracking showing the DOJ opened and forwarded the email on multiple devices
C. DOJ Letter of Feb 14, 2026
D. DOJ Epstein Files Search Results
E. Social Media Accounts Accusing Engelmayer of Pedophilia