UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

v.

Ari Teman

Case No. 1:19-cr-00696-PAE

**DEFENDANT'S MOTION TO VACATE CONVICTION AND FOR RELIEF FROM JUDGMENT PURSUANT TO RULES 29, 33, AND 60(b), AND 28 U.S.C. § 2255**

## INTRODUCTION

Defendant Ari Teman respectfully moves[1] this Court for an Order:

1. **Vacating the conviction pursuant to Rule 29** due to insufficient evidence of intent;
2. **Granting a new trial pursuant to Rule 33** based on newly discovered evidence;
3. **Granting relief from judgment pursuant to Rule 60(b) and 28 U.S.C. § 2255**; and
4. Granting such other relief as justice requires.

This motion is grounded in newly clarified and now indisputable facts demonstrating that a central theory used to establish criminal intent—that Defendant's actions surrounding Passover reflected an intent to exploit observant Jews—was false, impossible as a matter of law and practice, and contradicted by the subsequent conduct of the very actors who advanced it.

---

## OVERVIEW OF THE NEW EVIDENCE

The newly discovered evidence is straightforward but profound:

- Counsel representing Judge Engelmayer, acting through the Department of Justice, filed litigation papers **on the first day of Passover** in a related matter (Exhibit 1).

- This conduct demonstrates that **neither** the Government nor Judge Engelmayer actually believes that legal or financial actions during Passover constitute exploitation of observant Jews;

- This directly contradicts the theory advanced at trial and sentencing that similar timing by Defendant evidenced fraudulent intent.

---

[1] Defendant is currently in Tel Aviv where today is the first day of "Chol Hamoed" Passover, the Intermediary Days of Passover, where work is permitted (See Dkt. 326-1).

This is not merely impeachment evidence. It is **structural evidence that the Government's theory of intent was false.**

---

## LEGAL STANDARD

### Rule 29

A conviction must be vacated where no rational juror could find guilt beyond a reasonable doubt.

### Rule 33

A new trial is warranted where:

1. Evidence is newly discovered
2. It could not have been discovered earlier
3. It is material, not cumulative
4. It would likely produce an acquittal

### Rule 60(b) / § 2255

Relief is appropriate where:

- Judgment rests on incorrect factual premises
- Extraordinary circumstances undermine confidence in the outcome
- Constitutional violations affected the verdict

See *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

---

## ARGUMENT

---

## I. THE GOVERNMENT'S THEORY OF INTENT RESTED ON A FALSE PREMISE

At trial and sentencing, the Government argued—and the Court accepted—that:

- Defendant's submitting RCCs (telechecks) the day before Passover reflected an intent to exploit observant Jewish clients

This premise was central to the Government's narrative of intent.

However, the record now establishes that this premise is false.

Rabbinical authorities (Dkt. 326-1) confirmed:

- There was "not a shred of evidence" supporting such an inference
- Jewish law permits work and communication during Chol Hamoed
- The theory misrepresented Jewish practice

Yet, in contravention of *Klagsbrun v. Vaad Harabonim of Greater Monsey*, 53 F. Supp. 3d 732 (S.D.N.Y. 2014), which **prohibits** courts from adjudicating or mischaracterizing religious doctrine, the Court adopted and relied upon a demonstrably incorrect premise regarding Jewish law. Specifically, the Court concluded that (A) Mr. Teman's act of concluding business activities on the day preceding Passover reflected an intent to exploit observant Jewish clients, and (B) that the uniform position of twenty-four Orthodox ordained rabbis—who confirmed that Jewish law permits work, communication, and financial dispute resolution during the Intermediary Days of Passover ("Chol Hamoed")—was incorrect.

Based on this erroneous premise (the "False Passover Eve Theory"), the Court (1) upheld a conviction that depended, in part, on an inference of fraudulent intent drawn from religiously mischaracterized conduct, and (2) relied upon that same theory to impose a harsher sentence *and explicitly credited the now debunked Passover theory* for the extraordinarily harsh sentence for a first-time non-violent offender who had already spent 19 months in near solitary confinement for 20 hours per day during harsh COVID lockdowns, thousands of miles from his elderly parents and loved ones.

Because this theory is now shown to be factually incorrect, legally unsustainable, and contradicted both by authoritative religious sources **and by the subsequent conduct of the Government and the Court,** the resulting conviction and sentence cannot stand.

Accordingly, the Court should:
 (a) vacate the conviction;
 (b) order a new trial at which the Government is precluded from offering or suggesting the "False Passover Eve Theory" or any similar argument premised on misstatements of religious law; and
 (c) vacate the sentence in its entirety.

## II. THE GOVERNMENT'S CONDUCT CONSTITUTES A JUDICIAL ADMISSION THAT LEGAL FILINGS DURING PASSOVER ARE NOT INHERENTLY EXPLOITATIVE

The newly discovered evidence—specifically the Department of Justice's filing on [Date], the first day of Passover—undermines the entire evidentiary theory of the prosecution.

1. Contradiction of Theory: If filing legal/financial documents during Passover is an "act of exploitation," the Government has now engaged in that exact behavior.

3

2. Negation of Intent: The Government cannot maintain that a private citizen's holiday filings are "fraudulent" while their own holiday filings are "standard procedure."

The newly discovered evidence is uniquely powerful because it comes from the same actors:

- The Department of Justice
- Counsel representing Judge Engelmayer
- Judge Engelmayer himself (via his counsel and with his consent)

By filing a motion on the first day of Passover, they demonstrated:

- They do not treat legal or commercial action during Passover as improper -- let alone the afternoon *before* Passover when GateGuard's clients still had *hours* of smartphone and computer use to get banking alerts.

- They do not believe such timing disadvantages observant Jews

- They do not believe such conduct constitutes exploitation of Observant Jews, which Defendant is (See 326-1, 501-1, 502-2, etc)

This is a direct contradiction of the theory used to convict Defendant.

A jury that saw the Judge, the Judge's Counsel, and the Government doing EXACTLY what they accused Teman of doing, would know that -- as the 24 Rabbis stated at 326-6 -- there was nothing wrong with Teman wrapping up his business on the eve of passover.

---

## III. THE THEORY OF "PASSOVER EXPLOITATION" IS IMPOSSIBLE AS A MATTER OF LAW AND PRACTICE

Even independent of the new evidence, the theory fails logically.

### A. Court Procedures

- Parties are afforded multiple days to respond
- Deadlines routinely span weekends and holidays
- Relief is available through extensions and reconsideration

### B. Religious Practice

- Work is permitted during Chol Hamoed
- Communications and dispute resolution remain available

### C. Banking Reality

- Transactions are not irreversible

4

- Disputes can be raised after holidays
- No immediate deprivation occurs

In this case:

- The Monday following the Friday transactions fell during Chol Hamoed
- Counterparties were fully able to respond

Thus, the premise of "exploitation" is not merely incorrect—it is **functionally impossible**.

---

## IV. RULE 29: THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW

Because the Government's theory of intent was flawed:

- No rational juror could find fraudulent intent beyond a reasonable doubt

- The conviction cannot stand

The elimination of this theory removes a key pillar of the Government's case.

---

## V. RULE 33: A NEW TRIAL IS REQUIRED

The newly discovered evidence satisfies all Rule 33 requirements:

- It was not previously available
- It is material, not cumulative
- It directly undermines the Government's theory
- It would likely produce an acquittal

A jury informed that:

- The Government itself acts inconsistently with its theory
- The theory is factually incorrect

would not convict.

---

## VI. RULE 60(b) AND § 2255: THE JUDGMENT IS FUNDAMENTALLY UNRELIABLE

The judgment rests on:

- A demonstrably incorrect factual premise

5

- A mischaracterization of religious practice

- A theory now contradicted by the Government's own conduct

This constitutes extraordinary circumstances requiring relief.

See *Townsend v. Burke*, 334 U.S. 736 (1948).

---

## VII. CORRECTION OF THE CONVICTION OR SENTENCE ELIMINATES ANY BASIS FOR FUGITIVE STATUS

Defendant has:

- Completed all custodial time
- Paid restitution
- Completed community service
- Completed more than 60% of supervised release

If the conviction or sentence is corrected:

- There is no remaining basis for fugitive disentitlement
- Continued application would be punitive and improper

Under *Degen v. United States*, 517 U.S. 820 (1996), disentitlement must be narrowly applied and cannot persist where its justification has dissipated.

---

## VIII. THE INTEGRITY OF THE PROCEEDINGS REQUIRES RELIEF

This case presents a rare alignment of factors:

- A central theory of intent proven false
- Religious mischaracterizations influencing judgment
- Subsequent conduct confirming the error

These factors together undermine confidence in the verdict.

## IX. RECUSAL IS REQUIRED UNDER 28 U.S.C. § 455

Defendant respectfully submits that recusal is required because the Court's ruling in this matter has a direct and immediate impact on separate litigation in which the presiding judge is a named defendant.

Judge Engelmayer is a defendant in *Teman v. Biale, et al.*, currently pending in this District. That action has been stayed pursuant to the fugitive disentitlement doctrine.

6

The relief sought in this motion—including vacatur or modification of the conviction and sentence—directly affects whether that doctrine can continue to apply. Specifically:

- Defendant has completed his custodial sentence, restitution, and community service, and has completed more than sixty percent of supervised release;
- If the conviction or sentence is vacated or corrected, there would be no remaining basis to characterize Defendant as a fugitive;
- As a result, the stay in *Teman v. Biale* would necessarily be lifted or subject to immediate challenge.

Accordingly, the Court's ruling here has a **direct, personal consequence** for separate litigation in which the Court is a named defendant.

Courts have consistently held that recusal is required where a judge's ruling may affect his personal interests in parallel litigation. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988) (recusal required where a reasonable observer would question impartiality based on potential personal interests).

The issue is not whether the Court would, in fact, act with bias. Rather, the question is whether an objective observer could reasonably question impartiality where:

- The judge's ruling may determine whether litigation against him proceeds; and
- That consequence is immediate and non-speculative.

Under these circumstances, recusal is required to preserve public confidence in the integrity of the proceedings.

## RELIEF REQUESTED

Defendant respectfully requests:

1. Vacatur of the conviction pursuant to Rule 29;

2. Alternatively, a new trial pursuant to Rule 33;

3. Relief from judgment pursuant to Rule 60(b) and § 2255;

4. Correction of sentence;

5. Termination of supervision.

6. Any further relief deemed just and proper

**Respectfully submitted,**

Dated: April 3, 2026
       Chol Hamoed 1, Passover (On the Israel Calendar)


**s/Ari Teman/**
Plaintiff Pro Se / Defendant Pro Se
1521 Alton Road #888
Miami Beach FL 33139
Email: ari@teman.com
Phone: 781-718-3375

Tel Aviv, Israel

---

**CERTIFICATE OF SERVICE**

I, Ari Teman, hereby certify that on this 3 of April, 2026, I caused a true and correct copy of the foregoing motion and all attachments to be served as follows:

1. **Via ECF Filing System**

   I submitted the foregoing documents for filing through the Southern District of New York's Temporary Pro Se Electronic Filing system by emailing the documents to the Pro Se Intake Unit, which will docket the filing and serve all registered ECF participants in this matter.

2. **Via Electronic Mail**

   I also served a copy of the foregoing documents via electronic mail on all counsel of record, including but not limited to:

   Leo.Terrell@usdoj.gov (This case falls under him due to the Rabbis calling this "Passover Theory" "antisemetic")
   Jacob.Guttwillig@usdoj.gov
   Rachel.Kroll@usdoj.gov

Service by email was made contemporaneously with submission to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 3 April, 2026
Tel Aviv, Israel

---

**Ari Teman**
Plaintiff Pro Se / Defendant Pro Se

The Court DENIES defendant Ari Teman's *pro se* motion (1) as frivolous and vexatious, and (2) based on the fugitive disentitlement doctrine. *See* Dkts. 569, 575, 578, 581, 586; *United States v. Teman*, No. 24-345, Dkt. 84 (2d Cir. Oct. 30, 2025) (finding Teman a fugitive and dismissing his appeal with prejudice under the fugitive disentitlement doctrine).

SO ORDERED.

Date: April 3, 2026                           _____
      New York, New York                      PAUL A. ENGELMAYER
                                              United States District Judge

9